# Exhibit A

## Example of Fake Purchase Agreement

# **PURCHASE AGREEMENT**

This is a Purchase Agreement ("Agreement") dated the 18th day of December, 2020. This Agreement is by and between Sheri Burg ("Seller") who is represented by Howard Ankin, Esq. of Ankin Law Office, LLC whose address is 10 North Dearborn, Suite 500, Chicago, Illinois 60602 ("Attorney") and J & J Consulting Services, Inc., an Alaska corporation ("Buyer") who is represented by Matthew Beasley, Esq. of the Beasley Law Group, PC ("Buyer's Attorney") whose address is 737 North Main Street, Las Vegas, Nevada 89101.

A. Seller has a claim arising from a slip and fall incident which occurred on February 18, 2019 ("Claim") at Element - Moline which is owned by Moline Promenade Investors, LLC and operated by C-Two Hotel Group. Seller has hired Attorney to represent Seller in this Claim. Seller has settled the Claim. The entire amount of the settlement is $285,250.00 ("Settlement Amount"), less legal fees, superior medical liens existing on the date of this Agreement, costs and disbursements payable to Attorney under the existing fee agreement between Seller and Attorney ("Proceeds").

B. Seller desires to sell and assign to Buyer an interest in the Proceeds. Buyer desires to purchase the interest in the Proceeds, on the terms and under the conditions set forth in this Agreement.

BUYER AND SELLER AGREE AS FOLLOWS:

1. PURCHASE OF INTEREST

a. Seller hereby sells, transfers, conveys and assigns to Buyer a $112,500.00 interest ("Interest") in the Proceeds for a purchase price of $100,000.00 ("Purchase Price"). Seller acknowledges receipt of the Purchase Price. Seller understands that the amount of Buyer's Interest, or, in other words, the amount to be paid to Buyer, will increase to reflect the date the Buyer is paid its Interest in the Proceeds as set forth in the following Disclosure Table ("Disclosure Table"):

[Intentionally Left Blank]

<u>DISCLOSURE TABLE</u>

Purchase Price:            $100,000.00

**Date of Payment to Buyer**

                                                     **Amount due to Buyer**

On or before March 20, 2021                                    $112,500.00
After March 20, 2021 but on or before April 19, 2021           $119,000.00

\*Should Seller not pay Buyer from the Proceeds by April 17, 2021 the Buyer's Interest will increase by **$6,500.00 every thirty (30) days thereafter.**

b.      Buyer's Interest will be paid by Attorney out of the Proceeds of the Claim and will be deducted directly from the Proceeds of the Claim and will be paid to Buyer prior to any payment to Seller with respect to the Claim.  If the Proceeds of the Claim Amount are not enough to pay the full amount due to Buyer, then Buyer shall be entitled to receive 100% of the Proceeds of the Claim.  Seller has directed Attorney to, among other things,(i) place an assignment, consensual lien and security interest in favor of Buyer against any and all Proceeds due Seller from the Claim (after payment of any and all legal fees and reimbursable costs) and to protect and satisfy the assignment, consensual lien and security interest in favor of Buyer up to the full amount of Buyer's Interest, (ii) notify Buyer of receipt of Settlement Amount, (iii) pay Buyer from the Proceeds the proper amount due to Seller representing Seller's Interest in the Proceeds at the time of distribution of the Proceeds prior to any payment to Seller with respect to the Claim, (iv) respond to requests for information from Buyer and (v) notify Buyer prior to any disbursements of funds to verify the amount due Buyer.  Seller has provided Buyer with an executed Authorization for Attorney to Pay Buyer from Proceeds of Claim/Acknowledgement of Authorization by Seller and Attorney in the form attached as Exhibit "A" ("Authorization and Acknowledgement ").

c.      The amount Buyer is entitled to may be more than is listed in the Disclosure Table above if Seller does not honor the obligations in this Agreement.  Seller will also be liable to pay Buyer's Interest, even if there are no Proceeds, if Seller has mislead Buyer or Attorney concerning Seller's Claim and will also be liable for Buyer's attorney's fees or collection costs, as permitted by law.

d.      If Seller wants to sell an additional Interest, and if Buyer agrees to purchase an additional Interest, Buyer and Seller will sign an amended Disclosure Table. Seller understands that Buyer is not required to purchase any additional Interest.

e.      In the event that the Claim is the subject of more than one lawsuit, claim or cause arising out of more than one incident/accident/transaction, or against one or more defendants, then the amount due Buyer pursuant to this Agreement shall be paid from the Proceeds of the first lawsuit, claim and/or case against any of the defendants, including insurance companies and malpractice claims arising out of the Claim, which results in a monetary recovery.  If insufficient funds are available from the first lawsuit, claim and/or case resulting in a monetary recovery to pay the full amount due Buyer pursuant to this Agreement, then the balance due Buyer shall be paid from the Proceeds of the next lawsuit, claim and/or cause, if any.

f.      The amount due Buyer shall be withheld from any money collected as a result of the Claim and shall immediately be paid to Buyer (after first deducting Attorney's fees and costs, and any prior liens which exist on the date of this Agreement).  Seller agrees and hereby directs that all Proceeds received in connection with the Claim, are held in Trust for Buyer until Buyer has been fully paid its Interest.  Seller understands that Seller will not receive any money or payment from the Proceeds of Seller's Claim until Buyer has been paid Buyer's Interest in full. This shall also apply to any structured settlements.  If Seller receives payments from several sources, Seller will pay Buyer all monies received from each source until Buyer is paid in full its Interest in the Proceeds of the Claim.  Seller acknowledge that receipt or use of any Proceeds of the Claim prior to the full payment to Buyer of Buyer's Interest in the Proceeds of the Claim may constitute an illegal conversion and may be a crime.

2.      GRANT OF SECURITY INTEREST

By signing this Agreement, Seller grants to Buyer a security interest and a lien in the Settlement Amount and all Proceeds of the Claim ("Collateral").  Buyer shall have all rights and remedies of a secured party under the Nevada Uniform Commercial Code. Seller authorizes Buyer to file one or more UCC financing statements regarding Buyer's security interest and lien in the Collateral and Seller agrees to take all other steps reasonably required by Buyer to perfect and maintain the perfection of Buyer's security interest.

3.      NO TRANSFER OF CLAIM

Seller is not assigning any portion of the Claim to Buyer, and Buyer is not buying any portion of the Claim under this Agreement.  Buyer has no right or obligation to take any legal action for Seller in connection with the Claim. Buyer has no right or obligation to advise, direct or instruct Seller or Attorney in how to go forward with Seller's Claim. Buyer will not be involved in the negotiation of any settlement of Seller's Claim.  Buyer has no obligations or duties concerning the Claim, or the collection of any settlement, award or verdict from the Claim.

4.         SELLER'S REPRESENTATIONS AND WARRANTIES

Seller represents and warrants to Buyer that:

a.         Seller is using the funds received from the Purchase Price for Seller's immediate economic necessities. Seller has been advised that Seller should not sell any portion of the Proceeds of the Claim if Seller has any other alternative to meet my immediate economic necessities. Seller understands that due to the various factors involved that Buyer may make a large profit.

b.         Seller acknowledges that Seller has been advised to seek the services of legal, tax, accounting and/or financial advisors in the negotiation and signing of this Agreement. Seller has either received such counsel prior to signing this Agreement or expressly waived such counsel. Seller understands from speaking to Attorney and/or other advisors that the amount of Buyer's Interest as set forth in the Disclosure Table is greater than the Purchase Price Seller is receiving, and that there is a cost to Seller selling Buyer the Interest. Seller understands that Buyer is relying upon Seller's representations in deciding to purchase this Interest and Seller represents and warrants that all statements made by Seller are true and correct as of the date hereof. Seller understands that if any information provided by Seller changes that Seller has an obligation to immediately notify Buyer.

c.         Seller is not currently in bankruptcy, there are no pending tax claims or criminal allegations against Seller, and Seller has complied with all laws in connection with the Claim. Seller further represent that Seller is not in violation of any obligations concerning childcare, alimony or support, and Seller has not been convicted of a felony or other crime involving dishonesty. Other than the Claim itself, there is no claim, legal action, lien or any proceeding or order pending or in effect or threatened, against Seller, or which would in any manner affect or impair Buyer's Interest or Buyer's rights under this Agreement. Seller has been truthful in all aspects of the Claim and has provided all information to Attorney in a complete and honest fashion. Seller also confirms that all documents submitted in connection with the investigation and Buyer's evaluation of the Claim are true, whether submitted by Attorney or Seller. Seller understands that Buyer is relying upon these statements in determining whether to enter into this Agreement.

d.         Seller agrees to not change the fee agreement between Seller and Attorney in any way that would reduce the amount of Buyer's Interest in the Proceeds of the Claim. Seller further promises to notify Buyer in writing within 72 hours if Seller terminates the services of Attorney, or if Attorney determines not to proceed with the Claim. If new attorneys are retained to represent Seller in the Claim, Seller will notify Buyer within 72 hours of the new attorneys being retained, and will direct the new attorneys to comply with the terms of this Agreement by Seller and the new attorney executing a

new Authorization and Acknowledgement within 14 days after accepting Seller's representation . Seller will also notify Buyer in writing within 72 hours if Seller moves from the address listed above.

e.      Seller will not knowingly create or permit any additional liens, charges, security interests, encumbrances, agreements of any kind or other rights of third parties against the Proceeds of the Claim without the prior written consent of Buyer.  Seller specifically promises not to sell any additional portion of the Proceeds of the Claim after the date of this Agreement, unless Buyer has given prior written permission.  Seller also confirms that neither the Claim nor the Proceeds are subject to any liens, charges, security interests, encumbrances, agreements of any kind or nature (other than this Agreement) or other rights of third parties except for liens previously provided to Seller's medical providers.  Seller understands that if these statements are not true, it may be considered as a fraud, as Buyer is relying upon these statements in going forward with this Agreement.

5.      EVENTS OF DEFAULT

The occurrence of any one or more of the following events shall be an event of default by Seller under this Agreement (each, an "Event of Default"):

a.      The failure by Seller or Attorney to pay Buyer's Interest in the Proceeds within thirty (30) days after the Settlement Amount is received by Seller or Attorney; or

b.      Seller's failure to perform or comply with any of the agreements, conditions, provisions or promises contained in this Agreement, including but not limited to if Buyer does not receive a timely response to a request for information from Seller or Attorney or if Buyer does not receive a new Authorization and Acknowledgement by Seller and new attorney within fourteen (14) days after accepting representation, and such failure to perform or comply continues unremedied for a period of ten (10) days after written notice from Buyer to Seller, unless such default, in Buyer's reasonable discretion, is not curable, in which event there shall be no grace period; or

c.      If Buyer discovers any material misrepresentation or inaccuracy in any representation or warranty made by Seller to Buyer in this Agreement.

Upon an Event of Default by Seller under this Agreement, Seller agrees that Buyer may contact any insurance company, claims adjuster or attorney then handling the Claim on behalf of any responsible party and advise such insurance company, claims adjuster or attorney about Buyer's Interest in Seller's Claim and to direct that Buyer be included as a payee on settlement checks provided further that nothing herein shall prevent Buyer from exercising any other right or remedy provided under law or equity.  If Buyer does

anything stated in this paragraph, Buyer shall not be liable to Seller for any damages which Seller may suffer resulting from Buyer's actions described above.

6.      APPLICABLE LAW

This Agreement shall be governed, construed and enforced in accordance with, and all disputes arising out of or in connection with this Agreement shall be governed by, the internal laws of the State of Nevada, without regard to the conflict of law rules of Nevada or any other jurisdiction.

7.      ARBITRATION

BUYER AND SELLER ACKNOWLEDGE AND AGREE THAT ALL DISPUTES, CLAIMS, DEFENSES OR CONTROVERSIES (WHETHER IN LAW OR IN EQUITY) ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE RELATIONSHIPS THAT RESULT FROM THIS AGREEMENT, INCLUDING BUT NOT LIMITED TO ANY DISPUTES, CLAIMS OR CONTROVERSIES INVOLVING FEDERAL OR STATE STATUTORY CAUSES OF ACTION OR INJUNCTIVE RELIEF, ANY INVOLVING FEDERAL OR STATE ADMINISTRATIVE REMEDIES, ANY INVOLVING CONSUMER FRAUD AND ANY INVOLVING A CHALLENGE TO THE LEGALITY OF ANY PART OR ALL OF TH IS AGREEMENT ("DISPUTES") SHALL BE RESOLVED THROUGH FINAL AND BINDING ARBITRATION UNDER THE COMMERCIAL ARBITRATION RULES ("RULES") OF THE AMERICAN ARBITRATION ASSOCIATION ("AAA"). THE ARBITRATION SHALL TAKE PLACE BEFORE A SINGLE ARBITRATOR TO BE CHOSEN BY AGREEMENT OF THE PARTIES, OR FAILING SUCH, IN ACCORDANCE WITH AAA RULES. THE ARBITRATION SHALL TAKE PLACE IN THE STATE OF NEVADA, COUNTY OF CLARK UNLESS THE PARTIES AGREE TO A DIFFERENT LOCATION. THE PARTIES AGREE THAT THIS ARBITRATION AGREEMENT IS MADE PURSUANT TO A TRANSACTION IN INTERSTATE COMMERCE AND, EXCEPT AS OTHERWISE EXPRESSLY PROVIDED HEREIN, SHALL BE GOVERN ED BY THE FEDERAL ARBITRATION ACT, 9 U.S.C. §1 AND THE SUBSTANTIVE LAWS OF THE STATE OF NEVADA SHALL BE APPLIED IN ALL EVENTS. JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT HAVING JURISDICTION. THE PARTIES ALSO AGREE THAT THE AAA OPTIONAL RULES FOR EMERGENCY MEASURES OF PROTECTION SHALL APPLY TO THE PROCEEDINGS.

8.      WAIVER OF JURY TRIAL

BUYER AND SELLER, AFTER CONSULTATION WITH THEIR RESPECTIVE ATTORNEYS, EACH HEREBY WAIVE ANY RIGHT WHICH THEY MAY HAVE TO A JURY TRIAL, INCLUDING ANY RIGHT VESTED BY FEDERAL, STATE OR LOCAL STATUTE, IN CONNECTION WITH ANY DISPUTES OR LEGAL PROCEEDING

INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER COMMENCED BY OR AGAINST EITHER PARTY IN ANY WAY ARISING OUT OF OR RELATED TO THIS AGREEMENT OR WITH ANY DOCUMENT EXECUTED IN CONNECTION WITH THIS AGREEMENT.

9.        WAIVER OF CLASS ACTION CLAIMS

SELLER HEREBY AGREES TO WAIVE ANY AND ALL RIGHTS TO (i) ANY DISPUTE WITH BUYER BEING HANDLED AS A CLASS ACTION AND (ii) JOINING AS A PLAINTIFF, CLAIMANT, MEMBER OR PARTICIPANT IN ANY CLASS ACTION AGAINST BUYER.  IT IS AGREED THAT ANY ARBITRATION WILL BE LIMITED TO THE DISPUTE BETWEEN BUYER AND SELLER, AND BUYER AND SELLER WAIVE ANY RIGHT TO CONSOLIDATE OR TO HAVE HANDLED AS A CLASS ACTION ANY PROCEEDING ON ANY DISPUTES WITH ANY PROCEEDING ON DISPUTES, CLAIMS, OR CONTROVERSIES INVOLVING ANY PERSON OR ENTITY NOT A PARTY TO THIS AGREEMENT.

10.       RECLASSIFICATION OF TRANSACTION

This Agreement represents an investment by Buyer, and not a loan to Seller. However, should a court of law determine that the transaction set out in this Agreement is a loan of money, Seller agrees that interest shall accrue at the maxim um rate permitted by law.  Seller agrees that any fees or expenses paid by Buyer in connection with the Claim will not be included as interest. This includes any attorney's fees and costs Buyer has expended to enforce its rights under this Agreement.  Seller agrees that these will be considered as a reimbursement to Buyer, rather than as interest.

11.       MISCELLANEOUS

a.       If any part of this Agreement is deemed invalid or unenforceable, it shall not affect the validity or enforceability of (i) any other part of this Agreement, and the Agreement shall be modified to the extent legally possible to legally carry out the intent of this Agreement and (ii) any agreement between Buyer and any other party. This Agreement and its exhibit make up the entire and only agreement or understanding between Buyer and Seller.  It may not be changed unless signed in writing by Buyer and Seller.  This Agreement takes precedence over all prior agreements, brochures, negotiations, commitments and representations, whether oral or written, about Seller's Claim and Buyer's purchase of its Interest.

b.      Should Buyer retain the services of an attorney to enforce the terms of this Agreement, Seller will be responsible for any costs or expenses (including reasonable legal fees and expenses) in enforcing Buyer's rights under this Agreement and the amount of Buyer's Interest shall be increased in an amount equal to Buyer's costs and expenses.

c.      This Agreement will be binding upon Buyer and Seller, and each of their heirs, executors, administrators, successors and assigns. Seller understands and agrees that Seller has no right to assign Seller's rights and obligations under this Agreement. Seller further understands and agrees that Buyer may assign its rights and obligations under this Agreement (and Buyer's Interest) to any party without Seller's prior approval, provided that any such party agrees to be bound by the terms and conditions of this Agreement.  It is agreed that if Buyer assigns this Agreement as provided in the prior sentence, Buyer shall have no further obligations under this Agreement and Seller must look solely to the party Buyer assigned the Agreement to for performance under this Agreement.  When requested by Buyer or any assignee, Seller will sign and deliver any and all reasonably requested documents as Buyer or such assignee may require to confirm the various rights and obligations of the parties under this Agreement.  This Agreement may be signed in separate counterparts.  A facsimile signature shall be deemed to be an original signature.

12.     RIGHT TO CANCEL

SELLER HAS THE RIGHT TO CANCEL THIS AGREEMENT WITHOUT PENALTY OR FURTHER OBLIGATION AT ANY TIME PRIOR TO MIDNIGHT OF THE FIFTH (5TH) BUSINESS DAY FROM THE DATE SELLER RECEIVES FUNDING HEREUNDER FROM BUYER.

In order for the cancellation to be effective, Seller must return the full amount of disbursed funds to Attorney within five (5) business day of the disbursement of funds who will then return the amount to Buyer's Attorney upon the clearance of the funds in Attorney's Trust Account.

DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE. BEFORE YOU SIGN THIS AGREEMENT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY.  YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS AGREEMENT.

| SELLER: | BUYER: |
|---|---|
| _____ | _____ |
| SHERI BURG | LV Capital LLC & J & J CONSULTING SERVICES, INC. |

# EXHIBIT A

## AUTHORIZATION FOR ATTORNEY TO PAY J & J CONSULTING SERVICES, INC. FROM PROCEEDS OF CLAIM/ACKNOWLEDGEMENT OF AUTHORIZATION

Pursuant to that certain Purchase Agreement dated December 18, 2020 between Sheri Burg ("Seller") and J & J Consulting Services, Inc. ("Buyer") (the "Agreement"), I, Sheri Berg hereby irrevocably authorize and direct my attorney, Howard Ankin, Esq. ("Attorney"), (and any future Attorney representing me in connection with my Claim to, among other things, (i) place an assignment, consensual lien and security interest in favor of Buyer against any and all of the Proceeds due Seller from the Claim (after payment of any and all legal fees, reimbursable costs, statutory liens and liens) and to protect and satisfy the assignment, consensual lien and security interest in favor of Buyer up to the full amount of Buyer's Interest, (ii) pay Buyer's Attorney from the Proceeds the amount due to Buyer representing Buyer's Interest in the Proceeds of the Claim at the time of distribution of the Proceeds prior to any payment to Seller with respect to the Claim, (iii) in the event that the Claim is the subject of more than one lawsuit, claim or cause of action arising out of more than one incident/accident/transaction, or against one or more defendants, pay Buyer's Interest from the Proceeds of the first lawsuit, claim and/or case against any of the defendants, (iv) notify Buyer's Attorney of discontinuance or ending with respect to Attorney's representation, (v) respond to requests for information from Buyer's Attorney and (vi) call Buyer's Attorney prior to any disbursements of funds to verify the amount of Buyer's Interest.  Such amounts shall be paid directly to Buyer's Attorney to satisfy Seller's obligations to Buyer under the Purchase Agreement prior to any distribution of Proceeds to Seller. The amount of Buyer's Interest will increase to reflect the date Buyer is paid its Interest in the Proceeds as set forth in the Disclosure Table to the Agreement, as such may be amended from time to time.  This Authorization is irrevocable and binding and may only be amended by the mutual written agreement of Seller and Buyer.

Dated this 18th day of December, 2020.


_____
SHERI BURG, Seller

## ACKNOWLEDGEMENT OF AUTHORIZATION

I, Howard Ankin, Esq. hereby acknowledge that Ankin Law Office, LLC represents Sheri Burg, as her attorney, in connection with the Claim described in the Agreement. I acknowledge that Sheri Burg has irrevocably instructed me to comply with the Agreement's terms pursuant to the Authorization set forth above (the "Authorization"). I will honor Sheri Burg's Authorization. I agree to pay Buyer's Attorney Buyer's Interest from Sheri Burg's Proceeds of the Claim in accordance with the Disclosure Table set forth in the Agreement, as such may be amended from time to time. I agree not to distribute any Proceeds of the Claim to Sheri Burg until Buyer's Interest has been paid in full. In the event of a dispute, I agree that only disbursements for attorney's fees, reimbursable costs, statutory liens and medical liens that are in existence prior to the date of the Agreement will be made. All other funds due Sheri Burg shall be held in my Trust Account until such dispute is resolved. In the event that I am terminated as Sheri Burg's attorney with respect to the Claim, I shall give Buyer's Attorney immediate written notice thereof by certified mail, and state the name, address and telephone number of Sheri Burg's new attorney.

All disbursements of funds, including Sheri Burg's share of the Proceeds, will be through my Trust Account, and Sheri Burg will not receive a settlement check directly from any defendant or insurance company. I agree to verify the amount of Buyer's Interest prior to any disbursement of funds. I have no knowledge of Sheri Burg having previously sold, transferred or assigned any interest in the Claim or in the Proceeds of the Claim, and understand that Sheri Burg may not further sell, transfer or assign any additional Interest to any party other than Buyer without Buyer's written permission. I warrant and covenant that I am authorized to execute this document on behalf of Ankin Law Office, LLC.

DATED this 18th day of December, 2020.

ANKIN LAW OFFICE, LLC

_____
By:  HOWARD ANKIN, ESQ.