TRACY S. COMBS (California Bar No. 298664)
Email: combst@sec.gov
CASEY R. FRONK (Illinois Bar No. 6296535)
Email: fronckc@sec.gov
SECURITIES AND EXCHANGE COMMISSION
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (801) 524-5796
Fax: (801) 524-3558

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICES, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; and ROLAND TANNER;<br><br>Defendants,<br><br>THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC;<br><br>Relief Defendants. | Case No.: 2:22-cv-00612<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND ORDERS: (1) FREEZING ASSETS; (2) REQUIRING ACCOUNTINGS; (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (4) GRANTING EXPEDITED DISCOVERY; AND (5) ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

Plaintiff Securities and Exchange Commission (the "SEC") applies, pursuant to Federal Rule of Civil Procedure 65(b), for a Temporary Restraining Order prohibiting Defendants Matthew Wade Beasley, Christopher Ronn Humphries, Shane Michael Jager, Jason Myers Jongeward, Jeffrey Jason Judd, Denny Seybert, Roland Tanner, Beasley Law Group PC, J&J Consulting Services, Inc. (Alaska), J&J Consulting Services, Inc. (Nevada), and J and J Purchasing LLC (collectively, "Defendants") from committing violations of the antifraud and registration provisions of the federal securities laws or soliciting additional investors into Defendants' fraudulent scheme, and for orders freezing Defendants' and Relief Defendants' assets, requiring accountings, prohibiting the destruction of documents, and granting expedited discovery, and requiring Defendants to show cause why the Court should not issue a preliminary injunction in the matter.  This Application is based on the SEC's Complaint, as well as its accompanying Memorandum of Points and Authorities, its supporting declarations and exhibits, and any such other evidence and argument as the Court may receive and permit.

I.      **BASIS FOR WAIVER OF NOTICE UNDER RULE 65(b)**

Counsel for the SEC has not advised Defendants or Relief Defendants of the date, time, or substance of its Application, and the SEC applies for emergency injunctive relief on an *ex parte* basis.  As supported by the accompanying Rule 65(b) Certification of Tracy S. Combs (attached hereto as Exhibit A), waiver of notice to Defendants and Relief Defendants is appropriate, pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 7-2(b), because the specific facts set forth in the evidence submitted with the Application establish that immediate and irreparable injury, loss, or damage will result if Defendants and Relief Defendants are notified of the SEC's Application prior to it being heard.  This is true because Defendants have engaged and are continuing to engage in efforts to liquidate and dissipate investor funds.

As set forth in more detail in the SEC's supporting Memorandum of Points and Authorities, and the supporting declarations and evidence, this case involves an offering fraud that one of Defendants, during a well-publicized standoff with the FBI on March 3, 2022, confessed was a "Ponzi scheme."  Bank records and witness testimony obtained in the SEC's

investigation confirm that numerous investors have invested millions of dollars in Defendants' "Purchase Agreement" investment scheme since it began in 2016, based on false and misleading promises that their investments would generate annual returns of 50 percent from litigation finance arrangements with attorneys and litigation plaintiffs around the country.  In fact, as Defendant Beasley confessed in March, and as is evidenced by bank records for Beasley's attorney trust ("IOLTA") account and supporting declarations of the same attorneys purportedly generating profits for the scheme, there was no network of attorneys or litigation plaintiffs generating profits for investors, and investor money was spent making payments to earlier investors and promotors, and supporting Defendants' lavish lifestyles (including purchases of real estate, luxury vehicles, and a private jet).

Defendants' fraudulent scheme continues as Defendants have already attempted (and continue to attempt) to dissipate investor assets.  For example, shortly after the FBI standoff with Beasley, Judd, another principal in the scheme, began attempting to sell off his numerous real estate holdings.  While Judd has represented (through counsel) that he is doing so in order to preserve those assets for investors, there is no evidence to that effect.  Likewise, the bank records of Beasley's IOLTA account—which appears to be the primary hub for money invested into the scheme—show that of the approximately $490 million in funds flowing through the account since 2016, only around $4 million remain:  making it essential that all available additional assets controlled by Defendants and Relief Defendants be frozen to prevent any further dissipation of any remaining investor funds.

If Defendants and Relief Defendants are given notice of the Application, it will only further spur them to dissipate and misuse investor funds, potentially placing them beyond the reach of the Court.  The danger of asset dissipation and continuing unlawful conduct are each independently accepted bases for granting a temporary restraining order without notice under Rule 65(b).  *See, e.g.*, *SEC v. Schooler*, No. 12-CV-2164-LAB-JMA, 2012 WL 4049956, at *2 (S.D. Cal. Sept. 13, 2012); *3BA Int'l LLC v. Lubahn*, No. C10-829RAJ, 2010 WL 2105129, at *5 (W.D. Wash. May 20, 2010); *SEC v. Thomas*, No. 219CV01515APGVCF, 2020 WL 4251072, at *3 (D. Nev. June 11, 2020), *appeal dismissed sub nom.*, *SEC v. Thomas*, No. 20-16549, 2020

WL 6588635 (9th Cir. Sept. 18, 2020) (refusing to modify preliminary injunction to unfreeze assets where the SEC showed diversion of funds for personal use, noting that "[A]n individual who diverts investor funds to personal use 'is presumably more than capable of placing assets in his personal possession beyond the reach of a judgment.'") (citations omitted). The Court's immediate intervention thus would help prevent continued violations of the federal securities laws and preserve the *status quo*. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (purpose of a temporary restraining order is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer").

## II.  RELIEF REQUESTED

Because of the ongoing nature of this fraudulent scheme, including through the dissipation of assets, the SEC seeks to temporarily enjoin Defendants from violating Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder [15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5]; Section 17(a) of the Securities Act of 1933 [15 U.S.C. §§ 77q(a)]; Section 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a), (c)]; and Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)]. In addition, the SEC requests a temporary injunctions prohibiting Defendants from continuing to offer their "Purchase Agreement" securities and solicit investors into that or any similar investment scheme. Because of the danger that Defendants and Relief Defendants may further dissipate investor funds, the SEC also seeks to freeze the assets of each of the Defendants and the Relief Defendants. The SEC also requests orders requiring Defendants to provide accountings, prohibiting the destruction of documents, and granting expedited discovery. Finally, the SEC requests an order to show cause why a preliminary injunction should not be granted, as set forth in the proposed Order attached hereto as Exhibit B.

DATED this 13th day of April, 2022.

                                            _/s/ Tracy S. Combs_
                                            Tracy S. Combs
                                            Casey R. Fronk
                                            Attorney for Plaintiff
                                            SECURITIES AND EXCHANGE COMMISSION

                                            _____