# Exhibit A

## Rule 65(B) Certification

TRACY S. COMBS (California Bar No. 298664)
Email: combst@sec.gov
CASEY R. FRONK (Illinois Bar No. 6296535)
Email: fronckc@sec.gov
SECURITIES AND EXCHANGE COMMISSION
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (801) 524-5796
Fax: (801) 524-3558

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>vs.<br><br>MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICES, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; and ROLAND TANNER;<br><br>   Defendants,<br><br>THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC;<br><br>   Relief Defendants. | Case No.: 2:22-cv-00612<br><br>**RULE 65(B) CERTIFICATION IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND ORDERS: (1) FREEZING ASSETS; (2) REQUIRING ACCOUNTINGS; (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (4) GRANTING EXPEDITED DISCOVERY; AND (5) ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

1

Tracy S. Combs, being sworn on oath, deposes and states that if called upon to do so, she could competently and truthfully testify as follows:

1. I am a Trial Counsel employed by the United States Securities and Exchange Commission in the Salt Lake Regional Office, located at 351 S. West Temple Street, Salt Lake City, Utah, 84101. I am a resident of Utah and licensed to practice law in California, New York, and Pennsylvania.

2. This certification is based upon specific facts contained in the Commission's Complaint and *Ex Parte* Application the accompanying brief, declarations and exhibits filed contemporaneously therewith. These submissions demonstrate that the Commission has made a *prima facie* showing that Defendants have participated in a securities investment fraud that violates the federal securities laws.

3. The Commission maintains that *ex parte* relief is appropriate in this matter. First, proceeding on an *ex parte* basis is warranted to increase the likelihood of freezing—and ultimately recovering—investor money or other assets in Defendants' and Relief Defendants' possession, custody and control. Second, it will help secure, and prevent destruction of, documents or other evidence of Defendants' scheme. If Defendants are given advance notice that the Commission is seeking emergency relief, they may dissipate any remaining assets and destroy documents and evidence.

4. Accordingly, for the reasons set forth above and in the Commission's supporting documents filed contemporaneously herewith, immediate and irreparable harm will result to the Commission and to at least one investor in the scheme unless this matter is heard *ex parte*. For these reasons, the undersigned counsel has not attempted to give advance notice to the Defendants or Relief Defendants, which advance notice should be excused in light of circumstances present.

Dated: April 12, 2022 　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　 /s/ Tracy S. Combs
　　　　　　　　　　　　　　　　　　Tracy S. Combs (combst@sec.gov)
　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　SECURITIES AND EXCHANGE COMMISSION