# Exhibit B

## Proposed Temporary Restraining Order and Other Orders

TRACY S. COMBS (California Bar No. 298664)
Email: combst@sec.gov
CASEY R. FRONK (Illinois Bar No. 6296535)
Email: fronckc@sec.gov
SECURITIES AND EXCHANGE COMMISSION
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (801) 524-5796
Fax: (801) 524-3558

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICE, INC., a Nevada Corporation; J AND J PURCHASIN LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; and ROLAND TANNER;<br><br>Defendants;<br><br>THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC;<br><br>Relief Defendants. | Case No.: 2:22-cv-00612<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDERS: (1) FREEZING ASSETS; (2) REQUIRING ACOUNTINGS; (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (4) GRANTING EXPEDITED DISCOVERY; AND (5) ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

This matter came before the Court upon Plaintiff Securities and Exchange Commission's *Ex Parte* Application for Temporary Restraining Order and Orders (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting the Destruction of Documents; and (5) to Show Cause Re Preliminary Injunction (the "TRO Application").

The Court, having considered the Commission's Complaint, the TRO Application and supporting memorandum of points and authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)] and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(b)], by evidence establishing a *prima facie* case and likelihood that Defendants Matthew Wade Beasley, Christopher Ronn Humphries, Shane Michael Jager, Jason Myers Jongeward, Jeffrey Jason Judd, Denny Seybert, Roland Tanner, Beasley Law Group PC, J&J Consulting Services, Inc. (Alaska), J&J Consulting Services, Inc. (Nevada), and J and J Purchasing LLC (collectively herein, "Defendants") have engaged in, are engaging in, are about to engage in, and will continue to engage in, unless restrained, transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]; Section 10(b) of the Securities Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; Section 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a), (c)]; and/or Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

C. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants, and Relief Defendants Anthony Michael Alberto, Jr., ACAC LLC, BJ Holdings LLC, CJ Investments LLC, JL2 Investments, LLC, Monty

        Crew LLC, PAJ Consulting Inc, Rocking Horse Properties LLC, Stirling Consulting L.L.C., The Judd Irrevocable Trust, and Triple Threat Basketball, LLC (collectively herein, "Relief Defendants"), will dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Temporary Restraining Order so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

D.   Good cause exists to believe than an accounting of assets by each of the Defendants is necessary.

E.   Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

F.   Good cause exists to believe that expedited discovery is necessary.

### I.

IT IS HEREBY ORDERED that the Commission's TRO Application is GRANTED.

### II.

IT IS FURTHER ORDERED that Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

A.   employing any device, scheme or artifice to defraud;

B.   obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C.   engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

IT IS FURTHER ORDERED that Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme or artifice to defraud

B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit on upon any person

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### IV.

IT IS FURTHER ORDERED that Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in the absence of any applicable exemption:

    A.    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    B.    unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or;

    C.    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

in violation of Section 5 of the Securities Act [15 U.S.C. § 77e].

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**V.**

IT IS FURTHER ORDERED that Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to effect transactions in, or induce or attempt to induce the purchase or sale of, securities while not registered with the Commission as a broker or dealer or while not associated with an entity registered with the Commission as a broker or dealer in violation of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## VI.

IT IS FURTHER ORDERED that Defendants Matthew W. Beasley, Jeffrey J. Judd, Beasley Law Group PC, J&J Consulting Services, Inc. (Alaska), J&J Consulting Services, Inc. (Nevada), and J and J Purchasing LLC, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, issuing, purchasing, or selling any security related to settled litigation claims, except for the purchase or sale of securities listed on a national securities exchange by these Defendants for their own personal accounts.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees,

6

and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## VII.

IT IS FURTHER ORDERED that Defendants Christopher R. Humphries, Shane M. Jager, Jason M. Jongeward, Denny Seybert, and Roland Tanner, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, soliciting any person or entity to purchase or sell any security.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a)

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants, Relief Defendants, and Defendants' and Relief Defendants' officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants or Relief Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the

Defendants or their subsidiaries and affiliates; including but not limited to the real and personal property below:

**Real Property**

| Property Address | Owner |
|---|---|
| 9 Sky Arc Court, Henderson, Nevada 89012<br>APN: 178-33-610-039 | The Judd Irrevocable Trust |
| 8 Twisted Rock Court, Nevada 89012<br>APN: 178-33-510-037 | The Judd Irrevocable Trust |
| 7329 Ravines Avenue, Las Vegas Nevada 89131<br>APN: 125-10-115-020 | The Judd Irrevocable Trust |
| 599 N. Red Mountain Court, Heber City, Utah 84032<br>APN: 00-0021-0348 | The Judd Irrevocable Trust |
| 2314 E. La Sal Peak Drive, Heber City, Utah 84032<br>APN: 00-0021-1113 | The Judd Irrevocable Trust |
| 19 Sky Arc Court, Henderson, Nevada 89012<br>APN: 178-33-210-004 | Jager Trust |
| 29 Rockstream Drive, Henderson, Nevada 89012<br>APN: 178-33-213-010 | Jager Trust |
| 16 Paradise Valley Court, Henderson, Nevada 89052<br>APN: 190-08-612-003 | Jager Trust |

| Property Address | Owner |
|---|---|
| 2394 E. La Sal Peak Drive, Heber City, Utah 84032<br>APN: 00-0021-1104 | Jager Trust |
| 2364 E. La Sal Peak Dr., Heber City, Utah 84032<br>APN: 00-0021-1105 | Jager Trust |
| 4015 Calle Lisa, San Clemente, California 92672<br>APN: 060-231-23 | Jager Trust |
| 5475 Ruffian Road, Las Vegas, Nevada 89149<br>APN: 126-36-501-029 | Matthew and Paula Beasley |
| 5485 Ruffian Rd. Las Vegas, Nevada 89149<br>APN: 126-36-501-030 | Matthew and Paula Beasley |
| Real property located at the corner of W. Stephen Ave. & Ruffian Rd., Las Vegas, Nevada 89149<br>APN: 126-36-501-031 | Matthew and Paula Beasley |
| Real property located at the corner of W. Hammer Ln. & Ruffian Rd., Las Vegas, Nevada 89149<br>APN: 126-36-501-017 | Matthew and Paula Beasley |
| 2143 Via Regina Coeli Street, Mt. Charleston, Nevada 89124<br>APN: 129-02-410-074 | Matthew and Paula Beasley |

**Personal Property**

2021 Bentley GT convertible

2020 Rolls Royce Dawn

2022 Rolls Royce Cullinan

2019 Ferrari 812 Superfast

Hawker 900XP private jet

2021 Bentley Continental

2020 Bentley Continental

2020 Mercedes Benz G63 AMG

Two 2020 Porsche Taycans

2020 Ashton Martin Vantage

2018 Porsche 911

2020 Porsche Cayenne

2019 Cadillac Escalade

2019 Lexus LX

2017 Chevrolet Corvette Z06

2018 Land Rover Range Rover

2018 Chevrolet Camaro

2018 Mercedes Benz E43 AMG

2019 Toyota 4Runner

RVs of unknown year, make and model

ATVs of unknown year, make and model

Boats of unknown year, make and model

**IX.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any

bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants and Relief Defendants, including but not limited to the accounts listed below:

| BROKERAGE / BANK NAME | ACCOUNT NAME | ACCOUNT NUMBER |
|---|---|---|
| Wells Fargo | Beasley Law Group PC | XXXXXX5580 |
| Bank of Nevada | Beasley Law Group PC (NV IOLTA Acct) | XXXXXX5598 |
| Wells Fargo | Beasley Law Group PC (NV IOLTA Acct) | XXXXXX8898 |
| Wells Fargo | Bugraiders Pest Control, LLC | XXXXXX0377 |
| Wells Fargo | Bugraiders Pest Control, LLC | XXXXXX9745 |
| Wells Fargo | CJ Investments LLC | XXXXXX6358 |
| Wells Fargo | Jessica A Humphries & Christopher R Humphries | XXXXXX0836 |
| Wells Fargo | Jessica A Humphries & Christopher R Humphries | XXXXXX2164 |
| Wells Fargo | Jessica A Humphries & Christopher R Humphries | XXXXXX5547 |
| Wells Fargo | J & J Consulting | XXXXXX0153 |
| Wells Fargo | Nevada Pro Pest Control Inc.; dba Nevada Pest Control; dba Pigeons Be Gone | XXXXXX6540 |
| Wells Fargo | Stirling Consulting LLC | XXXXXX6558 |
| Wells Fargo | Shane Jager | XXXXXX09335 |

| BROKERAGE / BANK NAME | ACCOUNT NAME | ACCOUNT NUMBER |
|---|---|---|
| Wells Fargo | Nevada Pro Pest Control Inc.; dba Nevada Pest Control; dba Pigeons Be Gone | XXXXXX1189 |
| Wells Fargo | Triple Threat Basketball, LLC | XXXXXX2948 |
| Wells Fargo | Triple Threat Basketball, LLC | XXXXXX9671 |
| Wells Fargo | Triple Threat Basketball, LLC | XXXXXX2643 |
| Wells Fargo | Triple Threat Basketball, LLC (savings) | XXXXXX3578 |
| US Bank | Judd Nevada Trust; Jeffrey J Judd Trustee; Jennifer R Judd Trustee | XXXXXXXX0331 |
| US Bank | Jeffrey Judd | XXXXXXXX4223 |
| US Bank | Jeffrey Judd | XXXXXXXX4207 |
| US Bank | CJ Investments LLC | XXXXXXXX0526 |
| US Bank | Target Marketing Insurance Services Inc | XXXXXXXX0841 |
| US Bank | The CJ Humphries Foundation | XXXXXXXX0913 |
| US Bank | Christopher Ronn Humphries; Jessica Allison Humphries | XXXXXXXX1591 |
| US Bank | J&J Consulting Services, Inc | XXXXXXXX2073 |

| BROKERAGE / BANK NAME | ACCOUNT NAME | ACCOUNT NUMBER |
|---|---|---|
| US Bank | Target Managers Insurance Services Inc | XXXXXXXX3156 |
| US Bank | The Judd Family Foundation | XXXXXXXX3495 |
| US Bank | Matthew W Beasley; Paula C Beasley; Matthew Beasley | XXXXXXXX4338 |
| US Bank | Jeffrey J Judd Tstee/Grnt; Judd Family Trust; Jennifer R Judd Trustee | XXXXXXXX5473 |
| US Bank | Jeffrey J Judd Tstee/Grnt; Judd Family Trust; Jennifer R Judd Trustee | XXXXXXXX6245 |
| US Bank | Matthew W Beasley; Paula C Beasley; Matthew Beasley | XXXXXXXX7143 |
| US Bank | Christopher Ronn Humphries; Jessica Allison Humphries | XXXXXXXX8067 |
| US Bank | Judd Nevada Trust; Jeffrey J Judd Trustee; Jennifer R Judd Trustee | XXXXXXXX3033 |
| US Bank | Expert Litigation Services Inc | XXXXX9682 |
| US Bank | PAJ Consulting Inc | XXXXXXXX3503 |
| US Bank | Priscilla Rosegreen; Warren Rosegreen | XXXXXXXX4389 |
| US Bank | Priscilla Rosegreen; Warren Rosegreen | XXXXXXXX9713 |
| US Bank | BJ Holdings LLC | XXXXXXXX0010 |

| BROKERAGE / BANK NAME | ACCOUNT NAME | ACCOUNT NUMBER |
|---|---|---|
| Citibank | Warren Rosegreen | XXXXXXX2878 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies or assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

## X.

IT IS FURTHER ORDERED that Defendants, within five days of the issuance of this Order, shall prepare and deliver to the Commission a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number. The accounting shall include a description of the sources of all such assets. Such accounting shall be simultaneously filed with the Court and a copy shall be delivered to the Commission to the attention of Tracy S. Combs, counsel for the Commission, by electronic mail at combst@sec.gov. After completion of the accounting, each of the Defendants shall produce to the Commission, at a time agreeable to the Commission, all books, records and other documents supporting or underlying their accounting.

## XI.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants, shall within 5 days of receiving actual notice of this Order provide counsel for the Commission with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## XII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise) pertaining in any manner to Defendants or to the allegations alleged in the Commission's complaint.

## XIII.

IT IS FURTHER ORDERED that the Commission's application for expedited discovery concerning Defendants and their assets and activities is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court, discovery shall proceed as follows:

A. Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take video depositions of parties or any third parties upon oral examination on two days' notice of any such depositions. Depositions may be taken Monday through Saturday. As to Defendants, and their agents, servants, promoters, employees, brokers, associates, and any person who transferred money to or received money from the bank accounts identified above, the Commission may depose such witnesses after service a deposition notice by facsimile, electronic mail, hand or overnight courier upon such individuals, and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of the hearing on the SEC's application for preliminary injunction;

  B. Pursuant to Rule 45 and the applicable provisions in the Securities Act and Exchange Act, each party may serve subpoenas to third parties; and

  C. All discovery requests and responses may be served via email, facsimile, or by hand on counsel for the parties.

### XIV.

IT IS FURTHER ORDERED that the representatives of the Commission and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendants and their subsidiaries and affiliates, and continuing access to inspect their funds, property, assets and collateral, wherever located.

### XV.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire on April 22, 2022 unless for good cause shown it is extended or the parties against whom it is directed consent that it may be extended for a longer period.

### XVI.

IT IS FURTHER ORDERED that on April 21, 2022 at 10:00 a.m., the Defendants, and each of them, shall appear before the Honorable James C. Mahan, Judge of the United States District Court of Nevada, for a hearing to show cause, if there be any, why a preliminary injunction should not be granted.  Any declarations, affidavits, points and authorities in opposition to, the issuance of such an Order shall be filed with the Court and emailed to Tracy S. Combs, counsel for the Commission, at combst@sec.gov, and the offices of the Defendants or their attorneys no later than 4:00 p.m., on Tuesday, April 19, 2022.

**XVII.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Date: _____  
Time: _____         _____  
                                    JAMES C. MAHAN  
                                    UNITED STATES DISTRICT JUDGE

Presented by:  
Tracy S. Combs  
Casey R. Fronk  
Attorneys for Plaintiff  
Securities and Exchange Commission