# Exhibit C

## Supplemental Declaration of Amir Salimi

TRACY S. COMBS (California Bar No. 298664)
Email: combst@sec.gov
CASEY R. FRONK (Illinois Bar No. 6296535)
Email: fronkc@sec.gov
SECURITIES AND EXCHANGE COMMISSION
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (801) 524-5796
Fax: (801) 524-3558

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.: 2:22-cv-00612-JCM-EJY |
| Plaintiff, | |
| vs. | **SUPPLEMENTAL DECLARATION OF AMIR SALIMI IN SUPPORT OF PRELIMINARY INJUNCTIVE RELIEF** |
| MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICES, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; and ROLAND TANNER; | |
| Defendants; | |
| THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC; | |
| Relief Defendants. | |

1

I, Amir Salimi, do hereby declare, under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the following is true and correct to the best of my belief and, further, that this declaration is made on my personal knowledge, and that I am competent to testify as to the matters herein stated.

1. I am over the age of 21 and a resident of the State of Utah.

2. I make this declaration in support of the United States Securities and Exchange Commission's ("Commission's") request for preliminary injunctive relief in the above-captioned matter.

3. As described in my prior declaration in support of the Commission's *Ex Parte* Motion for Temporary Injunctive Order and other relief, as part of my duties as an accountant with the Commission, I was assigned to the investigation entitled *In the Matter of J&J Consulting Services, Inc*. (SL-02855), and I analyzed the bank and financial records of the Nevada law firm of Matthew Beasley, Beasley Law Group PC, that were produced in response to a subpoena issued by the Commission staff to Wells Fargo Bank, N.A. ("Wells Fargo"). True and correct copies of the bank records for the Wells Fargo Interest On Lawyers' Trust Account ("IOLTA") No. XXXXXX5598 in the name of Beasley Law Group P.C. (hereinafter "Beasley IOLTA 5598") for the period of January 1, 2017 through February 28, 2022 are attached hereto as **Exhibit 1**.

4. As described in my prior declaration, approximately $411 million or approximately 84% of the funds transferred out of the Beasley IOLTA 5598 from January 2017 to March 15, 2022 were to entities identified as controlled by promotors in the Declaration of Joni Ostler (filed contemporaneously herewith), as follows:

      a.     **J &J Consulting Services**: $313.7 million

      b.     **Stirling Consulting LLC**: $37.2 million

      c.     **CJ Investments LLC**: $31 million

      d.     **Beasley Law Group PC**: $17.1 million

      e.     **Triple Threat Basketball, LLC**: $12.3 million

5.      In addition to analyzing those bank records of the Beasley IOLTA 5598, I reviewed the bank records of J & J Consulting Services, Inc. US Bank account ending in 2073 ("J&J U.S. Bank Account 2073") for the period of January 2018 through February 2022, that were produced in response to a subpoena issued by the Commission staff to U.S. Bank.  A declaration of a U.S. Bank custodian of records is attached hereto as **Exhibit 2**.

6.      During my analysis, I observed that the vast majority of the deposits into this account were from either Beasley Law Group PC or other bank accounts held in the name of J & J Consulting Services, Inc.  I also observed a pattern in which after funds were deposited into the J&J U.S. Bank Account 2073, they would shortly thereafter be spent on personal expenses such as automobiles, or transferred to personal accounts such as the Judd Family Foundation, the Judd Family Trust, or the Judd Nevada Trust.

7.      Examples of personal expenses being paid out of the J&J U.S. Bank Account 2073 from funds received from the Beasley IOLTA 5598 or other accounts held in the name of J&J Consulting Services Inc. can be found within the August 2019 bank statements which are attached hereto as **Exhibit 3**.  During this month, three checks were written for what appears to be the purchase of three separate automobiles: one check for $106,545 to "Lexus of Henderson" for "Lexus LX 570", one check to "Gaudin Porsche" for $82,776 for "Panamera 2019", and one check to "Gaudin Porsche of Las Vegas DLR 44899" for $96,115 for "Cayenne-Porsche."

8.      Examples of transfers from the J&J U.S. Bank Account 2073 to Judd's personal accounts can be found within the January 2021 bank statements which are attached hereto as **Exhibit 4**.  The beginning balance of the J&J U.S. Bank Account 2073 as of January 1, 2021 was $186,551.  During the month of January 2021, the account received $2.6M in deposits and paid out disbursements totaling $2.7M.  Approximately $2.5M of the $2.6M of total deposits during the month were from J & J Consulting Services, Inc. The total amount of disbursements during the month were primarily made up of disbursements to the following Judd entities: $555,000 to the Judd Family Foundation (3495), $677,000 to the Judd Family Trust (6245, 5473), and $1,175,000 to Judd Nevada Trust (0331).  Based on an analysis of the activity of the J&J U.S.

3

Bank Account 2073, it appears that funds received from the Beasley IOLTA 5598 and J&J Consulting Services Inc. accounts were used to make these disbursements.

9.      In addition, I identified transfers to platforms used to buy and sell cryptocurrency such as Coinbase and Robinhood.  An example of over $30,000 being transferred to the cryptocurrency exchange Coinbase can be found within the January 2021 bank statements which are attached hereto as Exhibit 4.

10.     In my review of the account transactions in the J&J U.S. Bank Account 2073, I did not identify any transactions consistent with investment activity related to litigation settlements.  For example, I did not identify any transactions that appeared to be advances to tort litigants or their attorneys or law firms.  I did not identify any transactions that appeared to be returns or proceeds from investments, including from insurance tort settlements, nor did I observe any incoming cash from personal injury law firms, lawyers, insurance companies, or tort claimants that would result from returns on insurance tort settlements.

Executed this 19th day of April, 2022 in Salt Lake City, Utah.

/s/ Amir Salimi

Amir Salimi