TRACY S. COMBS (California Bar No. 298664)
Email: combst@sec.gov
CASEY R. FRONK (Illinois Bar No. 6296535)
Email: fronkc@sec.gov
SECURITIES AND EXCHANGE COMMISSION
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (801) 524-5796
Fax: (801) 524-3558

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.: 2:22-cv-00612 |
| Plaintiff, vs. | Judge: James C. Mahan<br>Magistrate Judge: Elayna J. Youchah |
| MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICE, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY JAGER; and ROLAND TANNER; | **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S AND DEFENDANT SHANE M. JAGER'S STIPULATION CONCERNING LIVING EXPENSES TO AND INCLUDING SEPTEMBER 30, 2022** |
| Defendants; | |
| THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC; | |
| Relief Defendants. | |

**WHEREAS**, on April 12, 2022, Plaintiff United States Securities and Exchange Commission ("SEC", "Commission", or "Plaintiff") filed its Complaint in this matter, alleging violations of the registration and/or antifraud provisions of the federal securities laws by

1

Defendants, and the receipt of ill-gotten proceeds of such violations by Relief Defendants. (Dkt. No. 1.)

**WHEREAS**, on April 13, 2022, the Commission filed an Ex Parte Application for Entry of a Temporary Restraining Order and other equitable relief as to Defendants and an asset freeze as to Defendants and Relief Defendants (Dkt. No. 2), which was granted by the Court on April 13, 2022. (Dkt. No. 3.)

**WHEREAS**, on April 21, 2022, the Court issued its Order Entering Preliminary Injunction, Asset Freeze, and other Equitable Relief as to Defendants and Relief Defendants, which, *inter alia*, continued the asset freeze imposed by the Court on April 13, 2022. (Dkt. No. 56.) The Court's Order provided that "any allowance for necessary and reasonable living expenses will be granted only upon good cause shown by application to the Court with notice and an opportunity for the Commission to be heard."

**WHEREAS**, at the show cause hearing before the Court on April 21, 2022, the Court directed the parties to discuss any exceptions to the asset freeze for such necessary and reasonable living expenses before making such an application to the Court.

**WHEREAS**, counsel to the Commission and Defendant Shane M. Jager have reached the following agreement as to an allowance for living expenses up to and including September 30, 2022, and jointly provide this proposed agreement for approval by the Court:

1. Wells Fargo checking account no. XXXXXX9335 (the "Jager Checking Account") held in the name of the Jager Family Trust shall be unfrozen to allow Defendant Jager to pay living expenses and hold going-forward, earned income unconnected to the conduct alleged in the Complaint;

2. As a preliminary matter and without waiving the right to seek additional funds for living expenses, Defendant Jager may withdraw up to $4844.00 per month—representing two times the IRS 2021 Allowable Living Expenses National Standards for a family of six—of previously-frozen funds from the Jager Checking Account until September 30, 2022 for necessary and reasonable living expenses;

3. Defendant Jager must provide to counsel to the Commission, without further request or subpoena, the monthly account statements of the Jager Checking Account for review and inspection by no later than the 5th of each month this stipulation is in effect. The Jager Checking Account statements shall be provided to counsel to the Commission by email to Casey R. Fronk (fronkc@sec.gov) and Tracy S. Combs (combst@sec.gov);

4. Without waiving his right to seek additional funds from the court, to the extent Defendant Jager earns additional, going-forward income that he demonstrates, to the satisfaction of counsel for the Commission, is unconnected to the conduct alleged in the Complaint, such income may be used for the payment of necessary and reasonable living expenses and payment of attorneys' fees and defense costs.

**WHEREAS**, counsel to the Commission and Defendant Jager have reached the following agreement as to certain property sales and leases already pending or completed at the time the asset freeze was entered by the Court on April 13, 2022:

1. The ninety-day lease of 4015 Calle Lisa San Clemente, CA 92672 may go forward on May 15, 2022, with all proceeds from the lease to be deposited in the Jager Checking Account, where the funds may be used for reasonable and necessary living expenses;

2. The sale of Lot 501 located at 2364 E. La Sal Peak Dr. Heber City, UT may go forward, with all proceeds from the sale to be deposited in the attorney trust account (IOLTA) of the Palazzo Law Firm, where they shall not be transferred or dissipated;

3. Having satisfied counsel to the Commission that the funds in Wells Fargo account no. XXXX8610 held in the name of Fajardo Properties, LLC ("Fajardo Account")—a business unrelated to the conduct alleged in the Complaint which Defendant Jager purports to run with a partner—solely consists of the proceeds of the March 2022 sale of real property purchased on October 19, 2017 with funds belonging to Jager's partner (who is a nonparty to this case), the Fajardo Account may be unfrozen to permit withdrawal of the funds therein and deposited into the

Jager Checking Account, where the funds may be used for reasonable and necessary living expenses and attorneys' fees and defense costs.

**WHEREAS**, counsel to the Commission and Defendant Jager have reached the following agreement as to certain accounts held in the name of Pride Pest Control, LLC d/b/a/ Elite Pest Control, a business Defendant Jager purports to run:

1. Wells Fargo accounts Nos. XXXXXX0631 and XXXXXX9178 (together, the "Pride Pest Control Accounts") held in the name of Pride Pest Control, LLC d/b/a/ Elite Pest Control shall be unfrozen to allow business operations of that entity to continue from those accounts going forward;

2. Defendant Jager must provide to counsel to the Commission, without further request or subpoena, the monthly account statements of the Pride Pest Control Accounts for review and inspection by no later than the 5th of each month this stipulation is in effect. The Pride Pest Control Accounts statements shall be provided to counsel to the Commission by email to Casey R. Fronk (fronkc@sec.gov) and Tracy S. Combs (combst@sec.gov);

3. To the extent Pride Pest Control, LLC earns going-forward income that counsel for the Commission is satisfied is unconnected to the conduct alleged in the Complaint, such income may be used for expenses incurred by Pride Pest Control, LLC or reinvested into its business.

//
//
//

[continued on following page]

//

Dated: May 18, 2022     **U.S. SECURITIES AND EXCHANGE COMMISSION**

/s/ *Tracey S. Combs*
TRACY S. COMBS
CASEY R. FRONK
*Attorneys for Petitioner U.S. Securities and Exchange Commission*

Dated: May 18, 2022     **PALAZZO LAW FIRM**

/s/ *T. Louis Palazzo*
T. LOUIS PALAZZO
*Attorney for Defendant Shane M. Jager*

IT IS SO ORDERED:

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

DATED: May 19, 2022

5