KARA B. HENDRICKS, ESQ.
Nevada Bar No. 07743
JASON K. HICKS, ESQ.
Nevada Bar No. 13149
KYLE A. EWING, ESQ.
Nevada Bar No. 014051
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: hendricksk@gtlaw.com
hicksja@gtlaw.com
ewingk@gtlaw.com

*Attorneys for Geoff Winkler, Receiver for
J&J Consulting Services, Inc., J&J Consulting Services, Inc.,
J and J Purchasing LLC, The Judd Irrevocable Trust,
and BJ Holdings LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. 2:22-cv-00612-JCM-EJY |
| Plaintiff, | **[HEARING REQUESTED]** |
| vs. | **MOTION TO COMPEL OR ALTERNATIVE MOTION FOR ORDER TO SHOW CAUSE WHY JEFFREY J. JUDD AND/OR THOSE ACTING ON HIS BEHALF SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER APPOINTING RECEIVER DUE TO FAILURE TO TURN OVER ASSETS** |
| MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICE, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; and ROLAND TANNER, | |
| Defendants, | |
| THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, LLC.; CJ INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR., and MONTY CREW LLC; | |
| Relief Defendants. | |

1

ACTIVE 65405018v2

Comes now, Geoff Winkler, the Court-appointed Receiver (the "Receiver") for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada corporation; J and J Purchasing LLC; The Judd Irrevocable Trust; and BJ Holdings LLC, and over the Wells Fargo Interest on Lawyers' Trust Account ending in 5598 and held in the name of Beasley Law Group PC, along with the personal assets of Matthew Wade Beasley; Jeffrey J. Judd; Christopher R. Humphries; Shane M. Jager; Jason M. Jongeward; Denny Seybert; and Roland Tanner (collectively, the "Receivership Defendants"), by and through the Receiver's proposed counsel of record, the law firm of Greenberg Traurig, LLP, and hereby submits the following Motion to Compel or Alternative Motion for Order to Show Cause Why Jeffrey J. Judd and/or those Acting on His Behalf Should not be Held in Contempt for Failure to Comply with this Court's Order Appointing Receiver (ECF No. 88) Due to Failure to Turn Over Assets ("Motion").

This Motion is based upon the attached Memorandum of Points and Authorities, the exhibits hereto including the Declarations of Geoff Winkler and Joshua A. del Castillo, the pleadings and papers on file herein, and such other and further arguments and evidence as may be presented to the Court in connection with the Motion.

Respectfully submitted this 10th day of June 2022

GREENBERG TRAURIG, LLP

By: /s/ *Kara B. Hendricks*
KARA B. HENDRICKS, ESQ.
Nevada Bar No. 07743
JASON K. HICKS, ESQ.
Nevada Bar No. 13149
KYLE A. EWING, ESQ.
Nevada Bar No. 014051
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Email:   hendricksk@gtlaw.com
             hicksja@gtlaw.com
             ewingk@gtlaw.com

*Attorneys for Geoff Winkler, Receiver for J&J Consulting Services, Inc., J&J Consulting Services, Inc., J and J Purchasing LLC, The Judd Irrevocable Trust, and BJ Holdings LLC*

2

ACTIVE 65405018v2

**CERTIFICATION OF EFFORTS TO CONFER PRIOR TO FILING**

The Receiver and his proposed counsel have conferred with Kevin Anderson, counsel for Jeffery Judd, in good faith attempts to resolve the disputes raised in this Motion without the need for Court intervention. After a sincere effort to do so, including a video conference, telephone call and email/written correspondence, the parties have been unable to resolve the matter without court action, necessitating the instant Motion. See Declaration of Geoff Winkler attached hereto as **Exhibit A** and Declaration of Joshua A. del Castillo attached hereto as **Exhibit B**.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Through this Motion, the Receiver requests an Order to Compel or an Order to Show Cause why Jeffrey J. Judd ("Judd") and/or those acting on his behalf should not be held in civil contempt for failure to immediately turn over to the Receiver assets as required by this Court's June 3, 2022 Order Appointing Receiver (ECF No. 88) (the "Appointment Order"). As discussed herein, the Appointment Order expressly calls for the turnover of, among other items, the funds currently held by counsel in connection with the representation of Judd or any other Receivership Defendant as well as personal property. Based on available information, the Receiver believes that at least $8,050,000 in receivership property is being held by various attorneys that purport to represent Judd.[1] These funds should be immediately turned over to the Receiver pursuant to the Appointment Order, and include:

| FIRM | AMOUNT BELIEVED TO BE HELD BY FIRM |
|---|---|
| Fabian & Clendenin, PC dba Fabian VanCott | $750,000 |
| Law Offices of Michael L. Peters, Esq. | $2,750,000 |
| Law Offices of Camille Dean, P.C. | $250,000 |
| Oberheiden, P.C. | $2,800,000 |
| John W. Sellers, Esq. | $1,500,000 |
| TOTAL | **$8,050,000** |

---

[1] The Receiver has reached out to the law firms and attorneys believed to be holding additional funds on behalf of Mr. Judd and has requested the turnover of the same. The Receiver is hopeful the funds will be turned over voluntarily without the need for Court intervention.

3

ACTIVE 65405018v2

Kevin Anderson of the Fabian VanCott Firm has acknowledged the existence of such funds that were received directly from Judd.[2]  However, Mr. Anderson has refused to turn over funds held by the Fabian VanCott Firm, claiming that the Appointment Order is unclear as to its turnover requirements, and contending that the funds are needed to pay attorneys to represent Judd, pay for Judd's necessary and reasonable living expenses and expressed concerns about the SEC's actions affecting Mr. Judd's "assets, livelihood, and pursuit of happiness".  See, email correspondence from Mr. Anderson attached hereto as **Exhibit C.**  In subsequent discussions, Mr. Anderson also maintained that he is not bound to comply with the turnover provisions of the Appointment Order on the grounds that the Appointment Order is allegedly incompatible with other orders of the Court and that the Appointment Order is not applicable to funds to be used in connections with Judd's legal representation in this case and/or other related matters.  *Id*. and Exs.¶ A (Winkler Declaration) and B (del Castillo Declaration).

The Receiver respectfully submits that the Appointment Order is clear on its face, and that the requested turnover of funds is not merely required, but fundamental to the very purpose of the instant receivership.  In that respect, it is the Receiver's obligation to identify and collect receivership assets, including funds held by the Receivership Defendants with their respective counsel.  If and when a Receivership Defendant's counsel seeks payment for legal services, then they can apply to the Court for the release of the same.  It is not, however, for the Receivership Defendants or their attorneys to unilaterally determine what qualifies as receivership assets or decide if, when, and how much they will turn over, or otherwise place conditions upon their compliance with the Appointment Order.  Given the undeniable violation of the specific and definite order of this Court that the funds be turned over to the Receiver, an order to show cause should issue and a finding of civil contempt is warranted.

## II.     RELEVANT FACTUAL BACKGROUND

On June 3, 2022, this Court entered the Appointment Order, Sections II and IV of which provide "[a]ll persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver" and "[t]he Receiver is authorized to

---

[2] *See,* **Exhibit A** (Winkler Declaration at ¶ 7.)

4

ACTIVE 65405018v2

take immediate control of all personal property of the Receivership Defendants[.]" ECF No. 88. Section III of the Appointment Order further obligates individuals and entities in receipt of the Appointment Order to "[c]ooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver." *Id.*

On June 5, 2022, Kevin Anderson, Esq., counsel for Judd, sent email correspondence to the Receiver in which he advised:

> "The Court's June 3, 2022 Order Appointing Receiver is not clear on its effect on the Court's April 21, 2022 Order Entering Preliminary Injunction, Asset Freeze, and other Equitable Relief. Is the Receiver now in charge of the use of funds for Mr. Judd's attorneys' fees and costs? The release of funds held by attorneys to allow for representation of Mr. Judd needs to be resolved immediately. Mr. Judd is entitled to legal representation in the ongoing criminal investigations, the SEC's civil enforcement case, and in connection with any police or regulatory actions of the SEC not stayed by the Court, as well as any other actions the Receiver may take, in consultation with SEC counsel affecting Mr. Judd's assets, livelihood, and 'pursuit of Happiness.'
>
> Same question with regard to any allowance for necessary and reasonable living expenses."[3]

Ex. C.

On June 6, 2022, via video conference and in a subsequent telephone call, the Receiver and his proposed counsel conferred with Mr. Anderson, who was already in receipt of the Appointment Order, and requested the turnover of the funds in issue here.[4] Mr. Anderson acknowledged that his firm, Fabian VanCott, is holding funds as a retainer, advance fee, or client trust account balance in connection with its service as Judd's counsel, which funds the Receiver presently understands total at least $750,000.00.[5] During the two June 6th discussions, Mr. Anderson indicated he did not agree with the Receiver's position that the Appointment Order required the turnover of funds to the Receiver, and indicated that his firm would decline to turn over the funds in its possession, and might petition the Court for further instructions, or otherwise take action to challenge the Receiver's

---

[3] **Exhibit C**, June 5, 2022 Email Correspondence from Kevin N. Anderson.
[4] **Exhibit A** (Winkler Declaration) at ¶ 5, and **Exhibit B** ( "del Castillo Declaration") at ¶ 4.
[5] Ex. A at ¶ 7 and Ex. B at ¶ 6.

5

ACTIVE 65405018v2

turnover request.[6]  On June 7, 2022, the Receiver's proposed counsel sent a written demand for turnover.[7]

On the evening June 9, 2022, a response was provided by Mr. Anderson, a true and correct copy of which is attached hereto as **Exhibit E**.  Therein, and among other things, Mr. Anderson reiterated his position that the terms of the Appointment Order were incompatible with procedures previously developed in this matter and did not compel the turnover of client trust funds absent a further order of the Court.[8] Proposed counsel for the Receiver responded to the same and reiterated the Receiver's position and interpretation of the Appointment Order, and sought to address the issues raised in Mr. Anderson's June 9, 2022 correspondence.[9]  Additionally, Mr. Anderson was advised that because the parties were at an impasse, an appropriate motion would be forthcoming.[10]

### III. LEGAL ARGUMENT

An order compelling Judd and/or his agents to deliver accounts and assets to the Receiver is warranted.  Additionally, the court has the ability to issue an order to show cause why the Appointment Order is not being followed.  "Courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). To hold a party in civil contempt, "the moving party has the burden of showing by clear and convincing evidence that the [nonmoving party] violated a specific and definite order of the court." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting, *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir, 1992)); *see also In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) ("Civil contempt…consists of a part's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply.").  In this context, "[c]lear and convincing evidence means evidence sufficient to support a finding of 'high probability'". *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1105 (9th Cir. 1992), *abrogated by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118,

---

[6] Ex. A  at ¶ 6 and Ex. B at ¶ ¶ 7 – 10.
[7] Ex. B at ¶ 11 and **Exhibit D** (June 7, 2022 Correspondence to Kevin Anderson).
[8] Ex. B, ¶ 12.
[9] *Id*. at ¶ 13 and **Exhibit F** attached hereto.
[10] *Id.*

134 S.Ct. 1377 (2014). Upon a demonstration that a specific and definite order was violated, "[t]he burden then shifts to the contemnors to demonstrate why they were unable to comply." *Affordable Media*, 179 F.3d at 1239.[11]

When construing an order, the court shall look to the "natural reading of its text." *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1167 (9th Cir. 2016). "If the judgment is unambiguous, the court may not consider 'extraneous' evidence to explain it.' *Narramore v. United States,* 852 F.2d 485, 490 (9th Cir. 1988) (internal citations omitted). Moreover, as the Ninth Circuit's holding in *F.T.C. v. Network Servs. Depot, Inc.*, 617 F.3d 1127 (9th Cir. 2010) recognizes, "[a]n attorney is an 'officer of the court' who, by virtue of his or her professional position, undertakes certain 'special duties ... to avoid conduct that undermines the integrity of the adjudicative process." *Network Servs*. at 1143, see also *S.E.C. v. Fujinaga and MRI Int'l, Inc.,* No. 2-13-cv-1658-JCM-CWH, 2020 WL 3050713 at *3 (D. Nev. June 8, 2020).

Here, the plain and natural language of the Appointment order is clear: "[a]ll persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver" and "[t]he Receiver is authorized to take immediate control of all personal property of the Receivership Defendants[.]" ECF No. 88 at ¶¶ 15-22. Indeed, further supporting the Receiver's position is the fact that the Appointment Order expressly defines "Receivership Property" as:

> all property interests of the Receivership Defendants, including, but not limited to, monies funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly. ECF No. 88 at ¶ 7(A).

Moreover, paragraphs 16 and 17 of the Appointment Order are clear in requiring persons acting for or on behalf of the Receivership Defendants that have possession of receivership property

---

[11] The Ninth Circuit has found contempt sanctions are not warranted when a party's action (or inaction) "appears to be based on a good faith and reasonable interpretation" of the Court's order. *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982). Relevant to the instant application, Judd has not demonstrated any good cause for their inaction and Judd's position contradicts the clear terms of the Application Order. Indeed, based on prior correspondence with Judd's counsel, Judd appears to be operating under the belief that the funds currently held by Fabian VanCott are excepted from the turnover provisions of the Appointment Order solely because Mr. Judd is entitled to legal representation. *See* Exhs. A-C.

7

to deliver the same to the Receiver. Specifically, paragraph 16 provides that "any persons acting for or on behalf of the Receivership Defendants, and any persons receiving notice of this Order … having possession of the property … accounts or assets of the Receivership Defendants are hereby directed to deliver the same to the Receiver." *Id*. at ¶ 16. In other words, Paragraph 16 requires any non-defendant third party holding assets of any Receivership Defendant (including the Individual Defendants) to turn over those assets to the Receiver. Paragraph 17 then provides a series of directives regarding the treatment of assets held by third parties, including cooperating "expeditiously in providing information and transferring funds, assets and accounts to the Receiver[.]" *Id*. at ¶ 17.

There can be no good faith argument that the terms of the Appointment Order are vague or ambiguous in any way with respect to funds transferred from Judd to Fabian VanCott—a fact admitted by Mr. Anderson. Similarly, it is clear that Fabian VanCott is required to deliver the funds to the Receiver. Thus, under the clear terms of the Appointment Order, any such funds are subject to the turnover provisions of the Appointment Order and Judd and/or his counsel's failure or refusal to comply therewith warrants compelling the delivery of the funds to the Receiver and/or subjects Judd and those acting on his behalf to civil contempt to enforce compliance with the Appointment Order.[12] *See Shillitani*, 384 U.S. at 370. In an instance such as this, an attorney has an affirmative duty to act in a manner that adheres to, and upholds, the terms of a court's order. In fact, this Court has previously found, in a situation strikingly similar to this, "[a]n attorney is an 'officer of the court' who, by virtue of his or her professional position, undertakes certain 'special duties … to avoid conduct that undermines the integrity of the adjudicative process.'" *S.E.C. v. Fujinaga and MRI Int'l, Inc.*, No. 2-13-cv-1658-JCM-CWH, 2020 WL 3050713 at *3 (D. Nev. June 8, 2020) (quoting, *F.T.C. v. Network Servs. Depot, Inc.*, 617 F. 3d 1127 (9th Cir. 2010)). In *Fujinaga*, this Court considered whether funds paid to a law firm by a relief defendant in an action to recover ponzi scheme funds were subject to the terms of a temporary restraining order and preliminary injunction and emphasized the attorney's obligation to ensure compliance with a court's order. *Fujinaga*, 2020 WL 3050713 at *3. Ultimately, the court found that the firm receiving the funds had an affirmative obligation to ensure those funds

---

[12] At this juncture it is not clear if the funds are be held by the Fabian VanCott firm at the request of Judd. Regardless, such funds must be provided to the Receiver.

8

ACTIVE 65405018v2

were not subject to the terms of the court's order and by failing to do so, the firm was in contempt of the court's order. *Id*.

Applying the holding in *Fujinaga* to the instant matter, it is abundantly clear that by failing and/or refusing to turn over the funds in accordance with the Receiver's demand, Judd and/or the Fabian Vanott firm have willingly violated the terms of the Appointment Order and an order to show cause and finding of civil contempt is warranted. The mere fact that Mr. Judd is entitled to legal representation does not except the funds at issue from the Receiver's control—something Mr. Anderson and his firm had an affirmative obligation to consider. *See, Fujinaga,* 2020 WL 3050713 at *3. Judd and/or his counsel's refusal to turn over said funds constitutes a willful violation of the specific and definite order of this Court. As such, an order compelling the delivery of funds Judd provided to Fabian VanCott to the Receiver is warranted. Alternatively, the Court should issue an order to show cause and absent good cause, a finding of civil contempt is warranted.

## IV.   CONCLUSION

For the foregoing reasons, the Receiver respectfully requests this Court enter an Order Compelling Delivery of funds to the Receiver or the issuance of a show cause order as to why Judd and/or those acting on his behalf should not be held in civil contempt for violating the Appointment Order.

DATED this 10th day of June, 2022.

GREENBERG TAURIG, LLP

By: */s/ Kara B. Hendricks*
KARA B. HENDRICKS, ESQ.
Nevada Bar No. 07743
JASON K. HICKS, ESQ.
Nevada Bar No. 13149
KYLE A. EWING, ESQ.
Nevada Bar No. 014051

*Attorneys for Geoff Winkler, Receiver for J&J Consulting Services, Inc., J&J Consulting Services, Inc., J and J Purchasing LLC, The Judd Irrevocable Trust, and BJ Holdings LLC*

ACTIVE 65405018v2

# CERTIFICATE OF SERVICE

I hereby certify that on **June 10, 2022**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service.

/s/  Evelyn Escobar-Gaddi
An employee of GREENBERG TRAURIG, LLP
