

PETER S. CHRISTIANSEN, ESQ. (#5254)
pete@christiansenlaw.com
KENDELEE L. WORKS, ESQ. (#9611)
kworks@christiansenlaw.com
KEELY A. PERDUE, ESQ. (#13931)
keely@christiansenlaw.com
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street, Suite B
Las Vegas, Nevada 89101
Telephone:   (702) 240-7979
Facsimile:    (866) 412-6992

*Attorneys for Defendant Christopher R. Humphries
 and Relief Defendant CJ Investments, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICE, INC., a Nevada Corporation; J AND J PURCHASING, LLC; SHANE M. JAGER; JASON M. JONEGARD; DENNY SEYBERT; and RONALD TANNER,<br><br>Defendants,<br><br>THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC;<br><br>Relief Defendants | CASE NO.:   2:22-cv-00612<br><br>**DEFENDANT CHRISTOPHER HUMPHRIES AND RELIEF DEFENDANT CJ INVESTMENTS, LLC'S MOTION TO DISMISS THE SECURITIES AND EXCHANGE COMMISION'S COMPLAINT** |

Defendant Christopher R. Humphries ("Chris" or "Mr. Humphries"), and Relief Defendant CJ Investments, LLC, by and through Peter S. Christiansen, Esq., and Kendelee L. Works, Esq., of Christiansen Trial Lawyers, their Counsel of Record, hereby move to dismss the Securities and Exchange Commission's Complaint against them. The SEC's Complaint fails to meet the heightened standard for pleading fraud based securities violations and thus, must be dismissed.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    Relevant Factual Allegations and Procedural History**

This action arises from allegations that Mr. Humphries, along with the other Defendants, engaged in a "long-running fraudulent offering of securities."[1] Compl. at ¶ 1. The SEC generally lumps Mr. Humphries into its five fraud based claims for relief asserting: 1) Violations of Section 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a) and (c)]; 2) Violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)(1)]; 3)Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5[17 C.F.R. § 240.10B-5]; and 4) Violations of Sections 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)]; and 5) Equitable Disgorgement.

On March 3, 2022, the FBI executed search warrants at the residences of Matthew Beasley, Esq., Jeffrey Judd and Chris and Jessica Humphries. Compl. at ¶ 3. In relevant part, the FBI sought records of securities or investment contracts marketed, sold or contemplated to be marketed or sold by Judd, Humphries, J&J Consulting, J&J Investments, J&J Purchasing (collectively J&J"). Both Chris and Jessica Humphries were present at the time of the execution of a warrant at their home in Huntington Beach, California. Unlike Mr. Beasley who engaged in a violent hours-long stand-off with the FBI, the Humphries were cooperative and compliant with law enforcement. *See generally id.* At the time of that search, both Chris and Jessica Humphries

---

[1] Defendant Humphries further asserts that the transactions at issue do not constitute the exchange of any "security." However, this motion is limited solely to the SEC's complete failure to meet the particularized pleading required to state a claim for fraud and/or claims that are derived from an alleged fraudulent scheme.

had their iPhones and laptops seized. Mr. Humphries has not been charged criminally but understands the investigation remains ongoing.

Despite the ongoing parallel criminal investigation, search and seizure of so-called evidence, the SEC's Complaint herein demonstrates a paucity of factual allegations specific to Mr. Humphries. Although it is alleged that he "personally promoted the 'purchase agreement' investment scheme to multiple investors," the Complaint is devoid of any allegation identifying any of the "multiple investors," and specifies only a broad range of 5 years in which the SEC contends the "fraudulent scheme" occurred. *See generally* Compl. on file herein; *see also Compl*. at ¶¶ 15, 28, 35, 40-42, 48, 56, 63. While the SEC alleges that in 2020, Mr. Humphries told "at least one investor," how much he personally made each month and that he made five percent commissions on investments he solicited, nowhere in the Complaint is this "one investor" identified, nor is the specific date time, manner or place in which the purported communication occurred. *Id.* at ¶ 63.

By contrast, the SEC is far more specific as to Defendants Judd and Beasley's alleged fraudulent representations and conduct. *See generally id* at ¶¶ 35-39, 44-47. As to Mr. Humphries' knowledge of any fraud, the SEC asserts generally, "Upon information and belief, Humphries also knew or was reckless in not knowing that the purchase agreement investment scheme was a fraud. Upon information and belief, Humphries was at least aware of indicia that tort settlements at issue in the investment were fictitious and acted to hide that fact from investors." *Id*. at ¶ 55. Meanwhile, the SEC makes detailed assertions as to both Judd and Beasley's knowledge that the scheme was a fraud. *Id.* at ¶¶ 51-54. Tellingly however, the SEC is silent as to the basis for the contention, made upon "information and belief," that Mr. Humphries knew or was reckless in not knowing the purchase agreement investment "scheme" was a fraud. *See generally id.; See also* ¶¶ 51-54.

**II.     Legal Argument**

**A. The SEC Fails to Plead Fraud With Particularity as to Mr. Humphries**

The Amended Complaint should be dismissed because as to Mr. Humphries, the SEC has failed to plead fraud with particularity as required by Rule 9(b). "Rule 9(b)'s heightened pleading

requirements apply to allegations of securities fraud" and require the SEC to "set out the who, what, when, where, and how of the alleged fraud…." *S.E.C. v. Kameli*, 373 F. Supp. 3d 1194, 1201, 1204 (N.D. Ill. 2019) (citations omitted)(finding that although SEC need not plead the date, time, sender, recipient and content of every securities transcation, it was required to, "make clear exactly which of the eight years of communications form the basis of its fraud allegations and must differentiate among the defendants sufficiently to give each defendant fair notice of their alleged role."). A complaint that attributes misrepresentations to all defendants and lumps defendants together for pleading purposes is insufficient to satisfy Rule 9(b). *Id.* at 1201.

Here, the SEC fails to allege facts sufficient to place Mr. Humphries on notice of the basis for its fraud allegations, *i.e.*, the "who," "what," "when," and "where," required by Rule 9(b). Indeed, the SEC consistently and cateogircally lumps Mr. Humphries in with other Defendants offering very little, if any specificity as to which statements can be linked directly to him. The SEC cites to one statement by Mr. Humphries, made in 2020, does not identify to whom the statement was made, nor state when or where in 2020 it was made  Moreover, much like *Kameli*, the Complaint here encompasses an allegedly fraudulent scheme that spans five years, but offers no detail as to which purported representations the alleged fraud is derived from and fails to differentiate among Defendants sufficient to give Mr. Humphries fair notice of his individual role.

The SEC has brought a sweeping fraud case, but not all persons who interacted with Beasley and Judd are responsible for their actions. The Court should require the SEC to be specific regarding Mr. Humphries. His assets have been frozen and his life has been turned upside down based these scant allegations. Rule 9(b) requires the SEC to describe in details how Mr. Humphries engaged in securities fraud. The SEC has failed to do so. The Complaint should be dismissed, and the SEC given leave to replead the case against Mr. Humphries or dismiss him from the case because they lack the ability to do so.

**B.  The SEC's Non-Scienter Based-Claims Should Also be Dismissed**

The SEC asserts claims pursuant to  Sections 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a) and (c)] of the Securities Act (Count 1); and Violations of Sections 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] (Count 4), which do not require scienter.  Rule 9(b) still

1  applies to these claims. "The majority of circuits have held that Rule 9(b) applies to claims under
2  the Securities Act … if they 'sound in fraud,' even if a plaintiff need only allege negligence to
3  state a claim." *S.E.C. v. RPM Int'l, Inc.*, 282 F. Supp. 3d 1, 12-13 (D.D.C. Sept. 29, 2017) (citing
4  in relevant part to *In re Stac Elecs. Secs. Litig.*, 89 F.3d 1399, 1404-05 (9 thCir. 1996)(noting the
5  9th Circuit is among the majority of courts finding the particularity requirements of 9(b) applies
6  even to negligent securities acts claims where the action is grounded in fraud). In *RPM*, the court
7  concluded that the SEC was required to meet Rule 9(b)'s heightened pleading standards in
8  connection with its Section 17(a)(2) and 17(a)(3) because "[t]he gravamen of the SEC's action
9  under Section 17 here is fraud…." *Id*. at 13; *see also S.E.C. v. Sztrom*, No. 3:21-cv-00086, 2021
10 WL 1889758, at *3 (S.D. Cal. May 11, 2021) (analyzing defendant's motion to dismiss SEC's
11 complaint alleging violations of Section 206(2) of the Advisers Act under Rule 9(b)).
12    Here, there is no question that the SEC's claims sound in fraud. The SEC's theory rests
13 entirely on its claims that Defendants engaged in a fraudulent Ponzi Scheme. Compl. at ¶¶ 1-5.
14 Indeed, the SEC repeatedly accuses Defendants of engaging in a "fraudulent" scheme or conduct.
15 *See generally* Compl. Because the entirety of the SEC's action is based on the purported
16 fraudulent Ponzi Scheme, each of its claims must be plead with particularity, which is lacking as
17 to Mr. Humphries. Accordingly, the Complaint must be dismissed as to Mr. Humphries and
18 Relief Defendant CJ Investments, LLC.
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

5



**C. Conclusion**

In light of the foregoing facts, law and analysis, this Court should find the SEC has failed to plead its fraud based claims as to Mr. Humphries with the particularity required under Rule 9(b). Accordingly, the Complaint should be dismissed as to Mr. Humphries and Relief Defendant CJ Investments LLC.

Dated this 24th day of June, 2022.

CHRISTIANSEN TRIAL LAWYERS

By_____
PETER S. CHRISTIANSEN, ESQ.
KENDELEE L. WORKS, ESQ.
KEELY A. PERDUE, ESQ.
*Attorneys for Defendant*
*Christopher R. Humphries and Relief*
*Defendant CJ Investments, LLC*

6



## CERTIFICATE OF SERVICE

Pursuant to FRCP 5 and LR-5.1, I certify that I am an employee of CHRISTIANSEN TRIAL LAWYERS, and that on this 24th day of June, 2022, I caused the foregoing document entitled **DEFENDANT CHRISTOPHER HUMPHRIES AND RELIEF DEFENDANT CJ INVESTMENTS, LLC'S MOTION TO DISMISS THE SECURITIES AND EXCHANGE COMMISION'S COMPLAINT** to be filed and served via the Court's CM/ECF electronic filing system upon all registered parties and their counsel.

_____
An employee of Christiansen Trial Lawyers