NICK OBERHEIDEN
NY REG NO. 4619011
OBERHEIDEN, P.C.
440 Louisiana St., Suite 200
Houston, Texas 77002
Telephone: (310) 873-8140
E-Mail: nick@federal-lawyer.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICES, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; and ROLAND TANNER;<br><br>Defendants,<br><br>THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC;<br><br>Relief Defendants. | Case No. 2:22-cv-0612-JCM-EJY<br><br>**MOTION TO RETAIN EARNED FEES AND EXPENSES** |

MOTION TO RETAIN FUNDS - 1

Because of the Receiver's express demand of July 7, 2022, non-party Oberheiden P.C.—whose attorneys serve as out-of-state *criminal defense* counsel to Mr. Judd and have not appeared in this case—moves the Court to allow it to continue to hold $371,622.40 in legal fees and expenses earned *prior* to the date upon which the Receiver was appointed in its Interest on Lawyers' Trust Account ("**Oberheiden IOLTA**")[1]:

**Amount in Question**

1. This Court emphasized in its Order of June 30, 2022, that Oberheiden P.C. has complied with this Court's Order to turn over assets to the Receiver. Indeed, all unearned funds in the Oberheiden IOLTA have been turned over to the Receiver without opposition.

2. The amount in question is $371,622.40. As previously disclosed to the Receiver and this Court, the Oberheiden IOLTA also held, and continues to hold, $360,000.00 in earned legal fees for services provided plus $11,622.40 of out-of-pocket expenses. The amount remaining in the Oberheiden IOLTA has been earned as fees for May and June 2022 pursuant to the firm's October 2021 in-writing engagement contract with Mr. Judd or incurred as out-of-pocket expenses prior to June 2022.

3. Funds for legal fees and expenses incurred for May and June 2022 remain in the Oberheiden IOLTA pursuant to this Court's TRO and Temporary Injunction. Oberheiden PC had earned $360,000 of the retained funds in legal fees as of June 1, 2022. Oberheiden PC had spent $11,622.49 in out-of-pocket travel expenses for meetings with the Department of Justice relating to the criminal proceedings and its representation of Mr. Judd as of June 1,

---

[1] No disclosure of information in this Motion is intended to be or should be construed as an incursion into, let alone a waiver of, Mr. Judd's attorney-client privilege.

MOTION TO RETAIN FUNDS - 2

2022.

**<u>Due Diligence</u>**

4. As previously noted, Oberheiden P.C. performed all necessary and beyond-expected due diligence to ensure that the funds it initially received from Mr. Judd were lawfully obtained. This due diligence included an investigation by several former federal agents as well as full compliance with the DOJ's Asset Forfeiture Policy Manual as well as the strict provisions of Section 9-120.100 et seq. of the U.S. Attorney's Manual. Specifically, over several weeks and *prior* to even receiving the funds in question, Oberheiden, P.C. completed an exhaustive review of all available evidence, including financials, bank records, emails, text exchanges, and other information. In addition to these steps, it also relied on the expert analysis of several retired federal agents—spanning over a hundred years of service for the FBI, the Secret Service, the IRS-Criminal Division, the Office of Inspector General, and the U.S. Department of Justice.

5. Moreover, the firm specifically asked for and twice received written assurances from Mr. Judd that all funds given to Oberheiden P.C. originated from lawful U.S. sources. Mr. Judd further warranted that *before* transferring these funds to Oberheiden P.C., he had traced the source of the funds and all that all such funds were from separate and distinct individual sources and not from any investment or other revenue that in any way was connected to J&J Consulting Services, Inc., J&J Purchasing, LLC, Mr. Beasley, any investor in J&J Consulting Services, Inc. or J&J Purchasing, LLC, or otherwise relevant to Mr. Beasley. Instead, Mr. Judd represented that the source of the funds originated from separate personal funds.

MOTION TO RETAIN FUNDS - 3

6. Additionally, in the engagement agreement between Mr. Judd and Oberheiden, P.C., Mr. Judd further expressly represented as follows:

> The Client represents that all funds payable or paid to the Firm originate from lawful income and/or lawful U.S. sources and are not subject to garnishment, forfeiture, seizure, money laundering, or bankruptcy proceedings. To the extent applicable, Client further represents that the transfer of Defense Fees to Firm was announced to and authorized by U.S. Probation. Specifically, Client represents that Client is not aware at the time of transfer that any government agency has asserted that the specific funds transferred to Firm are subject to forfeiture. By and through the initials rendered below, Client acknowledges that Client has discussed this provision with Firm, acknowledges that Firm has an obligation to conduct reasonable due diligence pursuant to Section 9-120.100 et seq. of the U.S. Attorney's Manual to determine whether there are any reasonable grounds that would prohibit the receipt of legal funds from Client at the time of transfer, and that Client has sufficient uncontested resources with which to pay Firm's fees and expenses in this matter.

7. On top of these due diligence steps, which dramatically exceed the requirements of even the U.S. Attorney's Manual, Oberheiden P.C. also imposed on Mr. Judd, in writing, its standard, rigid Anti-Money Laundering (AML) due diligence and admonishment policies, as follows:

### *Asset Forfeiture and Money Laundering*

The investigation may contain forfeiture allegations. Federal forfeiture law allows the government to seize, restrain and ultimately forfeit to the government proceeds of unlawful activities, as well as any property traceable to such proceeds, and any facilitating property. The addition of money laundering charges may also allow the government to seek forfeiture of any property "involved in" the money laundering offense. Under the forfeiture laws, the following property may be seized and subject to forfeiture by the government:

- <u>Proceeds of the alleged crime</u>. This includes all money and property obtained from other persons or entities through a fraudulent scheme.

- <u>Property traceable to proceeds</u>. This includes any property bought with proceeds of specified crimes. For example, use of fraud proceeds to purchase a car, real estate or jewelry would subject the property so purchased to forfeiture.

- <u>Facilitating property</u>. Money laundering charges also allow for forfeiture of facilitating property, which includes any property used to advance the crime, regardless of whether the property was bought with criminal proceeds. An example of facilitating property would be a vehicle used to

MOTION TO RETAIN FUNDS - 4

transport cocaine. Another would be clean money in a bank account used to conceal criminal proceeds laundered into the same account.

- <u>Fungible property</u>. Bank accounts may be restrained and subject to forfeiture, even if not all money in the account were fraudulently obtained. Of course, the government can always seize, and forfeit proceeds of crime found in a bank account where it was originally deposited or transferred. But it may also seek to forfeit other funds in that account to the extent those funds were deposited into the account within one year of the original deposit of fraud proceeds.

- <u>Substitute Assets</u>. To the extent the government cannot locate the proceeds of the crime because such proceeds have been diminished, spent, or hidden, it may then seek to forfeit any other property you own, to satisfy its forfeiture judgement. Thus, if you are alleged to have fraudulently earned more money than your currently owned assets are valued, then all your property can ultimately be seized and subject to forfeiture.

### *Source of Funds Used to Pay Attorney Fees*

- All funds used to pay the Firm's retainers, fees and expenses must originate from lawful income and lawful sources and not be subject to garnishment, forfeiture, or seizure. This is for your protection – not only against the risk that any violation of this rule could result in the loss of our professional services - but also because it could subject you to additional criminal charges, including Money Laundering. Firm has an obligation to conduct reasonable due diligence under Section 9-120.100 et seq. of the U.S. Attorney's Manual to determine whether there are any reasonable grounds that would prohibit the receipt of legal funds from you at the time of transfer, and that Client has sufficient uncontested resources with which to pay Firm's fees and expenses.

**Timeline**

8. Oberheiden P.C. was notified of the appointment of the Receiver on June 8, 2022. Therefore, the funds earned and expenses paid by Oberheiden P.C. prior to that date do not represent property of Mr. Judd that the Receiver is obligated to marshal and preserve. Instead, the remaining funds received from Mr. Judd in the Oberheiden IOLTA belong to Oberheiden P.C., because they were earned prior to the Receiver's appointment and pursuant to Oberheiden P.C.'s engagement agreement with Mr. Judd.

9. With respect to the funds already earned by Oberheiden P.C. but remaining in its trust account per the TRO and temporary injunction, Oberheiden P.C. agrees to keep such funds segregated pending further order of this Court.

MOTION TO RETAIN FUNDS - 5

10. Despite Oberheiden P.C.'s repeated representations regarding the ownership of the funds, the earned fees and expenses, and its agreement to keep these funds segregated, the Receiver has taken the position that he is entitled or even obligated to compel the turnover of these funds belonging to Oberheiden P.C. absent approval of this Court.[2]

11. Accordingly, Oberheiden P.C. hereby moves this Court to approve its continued retention of $371,622.40 in its IOLTA account and order that such funds, which have not been held to Mr. Judd's benefit since before the appointment of the Receiver, are not required to be transferred to the Receiver pursuant to this Court's previous orders, including the Order Appointing Receiver, the TRO, and the Temporary Injunction.

DATED: July 13, 2022.

Respectfully submitted,

/s/ Nick Oberheiden
Nick Oberheiden
NY Reg. No. 4619011
nick@federal-lawyer.com
**OBERHEIDEN P.C.**
440 Louisiana St. Suite 200
Houston, TX 77002
(310) 873-8140 (Telephone)
(972) 559-3365 (Facsimile)
**CRIMINAL DEFENSE ATTORNEYS FOR JEFFREY JUDD**

---

[2] The Receiver has not asserted that he has the power to set aside a valid Texas contract for legal services, and therefore this motion does not address his inability to do so.

MOTION TO RETAIN FUNDS - 6

# CERTIFICATE OF SERVICE

Pursuant to this Court's Order Appointing Receiver, I hereby certify that I caused a copy of this document to be sent via email to the following persons:

Tracy S. Combs, Esq. combst@sec.gov
Casey R. Fronk, Esq. FronkC@sec.gov
*Counsel for Plaintiff Securities and Exchange Commission*

 Kevin N. Anderson, Esq. kanderson@fabianvancott.com
 Trevor R. Waite, Esq. twaite@fabianvancott.com
 *Attorneys for Jeffrey J. Judd*

Geoffrey B. Winkler JD, MBA, CFE, CIRA
geoff@americanfiduciaryservices.com
*Geoff Winkler, Receiver*

Kara B. Hendricks, Esq. hendricksk@gtlaw.com

Kyle A. Ewing, Esq. ewingk@gtlaw.com

Joshua A. del Castillo, Esq. jdelcastillo@allenmatkins.com
David R. Zaro, Esq. dzaro@allenmatkins.com
Matthew D. Pham, Esq. mpham@allenmatkins.com
Karine Akopchikyan, Esq. kakopchikyan@allenmatkins.com

*Proposed Attorneys for Geoff Winkler, Receiver for J&J Consulting Services, Inc., J&J Consulting Services, Inc., J and J Purchasing LLC, The Judd Irrevocable Trust, and BJ Holdings LLC*

/s/ Nick Oberheiden
Nick Oberheiden

MOTION TO RETAIN FUNDS - 7