DAVID C. CLUKEY (AZ Bar No. 034685) (*Will comply with LR IA 11-2 within 14 days*)
**JACKSON WHITE, PC**
40 North Center, Suite 200
Mesa, Arizona 85201
T:  (480) 464-1111  F:  (480) 464-5692
Email:  centraldocket@jacksonwhitelaw.com
         dclukey@jacksonwhitelaw.com
*Attorneys for Defendants Seth Johnson and Cameron Rohner*

MATTHEW W. PARK (State Bar No. 12062)
CHASE PITTSENBARGER (SBN 13740)
**LEE KIEFER & PARK**
1140 N. Town Center Drive, Suite 200
Las Vegas, NV 89144
T: (702) 333-1711 F: (702) 333-1712
Email: chase@lkpfirm.com
*Attorneys for Defendants Seth Johnson and Cameron Rohner*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br>    vs.<br><br>MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICES, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; ROLAND TANNER; LARRY JEFFERY; JASON A. JENNE; SETH JOHNSON; CHRISTOPHER M. MADSEN; RICHARD R. MADSEN; MARK A. MURPHY; CAMERON ROHNER; AND WARREN ROSEGREEN;<br><br>            Defendants, | Case No.: 2:22-cv-00612-CDS-EJY<br><br>**DEFENDANTS SETH JOHNSON AND CAMERON ROHNER ANSWER TO AMENDED COMPLAINT** |

THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC;

Relief Defendants.

Defendants Seth Johnson ("Johnson") and Cameron Rohner ("Rohner"), by and through their counsel of record and for their Answer to the Amended Complaint filed against them by the Securities and Exchange Commission (the "Commission") admits, denies, and alleges as follows:

**SUMMARY**

1. In responding to Paragraph 1 of the Amended Complaint, Johnson and Rohner deny that they were knowing promoters of any fraudulent scheme and affirmatively state that they were deceived by Matthew Wade Beasley ("Beasley", the Beasley Law Group, Jeffrey J. Judd ("Judd"), the J&J Entities, and Shane M. Jager ("Jager"), and that they are victims in this matter. Johnson and Rohner lack information sufficient to admit or deny the remaining allegations contained within Paragraph 1 of the Amended Complaint. All allegations not expressly admitted are denied.

2. In responding to Paragraph 2 of the Amended Complaint, Johnson and Rohner lack information sufficient to admit or deny whether the "purchase agreements" constitute securities. Johnson and Rohner admit that Jager conveyed to them the representations detailed within Paragraph 2 of the Amended Complaint. All allegations not expressly admitted are denied.

3. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 3 of the Amended Complaint. All allegations not expressly admitted are denied.

4. In responding to Paragraph 4 of the Amended Complaint, Johnson and Rohner affirmatively state that they were deceived by Beasley, the Beasley Law Group, Judd, the J&J Entities, and Jager, and that they are victims in this matter. Johnson and Rohner lack information sufficient to admit or deny the remaining allegations contained within Paragraph 4 of the Amended Complaint. All allegations not expressly admitted are denied.

5. In responding to Paragraph 5 of the Amended Complaint, Johnson and Rohner affirmatively state that they were deceived by Beasley, the Beasley Law Group, Judd, the J&J Entities, and Jager, and that they are victims in this matter. In further responding, Johnson and Rohner state that they were approached by a number of people regarding investing in the alleged purchase agreements and that Johnson and Rohner either provided those individual's with Jager's contact information or assisted those persons in investing. Johnson and Rohner lack information sufficient to admit or deny the remaining allegations contained within Paragraph 5 of the Amended Complaint. All allegations not expressly admitted are denied.

6. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 6 of the Amended Complaint. All allegations not expressly admitted are denied.

7. In responding to Paragraph 7 of the Amended Complaint, Johnson and Rohner affirmatively state that they were deceived by Beasley, the Beasley Law Group, Judd, the J&J Entities, and Jager, and that they are victims in this matter. Therefore, to the extent that the Commission seeks remedies against those entities and individuals, Johnson and Rohner admit the allegations contained within Paragraph 7 of the Amended Complaint. To the extent that the Commission seeks remedies against Johnson and Rohner, Johnson and Rohner deny the allegations contained within Paragraph 8 of the Amended Complaint. Johnson and Rohner lack information sufficient to admit or deny the remaining allegations contained within Paragraph 7 of the Amended Complaint. All allegations not expressly admitted are denied.

**JURISDICTION AND VENUE**

8. In answering Paragraph 8 of the Amended Complaint, Johnson and Rohner deny that the Commission may appropriately seek remedy from Johnson and Rohner. Johnson and

Rohner lack information sufficient to admit or deny the remaining allegations contained within Paragraph 8 of the Amended Complaint. All allegations not expressly admitted are denied.

9. Johnson and Rohner admit the allegations contained in Paragraph 9 of the Amended Complaint.

10. Johnson and Rohner admit the allegations contained in Paragraph 10 of the Amended Complaint.

11. In answering Paragraph 11 of the Amended Complaint, Johnson and Rohner deny that they were involved in the sale of securities. Johnson and Rohner lack information sufficient to admit or deny the remaining allegations contained within Paragraph 11 of the Amended Complaint. All allegations not expressly admitted are denied.

12. Johnson and Rohner deny the allegations contained in Paragraph 12 of the Amended Complaint.

## **DEFENDANTS**

13. Upon information and belief, Johnson and Rohner admit the allegations contained in Paragraph 13 of the Amended Complaint.

14. Upon information and belief, Johnson and Rohner admit the allegations contained in Paragraph 14 of the Amended Complaint. To the extent that Paragraph 14 of the Amended Complaint can be read to state that Johnson and Rohner were paid by Judd, Johnson and Rohner deny the same.

15. Upon information and belief, Johnson and Rohner admit the allegations contained in Paragraph 15 of the Amended Complaint.

16. Upon information and belief, Johnson and Rohner admit the allegations contained in Paragraph 16 of the Amended Complaint.

17. Upon information and belief, Johnson and Rohner admit the allegations contained in Paragraph 17 of the Amended Complaint.

18. Upon information and belief, Johnson and Rohner admit the allegations contained in Paragraph 18 of the Amended Complaint.

19. Upon information and belief, Johnson and Rohner admit the allegations contained in Paragraph 19 of the Amended Complaint.

20. Upon information and belief, Johnson and Rohner admit the allegations contained in Paragraph 20 of the Amended Complaint.

21. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 21 of the Amended Complaint.

22. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 22 of the Amended Complaint.

23. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 23 of the Amended Complaint.

24. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 24 of the Amended Complaint.

25. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 25 of the Amended Complaint.

26. In responding to Paragraph 26 of the Amended Complaint, Johnson affirmatively states that he was deceived by Beasley, the Beasley Law Group, Judd, the J&J Entities, and Jager, and that he is a victim in this matter. Johnson and Rohner admit that they own Prestige Consulting LLC and that Prestige Consulting LLC assisted others in investing in alleged purchase agreements and that Prestige Consulting LLC received compensation for its services. However, Johnson and Rohner deny that they acted wrongfully or with knowledge that the purchase agreements were part of the alleged Ponzi scheme. All allegations not expressly admitted are denied.

27. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 27 of the Amended Complaint.

28. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 28 of the Amended Complaint.

29. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 29 of the Amended Complaint.

30. In responding to Paragraph 30 of the Amended Complaint, Rohner affirmatively states that he was deceived by Beasley, the Beasley Law Group, Judd, the J&J Entities, and Jager, and that he is a victim in this matter. Rohner admits that he owned CR6 LLC Johnson and Rohner admit that they own Prestige Consulting LLC, and that Prestige Consulting LLC assisted others in investing in alleged purchase agreements and that Prestige Consulting LLC received compensation for its services. However, Johnson and Rohner deny that they acted wrongfully or with knowledge that the purchase agreements were part of the alleged Ponzi scheme. All allegations not expressly admitted are denied.

31. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 31 of the Amended Complaint.

**RELIEF DEFENDANTS**

32. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 32 of the Amended Complaint.

33. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 33 of the Amended Complaint.

34. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 34 of the Amended Complaint.

35. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 35 of the Amended Complaint.

36. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 36 of the Amended Complaint.

37. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 37 of the Amended Complaint.

38. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 38 of the Amended Complaint.

39. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 39 of the Amended Complaint.

40.   Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 40 of the Amended Complaint.

41.   Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 41 of the Amended Complaint.

42.   Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 42 of the Amended Complaint.

**FACTS**

43.   In responding to Paragraph 43 of the Amended Complaint, Johnson and Rohner affirmatively state that they were deceived by Beasley, the Beasley Law Group, Judd, the J&J Entities, and Jager, and that they are victims in this matter. In further responding, Johnson and Rohner admit the allegations as to the representations made by Judd. All allegations not expressly admitted are denied.

44.   In responding to Paragraph 44 of the Amended Complaint, Johnson and Rohner admit that Judd represented to them that investors could make investments of $80,000.00 and $100,000.00 and that returns would be 12% every 90 days. Johnson and Rohner affirmatively state that they were deceived by Beasley, the Beasley Law Group, Judd, the J&J Entities, and Jager, and that they are victims in this matter. Johnson and Rohner lack information sufficient to admit or deny the remaining allegations contained within Paragraph 44 of the Amended Complaint. All allegations not expressly admitted are denied.

45.   Johnson and Rohner admit the allegations contained in Paragraph 45 of the Amended Complaint.

46.   In responding to Paragraph 44 of the Amended Complaint, Johnson and Rohner lack information sufficient to admit or deny the allegation regarding the $5,000.00 administrative fee. Johnson and Rohner admit the remaining allegations contained in Paragraph 46 of the Amended Complaint.

47.   In responding to Paragraph 47 of Amended Complaint, Johnson and Rohner state that they never spoke to Judd and, therefore, they lack information sufficient to admit or deny the allegations contained within Paragraph 47 of the Amended Complaint.

48. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 48 of the Amended Complaint.

49. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 49 of the Amended Complaint.

50. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 50 of the Amended Complaint.

51. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 51 of the Amended Complaint.

52. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 52 of the Amended Complaint.

53. In responding to Paragraph 53 of the Amended Complaint, Johnson and Rohner admit the allegations made against Judd. Johnson and Rohner lack information sufficient to admit or deny the allegations against Humphries.

54. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 54 of the Amended Complaint.

55. In responding to Paragraph 55 of the Amended Complaint, Johnson and Rohner affirmatively state that they were deceived by Beasley, the Beasley Law Group, Judd, the J&J Entities, and Jager, and that they are victims in this matter. After news broke of the FBI raids and the charges against Beasley and others, Johnson and Rohner learned that the allegations contained in Paragraph 55 of the Amended Complaint are true and, therefore, admit the same.

56. In responding to Paragraph 56 of the Amended Complaint, Johnson and Rohner affirmatively state that they were deceived by Beasley, the Beasley Law Group, Judd, the J&J Entities, and Jager, and that they are victims in this matter. After news broke of the FBI raids and the charges against Beasley and others, Johnson and Rohner learned that the allegations contained in Paragraph 56 of the Amended Complaint are true and, therefore, admit the same.

57. In responding to Paragraph 57 of the Amended Complaint, Johnson and Rohner affirmatively state that they were deceived by Beasley, the Beasley Law Group, Judd, the J&J Entities, and Jager, and that they are victims in this matter. After news broke of the FBI raids

and the charges against Beasley and others, Johnson and Rohner learned that the allegations contained in Paragraph 57 of the Amended Complaint are true and, therefore, admit the same.

58. In responding to Paragraph 58 of the Amended Complaint, Johnson and Rohner affirmatively state that they were deceived by Beasley, the Beasley Law Group, Judd, the J&J Entities, and Jager, and that they are victims in this matter. After news broke of the FBI raids and the charges against Beasley and others, Johnson and Rohner learned that the allegations contained in Paragraph 58 of the Amended Complaint are true and, therefore, admit the same.

59. In responding to Paragraph 59 of the Amended Complaint, Johnson and Rohner affirmatively state that they were deceived by Beasley, the Beasley Law Group, Judd, the J&J Entities, and Jager, and that they are victims in this matter. After news broke of the FBI raids and the charges against Beasley and others, Johnson and Rohner learned that some of the allegations contained in Paragraph 59 of the Amended Complaint are true and, therefore, admit the same. However, Johnson and Rohner deny that they distributed copies of the referenced new documents to others.

60. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 60 of the Amended Complaint.

61. In responding to Paragraph 61 of the Amended Complaint, Johnson and Rohner admit the allegations made against Judd. Johnson and Rohner lack information sufficient to admit or deny the allegations against Humphries.

62. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 62 of the Amended Complaint.

63. Upon information and belief, Johnson and Rohner admit the allegations contained within Paragraph 63 of the Amended Complaint.

64. Upon information and belief, Johnson and Rohner admit the allegations contained within Paragraph 64 of the Amended Complaint.

65. Upon information and belief, Johnson and Rohner admit the allegations contained within Paragraph 65 of the Amended Complaint.

66. Upon information and belief, Johnson and Rohner admit the allegations contained within Paragraph 66 of the Amended Complaint.

67. Upon information and belief, Johnson and Rohner admit the allegations contained within Paragraph 67 of the Amended Complaint.

68. Upon information and belief, Johnson and Rohner admit the allegations contained within Paragraph 68 of the Amended Complaint.

69. Upon information and belief, Johnson and Rohner admit the allegations against Judd and Humphries contained in Paragraph 69 of the Amended Complaint. However, Johnson and Rohner deny that information regarding conversations with attorneys about clients and purchase agreements made it back to Johnson or Rohner prior to the FBI raids. Johnson and Rohner only learned of those facts after news broke of the FBI raids and the charges against Beasley and others.

70. Upon information and belief, Johnson and Rohner admit the allegations against Judd and Humphries contained in Paragraph 70 of the Amended Complaint. However, Johnson and Rohner deny that information regarding conversations with attorneys about clients and purchase agreements made it back to Johnson or Rohner prior to the FBI raids. Johnson and Rohner only learned of those facts after news broke of the FBI raids and the charges against Beasley and others.

71. Upon information and belief, Johnson and Rohner admit the allegations contained within Paragraph 71 of the Amended Complaint.

72. Upon information and belief, Johnson and Rohner admit the allegations contained within Paragraph 72 of the Amended Complaint. In further responding, Johnson and Rohner state that Jager conveyed that there was a new subscription agreement process for the personal injury contracts.

73. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 73 of the Amended Complaint.

74. Upon information and belief, Johnson and Rohner admit the allegations contained within Paragraph 74 of the Amended Complaint.

75. In responding to Paragraph 75 of the Amended Complaint, Johnson and Rohner affirmatively state that they were deceived by Beasley, the Beasley Law Group, Judd, the J&J Entities, and Jager, and that they are victims in this matter. Johnson and Rohner further state that they did not work directly with Judd and instead that their communications were with Jager and that Jager conveyed information that he reportedly received from Judd and Beasley. Johnson and Rohner deny that they were "promoters." Johnson and Rohner lacks information sufficient to admit or deny the remaining allegations contained within Paragraph 75 of the Amended Complaint. All allegations not expressly admitted are denied.

76. In responding to Paragraph 76 of the Amended Complaint, Johnson and Rohner deny that they "solicited" investors to invest in the purchase agreements. Johnson and Rohner simply conveyed information when others inquired into the investments and assisted some individuals in investing in exchange for a fee for their services. Johnson and Rohner deny that the investments constituted securities. Johnson and Rohner lacks information sufficient to admit or deny the remaining allegations contained within Paragraph 76 of the Amended Complaint. All allegations not expressly admitted are denied.

77. In responding to Paragraph 77 of the Amended Complaint, Johnson and Rohner deny that they solicited or sold securities as part of their regular business. Johnson and Rohner admit that they transferred funds via wire transfer and that they used email and telephone services to communicate with Jager. Johnson and Rohner lacks information sufficient to admit or deny the remaining allegations contained within Paragraph 77 of the Amended Complaint. All allegations not expressly admitted are denied.

78. In responding to Paragraph 78 of the Amended Complaint, Johnson and Rohner admit that the entity controlled by them handled investor funds. Johnson and Rohner deny that they recruited or solicited investors. Johnson and Rohner admit that returns were provided to the entity controlled by them and then distributed to those that invested in the alleged settlement contracts. Johnson and Rohner lacks information sufficient to admit or deny the remaining allegations contained within Paragraph 78 of the Amended Complaint. All allegations not expressly admitted are denied.

79. Upon information and belief, Johnson and Rohner admit the allegations contained within Paragraph 79 of the Amended Complaint.

80. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 80 of the Amended Complaint.

81. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 81 of the Amended Complaint.

82. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 82 of the Amended Complaint.

83. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 83 of the Amended Complaint.

84. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 84 of the Amended Complaint.

85. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 85 of the Amended Complaint.

86. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 86 of the Amended Complaint.

87. In responding to Paragraph 87 of the Amended Complaint, Johnson and Rohner deny that Prestige Consulting LLC was formed to "promote the investment." Johnson and Rohner deny that Johnson handled investor funds through CR6 LLC. Johnson and Rohner admit the remaining allegations contained within Paragraph 87 of the Amended Complaint.

88. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 88 of the Amended Complaint.

89. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 89 of the Amended Complaint.

90. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 90 of the Amended Complaint.

91. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 91 of the Amended Complaint.

92. Johnson and Rohner deny the allegations contained within Paragraph 92 of the Amended Complaint.

93. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 93 of the Amended Complaint.

94. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 94 of the Amended Complaint.

95. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 95 of the Amended Complaint.

96. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 96 of the Amended Complaint.

97. In responding to Paragraph 97 of the Amended Complaint, Johnson and Rohner state that Prestige Consulting LLC charged clients for the services that it provided and that such service charges were paid from the returns on investment. Johnson and Rohner deny the remaining allegations contained within Paragraph 97 of the Amended Complaint.

98. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 98 of the Amended Complaint.

99. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 99 of the Amended Complaint.

100. In responding to Paragraph 100 of the Amended Complaint, Johnson and Rohner deny that they engaged in soliciting investors to buy interests in the purchase agreements. Johnson and Rohner admit the remaining allegations against Johnson and Rohner. Johnson and Rohner lack information sufficient to admit or deny the allegations against anyone other than Johnson and Rohner.

101. In responding to Paragraph 101 of the Amended Complaint, Johnson and Rohner assert that the conclusion that the investments are issue were securities is an issue a law to which no response in required. To the extent a response is required, Johnson and Rohner deny the same. Johnson and Rohner admit the remaining allegations against Johnson and Rohner. Johnson and

Rohner lack information sufficient to admit or deny the allegations against anyone other than Johnson and Rohner.

102. Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 102 of the Amended Complaint.

### FIRST CLAIM FOR RELIEF
**Violations of Section 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a) and (c)]**
(*Against All Defendants*)

103. Johnson and Rohner reference and incorporate the proceeding responses as if fully set forth herein.

104. Johnson and Rohner deny the allegations contained in Paragraph 104 of the Amended Complaint.

105. Johnson and Rohner deny the allegations contained in Paragraph 105 of the Amended Complaint.

106. Johnson and Rohner deny the allegations contained in Paragraph 106 of the Amended Complaint.

### SECOND CLAIM FOR RELIEF
**Violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)(1)]**
(*Against Beasley, Beasley Law Group, Judd, the J&J Entities, and Humphries*)

107. Johnson and Rohner reference and incorporate the proceeding responses as if fully set forth herein.

108. The allegations contained within Paragraph 108 of the Amended Complaint are not directed toward Johnson and Rohner. Therefore, no response is required. To the extent a response is required, Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 108 of the Amended Complaint.

109. The allegations contained within Paragraph 109 of the Amended Complaint are not directed toward Johnson and Rohner. Therefore, no response is required. To the extent a response is required, Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 109 of the Amended Complaint.

110. The allegations contained within Paragraph 110 of the Amended Complaint are not directed toward Johnson and Rohner. Therefore, no response is required. To the extent a response is required, Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 110 of the Amended Complaint.

111. The allegations contained within Paragraph 111 of the Amended Complaint are not directed toward Johnson and Rohner. Therefore, no response is required. To the extent a response is required, Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 111 of the Amended Complaint.

**THIRD CLAIM FOR RELIEF**
**Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5]**
(***Against Beasley, Beasley Law Group, Judd, the J&J Entities, and Humphries***)

112. Johnson and Rohner reference and incorporate the proceeding responses as if fully set forth herein.

113. The allegations contained within Paragraph 113 of the Amended Complaint are not directed toward Johnson and Rohner. Therefore, no response is required. To the extent a response is required, Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 113 of the Amended Complaint.

114. The allegations contained within Paragraph 114 of the Amended Complaint are not directed toward Johnson and Rohner. Therefore, no response is required. To the extent a response is required, Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 114 of the Amended Complaint.

115. The allegations contained within Paragraph 115 of the Amended Complaint are not directed toward Johnson and Rohner. Therefore, no response is required. To the extent a response is required, Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 115 of the Amended Complaint.

/ / /

/ / /

## FOURTH CLAIM FOR RELIEF
### Violations of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)]
(*Against Judd, Humphries, Jager, Jongeward, Seybert, Tanner, Jeffery, Jenne, Johnson, C. Madsen, R. Madsen, Murphy, Rohner, and Rosegreen*)

116. Johnson and Rohner reference and incorporate the proceeding responses as if fully set forth herein.

117. Johnson and Rohner deny the allegations contained within Paragraph 117 of the Amended Complaint.

118. Johnson and Rohner deny the allegations contained within Paragraph 118 of the Amended Complaint.

## FIFTH CLAIM FOR RELIEF
### Equitable Disgorgement
(*Against All Relief Defendants*)

119. Johnson and Rohner reference and incorporate the proceeding responses as if fully set forth herein.

120. The allegations contained within Paragraph 120 of the Amended Complaint are not directed toward Johnson and Rohner. Therefore, no response is required. To the extent a response is required, Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 120 of the Amended Complaint.

121. The allegations contained within Paragraph 121 of the Amended Complaint are not directed toward Johnson and Rohner. Therefore, no response is required. To the extent a response is required, Johnson and Rohner lack information sufficient to admit or deny the allegations contained within Paragraph 121 of the Amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Johnson and Rohner requests that the Court:

A. Deny all of the Commission's requested relief, both in equity and in law, as to Johnson and Rohner;

B. Deny all of the Commission's requested relief found in Sections I, III, V, VI, VII, VIII, and IX of the Amended Complaint's Prayer for Relief;

C.  Award Johnson and Rohner all fees and costs associated with this action, as permitted by law; and

D.  Award any further relief that the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Johnson and Rohner deny all allegations not expressly admitted.

2. The Commission has failed to state a claim against Johnson and Rohner upon which relief can be granted.

3. The investments at issue are not securities as that term is defined by the law.

4. Johnson's and Rohner's actions or omissions (if any) are subject to statutory exceptions regarding investments in securities.

5. Johnson's and Rohner's actions or omissions were not made with the requisite intent.

6. Any alleged damages or loss (if any) were caused by superseding events.

7. Any alleged damages or loss (if any) were caused by persons or entities to which Johnson and Rohner have no authority or control.

8. Any alleged damages or loss (if any) were caused by the failure of others to exercise due diligence.

9. To the extent the Commission has any basis to recover damages, Johnson and Rohner are entitled to offset those damages.

/ / /

/ / /

/ / /

10. Because the Commission's Amended Complaint is phrased in conclusory terms, Johnson and Rohner cannot fully anticipate all affirmative defenses that may be applicable to this action. Johnson and Rohner reserve the right to amend this Answer to assert any matter constituting an avoidance or affirmative defense, including those matters set forth in Fed. R. Civ. P. 8 and 12, as may be justified by the facts determined during discovery

RESPECTFULLY SUBMITTED this 21st day of July, 2022.

**LEE KIEFER & PARK LLP**

By: */s/ T. Chase Pittsenbarger*
T. CHASE PITTSENBARGER (SBN 13740)
*Attorneys for Defendants Seth Johnson and Cameron Rohner*

**JACKSON WHITE, PC**

By: */s/ David C. Clukey*
DAVID C. CLUKEY (AZ Bar No. 034685)
(*Pro Hac Vice* Pending)
*Attorneys for Defendants Seth Johnson and Cameron Rohner*

# CERTIFICATE OF SERVICE

I am an attorney with the law firm of Lee Kiefer & Park in Clark County. I am over the age of 18 and not a party to this action. The business address is 1140 N. Town Center Drive, Suite 200, Las Vegas, Nevada 89144.

On the 21st day of July 2022, I served the document(s), described as: DEFENDANTS SETH JOHNSON AND CAMERON ROHNER ANSWER TO AMENDED COMPLAINT by serving the original a true copy of the above and foregoing via CM/ECF System to the following registered e-mail addresses:

Garrett T Ogata, court@gtogata.com

Gregory E Garman, ggarman@gtg.legal, bknotices@gtg.legal

Kara B. Hendricks, hendricksk@gtlaw.com, escobargaddie@gtlaw.com, flintza@gtlaw.com, lvlitdock@gtlaw.com, neyc@gtlaw.com, rabeb@gtlaw.com, sheffieldm@gtlaw.com

Kevin N. Anderson, kanderson@fabianvancott.com, amontoya@fabianvancott.com, mdonohoo@fabianvancott.com, sburdash@fabianvancott.com

Lance A Maningo, lance@maningolaw.com, kelly@maningolaw.com, yasmin@maningolaw.com

Michael D. Rawlins, mrawlins@smithshapiro.com, jbidwell@smithshapiro.com

Peter S. Christiansen, pete@christiansenlaw.com, ab@christiansenlaw.com, chandi@christiansenlaw.com, hvasquez@christiansenlaw.com, jcrain@christiansenlaw.com, keely@christiansenlaw.com, kworks@christiansenlaw.com, tterry@christiansenlaw.com, wbarrett@christiansenlaw.com

T. Louis Palazzo, louis@palazzolawfirm.com, celina@palazzolawfirm.com, miriam@palazzolawfirm.com, office@palazzolawfirm.com

Jonathan D. Blum, jblum@wileypetersenlaw.com, cdugenia@wileypetersenlaw.com, cpascal@wileypetersenlaw.com

Charles La Bella, charles.labella@usdoj.gov, maria.nunez-simental@usdoj.gov

Samuel A Schwartz, saschwartz@nvfirm.com, ecf@nvfirm.com

Jason Hicks, hicksja@gtlaw.com, escobargaddie@gtlaw.com, geoff@americanfiduciaryservices.com, lvlitdock@gtlaw.com

Trevor Waite, twaite@fabianvancott.com, amontoya@fabianvancott.com

Kyle A. Ewing, ewingk@gtlaw.com, LVLitDock@GTLAW.com, flintza@gtlaw.com

1. Maria A. Gall, gallm@ballardspahr.com, LitDocket_West@ballardspahr.com, crawforda@ballardspahr.com, lvdocket@ballardspahr.com

2. Keely Ann Perdue, keely@christiansenlaw.com, lit@christiansenlaw.com Casey R. Fronk, FronkC@sec.gov, #slro-docket@sec.gov

3. Tracy S. Combs, combst@sec.gov, #slro-docket@sec.gov

4. Joseph G. Went, jgwent@hollandhart.com, Intaketeam@hollandhart.com, blschroeder@hollandhart.com

5. Joni Ostler, ostlerj@sec.gov

6. Daniel D. Hill, ddh@scmlaw.com

I declare under penalty of perjury that the foregoing is true and correct.

By: */s/ T. Chase Pittsenbarger*
T. CHASE PITTSENBARGER (NV Bar No. 13740)