TRACY S. COMBS (California Bar No. 298664)
Email: combst@sec.gov
CASEY R. FRONK (Illinois Bar No. 6296535)
Email: fronkc@sec.gov
SECURITIES AND EXCHANGE COMMISSION
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (801) 524-5796
Fax: (801) 524-3558

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICES, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; ROLAND TANNER; LARRY JEFFERY; JASON A. JENNE; SETH JOHNSON; CHRISTOPHER M. MADSEN; RICHARD R. MADSEN; MARK A. MURPHY; CAMERON ROHNER; AND WARREN ROSEGREEN;<br><br>        Defendants; and<br><br>THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC;<br><br>        Relief Defendants. | Case No.: 2:22-cv-00612-CDS-EJY<br><br>**ORDER AMENDING**<br>**PRELIMINARY INJUNCTION AND**<br>**ASSET FREEZE ORDER**<br>**(DKT. NO. 56)** |

1

Having considered Plaintiff Securities and Exchange Commission's Motion and Memorandum of Points and Authorities in Support of Motion to Amend Preliminary Injunction Order, as well as the Commission's Amended Complaint, and accompanying evidentiary materials, the Court finds that the Commission has made a proper *prima facie* showing that: (i) Defendants Larry Jeffery, Jason Jenne, Seth Johnson, Christopher Madsen, Richard Madsen, Mark Murphy, Cameron Rohner, and Warren Rosegreen (together herein, "New Defendants") directly and indirectly engaged in the violations alleged in the Amended Complaint; (ii) there is a reasonable likelihood that these violations will be repeated; (iii) unless restrained and enjoined by the Court, New Defendants may dissipate, conceal or transfer from the jurisdiction of this Court assets that could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (iv) entry of a preliminary injunction, asset freeze, and order for other equitable relief as set forth below is necessary and appropriate.

IT IS HEREBY ORDERED that the Court's April 21, 2022 Order Entering Preliminary Injunction, Asset Freeze, and Other Equitable Relief is hereby amended to include the following additional provisions:

**I.**

IT IS HEREBY ORDERED that New Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in the absence of any applicable exemption:

    A.    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    B.    unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means

or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or;

C.       making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

in violation of Section 5 of the Securities Act [15 U.S.C. § 77e].

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:  (a) New Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with New Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED that New Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to effect transactions in, or induce or attempt to induce the purchase or sale of, securities while not registered with the Commission as a broker or dealer or while not associated with an entity registered with the Commission as a broker or dealer in violation of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this

Order by personal service or otherwise: (a) New Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with New Defendants or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED that New Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, issuing, purchasing, or selling any security related to settled litigation claims, except for the purchase or sale of securities listed on a national securities exchange by these Defendants for their own personal accounts.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) New Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with New Defendants or with anyone described in (a).

### IV.

IT IS HEREBY FURTHER ORDERED that New Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, soliciting any person or entity to purchase or sell any security.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) New Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with New Defendants or with anyone described in (a).

## V.

IT IS HEREBY FURTHER ORDERED that, except as otherwise ordered by this Court, New Defendants and New Defendants' officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the New Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the New Defendants or their subsidiaries and affiliates.

## VI.

IT IS HEREBY FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, or third-party payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by New Defendants.

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies or assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

**VII.**

IT IS HEREBY FURTHER ORDERED that, except as otherwise ordered by this Court, each of the New Defendants, and their offices, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise) pertaining in any manner to Defendants, New Defendants or to the allegations alleged in the Commission's Amended Complaint.

**VIII.**

IT IS HEREBY FURTHER ORDERED that this Order shall remain in effect until entry of a Final Judgment in, or other final disposition of, this action.

IT IS SO ORDERED.

Date: July 28, 2022

Time: _____

_____
CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE

Presented by:
Tracy S. Combs
Casey R. Fronk
Attorneys for Plaintiff
Securities and Exchange Commission

6