UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW WADE BEASLEY, *et al.*,<br><br>Defendants,<br><br>THE JUDD IRREVOCABLE TRUST, *et al.*,<br><br>Relief Defendants. | Case No. 2:22-cv-00612-CDS-EJY<br><br>ORDER ON RECEIVER'S REPORT AND RECOMMENDATION REGARDING CHAPTER 11 CASES<br><br>(ECF No. 127) |

On July 1, 2022, in accordance with instructions from this Court, Geoff Winkler (the "Receiver"), the Court-appointed receiver pursuant to the *Order Appointing Receiver* (the "Appointment Order"), entered on June 3, 2022, ECF No. 88, filed his *Receiver's Report and Recommendation Regarding Chapter 11 Cases* (the "Receiver's Report"). *See* ECF No. 127. The Receiver's Report concerns the bankruptcy cases of Defendants J & J Consulting Services, Inc., a Nevada corporation ("J&J Consulting (NV)") and J and J Purchasing LLC ("J&J Purchasing," and together, with J&J Consulting (NV), the "Debtors") that are pending before the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), styled as *In re J and J Consulting Services, Inc.* (Case No. 22-10942) (the "J&JC Bankruptcy Case") and *In re J and J Purchasing, LLC* (Case No. 22-10943) (the "J&JP Bankruptcy Case," and together, with the J&JC Bankruptcy Case, the :Bankruptcy Cases"), and being jointly administered in the Bankruptcy Court (with the J&JC Bankruptcy Case serving as the lead case).

1    The Appointment Order directed the Receiver to "report to this Court as to whether the Bankruptcy Cases should continue in Chapter 11, or be converted to Chapter 7, dismissed or suspended during the course of the receivership." By way of his Report, the Receiver recommended to this Court that (a) the reference to the Bankruptcy Court be withdrawn by this Court pursuant to 28 U.S.C. § 157(d); and (b) following the withdrawal of the reference, the Bankruptcy Cases be dismissed by this Court pursuant to 11 U.S.C. §§ 305(a) or 1112(b).

On July 18, 2022, the Official Committee of Unsecured Creditors in the Bankruptcy Cases (the "Committee") filed a response to the Receiver's Report (the "Response"), in which the Committee challenged the Receiver's recommendations to this Court. *See* ECF No. 175. On July 21, 2022, the Receiver filed a reply in support of the Report and in response to the Committee's Response (the "Reply"). *See* ECF No. 184.

This Court held a hearing on the Receiver's Report on July 25, 2022. *See* ECF No. 219. Arguments on the Receiver's recommendations as presented in the Report were heard from the Receiver's counsel, the Committee's counsel, and the United States trustee's counsel. Counsel's appearances are as noted on the record. *See* ECF No. 219.

The Court has read and considered the Receiver's Report, including his recommendations presented therein, and has also considered the Committee's Response, the Receiver's Reply, and the oral argument presented by counsel at the July 25, 2022, hearing. For the reasons stated on the record at the hearing, including the interest of preventing further delay and costs to the parties, maintaining the efficient use of judicial resources, and ensuring uniformity of the receivership and bankruptcy administration, and good cause appearing therefor, the Court has determined that (a) the Receiver's recommendations presented in the Report are accepted, (b) the withdrawal of the reference of the Bankruptcy Cases (and the related adversary proceedings) to the Bankruptcy Court is appropriate, and (c) the dismissal of

the Bankruptcy Cases is in the best interests of the Debtors' creditors and their bankruptcy estate, as well as in the best interest of the receivership estate. Accordingly,

**IT IS HEREBY ORDERED** that

The Receiver's Report (ECF No. 127) is accepted as set forth herein.

This Court having made a finding that withdrawal of the reference to the Bankruptcy Court is appropriate, and for purposes of procedurally and administratively effectuating a withdrawal of the reference by this Court, the Receiver shall file in the Bankruptcy Court (in the Bankruptcy Cases) a motion for entry of an order withdrawing the Bankruptcy Cases (and any related adversary proceedings) from reference to the Bankruptcy Court (the "Withdrawal Motion") in accordance with Local Rule 5011(a) of the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada (the "Local Bankruptcy Rules"). The Receiver is excused from complying with the timeliness requirement under Local Bankruptcy Rule 5011(b). The Withdrawal Motion shall incorporate by reference the Receiver's Report and this order.

Following the filing of the Withdrawal Motion, the Clerk of this Court shall assign the Withdrawal Motion and, to the extent applicable, the Bankruptcy Cases (solely for the purposes of ruling on the Withdrawal Motion), to this Court.

Following the assignment of the Withdrawal Motion and the Bankruptcy Cases (solely for the purposes of ruling on the Withdrawal Motion) to this Court, the Receiver shall lodge with this Court a proposed order withdrawing the Bankruptcy Cases (and any related adversary proceedings) from reference to the Bankruptcy Court (the "Withdrawal Order").

Following this Court's entry of the Withdrawal Order, the Receiver shall file in this Court (in the Bankruptcy Cases) a motion for entry of an order dismissing the Bankruptcy Cases (the "Dismissal Motion"). Unless the Receiver obtains an order shortening time in accordance

with Local Bankruptcy Rule 9006, the Receiver shall have the Dismissal Motion set for hearing on at least 28 days' notice in accordance with Local Bankruptcy Rule 9014(a)(1). The Dismissal Motion shall incorporate by reference the Receiver's Report and this order.

Following this Court's entry of the Withdrawal Order, the Receiver shall also file in this Court (in the adversary proceeding styled as *Mark. A Murphy, et al. v. Matthew Beasley, et al.* (Adv. No. 22-01066) (the "Murphy Action")) a motion for entry of an order remanding the Murphy Action to the Eighth Judicial District Court (the "State Court") for the purposes of the State Court resolving any remaining administrative issues relating to the receiver appointed by the State Court therein and any other related matters (the "Remand Motion"). Unless the Receiver obtains an order shortening time in accordance with Local Bankruptcy Rule 9006, the Receiver shall have the Remand Motion set for hearing on at least 28 days' notice in accordance with Local Bankruptcy Rule 9014(a)(1). The Remand Motion shall incorporate by reference the Receiver's Report and this order.

The litigation stay issued by this Court in the Appointment Order is modified for the limited purpose of authorizing the Receiver to file the Withdrawal Motion and Dismissal Motion in the Bankruptcy Cases and the Remand Motion in the Murphy Action.

The Receiver is authorized to take all reasonable actions necessary to effectuate the relief granted in this order.

This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

IT IS SO ORDERED.

DATED this 5th day of August, 2022.

_____
Cristina D. Silva
United States District Judge