UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Securities and Exchange Commission,<br><br>               Plaintiff,<br><br>  v.<br><br>Matthew Wade Beasley, *et al.*,<br><br>               Defendants, and<br><br>The Judd Irrevocable Trust, *et al.*,<br><br>               Relief Defendants. | Case No. 2:22-cv-00612-CDS-EJY<br><br>**Order Denying Defendant Madsen's Emergency Motion for Reconsideration**<br><br>(ECF No. 236) |

      Pending before the Court is Defendant Richard R. Madsen's Emergency Motion for Reconsideration. ECF No. 236. Madsen requests reconsideration of this court's Order amending the preliminary injunction and asset freeze order (ECF Nos. 56; 206), and the original and amended Receivership Orders (ECF Nos. 88; 207). Upon consideration of the Motion the Court has determined it can resolve this motion without a hearing, Fed. R. Civ. P. 78, and for the reasons set forth herein, DENIES the motion.

**I.     Legal Standard**

      The Federal Rules of Civil Procedure allow the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies

relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). Local Rule 59-1(a) also governs motions for reconsideration. It provides, in relevant part, that a "party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1(a).

Motions for reconsideration should not be frequently made or freely granted. *See generally Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)); *Parsons v. Alameda Cnty. Sheriff Dep't*, 2016 WL 3877907, at *1 (N.D. Cal. July 18, 2016).

II. **Discussion**

The crux of Defendant Madsen's reconsideration motion is that the court erred in issuing the amended preliminary injunction and asset freeze order (ECF No. 206), as well as the Receivership order (ECF No. 207). He asserts that the orders erroneously apply to any and all personal assets of Madsen rather than only to funds and assets derived from the investment scheme. *See generally* ECF No. 236. The motion does not "state with particularity", LR 59-1(a), the error in the Court's orders. In fact, as noted in exhibits to Madsen's Motion, this Court stated during the July 25, 2022, hearing that "the receivership's authority is, again, tied to assets, money, real property, **personal property** that is tied to the scheme itself." *Id.* at 8:3-4; *see also* 236-

1 at 75:5-9. Immediately following the Court's statement regarding the scope of the Receiver's authority, the Court added:

> To the extent that there is a debate or a concern regarding **what assets the receivership has taken control over**, for lack of a more artful term, that is something that is ripe for motions practice before the Court. And I also, again, will reiterate the importance of meet and confer between the parties should there be any dispute or any concern about what the receiver is trying to obtain, that that be discussed before any motions practice before the Court. So, again, to the extent that there's any question, this Court's order regarding the responsibilities and powers of the receiver is tied to the underlying scheme itself.

ECF No. 236-1 at 75:10-21 (emphasis added). This Court's prior statement explicitly concerns assets the Receiver *has* taken control over. The clarification of the scope of the receivership is permitted by the Court's broad equitable power in receivership actions. *See, e.g.*, *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986) ("It is well established that the Court has "broad powers and wide discretion to determine the appropriate relief in an equity receivership…"). The Court appointed a Receiver after determining it was "necessary and appropriate for the purposes of marshaling and preserving all assets of the New Defendants[1] that: (a) are attributable to funds derived from investors or clients of the New Defendants; (b) are held in constructive trust for the New Defendants; (c) were fraudulently transferred by the New Defendants; and/or (d) may otherwise be includable as assets of the estates of the New Defendants." ECF No. 207 at 2:12-16. The general powers of the Receiver are set forth in ECF No. 88 and extended in ECF No. 207. Those powers include using reasonable efforts to:

> [D]etermine the nature, location and value of **all** property interests of the Receivership Defendants, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly (identified as "Receivership Property"), and to custody, control and possession of all

---

[1] The "New Defendants" include Richard A. Madsen.

Receivership Property and records relevant thereto from the Receivership Defendants…

ECF No. 88 at 3 (emphasis added); ECF No. 207 (extending Receivership property and Defendants to include Richard A. Madsen). Neither the original nor the amended Receivership Order excludes personal property. Personal property, like any other type of property, funds, monies, investments, goods, etc., *can* or *may* be tied to the alleged underlying Ponzi scheme. To the extent that Madsen disputes certain personal property in the custody, control, and possession of the Receiver is not or does not qualify as being tied to the Ponzi scheme alleged by the SEC, motions seeking a return or release of that property may be filed for the Court's consideration.

### III.   Conclusion

For the reasons set forth herein, Defendant Madsen's Emergency Motion for Reconsideration (ECF No. 236) is DENIED.

IT IS SO ORDERED.

DATED this August 9, 2022.

_____
Cristina D. Silva
United States District Judge