T. LOUIS PALAZZO, ESQ.
Nevada Bar No. 4128
PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street
Las Vegas, Nevada 89101
Tele: (702) 385-3850
Fax:  (702) 385-3855
louis@palazzolawfirm.com

***Attorney for Defendant Shane Jager
and Relief Defendant Stirling Consulting, LLC***

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>v.<br><br>MATTHEW WADE BEASLEY, et al.,<br><br>            Defendants. | CASE NO.: 2:22-cv-00612<br><br>**DEFENDANT SHANE JAGER AND RELIEF DEFENDANT STIRLING CONSULTING, LLC'S ANSWER TO AMENDED COMPLAINT AND JURY DEMAND** |
| THE JUDD IRREVOCABLE TRUST, et al.,<br><br>            Relief Defendants. | |

Defendant Shane Jager ("Jager"), individually, and as duly authorized representative of Relief Defendant Stirling Consulting, LLC ("Stirling"), by and through their undersigned counsel of record, hereby submit this Answer to the Amended Complaint (Dkt. 118), filed by the Securities and Exchange Commission (the "Commission"), and admits, denies, and allege as follows:

## SUMMARY

1.      In responding to Paragraph 1 of the Amended Complaint, Jager denies acting as a promoter of any fraudulent scheme, affirmatively states he was deceived by Matthew

Wade Beasley ("Beasley", the Beasley Law Group, Jeffrey J. Judd ("Judd"), the J&J Entities, and others, is a victim in this matter, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and thus denies those allegations.

2.      In responding to Paragraph 2 of the Amended Complaint, Jager denies the "purchase agreements" constituted securities under federal law, denies the conduct alleged with respect to him, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and thus denies those allegations.

3.      Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint and thus denies the allegations.

4.      In responding to Paragraph 4 of the Amended Complaint, Jager affirmatively states he was deceived by Beasley, the Beasley Law Group, Judd, the J&J Entities, and others, is a victim in this matter, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and thus denies those allegations.

5.      In responding to Paragraph 5 of the Amended Complaint, Jager admits he was not a registered broker or dealer, nor associated with a broker or dealer, registered with the Commission, but denies that he "recruited investors" and that the allegation concerning "transaction-based compensation" calls for a legal conclusion to which no response is required and to the extent a response is required is hereby denied. As to the remaining allegations, Jager asserts that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and thus denies those allegations.

6.      Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 6 of the Amended Complaint and thus denies such allegations.

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

7.      Jager lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the Commission's intent in bringing this action and thus denies the allegations contained within Paragraph 7 of the Amended Complaint. Further, Paragraph 7 contains legal conclusions to which no response is required.

## JURISDICTION AND VENUE

8.      Jager denies the Commission may appropriately seek any remedy from him and denies the remaining allegations contained in Paragraph 8 of the Amended Complaint. Further, Paragraph 8 contains legal conclusions to which no response is required.

9.      Jager denies the allegations contained in Paragraph 9 of the Amended Complaint. Further, Paragraph 9 contains legal conclusions to which no response is required.

10.      In answering Paragraph 10 of the Amended Complaint, Jager denies he transacted business in the District of Nevada and denies engaging in any acts or transactions constituting violations of law in the District of Nevada. Jager lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and thus denies those allegations. Further, Paragraph 10 contains legal conclusions to which no response is required.

11.      Jager denies the allegations contained in Paragraph 11 of the Amended Complaint. Further, Paragraph 11 contains legal conclusions to which no response is required.

12.      Jager admits he made use of mails or the means or instrumentalities of interstate commerce but lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint and thus

denies those allegations. Further, Paragraph 8 contains legal conclusions to which no response is required.

## DEFENDANTS

13.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint and thus denies those allegations.

14.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint and thus denies those allegations.

15.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint and thus denies those allegations.

16.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint and thus denies those allegations.

17.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint and thus denies those allegations.

18.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint and thus denies those allegations.

19.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint and thus denies those allegations.

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

20.    Jager admits he is a resident of Henderson, Nevada and is the managing member and owner of Stirling Consulting, LLC, denies he personally promoted the Ponzi scheme to multiple investors, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Amended Complaint and thus denies those allegations.

21.    Jager lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 21 of the Amended Complaint and thus denies those allegations.

22.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint and thus denies those allegations.

23.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint and thus denies those allegations.

24.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint and thus denies those allegations.

25.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Amended Complaint and thus denies those allegations.

26.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 26 of the Amended Complaint and thus denies those allegations.

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

27.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint and thus denies those allegations.

28.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Complaint and thus denies those allegations.

29.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint and thus denies those allegations.

30.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 30 of the Amended Complaint and thus denies those allegations.

31.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint and thus denies those allegations.

## **RELIEF DEFENDANTS**

32.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint and thus denies those allegations.

33.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Amended Complaint and thus denies those allegations.

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

34.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Amended Complaint and thus denies those allegations.

35.     Jager admits Stirling Consulting, LLC is a Nevada Limited Liability company formed in 2018, with its principal place of business in Las Vegas, Nevada, that he controls this entity, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Amended Complaint and thus denies those allegations.

36.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint and thus denies those allegations.

37.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Amended Complaint and thus denies those allegations.

38.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Amended Complaint and thus denies those allegations.

39.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Amended Complaint and thus denies those allegations.

40.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Amended Complaint and thus denies those allegations.

41.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Amended Complaint and thus denies those allegations.

42.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended Complaint and thus denies those allegations.

## **FACTS**

**I.      Judd, Humphries, and the J&J Entities Raised Money from Investors with False Representations of an Investment in Personal Injury Settlements.**

43.     Jager admits he discussed with individuals who approached him about his own experience in obtaining personal injury settlement contracts but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the Amended Complaint.

44.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Amended Complaint and thus denies those allegations.

45.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended Complaint and thus denies those allegations.

46.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Amended Complaint and thus denies those allegations.

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

47.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint and thus denies those allegations.

48.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Amended Complaint and thus denies those allegations.

49.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Amended Complaint and thus denies those allegations.

50.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Amended Complaint and thus denies those allegations.

51.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Amended Complaint and thus denies those allegations.

52.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Amended Complaint and thus denies those allegations.

53.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Amended Complaint and thus denies those allegations.

54.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Amended Complaint and thus denies those allegations.

## II.   Defendants' Representations Were Materially False and Misleading

55.   Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Amended Complaint and thus denies those allegations.

56.   Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Amended Complaint and thus denies those allegations.

57.   Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Amended Complaint and thus denies those allegations.

58.   Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Amended Complaint and thus denies those allegations.

59.   Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Amended Complaint and thus denies those allegations.

60.   Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Amended Complaint and thus denies those allegations.

61.   Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Amended Complaint and thus denies those allegations.

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

62. Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Amended Complaint and thus denies those allegations.

III. **Beasley, Beasley Law Group, Judd, the J&J Entities, and Humphries Acted With Scienter**

63. Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Amended Complaint and thus denies those allegations.

64. Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Amended Complaint and thus denies those allegations.

65. Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Amended Complaint and thus denies those allegations.

66. Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Amended Complaint and thus denies those allegations.

67. Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Amended Complaint and thus denies those allegations.

68. Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Amended Complaint and thus denies those allegations.

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

69.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Amended Complaint and thus denies those allegations.

70.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Amended Complaint and thus denies those allegations.

71.     Jager lacks knowledge or information sufficient to form a belief about as to the truth of the allegations contained in Paragraph 71 of the Amended Complaint and thus denies those allegations.

72.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Amended Complaint and thus denies those allegations.

73.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Amended Complaint and thus denies those allegations.

74.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Amended Complaint and thus denies those allegations.

**IV.     Defendants Judd, Humphries, Jager, Jongeward, Seybert, Tanner, Jeffery, Jenne, Johnson, C. Madsen, R. Madsen, Murphy, Rohner, and Rosegreen Violated the Federal Securities Laws by Acting as Unregistered Brokers**

75.     Jager admits he assisted individuals who approached him about obtaining "purchase agreements," and denies the remaining allegations in this paragraph 75 of the

Amended Complaint with respect to him. Jager lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and thus denies those allegations.

76.     Jager admits he assisted individuals who approached him about obtaining "purchase agreements," and that allegations concerning "solicit[ing]", "investors" and "transaction-based compensation" and "securities" call for a legal conclusion requiring no answer, to the extent an answer is required Jager denies such allegations. Jager lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76 of the Amended Complaint and thus denies those allegations.

77.     Jager denies the allegations in this paragraph with respect to him, except he admits to transferring cash through wire transfers and using email and telephone to communicate with individuals who approached him about obtaining "purchase agreements." Jager lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and thus denies those allegations.

78.     Jager admits that with respect to allegations against him, that funds flowed into Beasley Law Group's IOLTA account. Jager admits he forwarded purported returns to other persons or entities as instructed and that sometimes persons or entities wired their money to accounts controlled by Jager. Jager lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and thus denies those allegations.

79.     Jager admits he used the Stirling Consulting, LLC account to receive and distribute purported returns to other persons and entities.  Jager lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 of the Amended Complaint and thus denies those allegations.

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

80.     Jager admits he assisted individuals who approached him about obtaining "purchase agreements," and that allegations concerning "transaction-based compensation" call for a legal conclusion requiring no answer, to the extent an answer is required , Jager denies such allegations. Jager lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80 of the Amended Complaint and thus denies those allegations.

81.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Amended Complaint and thus denies those allegations.

82.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Amended Complaint and thus denies those allegations.

83.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Amended Complaint and thus denies those allegations.

84.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Amended Complaint and thus denies those allegations.

85.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Amended Complaint and thus denies those allegations.

86.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Amended Complaint and thus denies those allegations.

87.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Amended Complaint and thus denies those allegations.

88.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Amended Complaint and thus denies those allegations.

89.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Amended Complaint and thus denies those allegations.

90.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Amended Complaint and thus denies those allegations.

91.     Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Amended Complaint and thus denies those allegations.

92.     Jager asserts that the allegations concerning "transaction-based compensation" relating to "investors" and "soliciting" "investments" call for a legal conclusion requiring no answer. To the extent an answer is required Jager denies such allegations. Jager lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92 and thus denies those allegations.

93.     Jager states that allegations concerning a negotiated "commission" call for a legal conclusion, requiring no answer. To the extent an answer is required, Jager denies such allegation. Jager lacks knowledge or information sufficient to form a belief as to the

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

truth of the remaining allegations contained in Paragraph 93 of the Amended Complaint and thus denies those allegations.

94.   Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Amended Complaint and thus denies those allegations.

95.   Jager asserts that allegations concerning claims of "investors" "solicited" call for a legal conclusion requiring no answer. To the extent an answer is required, Jager denies such allegations.  Jager lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 95 of the Amended Complaint and thus denies those allegations.

96.   Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Amended Complaint and thus denies those allegations.

97.   Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Amended Complaint and thus denies those allegations.

98.   Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Amended Complaint and thus denies those allegations.

99.   Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Amended Complaint and thus denies those allegations.

100.   In responding to Paragraph 100 of the Amended Complaint, Jager asserts that allegations concerning "soliciting" "investors" and "transaction-based compensation"

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

call for a legal conclusion requiring no answer. To the extent an answer is required Jager denies such allegations. Jager admits he was not registered as a broker or a dealer nor associated with a broker or dealer registered with the Commission. Jager lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 and thus denies those allegations.

**V.     The Securities Offered and Sold Were Not Registered**

101.    In responding to Paragraph 101 of the Amended Complaint, Jager asserts that allegations concerning "registered" "securities" "offered" or "sold" call for a legal conclusion, requiring no answer. To the extent an answer is required, Jager denies such allegations. Jager lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 and thus denies those allegations.

102.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Amended Complaint and thus denies those allegations. Further, Paragraph 102 contains legal conclusions to which no response is required.

**<u>FIRST CLAIM FOR RELIEF</u>**

**Violations of Section 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a) and (c)]**
**(Against All Defendants)**

103.    Jager re-alleges and incorporates by reference each and every Answer to paragraphs 1–102, inclusive, as if they were fully set forth herein.

104.    Jager denies the allegations with respect to him but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 104 of the Amended Complaint and thus denies those allegations.

105.    Jager asserts allegations concerning "sale" of "securities" and "exemption" to "registration" requirements call for a legal conclusion requiring no answer. To the extent an

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

answer is required Jager denies such allegations. Jager lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105 of the Amended Complaint and thus denies those allegations.

106.    Jager denies the allegations with respect to him but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 106 of the Amended Complaint and thus denies those allegations. Further, Paragraph 106 contains legal conclusions to which no response is required.

## SECOND CLAIM FOR RELIEF

### Violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)(1)]
### (Against Beasley, Beasley Law Group, Judd, the J&J Entities, and Humphries)

107.    Jager re-alleges and incorporates by reference each and every Answer to paragraphs 1–106, inclusive, as if they were fully set forth herein.

108.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 108 of the Amended Complaint and thus denies those allegations.

109.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 109 of the Amended Complaint and thus denies those allegations. Further, Paragraph 109 contains legal conclusions to which no response is required.

110.    Jager lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 110 of the Amended Complaint and thus denies those allegations. Further, Paragraph 110 contains legal conclusions to which no response is required.

111.    Jager lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 111 of the Amended Complaint and thus denies

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

those allegations. Further, Paragraph 111 contains legal conclusions to which no response is required.

### THIRD CLAIM FOR RELIEF

**Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5]**
**(Against Beasley, Beasley Law Group, Judd, the J&J Entities, and Humphries)**

112.    Jager re-alleges and incorporates by reference each and every Answer to paragraphs 1–111, inclusive, as if they were fully set forth herein.

113.    Jager denies the allegations with respect to him but lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 113 of the Amended Complaint and thus denies those allegations.

114.    Jager denies the allegations with respect to him but lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 114 of the Amended Complaint and thus denies those allegations.

115.    Jager denies the allegations with respect to him but lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 115 of the Amended Complaint and thus denies those allegations.

### FOURTH CLAIM FOR RELIEF

**Violations of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)]**
**(Against All Relief Defendants)**

116.    Jager re-alleges and incorporates by reference each and every Answer to paragraphs 1–115, inclusive, as if they were fully set forth herein.

117.    Jager denies the allegations with respect to him but lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 117 of the Amended Complaint and thus denies those allegations.

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

1

2

118.   Jager denies the allegations with respect to him but lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 118 of the Amended Complaint and thus denies those allegations. Further, Paragraph 118 contains legal conclusions to which no response is required.

3

4

5

6

### FIFTH CLAIM FOR RELIEF

7

**Equitable Disgorgement**
**(Against All Relief Defendants)**

8

9

119.   Jager re-alleges and incorporates by reference each and every Answer to paragraphs 1–118, inclusive, as if they were fully set forth herein.

10

11

120.   Jager and Stirling Consulting, LLC lack knowledge or information sufficient to form a belief as to the truth of the allegation contained within Paragraph 120 of the Amended Complaint and thus deny the allegations.

12

13

14

121.   Jager and Stirling Consulting, LLC lack knowledge or information sufficient to form a belief as to the truth of the allegation contained within Paragraph 121 of the Amended Complaint and thus deny the allegations.

15

16

17

18

### AFFIRMATIVE DEFENSES

19

**FIRST DEFENSE: JAGER ACTED IN GOOD FAITH AND WITHOUT ANY SCIENTER**

20

At all times the Jager had no knowledge of any wrongdoing and acted in the good faith belief and without scienter that the purported returns from the purchase agreements he purchased and assisted individuals who approached him about obtaining were legitimate and legal. Moreover, individuals and entities were paid promised returns and requests for refunds were promptly paid.

21

22

23

24

25

26

27

28

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855

### SECOND DEFENSE: NO LIKELIHOOD OF FUTURE VIOLATIONS

The relief requested in the Amended Complaint is inappropriate, in whole or in part, because the Amended Complaint fails to allege a reasonable likelihood of future violations by Jager.

### THIRD DEFENSE: STATUTE OF LIMITATIONS

Plaintiff's claim and request for civil monetary penalties are barred, in whole or in part, by an applicable statute of limitations.

### FOURTH DEFENSE: WAIVER / ESTOPPEL

Plaintiff's claims are barred by waiver or estoppel or both. Plaintiff delayed the filing of this action and the naming of additional defendants in its Amended Complaint, in whole or in part, to justify seeking relief for which it would not otherwise be entitled to seek.

### FIFTH DEFENSE: UNCLEAN HANDS/BAD FAITH

Plaintiff's claims are barred by the doctrines of unclean hands or bad faith or both. Plaintiff delayed the filing of this action and the naming of additional defendants in its Amended Complaint, in whole or in part, to justify seeking relief for which it would not otherwise be entitled to seek.

### SIXTH DEFENSE: FAILURE TO STATE A CLAIM

The Amended Complaint fails to state a claim upon which relief can be granted.

### SEVENTH DEFENSE: FAILURE TO PLEAD WITH PARTICULARITY

Plaintiff's claims are barred, in whole or in part, because the plaintiff has failed to plead allegations of fraud with the particularity required pursuant to Federal Rule of Civil Procedure 9(b).

1

## RULE 8 STATEMENT

2

Because the Commission's Amended Complaint is phrased in conclusory terms,

3

Jager cannot fully anticipate all affirmative defenses that may be applicable to this action.

4

Jager reserves the right to amend this Answer to assert any matter constituting an

5

avoidance or affirmative defense, including those matters set forth in Fed. R. Civ. P. 8 and

6

7

12, as may be justified by the facts determined during discovery

8

**WHEREFORE**, Jager prays for judgment in his favor and against Plaintiff and for

9

such other and further relief as this Court deems fair and just.

10

## JURY DEMAND

11

Shane Jager demands a trial by jury of all issues so triable pursuant to Rule 38 of

12

13

the Federal Rules of Civil Procedure.

14

DATED this 21st day of September, 2022.

15

16

*/s/ Louis Palazzo*

T. LOUIS PALAZZO, ESQ.

Nevada Bar No. 4128

17

***Attorney for Defendant Shane Jager***

***and Relief Defendant Stirling Consulting, LLC***

18

19

20

## CERTIFICATE OF SERVICE

21

I hereby certify that on September 21, 2022, I electronically filed DEFENDANT

22

23

SHANE JAGER'S AND RELIEF DEFENDANT STIRLING CONSULTING, LLC'S ANSWER

24

TO AMENDED COMPLAINT AND JURY DEMAND with the Court using the CM/ECF

25

system, which will automatically send copies to any attorney of record in this case.

26

27

*/s/ Miriam V. Roberts, J.D.*

An Employee of Palazzo Law Firm

28

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, NV 89101
Tel (702) 385-3850 Fax (702) 385-3855