KARA B. HENDRICKS, Bar No. 07743
hendricksk@gtlaw.com
JASON K. HICKS, Bar No. 13149
hicksja@glaw.com
KYLE A. EWING, Bar No 014051
ewingk@gtlaw.com
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002

JARROD L. RICKARD, Bar No. 10203
jlr@skrlawyers.com
KATIE L. CANNATA, Bar No. 14848
klc@skrlawyers.com
**SEMENZA KIRCHER RICKARD**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile: (702) 920-8669

DAVID R. ZARO*
dzaro@allenmatkins.com
JOSHUA A. del CASTILLO*
jdelcastillo@allenmatkins.com
MATTHEW D. PHAM*
mpham@allenmatkins.com
*admitted *pro hac vice*
**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**
865 South Figueroa Street
Suite 2800
Los Angeles, California  90017-2543
Telephone: (213) 622-5555
Facsimile: (213) 620-8816

*Attorneys for Receiver, Geoff Winkler*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> MATTHEW WADE BEASLEY, *et al.*, <br><br> Defendants, <br><br> THE JUDD IRREVOCABLE TRUST, *et al.*, <br><br> Relief Defendants. | Case No. 2:22-cv-00612-CDS-EJY <br><br> **AMENDED STIPULATION AND ORDER AUTHORIZING THE SALE OF REAL PROPERTY AT 2065 CANVAS EDGE DRIVE, HENDERSON, NEVADA WITH PROCEEDS FROM SALE TO BE TRANSFERRED FROM ESCROW DIRECTLY TO THE RECEIVER** |

The following Amended Stipulation and [Proposed] Order[1] (the "Stipulation") regarding the sale of the real property located at 2065 Canvas Edge Drive, Henderson, Nevada as further described in **Exhibit A** (the "Canvas Property"), with proceeds from the sale to be transferred from escrow directly to Geoff Winkler (the "Receiver"), the Court-appointed receiver in the above-entitled action, is made by and between the Receiver and the plaintiff Securities and Exchange Commission (the "Commission"), on the one hand, and Defendant Roland Tanner and Tanner Capital Group LLC (collectively "Seller"), on the other hand, by and through their respective representatives, and with respect to the following facts:

1. The Receiver was appointed on June 3, 2022 pursuant to this Court's Order Appointing Receiver [ECF No. 88] which was amended on July 28, 2022 [ECF No. 207] (collectively the "Appointment Order");

2. Among other things, the Appointment Order required the turnover of certain personal and real property to the Receiver, including the Canvas Property.

3. The proposed buyers for the Canvas Property, Deanna Y. Rambo and Michael X. Vargas (collectively "Buyer"), have agreed to purchase the Canvas Property for the sum of $485,000 in accordance with a Purchase and Sale Agreement dated October 28, 2022 (the "PSA"). The Buyer has deposited $10,000 into an escrow established at First American Title (the "Escrow"), pursuant to that escrow agreement dated 10/17/22, as an earnest money deposit. The Buyer, Seller, and Receiver have agreed that the proceeds of the sale shall be transmitted from Escrow to the Receiver, via wire transfer, immediately upon the closing of the sale. It is anticipated that the sale will close within 30 days of the District Court's approval of this Stipulation. The Receiver and Seller understand that the offer represents fair market value for the Canvas Property.

4. The Receiver is seeking to close the sale via this Stipulation in lieu of a receiver's auction process because of unanticipated delays in the transfer of title to the

---

[1] This Amended Stipulation is submitted to the Court subsequent to a request by the title company that the legal description of the property be included in the stipulation and the same is now included as **Exhibit A**.

-1-

Receiver and a dispute with the Clark County Recorder's office over transfer taxes, both of which put the sale of the Canvas Property, and the recovery of the sales proceeds for the benefit of the receivership estate, at risk in the immediate term. The transfers of title from the defendants to the Receiver are necessary in order for the Receiver to conduct the auctions contemplated by 28 U.S.C. 2001, and the sales procedures already approved by this Court (which include sale pursuant to stipulation, in certain circumstances). However, the title company needs to underwrite title policies for the transfers to the Receiver in order to issue policies and this is taking time given the overall title company concerns with receivers and receivership matters. At the same time, the Clark County Recorder's office has demanded that the Receiver pay a documentary transfer tax in order to transfer the properties from the defendants to the Receiver in accordance with the District Court's Order notwithstanding the fact that there appears to be a clear exception for such transfers in the tax regulations for court-ordered transfers. The Receiver is attempting to resolve this dispute with the Recorder's office in order to avoid having to file a motion seeking relief from the Court. However, as detailed below, the timing of the foregoing matters could result in the loss of the sale of the Canvas Property, and several other of the properties, and therefore potentially reduced returns to the receivership estate.

5. The Canvas Property has been listed since 10/17/2022 and Buyer's offer is the only all-cash offer received by the Receiver, despite a price reduction. The Canvas Property was initially listed for $495,000. No offers were received at this price. Buyer's offer reflects the recent deterioration of the housing market in Clark County, the rise in mortgage interest rates, and the overall expectation that homes in this price range will be subject to material negotiations over the listed price.

6. The Receiver and his real estate broker further believe that delays in the closing beyond the timing contemplated by the PSA will jeopardize the sale. As noted above, the market is deteriorating as a result of the extraordinary rise in mortgage rates over the past six months. It is possible that if this sale does not close, the Canvas Property may remain on the market through the winter.

7.     Seller has agreed that, after payment of closing costs and brokers' commissions, as specifically reflected in the PSA, all sale proceeds from the sale of the Canvas Property shall be wired directly to the Receiver from Escrow, as provided for in Paragraph 3, above. It is estimated that the net proceeds of the sale, which will be wired from the Escrow to the Receiver, will be approximately $ 455,783.53.

8.     Based upon the time that the has been on the market, the terms of the Buyer's offer, and anticipated market conditions for homes in this price range, the Receiver, Seller and the Commission have agreed to the immediate sale of the Canvas Property to the Buyer, on the terms set forth in the PSA.

9.     Accordingly, in light of the unique facts and circumstances surrounding the proposed sale of the Canvas Property including but not limited to the limited market for an "as is" sale of real property, the all-cash terms of the sale, as well as the Receiver's concerns that failing to immediately move forward with this sale may lead to the receipt of significantly less recovery for the receivership estate, the undersigned parties believe this Stipulation is necessary, and in the best interest of all parties and the receivership estate. Therefore, the undersigned agree that it is appropriate to waive any requirements imposed by 28 U.S.C. § 2001, *et. seq.* to the extent they are applicable to the offer, the PSA and the proposed sale.

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel that:

A.     Seller may sell the Canvas Property pursuant to the offer reflected in the PSA;

B.     The deposit received relating to the PSA shall be immediately delivered to the Receiver; and

C.     Following the District Court's approval of this Stipulation, on the Closing Date reflected in the PSA, that the net proceeds of the sale shall be wired directly from Escrow to the Receiver.

///

///

-3-

DATED this 14th day of December, 2022.

GREENBERG TRAURIG, LLP

By: /s/ Kara B. Hendricks
KARA B. HENDRICKS, Bar No. 07743
JASON K. HICKS, Bar No. 13149
KYLE A. EWING, Bar No. 014051

JARROD L. RICKARD, Bar No. 10203
KATIE L. CANNATA, Bar No. 14848
**SEMENZA KIRCHER RICKARD**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile: (702) 920-8669

DAVID R. ZARO*
JOSHUA A. del CASTILLO*
MATTHEW D. PHAM*
*admitted pro hac vice
**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**
865 South Figueroa Street
Suite 2800
Los Angeles, California 90017-2543
Telephone: (213) 622-5555
Facsimile: (213) 620-8816
*Attorneys for Receiver Geoff Winkler*

DATED this 14th day of December, 2022.

SECURITIES & EXCHANGE COMMISSION

By: /S/ Tracy S. Combs
TRACY S. COMBS, ESQ.
(California Bar No. 298664)
CASEY R. FRONK, ESQ.
(Illinois Bar No. 6296535) 351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (810) 524-5796
Fax: (810) 524-3558

DATED this 11 day of December, 2022.

By: [signature]
DEFENDANT ROLAND TANNER AND TANNER CAPITAL GROUP LLC

**IT IS HEREBY ORDERED** that:

A. Seller may sell the Canvas Property pursuant to the terms of the PSA.

B. The deposit received by Escrow pursuant to the PSA shall be immediately transferred to the Receiver; and

C. Upon the Closing of the sale of the Canvas Property pursuant to the PSA, the net proceeds shall be wired directly from Escrow to the Receiver.

**IT IS SO ORDERED.**

_____
HONORABLE CRISTINA D. SILVA
Judge, United States District Court

Dated: December 15, 2022

# CERTIFICATE OF SERVICE

I hereby certify that on **December 14, 2022**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service.

                                          /s/ *Evelyn Escobar-Gaddi*
                                          An employee of GREENBERG TRAURIG, LLP

ACTIVE 682377846v1

# EXHIBIT A

# EXHIBIT A

Legal Description of
2065 Canvas Edge Drive, Henderson, Nevada

# EXHIBIT 'A'

**PARCEL I:**

**LOT 166, IN BLOCK 6 OF SOUTH EDGE INSPIRADA POD 1-3 UNIT 1 AS SHOWN BY MAP THEREOF ON FILE IN BOOK 134 OF PLATS, PAGE 73, AND AS AMENDED BY THOSE CERTIFICATE OF AMENDMENT RECORDED JANUARY 2, 2007 IN BOOK 20070102 AS INSTRUMENT NO. 03110, AND RECORDED AUGUST 13, 2008 IN BOOK 20080813 AS INSTRUMENT NO. 02357 AND RECORDED FEBRUARY 15, 2011 IN BOOK 20110215 AS INSTRUMENT NO. 01576, OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.**

**PARCEL II:**

**AN EASEMENT FOR INGRESS AND EGRESS OVER PRIVATE DRIVES AND COMMON AREAS AS SHOWN AND DELINEATED ON SAID MAP.**