**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Securities and Exchange Commission, | Case No. 2:22-cv-00612-CDS-EJY |
| Plaintiff | |
| v. | **Order Granting Receiver's Motion for Turnover of Receivership Property** |
| Matthew Wade Beasley, *et al.*, | [ECF No. 319] |
| Defendants | |
| The Judd Irrevocable Trust, *et al.*, | |
| Relief Defendants | |

The receiver in this action moves for the turnover of receivership property currently held by either the United States Marshals Service or some other federal agency. ECF No. 319. Having considered the motion, and there being no opposition thereto,[1] I find that there is good cause to order the requested relief.

**IT IS HEREBY ORDERED** that the United States Marshals Service and any other federal agency in possession of receivership property obtained pursuant to warrants issued relating to defendants Matthew Wade Beasley, Jeffrey J. Judd, and Christopher R. Humphries are to turn over any such property to the Receiver when cleared to release the same.

**IT IS FURTHER ORDERED** that defendant Judd must authorize the United States to give the seized property directly to the receiver without any consequences against the United States, including, but not limited to, the seeking of attorneys' fees, interest, costs, and expenses.

**IT IS FURTHER ORDERED** that within 30 days of receiving any such property, the receiver must create an inventory of all items received, provide the inventory to the court for *in-*

---

[1] The local rules of this district state that the failure of an opposing party to file points and authorities in response to any motion—other than one under Federal Rule of Civil Procedure 56 or one for attorney's fees—constitutes a consent to the granting of the motion. LR 7-2(d).

*camera* review, and provide a copy of the inventory to the defendant(s) from whose home(s) the assets were obtained.

**IT IS FURTHER ORDERED** that defendants (or others believing they have a right to such property) will have an opportunity to present a claim to the receiver for any item believed not to be receivership property for consideration and evaluation and must do so within 30 days of the receiver's service of the inventory to defendants (or other persons).

**IT IS FURTHER ORDERED** that any party making a claim as to any personal property items turned over to the receiver by the United States Marshals Service or other federal agency, and the receiver, may submit a stipulation and proposed order to the court to allow for such items to be released from the receivership estate to the party making a claim.

**IT IS FURTHER ORDERED** that in the event that an agreement cannot be reached regarding a claim, the matter shall be presented to this court via motion for a final determination as to whether the item at issue constitutes receivership property prior to the receiver taking any action to sell or liquidate the personal property or item identified in the claim.

DATED: December 20, 2022

_____
Cristina D. Silva
United States District Judge