UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>MATTHEW WADE BEASLEY, et al.,<br><br>  Defendants. | Case No. 2:22-cv-00612-CDS-EJY<br><br>**ORDER** |

Pending before the Court is Court Appointed Receiver Geoff Winkler's Memorandum of Fees and Costs Relating to Motion to Compel or Alternative Motion to Show Cause Why Kamille Dean Should Not be Held in Contempt for Failure to Comply With This Court's Order as required by the November 17, 2022 Order granting the Receiver's Motion to Compel (the "Memorandum of Fees"). ECF No. 378. The Court has considered the Memorandum of Fees and the Opposition thereto. ECF No. 394.

**I.   Discussion**

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court will] defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian,* 987 F.2d 1392, 1398 (9th Cir. 1992)). Here, the Court ordered an award of attorney's fees (and costs) incurred by Receiver related to his Motion to Compel. ECF No. 368 at 20.

When reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Cruz v. Alhambra School Dist.,* 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009). When determining the reasonable hourly rate to be applied to an award of attorney's fees, the Court must consider the "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably comparable skill,

experience, and reputation" to the rates requested in the case before the Court. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (internal citation omitted). This is a two-step process. The first step requires the Court to "calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the" motion at issue "by a reasonable hourly rate." *Id*. (citations omitted). The second step requires the Court to consider adjusting the lodestar amount upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Id. citing Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed).[1]

A. <u>The Rates Charged</u>.

Counsel for Receiver refers the Court to the previously approved hourly rates for each individual who worked on the Motion to Compel and related filings.[2] ECF No. 378 at 8. The rates for the six professionals who worked on the relevant pleadings—Kara Hendricks, Christian Spaulding, Jason Hicks, Cynthia Ney, David Zaro, and Joshua del Castillo—were requested by Receiver (ECF No. 89) and approved by the Court. ECF No. 219.

The above said, the contracted billing rates of $480.25 per hour for Kara Hendricks, $318.75 per hour for Christian Spaulding, $361.75 for Jason Hicks, $250.75 for Cynthia Ney (paralegal),[3] and $545 per hour for David Zaro and Joshua del Castillo are well within the range of rates charged in Nevada for legal services. There is no reduction to the hourly rates.

---

[1] There are eleven factors that a court generally considers when assessing the reasonableness of an attorney fee award: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases." *Van Gerwen,* 214 F.3d at 1045 n. 2, *citing Hensley,* 461 U.S. at 430 n. 3).

[2] Ms. Dean filed several Motions in response to Receiver's Motion to Compel. ECF Nos. 257, 258, 259, and 260. Receiver subsequently filed responses to Ms. Dean's various motions. ECF Nos. 275, 276. The Court construes each of Receiver's filings subsequent to the original Motion to Compel as rooted in the Motion to Compel.

[3] The Court notes the self-imposed reduction of Ms. Ney's hourly rate from $250.75 per hour to $175 per hour. ECF No. 378-2 at 40.

B. The Time Billed by Receiver's Counsel.

The Motion to Compel and responses to Ms. Dean's various Motions prepared by Receiver were forty pages in length, excluding exhibits, citing to law and facts relevant to the dispute between Receiver and Ms. Dean. Ms. Dean's various filings totaled 103 pages in length, without exhibits. The Memorandum of Fees demonstrates the following attorneys worked on the Motion to Compel: Ms. Hendricks (25.4 hours); Mr. Spaulding (28.1 hours); Mr. Hicks (2 hours); Ms. Ney (1.7 hours); Mr. Zaro (7.2 hours); and Mr. Del Castillo (7.4 hours).

The Court reviewed the time entries and finds the vast majority of them are appropriate under the Ninth Circuit's *Van Gerwen* analysis. The Court will not, however, award fees for time spent discussing and corresponding with Ms. Dean prior to filing the Motion to Compel. This finding results in a reduction of 1.7 hours from Ms. Hendricks's allotment and 1.1 hours from Mr. Zaro's time. In total, the Court awards fees for 24.5 hours spent by Ms. Hendricks, 42.7 hours for Mr. Spaulding, 2 hours spent by Mr. Hicks, 1.7 hours for Ms. Ney, 6.1 hours spent by Mr. Zaro, and 7.4 hours spent by Mr. Del Castillo.

At the contracted rate this equals: $11,766.12 for Ms. Hendricks' time, $13,610.62 for Mr. Spaulding's time, $723.50 for Mr. Hicks' time, $297.50 for Ms. Ney's time, $3,324.50 for Mr. Zaro's time, and $4,033 for Mr. Del Castillo's time.[4] Total fees and costs incurred and allowed are $33,755.24.

**II.   Order**

Accordingly, IT IS HEREBY ORDERED that Receiver's Memorandum of Fees (ECF No. 378) is GRANTED in the reduced amount of $33,755.24, as explained above.

---

[4] Included in these amounts are billing entries for time spent preparing the instant Memorandum of Fees, which is compensable. *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986).

IT IS FURTHER ORDERED that Kamille Dean is to make payment to Receiver within 30 days of the date of this Order unless an objection is filed.

**Dated this 29th day of December, 2022.**

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4