Jarrod L. Rickard, Bar No. 10203
  jlr@skrlawyers.com
Katie L. Cannata, Bar No. 14848
  klc@skrlawyers.com
SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile: (702) 920-8669

David R. Zaro (admitted *pro hac vice*)
  dzaro@allenmatkins.com
Joshua A. del Castillo (admitted *pro hac vice*)
  jdelcastillo@allenmatkins.com
Matthew D. Pham (admitted *pro hac vice*)
  mpham@allenmatkins.com
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Telephone: (213) 622-5555
Facsimile: (213) 620-8816

*Attorneys for Receiver Geoff Winkler*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW WADE BEASLEY, *et al.*,<br><br>Defendants,<br><br>THE JUDD IRREVOCABLE TRUST, *et al.*,<br><br>Relief Defendants. | Case No. 2:22-cv-00612-CDS-EJY<br><br>**[PROPOSED]** STIPULATED PROTECTIVE ORDER (REGARDING PRODUCTION OF DOCUMENTS, INFORMATION, AND THINGS BY WELLS FARGO BANK, N.A.) |

/ / /

/ / /

/ / /

Allen Matkins Leck Gamble
Mallory & Natsis LLP

4873-1957-4857.1

## I. REQUEST FOR STIPULATED PROTECTIVE ORDER

### A. Purposes and Limitations.

Discovery activity in this action is likely to involve the disclosure or production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than in connection with this action (or any related or ancillary proceedings) may be warranted. Accordingly, Geoff Winkler (the "Receiver"), the Court-appointed receiver, on the one hand, and Wells Fargo Bank, N.A. ("Wells Fargo"), a nonparty in this action, on the other hand, hereby stipulate to and petition the Court to enter the following stipulated protective order (the "Order").

### B. Acknowledgement of Procedure for Filing Under Seal.

The Receiver and Wells Fargo acknowledge, as set forth in Section X.C, below, that this Order does not entitle them to file protected material under seal; LR IA 10-5 and the directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file protected material under seal.

## II. DEFINITIONS

1. "Action": The civil action captioned as *SEC v. Beasley, et al.* and bearing Case No. 2:22-cv-00612-CDS-EJY, pending before this Court.

2. "Challenging Party": A Receiving Party that challenges a Designating Party's designation of Discovery Material as Protected Material under this Order.

3. "CONFIDENTIAL" (with respect to Discovery Material): Material qualifying for protection under Rule 26(c) of the Federal Rules of Civil Procedure or material that contains or reflects confidential, non-public, proprietary, commercially sensitive, and/or private information of an individual or entity.

4. "Counsel" (without qualifier): House Counsel or Outside Counsel.

5. "Designating Party": A Producing Party that designates Discovery Material as Protected Material.

///

6. "Discovery Material":  Information or items, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are disclosed or produced by a Producing Party in response to discovery in this Action.

7. "Expert":  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or consultant in this Action (or any related or ancillary proceedings).

8. "House Counsel":  Any attorney who is an employee of a Party.  House Counsel does not include Outside Counsel or any other outside counsel of a Party.

9. "Outside Counsel":  Any attorney who is not an employee of a Party but is retained to represent or advise that Party and has appeared in this Action (or any related or ancillary proceedings) on behalf of that Party or is affiliated with a law firm which has appeared on behalf of that Party.

10. "Party":  A Producing Party or Receiving Party.

11. "Producing Party":  Wells Fargo.

12. "Professional Vendor":  Any person or entity that provides litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) to a Party, including such person or entity's employees and subcontractors.

13. "Protected Material":  Any Discovery Material that has been designated as "CONFIDENTIAL" under this Order.  Wells Fargo may bulk designate documents as Protected Material.

14. "Receiving Party":  The Receiver.

### III. SCOPE

The protections conferred by this Order cover not only Protected Material, but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by the Parties or their counsel that might reveal Protected Material.  However, the protections conferred

by this Order **do not** cover the following information: (y) any information that is in the public domain at the time of disclosure to the Receiving Party or becomes part of the public domain after its disclosure to the Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (z) any information known to the Receiving Party prior to the disclosure, or obtained by the Receiving Party after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Notwithstanding the foregoing, any materials produced by the Producing Party to the plaintiff Securities and Exchange Commission, and subsequently shared with or obtained by the Receiving Party, shall be deemed to be Protected Material.

Nothing in this Order shall be construed as preventing or restricting a Producing Party's ability to disclose or use its Discovery Material for any purpose or precluding a Producing Party from showing its Discovery Material to the person who prepared such material.

## IV.   DURATION

Even after the final discharge of the Receiver as the receiver or the termination of this Action, the confidentiality obligations imposed on the Receiving Party by this Order for the benefit of a Designating Party shall remain in effect unless otherwise waived in writing by the Designating Party, or ordered by the Court.

## V.   DESIGNATING PROTECTED MATERIAL

### A.   Manner and Timing of Designations.

Except as otherwise provided in this Order (see, e.g., the last paragraph of this subsection), stipulated in writing by the Parties, or ordered by the Court, any Discovery Material that qualifies for protection under this Order must be clearly so designated by the Designating Party before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

1.   For information in documentary form (e.g., paper or electronic documents), that the Designating Party affix the legend "CONFIDENTIAL" to each page of a document designated for protection.

### B.     Failure to Designate.

The failure by a Producing Party to designate Discovery Material with the correct confidentiality designation, shall not waive any such designation. If the Producing Party notifies all Receiving Parties of a failure to designate materials as "CONFIDENTIAL," the Producing Party shall reproduce the Protected Material with the correct confidentiality designation within ten (10) days upon its notification to the Receiving Party. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

Once a Receiving Party has received notice of the failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material as Protected Material.

## VI.    ACCESS TO AND USE OF PROTECTED MATERIAL

### A.     Basic Principles.

The Receiving Party may use Protected Material that is disclosed or produced by a Producing Party in connection with this Action (or any related or ancillary proceedings) only for prosecuting, defending, or attempting to settle the litigation therein, or otherwise in the performance of the Receiver's duties as the receiver, including, without limitations, in connection with the development and execution of a claims allowance process and the investigation and prosecution of disgorgement actions or other litigation against third parties to recover receivership assets.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by the Receiving Party at a secure location or in a secure database that ensures that access is limited to the persons authorized under this Order.

### B.     Personally Identifying Information.

Wells Fargo will be producing records that contain Personally Identifying Information of its customers, which may include name, mailing address, telephone numbers, email addresses or other personally identifiable information that can be used on its own or with other information to identify, contact or locate an individual ("PII").  Redacting certain PII may be unduly burdensome, and such

PII is otherwise important to the resolution of this matter. Accordingly, Wells Fargo may elect not to redact PII in all documents produced. The Parties agree that any PII contained in documents produced shall be treated as CONFIDENTIAL, pursuant to the terms of this Order.

**C.     Secure Storage.**

Protected Material must be stored and maintained by a Receiving Party at a secure location or in a secure database that ensures that access is limited to the persons authorized under this Order.

**D.     Disclosure of Protected Material.**

Unless otherwise waived in writing by the Designated Party or ordered by the Court, the Receiving Party may disclose Discovery Material designated as Protected Material only to the following persons or entities:

1.      The Receiving Party itself, along with its officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for them to direct or assist the Receiving Party or Outside Counsel in connection with this Action (or any related or ancillary proceedings);

2.      Any Outside Counsel for the Receiving Party, along with their paralegals and support staff;

3.      Any Experts retained by the Receiving Party or Outside Counsel to whom disclosure is reasonably necessary for them to serve as an expert witness or as a consultant in this Action (or any related or ancillary proceedings), provided that such Expert has executed the *Acknowledgement and Agreement to Be Bound* that is attached hereto as **Exhibit A**;

4.      The Court and its personnel, provided that any Protected Material that is filed with the Court must be filed pursuant to the sealing procedures described in Section XI.C, below

5.      Any court reporters, stenographers, and videographers retained to record testimony taken in this Action (or any related or ancillary proceedings);

6.      Any deposition or trial witnesses, along with counsel for such witnesses, in this Action (or any related or ancillary proceedings), provided that (a) the deposing Party has requested that the witness execute the *Acknowledgement and Agreement to Be Bound* (**Exhibit A**), (b) the witness will not be permitted to retain any Protected Material unless they have executed the

*Acknowledgement and Agreement to Be Bound*, and (c) any pages of the transcribed deposition testimony or the exhibits to the deposition that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to any person or entity except as permitted under this Order;

7. Any Professional Vendors to whom disclosure is reasonably necessary for them to render support services to a Party for this Action (or any related or ancillary proceedings);

8. Any mediator who is assigned to hear a dispute in connection with this Action (or any related or ancillary proceedings), as well as their staff, provided that the mediator agrees to maintain confidentiality to the same degree as required by this Order; and

9. The author or recipient of a document containing the Protected Material or other person who otherwise possessed or knew of the Protected Material.

## VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If the Receiving Party is served with a subpoena or a court order issued in other litigation (including any proceeding related or ancillary to this Action) that compels disclosure of any Protected Material, the Receiving Party must promptly do the following:

1. Notify the Designating Party in writing of the Receiving Party's receipt of the subpoena or court order, with such notification to include a copy of such subpoena or court order;

2. Notify the party who caused the subpoena or court order to issue in the other litigation in writing that some or all of the material covered by the subpoena or court order is subject to this Order, with such notification to include a copy of this Order; and

3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

## VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If the Receiving Party learns that it has disclosed Protected Material to a person or under a circumstance not authorized under this Order, the Receiving Party must promptly do the following:

1. Notify the Designating Party in writing of the unauthorized disclosure;

1      2.      Use its best efforts to retrieve all unauthorized copies of the disclosed Protected
2 Material;

3      3.      Inform the person to whom the unauthorized disclosure was made of the terms of
4 this Order; and

5      4.      Request that such person execute the *Acknowledgment and Agreement to Be Bound*
6 (**Exhibit A**).

7 Unauthorized or inadvertent disclosure does not change the status of Discovery Material or
8 waive the right to hold the disclosed document or information as Protected Material.

## IX.   PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The production of documents (including both paper documents and electronically stored information) subject to protection by the attorney-client privilege, the bank examination privilege, or otherwise subject to protection under the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the Producing Party notifies the Receiving Party, in writing, of the production after its discovery of the same.

If the Producing Party notifies the Receiving Party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the Producing Party or destroyed or deleted, on request of the Producing Party. If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

The contents of the Identified Materials shall not be disclosed to anyone who was not

**Allen Matkins Leck Gamble Mallory & Natsis LLP**

already aware of the contents of them before the notice was made.

If any Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulated Protective Order.

The Party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

The parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of Identified Materials is not a waiver of the privilege in any other federal or state proceeding.

This stipulated agreement set forth in Section IX does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

## X. MISCELLANEOUS

### A. Right to Further Relief.

Nothing in this Order abridges the right of any person to seek the modification of this Order by the Court in the future.

### B. Right to Assert Other Objections.

By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any material on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

///

### C. Filing Protected Material.

Unless otherwise waived in writing by the Designating Party or ordered by the Court, the Receiving Party may not file in the public record in this Action (or any related or ancillary proceeding) any Protected Material. To the extent that the Receiving Party seeks to file any Protected Material under seal, the Receiving Party must comply with LR IA 10-5. Protected Material may only be and remain filed under seal pursuant to an order of this Court authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If the request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record, unless otherwise instructed by the Court.

Notwithstanding the foregoing, the Receiving Party may file in the public record in this Action (or any related or ancillary proceeding) any Discovery Material containing Protected Material provided that such Protected Material has been sufficiently redacted. By way of example, and for the avoidance of doubt, in connection with any litigation pursued by the Receiving Party against a third party (i.e., a claimant), any litigation by a claimant against the Receiving Party, or any disgorgement actions pursued by the Receiving Party, for the benefit of the receivership estate, against a third party (e.g., a transferee of an avoidable transfer), the Receiving Party may publicly file Discovery Material containing Protected Material, including but not limited to transactional details for any transfers to or from the third party (e.g., the identities of the transferor and transferee and the date and amount of the transfer), provided that any account numbers (except for the last four digits) and any other personal identifying information contained in the document (e.g., the address or contact information of the third party) have been redacted.

## XI. FINAL DISPOSITION

Within 60 days after the final discharge of the Receiver as the receiver or the termination of the Action, whichever is earlier, the Receiving Party must, upon request of a Designating Party, return all Protected Material to the Designating Party or destroy all such Protected Material, at the option of the Designating Party. As used in this section, "all Protected Material"

1  includes all copies, abstracts, compilations, summaries, and any other format reproducing or
2  capturing any of the Protected Material. Notwithstanding the foregoing, Counsel for the
3  Receiving Party is entitled to retain an archival copy of all pleadings, motion papers, trial,
4  deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial
5  exhibits, expert reports, attorney work product, and consultant and expert work product, even if
6  such materials refer to, contain, or constitute Protected Material; <u>provided</u>, <u>however</u>, that any
7  such archival copies that refer to, contain, or constitute Protected Material remain subject to this
8  Order as set forth in Section IV herein.

10  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

12  Dated:  January 13, 2023                          SEMENZA KIRCHER RICKARD

14                                                                          Jarrod L. Rickard, Bar No. 10203
                                                                                   Katie L. Cannata, Bar No. 14848
15                                                                          10161 Park Run Drive, Suite 150
                                                                                   Las Vegas, Nevada 89145

17                                                                          ALLEN MATKINS LECK GAMBLE
                                                                                     MALLORY & NATSIS LLP
                                                                                   David R. Zaro (admitted *pro hac vice*)
18                                                                          Joshua A. del Castillo (admitted *pro hac vice*)
                                                                                   Matthew D. Pham (admitted *pro hac vice*)
19                                                                          865 South Figueroa Street, Suite 2800
                                                                                   Los Angeles, California 90017-2543

                                                                                   *Attorneys for Receiver Geoff Winkler*

22  Dated:  January 13, 2023                          HOLLAND & HART LLP

24                                                                          Joseph G. Went, Bar No. 9220
       **IT IS SO ORDERED.**                                      9555 Hillwood Drive, 2nd Floor
25                                                                          Las Vegas, Nevada 89134

26                                                                          McGUIREWOODS LLP
                                                                                   Molly M. White (admitted *pro hac vice*)
27  **U.S. MAGISTRATE JUDGE**                         1800 Century Park East, 8th Floor
                                                                                   Los Angeles, California 90067
28  **Dated:  January 13, 2023**
                                                                                   *Attorneys for Wells Fargo Bank, N.A.*

Allen Matkins Leck Gamble
Mallory & Natsis LLP

-11-

# **EXHIBIT A**

# **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ *[print or type full name]*, of _____ _____ *[print or type full address]*, declare under penalty of perjury that I have read in its entirety and understand the *Stipulated Protective Order (Regarding Production of Documents, Information, and Things by Wells Fargo Bank, N.A.)* (the "Order") that was issued by the United States District Court for the District of Nevada on _____ <DATE> in the case of *SEC v. Beasley, et al.* (Case No. 2:22-cv-00612-CDS-EJY). I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ *[print or type full name]* of _____ _____ *[print or type full address and telephone number]* as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**Allen Matkins Leck Gamble Mallory & Natsis LLP**