JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>MATTHEW WADE BEASLEY *et al.*<br><br>Defendants<br><br>THE JUDD IRREVOCABLE TRUST *et al.*<br><br>Relief Defendants | 2:22-CV-612-CDS-EJY<br><br>**Stipulation to Turnover the Seized Property to the SEC Receiver as to Jennifer Judd; Jeffrey J. Judd, d.b.a. J&J Consulting Services, Inc., Alaska; J&J Consulting Services, Inc., Nevada; and J and J Purchasing, LLC, and Order** |

Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc., Alaska; J&J Consulting Services, Inc., Nevada (both now listed as J&J Consulting Services, Inc.); and J and J Purchasing, LLC., agree as follows:

1. Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, knowingly and voluntarily agree the government will dismiss the forfeiture case (case) in order to turnover the seized property to the Securities Exchange Commission (SEC) Receiver to be credited to Jennifer Judd; Jeffrey J. Judd, J&J Consulting Services, Inc. and J&J Purchasing, Inc., as payment toward any future disgorgement in *Securities Exchange Commission vs. Beasley et al.*, Case No. 2:22-CV-00612-CDS-EJY.

2. Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, knowingly and voluntarily agree to waive their right to any administrative forfeiture, civil judicial forfeiture, or criminal forfeiture proceedings (proceedings) concerning the forfeiture of the following seized property:

    a. PATEK PHILIPPE GENEVE WATCH IN BOX S/N A384EBA,
    b. HUBLOT WATCH S/N 1509142,
    c. ONE SILVER COLORED RING WITH CLEAR STONES,
    d. FRANCK MULLER VANGUARD WATCH S/N TT BR ER,
    e. ONE PAIR EARRINGS, SILVER IN COLOR IN BOX,
    f. ONE NECKLACE, SILVER IN COLOR IN BOX,
    g. ONE SILVER COLORED BRACELET WITH CLEAR STONES IN BERGER AND SON BOX,
    h. ONE SILVER COLORED NECKLACE WITH CLEAR STONES IN BERGER AND SONS BOX,
    i. TWO BERGER AND SON RINGS,
    j. ONE SILVER COLORED HEART NECKLACE IN BERGER AND SON BOX,
    k. ONE SILVER COLORED RING WITH CLEAR STONES IN BERGER AND SON BOX,
    l. ONE PAIR TIFFANY AND CO EARRINGS IN BOX,
    m. ONE TIFFANY AND CO BRACELET IN BOX,
    n. ONE SILVER COLORED RING IN RED BOX,
    o. ONE ROLEX WATCH-SILVER,
    p. ONE HUBLOT WATCH WITH DARK LEATHER BAND,
    q. ONE GORILLA WATCH-WHITE AND BLACK,
    r. ONE RICHARD MILLE WITH BLACK BAND,
    s. ONE CARTIER WATCH SILVER S/N 245911AX,
    t. 1,500 SILVER COINS IN CONTAINERS,

    u. 126 GOLD COINS OF VARIOUS SHAPES AND SIZES,

    v. 220 SILVER COINS,

    w. 2 SILVER PLATES,

    x. 140 SILVER COINS IN VARIOUS SIZES,

    y. 60 (3 TUBES) SILVER COINS,

    z. 15 INDIVIDUAL SILVER COINS,

    aa. 5 SILVER PLATES IN "ACID" BOX,

    bb. 244 SILVER COINS,

    cc. 1 GOLD COIN IN "JOHN VARVATOS" BOX, and

    dd. US $397,171

(all of which constitutes seized property).

3. Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, knowingly and voluntarily agree to waive service of process of any documents filed in the case or any proceedings concerning the seized property arising from the facts and circumstances of the case.

4. Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, knowingly and voluntarily agree to waive any further notice to them, their agents, or their attorneys regarding the forfeiture, disposition, and turnover of the seized property.

5. Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, knowingly and voluntarily agree not to file any claim, answer, petition, or other documents in any proceedings concerning the seized property.

6. Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, knowingly and voluntarily agree not to contest, and agree not to assist any other person and entity to contest, the forfeiture in any proceedings concerning the seized property.

7. Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, knowingly and voluntarily agree to withdraw any claims, answers,

counterclaims, petitions, or other documents they filed in any proceedings concerning the seized property, including, but not limited to, the administrative forfeiture and the administrative claims.

8. Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, knowingly and voluntarily agree to waive the statute of limitations, the CAFRA requirements, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions A, C, E, and G, 18 U.S.C. § 983, any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution in any proceedings concerning the seized property.

9. Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, knowingly and voluntarily agree to waive all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution in any proceedings concerning the seized property.

10. Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, knowingly and voluntarily agree to waive any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property, including, but not limited to, excessive fines and cruel and unusual punishments under the Eighth Amendment to the United States Constitution in any proceedings concerning the seized property.

11. Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, knowingly and voluntarily agree to waive any and all constitutional, statutory, legal, equitable rights, defenses, and claims to the property under *Honeycutt v. United States*, 137 S. Ct. 1626 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313, 315, 319 (9th Cir. 2021) in any proceedings concerning the seized property.

/ / /

12. Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, knowingly and voluntarily agree to the entry of this Order to dismiss the case and to turnover the seized property.

13. Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, knowingly and voluntarily agree to waive the right to appeal any Order to dismiss the case and to turnover the seized property to the SEC Receiver.

14. Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, knowingly and voluntarily agree to the conditions set forth in this Stipulation to Turnover the Seized Property to the SEC Receiver as to Jennifer Judd; Jeffrey J. Judd, d.b.a. J&J Consulting Services, Inc., Alaska; J&J Consulting Services, Inc., Nevada; and J and J Purchasing, LLC, and Order (Stipulation).

15. Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, knowingly and voluntarily agree to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Federal Bureau of Investigation, the United States Marshals Service, the Department of the United States Treasury, the Internal Revenue Service, the Securities and Exchange Commission, their agencies, their agents, and their employees from any claim made by Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, or any third party arising out of the facts and circumstances of the case, its dismissal, and turnover of the seized property to the SEC Receiver.

16. Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, knowingly and voluntarily release and forever discharge the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Federal Bureau of Investigation, the United States Marshals Service, the Department of the United States Treasury, the Internal Revenue Service, the Securities and Exchange Commission, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, now have or may

5

hereafter have on account of, or in any way growing out of, the seizures, the dismissal of the case, and the turnover of the seized property to the SEC Receiver.

17. Within a practicable time for the United States, the government agrees to turnover the seized property to the SEC Receiver.

18. Each party acknowledges and warrants that their execution of this Stipulation is free and is voluntary.

19. This Stipulation contains the entire agreement between Jennifer Judd; Jeffrey J. Judd; J&J Consulting Services, Inc.; and J and J Purchasing, LLC, and the government in this case.

20. Except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

21. The persons signing this Stipulation warrant and represent that they have full authority to execute this Stipulation and to bind the persons, on whose behalf they are signing, to the terms of this Stipulation.

22. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

23. Each party shall bear their own attorneys' fees, expenses, costs, and interest.

24. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /

/ / /

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

Dated: 1/16/23

Dated: _____

JASON M. FRIERSON
United States Attorney

*[signature]*

JEFFREY J. JUDD

DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

Dated: 1/16/23

*[signature]*

JEFFREY J. JUDD
J&J Consulting Services, Inc., Alaska
J&J Consulting Services, Inc., Nevada
J and J Purchasing, LLC

Dated: 1/16/23

*[signature]*

JENNIFER JUDD

IT IS SO ORDERED:

_____
CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE

DATED: _____

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

Dated: _____          Dated: January 17, 2023

                                       JASON M. FRIERSON
                                       United States Attorney

                                       /s/ Daniel D. Hollingsworth
_____                 DANIEL D. HOLLINGSWORTH
JEFFREY J. JUDD                        Assistant United States Attorney

Dated: _____


_____
JEFFREY J. JUDD
J&J Consulting Services, Inc., Alaska
J&J Consulting Services, Inc., Nevada
J and J Purchasing, LLC

Dated: _____


_____
JENNIFER JUDD


IT IS SO ORDERED:

_____
CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE

DATED: January 17, 2023