CASEY R. FRONK (Illinois Bar No. 6296535)
Email: fronkc@sec.gov
MICHAEL E. WELSH (Massachusetts Bar No. 693537)
WelshMi@sec.gov
SECURITIES AND EXCHANGE COMMISSION
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (801) 524-5796
Fax: (801) 524-3558

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICES, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; ROLAND TANNER; LARRY JEFFERY; JASON A. JENNE; SETH JOHNSON; CHRISTOPHER M. MADSEN; RICHARD R. MADSEN; MARK A. MURPHY; CAMERON ROHNER; AND WARREN ROSEGREEN;<br><br>　　　　Defendants; and<br><br>THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC;<br><br>　　　　Relief Defendants. | Case No.: 2:22-cv-00612-JCM-EJY<br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN; PROPOSED ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

1

Plaintiff Securities and Exchange Commission (the "SEC"), Defendants Christopher Humphries, Shane Jager, Jason Jongeward, Denny Seybert, Seth Johnson, Richard Madsen, Mark Murphy, Cameron Rohner, and Warren Rosegreen, and Relief Defendants Stirling Consulting, L.L.C., CJ Investments, L.L.C., JL2 Investments, LLC, Rocking Horse Properties, LLC, and Triple Threat Basketball, LLC[1] (herein together, the "Parties") hereby submit their Joint Report and Proposed Discovery Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1(b).

I.   MATTERS COVERED BY RULE 26(f)(3)

A.   Rule 26(a)(1) Disclosures

All parties shall serve the disclosures required by Rule 26(a)(1) no later than March 7, 2023.

B.   Discovery Plan

The Parties agree that discovery should proceed with respect to any non-privileged matter that is relevant to the claims or defenses of the parties or reasonably calculated to lead to the discovery of admissible evidence.  The Parties also agree that this is a highly complex case involving over 40 individuals and entity parties, hundreds of interested investors, and complex procedural issues, such that the standard discovery deadlines set forth in Local Rule 26-1(b) will not promote the efficient and effective resolution of this case.  As such, the Parties propose the following discovery dates:

---

[1] Defendants Matthew Beasley, Beasley Law Group PC, Jeffrey Judd, J&J Consulting Services, Inc. (Alaska), J&J Consulting Services Inc. (Nevada), J and J Purchasing LLC, Roland Tanner, Larry Jeffrey, Jason Jenne, and Christopher Madsen; and Relief Defendants The Judd Irrevocable Trust, PAJ Consulting Inc., BJ Holdings LLC, ACAC LLC, Anthony Alberto, and Monty Crew, LLC did not appear at the parties' scheduled Rule 26(f) conference on January 6, 2023.  Following the parties' conference, counsel for the SEC circulated the proposed Joint Report to all defendants who have appeared in this action.  As of this date, none of these defendants has responded to or objected to the SEC's position as set forth herein.

| Event | Proposal |
|---|---|
| Discovery Cut-Off | February 9, 2024 |
| Exchange of Initial Expert Reports | October 9, 2023 |
| Exchange of Rebuttal Expert Reports | November 8, 2023 |

### C. Electronic Discovery

The Parties agree that it is too early to determine whether any issues relating to electronic discovery will potentially require the Court's intervention. The Parties agree that to the extent possible, documents will be produced electronically in a form compatible with the Court's electronic jury evidence system and in hard copy if electronic versions are not available. The Parties have not identified any proportionality issues to date.

### D. Claims of Privilege

The Parties agree it is too early to determine whether any issues relating to claims of privilege will potentially require the Court's intervention. The Parties intend that Rule 502 of the Federal Rules of Evidence shall apply to any question of waiver.

### E. Proposed Changes to Limitations on Discovery

Given the complexity of this case and the large number of parties in this action, the Parties agree that the limitations on depositions of ten (10) per side, as set forth in Rule 30(a)(2)(A)(i), would not adequately allow the Parties to obtain the evidence necessary to proceed with this case. As such, the Parties propose that **(1)** the SEC be permitted to take a total of **20 depositions**, and **(2)** each Defendant group (defined as any Defendants that have common ownership with any other Defendants) be permitted to take up to **5 depositions**. The Parties agree to coordinate and meet and confer in good faith to ensure that any deposition taken is necessary to obtain evidence for a party's claims and defenses, and the Parties do not presently expect to exhaust the number of depositions proposed here. The Parties also agree to coordinate and meet and confer in good faith to ensure that, where feasible, a Party taking a deposition will allow sufficient time during the deposition, in conformance with Rule 30(d)(1), for any other Party to examine the deponent without having to separately notice the same witness.

### F. Other Scheduling Orders the Court Should Issue

Pursuant to Local Rule 26-1, the parties respectfully request that the Court also issue orders regarding the filing of dispositive motions and for a Joint Pretrial Order, as follows:

| Event | Proposal |
|---|---|
| Last Day to Amend Pleadings or Add Parties | November 13, 2023 (90 days prior to the Parties' proposed Discovery Cut-Off) |
| Dispositive Motion Cut-Off | March 11, 2024 (30 days following the Parties' proposed Discovery Cut-Off) |
| Joint Pretrial Order (Rule 26(a)(3) disclosures shall be included in the Pretrial Order) | April 10, 2024 (30 days following the Parties' proposed Dispositive Motion Cut-Off) If dispositive motions are filed, the deadline for filing the joint pre-trial order will be suspended until 30 days after the decision on the dispositive motions or further court order. |

## II. ADDITIONAL MATTERS COVERED BY LOCAL RULE 26-1

### A. Alternative Case Resolution

The Parties have considered consenting to trial by a magistrate judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  The Parties do not consent to having a magistrate judge preside over this action for all purposes, including trial.  The parties have also considered the use of the short trial program (General Order 2013-1), and do not consider this an appropriate case for that program.

### B. Alternative Dispute Resolution

The Parties have conferred about alternative dispute resolution and request an early settlement conference with the assigned magistrate judge.

### C. Electronic Evidence

The Parties have discussed electronic presentation of evidence to the jury for purposes of jury deliberations.  As set forth above, the parties have agreed to the extent possible to produce

documents electronically in a form compatible with the Court's electronic jury evidence display system and in hard copy if electronic versions are not available.

### D.     Other Issues

The parties have not identified any other issues at this time.

Respectfully submitted,[2]

Dated: January 20, 2023

    /s/ Casey R. Fronk_____
Casey R. Fronk
Michael E. Welsh
*Attorneys for Plaintiff*
*Securities and Exchange Commission*

Dated: January 20, 2023

    /s/ David C. Clukey_____
David C. Clukey
JACKSON WHITE, PC
40 North Center, Suite 200
Mesa, AZ 85201
dclukey@jacksonwhitelaw.com
*Attorney for Defendants Seth Johnson and Cameron Rohner*

Dated: January 20, 2023

    /s/ David O'Toole_____
David O'Toole
BRAGANCA LAW LLC
5250 Old Orchard Road, Suite 300
Skokie, IL 60077
david@secdefenseattorney.com
*Attorney for Defendant Richard R. Madsen*

---

[2] The following counsel have consented to the addition of their electronic signature on the document. To date, no Party has objected to the content of this document.

Dated: January 20, 2023

     /s/ Marc P. Cook
Marc P. Cook
COOK AND KELESIS, LTD.
517 S. 9th St.
Las Vegas, NV 89101
mcook@bckltd.com
*Attorney for Defendant Mark A. Murphy*

Dated: January 20, 2023

     /s/ Lance A. Maningo
MANINGO LAW
400 S. 4th Street
Suite 650
Las Vegas, NV 89101
lance@maningolaw.com
*Attorney for Defendant Denny Seybert and Relief Defendant Rocking Horse Properties, LLC*

**IT IS SO ORDERED**

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January, 2023, I caused **JOINT RULE 26(f) REPORT AND DISCOVERY PLAN; PROPOSED ORDER** to be served to all parties entitled to service through the Court's ECF system and to the following individuals by the means indicated below:

*U.S. Mail, first class, postage prepaid, to:*

Matthew Wade Beasley and
Beasley Law Group PC and
PAJ Consulting, Inc. (as Registered Agent)
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

Jason M. Jongeward and
JL2 Investments, LLC
███████████
Washington, UT ████

Warren Rosegreen and
Triple Threat Basketball, LLC
███████████
Henderson, NV ████

Jeffrey Judd
███████████
Las Vegas, NV
- and -
███████████
Henderson, NV ████

Jason A. Jenne
███████████
Las Vegas, NV

*By email to the following:*

Anthony Michael Alberto, Jr. and Monty Crew, LLC
███████████

Dyke Huish
Huish Law Firm
huishlaw@mac.com
  *Counsel for Roland Tanner*

            */s/ Casey R. Fronk*
            Casey R. Fronk