KARA B. HENDRICKS, Bar No. 07743
hendricksk@gtlaw.com
JASON K. HICKS, Bar No. 13149
hicksja@glaw.com
KYLE A. EWING, Bar No 014051
ewingk@gtlaw.com
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile:   (702) 792-9002

JARROD L. RICKARD, Bar No. 10203
jlr@skrlawyers.com
KATIE L. CANNATA, Bar No. 14848
klc@skrlawyers.com
**SEMENZA KIRCHER RICKARD**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada  89145
Telephone: (702) 835-6803
Facsimile:   (702) 920-8669

DAVID R. ZARO*
dzaro@allenmatkins.com
JOSHUA A. del CASTILLO*
jdelcastillo@allenmatkins.com
MATTHEW D. PHAM*
mpham@allenmatkins.com
*admitted *pro hac vice*
**ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP**
865 South Figueroa Street
Suite 2800
Los Angeles, California  90017-2543
Telephone: (213) 622-5555
Facsimile:   (213) 620-8816

*Attorneys for Geoff Winkler, Receiver for
J&J Consulting Services, Inc., J&J Consulting Services, Inc.,
J and J Purchasing LLC, The Judd Irrevocable Trust,
and BJ Holdings LLC*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW WADE BEASLEY; et al.,<br><br>Defendants,<br><br>THE JUDD IRREVOCABLE TRUST, et al.,<br><br>Relief Defendants. | CASE NO. 2:22-cv-00612-CDS-EJY<br><br>**THIRD QUARTERLY REPORT OF RECEIVER GEOFF WINKLER** |

Geoff Winkler of American Fiduciary Services, LLC (the "Receiver"), the Court-appointed receiver for defendant J&J Consulting Services, Inc., an Alaska corporation, defendant J&J Consulting Services, Inc., a Nevada corporation, defendant J and J Purchasing LLC (collectively, the "J&J Entities"), the Wells Fargo Interest on Lawyers' Trust Account ending in 5598 in the name of

1

defendant Beasley Law Group PC, along with Relief Defendants: the Judd Irrevocable Trust, PAJ Consulting Inc, BJ Holdings LLC, Stirling Consulting LLC, CJ Investments, LLC, JL2 Investments, LLC, Rocking Horse Properties, LLC, Triple Threat Basketball, LLC, ACAC LLC, Monty Crew LLC; and, and the assets of Defendants and Relief Defendants: Matthew Wade Beasley, Jeffrey J. Judd, Christopher R. Humphries, Shane M. Jager, Jason M. Jongeward, Denny Seybert, Roland Tanner, Larry Jeffery, Jason A. Jenne, Seth Johnson, Christopher M. Madsen, Richard R. Madsen, Mark A. Murphy, Cameron Rohner, Warren Rosegreen, and Anthony Michael Alberto, Jr. (all, collectively, the "Receivership Defendants" or "Receivership Entities")[1], submits his Third Quarterly Report ("Report") for the period October 1, 2022, through December 31, 2022 ("Reporting Period"), regarding the receivership pursuant to Local Rule 66-4(b).

## I.  INTRODUCTION

As reflected in the Court's record and discussed further in this Report, the Receiver has been authorized, empowered, and directed to, among other things: (1) take exclusive authority and control over the Receivership Entities; (2) conduct such investigation and discovery as necessary to identify and locate outstanding assets of the Receivership Entities; and (3) preserve and prevent the dissipation of such assets.

The Receiver has diligently pursued these goals since the June 3, 2022 inception of the receivership. As detailed herein, since the entry of the Order Appointing Receiver and the Order Amending Receivership Order ("Appointment Order") (ECF Nos. 88 and 207), the Receiver has made substantial progress, particularly in connection with his efforts to assert control over the Receivership Entities and identify and marshal their assets for the benefit of the receivership estate, investors, and other creditors. However, because the Receiver's work is ongoing, the conclusions presented herein must be deemed preliminary, and are subject to modification or amendment as more information becomes available. As of the date of this Report, the Receiver has not completed an investigation or accounting, nor arrived at any definitive conclusions, including as to the allegations made by the plaintiff Securities and Exchange Commission ("SEC") in the above-entitled matter.

---

[1] On July 29, 2022, this Court entered an order expanding the original receivership order to apply to additional defendants (*see* ECF 207).

2

ACTIVE 684991510v1

## II. SUMMARY OF THE RECEIVER'S OPERATIONS (LR 66-4(b)(1)

### A. THE RECEIVER'S INVESTIGATIVE AND MARSHALLING ACTIVITIES

During this reporting period, the Receiver and his counsel have continued to reach out to the Defendants and their respective counsel to discuss the turnover of assets and documentation related to bank statements, investor communications, and other information pertinent to the work of the Receiver. In furtherance of the same, the Receiver was required several pleadings with the Court. On September 28, 2022 the Receiver filed a Motion for Turnover of Receivership Property ("Motion for Turnover") held by the United States Marshals Service or other federal agency (ECF No. 319). Thereafter, a stipulation was filed facilitating the turnover of property obtained from Defendant Chris Humphries (ECF No. 353). The United States responded to the Motion for Turnover which subsequently led to a stipulation and Order authorizing the turnover of property obtained from Defendant Jeffrey Judd to the Receiver. *See,* ECF Nos. 354, 403, 427. Additionally, Receiver's counsel filed a Motion to Compel or Alternative Motion for Order to Show Sause Why Paula Beasley and Aaron Grigsby Should Not be Held in Contempt for Failure to Comply with this Court's Orders and Request for Turnover of Mercedes G Wagon or Value of the Same (ECF No. 334)

The Receiver's counsel has continued to work to obtain full compliance with the Appointment Order, especially as it relates to the turnover of attorney fees. Following the Court's denial of Defendant Chris Humphries and Relief Defendant CJ Investments Motion for Release of Funds for Attorney's Fees (ECF No. 318), the Christiansen Trial Lawyers firm transferred $132,359.22 received from Mr. Humphries. Similarly, the law firm of Jackson White transferred their retainer of $20,000 from Cameron Rohner. On October 17, 2022, Richard Madsen submitted a Motion to Clarify Asset Freeze and Allow Attorney's Fees (ECF No. 332), which the SEC and Receiver requested the court deny. Richard Madsen's attorneys have since discussed the turnover of $205,000.[2] A number of filings were also made relating to the turnover of funds held by Kamille Dean. *See e.g.* ECF Nos. 210,

///

///

---

[2] Representation have been made that a check for an additional $50,000 has been mailed to the Receiver.

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

275, 368, 375, 378, 391, 409, 420, 443.  As a result of the same, Ms. Dean transferred $201,060 to the Receiver on November 18, 2022.[3]

The Receiver continues to obtain and review documents provided by Defendants that are received on a monthly basis.  Defendant Humphries and Jeffrey continue to timely submit required documentation as indicated in the respective stipulations on file with the Court.  Defendants who are not currently in compliance with stipulations will continue to be prompted by the Receiver to turn over necessary information for review.[4]

On August 31, 2022, a Motion to Intervene was submitted to the court (ECF No. 281) which was opposed by the SEC and Receiver and was denied by the Court on November 28, 2022 (ECF No. 373).  On December 12, 2022, the proposed intervenors submitted a Motion for reconsideration (ECF No. 387) which was opposed by the SEC and Receiver and is pending resolution.

The Receiver successfully secured real and personal property which is presently valued in the aggregate at over $80 million.  During this reporting period, the Court granted permission for the sale of real properties (ECF No. 367 and 393) bringing an additional $6,530,746.02 into the Receivership Estate.  In addition to these two sales, eight other properties in California, Utah and Nevada were pending sale during this reporting period.[5]  During this reporting period, five vehicles were sold bringing an additional $878,970 into the Receivership. Additionally, following the approval of the Court, the Receiver was able to sell the 2008 Hawker 900XP aircraft, bringing an additional $4,950,000 to the Receivership.  A description of the assets sold and pending sale is included in Section II below.

The Receiver's investigation resulted in more knowledge of additional assets that will bring more funds into the receivership estate.  The Receiver and his counsel have been working on valuations and negotiations for each of these investments as well as investigating other assets that

---

[3] Currently pending are Ms. Dean's requests/appeals of decisions made by the Magistrate Judge relating to the turnover of funds to the Receiver and attorney fees awarded to the Receiver.

[4] Efforts to timely provide document to the Receiver are greatly appreciated.

[5] Stipulations have been entered to sale a number of these properties since the reporting period closed on December 31, 2022 and updated information will be provided with the next report.

4

will bring value to the Receivership Estate.  Additional investment funds recovered during this report period include: $134,021.45 from Jeffery Judd's investment in the Tower 18; $41,713.68 was received from a certified check from Jennifer Judd; $7,653,788.44 was received from the turnover of Mr. Judd's US bank accounts; an additional $345,740.71 was turned over from Chase Bank for various defendants' accounts.  Additionally, the Receiver supported the sale of Denny Seybert's Keller Williams franchise, with $5,000 expected in the near term and additional funds future pursuant to the terms set forth in the purchase agreement.  Additionally, the Receiver has requested the U.S. Attorney's Office to facilitate the turnover of property that was seized by the Federal Bureau of Investigations prior to the initiation of this case.[6]

As of the end of the Reporting Period, the Receiver recovered a total of $21,678,513 in cash.  A breakdown of the funds and assets received is detailed in Section III, below.

**B.   INVESTOR AND CREDITOR COMMUNICATION**

The Receiver has maintained and regularly updated the website (http://www.jjconsulting-receivership.com) for investors and creditors to access information regarding this case. Additionally, the Receiver and his team have continued to review investor lists provided by Defendants and have collected additional registration forms directly from investors. The Receiver submitted an investor list with approximately 742 investors to the court, in camera, on October 31, 2022.  An updated investor list will be submitted to the court in camera at the same time this report is submitted.  The total number of investors increased to approximately 850 by the end of this Reporting Period. The Receiver also held a second investor and creditor meeting on January 20, 2023.  The recordings of investor and creditor updates can be viewed by going to www.jjconsulting-receivership.com/notices. Any investors that have not yet registered to receive updates on this case can do so by going to www.jjconsulting-receivership.com/register.  The Receiver's team has and will continue to send monthly updates regarding the case to everyone registered.

/ / /

---

[6] As detailed above, on September 28, 2022, the Receiver filed a Motion for Turnover of Receivership Property Held by the United States Marshall Service or Other Federal Agency as a Result of Warrants Issued Regarding Defendants (ECF No. 319).  Subsequent to the filing of said Motion, stipulations have been filed to effectuate the turnover requested.

### C. THE RECEIVER'S FORENSIC ACCOUNTING ACTIVITIES

During this reporting period the Receiver was able to acquire access to additional bank statements and tax returns from Defendants and Relief Defendants. It is important to note that each of these files is incomplete and a request for missing documents has or will be made. The Receiver has been indexing the documents received to ensure the ability to identify missing documents. The Receiver has also started the forensic accounting process. This includes reviewing and analyzing digitized bank transactions, bank statements, check images, and wire details, amongst other bank documentations. The Receiver has also started to review tax returns to identify other potential assets of the receivership estate. As documentation continues to be provided and reviewed the Receiver will be able to better to evaluate and propose a claims process.

### D. ADDITIONAL RECEIVERSHIP ADMINISTRATION ACTIVITIES

#### 1. Outreach to Financial Institutions Regarding Turnover of Accounts

During the Reporting Period, the Receiver continued to pursue the turnover of Receivership Assets from financial institutions administering accounts maintained by or for the benefit of the Receivership Defendants. As noted in prior submissions, the Receiver has made turnover requests to over a dozen financial institutions since the commencement of this matter. As of the date of this Report, most of the financial institutions to whom the Receiver has delivered turnover requests have responded, with many turning over accounts, funds, and documents. Among the largest turnover successes, the Receiver and his professionals successfully negotiated with U.S. Bank regarding the turnover of over $8 million in Receivership Assets, along with the release of a senior lien encumbering a valuable real property asset. The Court has granted a stipulation regarding the turnover and release, and the funds in question have been wired to the Receiver, and the lien released, resulting in millions of dollars in benefit to the Estate.

#### 2. Personal Property Sales

As reflected in the Receiver's Petition for Order Authorizing and Approving General Procedures for Sale of Personal Property out of Receivership (the "Personal Property Sale Motion") (ECF No. 137), the Receiver has determined, in his reasonable business judgment, that it is appropriate to market and sell certain personal property assets over which the Receiver has authority

(or which are turned over to the Receiver pursuant to the Appointment Order), including a private aircraft, numerous automobiles, and other personal items. By way of example, after the Court granted the Personal Property Sale Motion, the Receiver engaged in multiple rounds of public bidding in connection with his then-anticipated sale of a private aircraft owned by BJ Holdings LLC. Ultimately, the Receiver accepted a bid with a net value of over $5 million and, after the entry of a supplemental confirmatory order from this Court. The sale of the aircraft closed during this Reporting Period. The total revenue brought in from this asset is approximately $5.26 million into the Receivership during this Reporting Period. The Receiver was able to save funds for the Receivership Estate by foregoing the use of a broker to effectuate the sale of the jet.

During the Reporting Period, Ben Tranquillo of the Car Consultant, Inc. was able to finalize the sale of the following five vehicles[7].

| *Year* | *Make* | *Model* | *Total Received* | *Defendant* |
|---|---|---|---|---|
| 2022 | Rolls Royce | Cullinan Black Badge | $485,000 | Judd |
| 2021 | Jeep | Wrangler Rubicon | $56,965 | Beasley |
| 1973 | Volkswagen | Kombi | $60,000 | Jager |
| 2020 | Bentley | Continental | $220,605 | Beasley |
| 2019 | Cadillac | Escalade Platinum | $56,400 | Beasley |
| | | *Total* | $878,970 | |

### 3. Real Property Sales

This Court has granted the Real Property Sale Motion (see ECF Nos. 224) and the Receiver was given authorization from the court to employ professionals to assist in the sale of real properties (ECF No. 302). Properties in Nevada are being listed by Joe DiRaffaele, and properties in California and Utah are being listed by Todd Wohl. The following real properties that were either sold or pending sale during this reporting period are below.

| Address | Property Type | Total Received/Expected | Defendant | Status |
|---|---|---|---|---|
| 9 Sky Arc Ct, Henderson, NV 89012-7297 | Single Family Residential | $6,249,705.12 | Judd | sold |
| 2065 Canvas Edge Dr, Henderson NV 89044 | Single Family Residential | $281,040.90 | Tanner | sold |

---

[7] Efforts have also been made by the Receivership team to obtain clear titles to facilitate the sale of additional vehicles.

| Address | Property Type | Total Received/Expected | Defendant | Status |
|---|---|---|---|---|
| 2394 E. La Sal Peak Dr., Heber City, Utah 84032 | Single Family Residential | $5,033,306.74 | Jager | Pending sale |
| 2364 E. La Sal Peak Dr., Heber City, Utah 84032 | Vacant lot | $656,731.26 | Jager | Pending sale |
| 5475 Ruffian Rd, Las Vegas, NV 89149 | Single Family Residential | $1,307,375.21 | Beasley | Pending sale |
| 5485 Ruffian Rd, Las Vegas, NV 89149 | Vacant lot | $278,616.75 | Beasley | Pending sale |
| SWC Ruffian Rd and W Stephen Ave, Las Vegas, NV 89149 | Vacant lot | $278,616.75 | Beasley | Pending sale |
| W Hammer Lane Ruffian Rd, Las Vegas, NV 89101 | Vacant lot | $494,920.50 | Beasley | Pending sale |
| 516 11th St Huntington Beach, CA 92648 | Single Family Residential | $736,962.59 | Humphries | Pending sale |
| 2143 Via Regina Coeli St., Las Vegas, NV 89124 | Single Family Residential | $405,624.04 | Beasley | Pending sale |
| **Total** | | $15,722,899.86 | | |

An offer was received for 548 Lucerne Way, South Lake Tahoe, CA since the end of the reporting period. This pending sale will be discussed further in the subsequent status report. As of the end of the Reporting Period, the above-mentioned real property sales resulted in the collection of approximately $6.53 million in net proceeds to the receivership estate and additional funds are expected in the near term.

### 4. Bankruptcy Cases and Related Proceedings

On November 18, 2022, the Receiver filed his motion to dismiss the bankruptcy cases of the debtors and receivership entities J & J Consulting Services, Inc., a Nevada corporation, and J and J Purchasing, LLC, which, will allow the Receiver to exclusively administer the estates of those debtors (along with the estates of the other non-debtor entities and individuals) as part of the receivership arising out of the SEC Action. In the motion, the Receiver also sought the dismissal of four of the five related adversary proceedings. No parties opposed the Receiver's motion, and on December 20, 2022, the Court entered orders its dismissing the bankruptcy cases and adversary proceedings (ECF No. 404).

8

ACTIVE 684991510v1

On November 18, 2022, the Receiver also filed his motion to remand the fifth related adversary proceeding captioned as *Mark A. Murphy, et al. v. Matthew Beasley, et al.* and bearing Case No. 2:22-cv-01549-CDS-EJY (the "Murphy Action") back to the Eighth Judicial District Court of the State of Nevada and the same was granted on January 17, 2023. *See,* ECF No. 11 entered in Case No. 22-cv-01549-CSD-EJY.

### III. INVENTORY OF ASSETS AND ESTIMATE VALUE (LR 66-4(b)(2))[8]

#### A. CASH

From October 1 to December 31, 2022, the Receiver was able to recover approximately $21,678,513 in cash. The Standardized Fund Accounting Report for the period is attached to this report as **Exhibit A**. This cash is made up of $353,419 received from attorneys for Defendants and $8,662,385 in turnover of funds.

Aside from the cash, the major assets in this case consist of real properties, vehicles, and other valuable assets. The total value of assets collected through the reporting period is $80,049,508 inclusive of the $21,678,513 in cash.[9]

#### B. REAL PROPERTY

The total value of real properties in the Receiver's possession during this reporting period is $36,728,019. This includes 548 Lucerne Way, South Lake Tahoe, CA, which received an offer and has been pending sale since the end of the reporting period. This will be discussed further in the subsequent status report. Properties that are currently listed for sale can be found on the Receiver's website at www.jjconsulting-receivership.com/asset-sales. Any interested parties can find the contact information on each listing if they are interested in making an offer.

#### C. PERSONAL PROPERTY

The total value of all personal property collected through the end of this reporting period is $2,444,438. Vehicles that are currently available to purchase can be found on the Receivers website

---

[8] This is not an all-inclusive list of properties the Receiver has acquired during this period. The Receiver has additional properties that are not public at this time because they are inhabited or other reasons necessitating privacy.

[9] There was a total of $200,677 in expenses related to repair, maintenance and insuring the acquired assets.

ACTIVE 684991510v1

at www.jjconsulting-receivership.com/asset-sales. Any interested parties can find the contact information on the website if they are interested in making an offer.

In addition to the personal property mentioned above, $1,162,996 in cryptocurrency is currently held in the Receivership estate.

## IV. SCHEDULE OF RECEIVER'S RECEIPTS & DISBURSEMENTS (LR 66- 4(b)(3))

Below is the schedule of Receiver's Receipts and Disbursements pursuant to the Order Appointing Receiver and Local Rule 66-4(b)(3).

### A. *EAST WEST BANK RECEIVERSHIP ACCOUNT (A/E 0050)*

- Total inflows:        $21,655,504.42
- Total outflows:       $822,351.59
- Balance (12/31/22):   $35,899,823.80

*See* **Exhibit B** for a complete list of transactions

In addition to the foregoing, please see the Standardized Financial Accounting Report attached as **Exhibit A** and the Summary Cash Flow Statement and Summary Balance Sheet attached as **Exhibit C.**

## V. CURRENT AND FUTURE LITIGATION

As this Court is aware, the Receiver has filed a number of motions herein to facilitate the turnover of assets and will continue to do so when circumstances dictate. As referenced in the previous status report, the Receiver has identified the following ancillary proceedings that may impact this matter which the Receiver continues to monitor:

| PARTIES | COURT | CASE NO. |
| --- | --- | --- |
| Mark A. Murphy, et al. v. Matthew Beasley, et al. | Clark County District Court | A-22-849806-B (subject to remand order) |
| Barrett Henzel, et al. v. Wells Fargo Bank, N.A. | United States District Court, Nevada | 2:22-cv-00529-GMN-NJK |
| Stanley Dowdy v. Wells Fargo Bank, N.A. | United States District Court, Nevada | 2:22-cv-00631-GMN-NJK |
| PMM3, LLC et al. v. Wells Fargo Bank | United States District Court, Nevada | 2:22-cv-00654-GMN-NJK |
| Elizabeth Lewis, et al. v. Wells Fargo Bank, N.A. | United States District Court, Nevada | 2:22-cv-00658-GMN-NJK |

*ACTIVE 684991510v1*

The Receiver anticipates additional litigation may be necessary in the future to claw-back funds and/or assets for the benefit of the Receivership Estate. It may also be appropriate for the Receiver to initiate litigation against third parties. As additional information is reviewed and developed and third parties identified, the Receiver will update the Court regarding his findings and intended next steps.

**VI.   RECOMMENDATION OF THE RECEIVER (LR 66-4(b)(5))**

At this juncture, the Receiver has initially concluded that J&J Consulting was not operating a viable business and was quickly dissipating investor funds. So that the Receiver can continue to identify assets and claims and pursue them for the benefit of the receivership estate, the Receiver recommends that the receivership continue.

**VII.   CONCLUSION AND REQUESTED RELIEF**

Assuming the Court authorizes the Receiver to undertake the actions recommended herein, as well as to continue those actions provided for in the Appointment Order, any amendments thereto and any subsequent orders, the Receiver proposes to submit further interim reports to this Court, addressing his progress, findings, final conclusions, and additional recommendations, approximately every ninety (90) days. Accordingly, and based on the foregoing, the Receiver respectfully requests that the Court enter an order:

1. Accepting this Third Status Report;

2. Authorizing the Receiver to continue to administer the Receivership Entities and their estate in accordance with the terms of the Appointment Order;

3. Authorizing the Receiver to undertake the recommendations presented herein, including a continued engagement of those professionals he deems necessary for the proper administration of the Receivership Entities and their estate; and

/ / /
/ / /
/ / /
/ / /
/ / /

ACTIVE 684991510v1

4.  Providing such other and further relief as the Court deems necessary and appropriate.

DATED this 31st day of January, 2023

I, Geoff Winkler, verify under penalty of perjury that the statements made in the foregoing report are true and correct to the best of my knowledge.

DATED this 31st day of January, 2023

_____
GEOFF WINKLER
Receiver

DATED this 31st day of January, 2023.

**GREENBERG TRAURIG**, LLP

By: */s/ Kara B. Hendricks*
KARA B. HENDRICKS, Bar No. 07743
JASON K. HICKS, Bar No. 13149
KYLE A. EWING, Bar No. 014051

JARROD L. RICKARD, Bar No. 10203
KATIE L. CANNATA, Bar No. 14848
**SEMENZA KIRCHER RICKARD**

DAVID R. ZARO*
JOSHUA A. del CASTILLO*
MATTHEW D. PHAM*
*admitted pro hac vice*
**ALLEN MATKINS LECK GAMBLE**
**MALLORY & NATSIS LLP**

*Attorneys for Receiver Geoff Winkler*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 31st day of January, 2023, a true and correct copy of the foregoing **THIRD INTERIM REPORT AND PETITION FOR FURTHER INSTRUCTIONS OF RECEIVER GEOFF WINKLER** was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

                                                        */s/ Evelyn Escobar-Gaddi*
                                                             An employee of GREENBERG TRAURIG, LLP

13

ACTIVE 684991510v1

**SECURITIES & EXCHANGE COMMISSION V. MATTHEW WADE BEASLEY, et al.,**
USDC CASE NO. 2:22-CV-00612-JCM-EJY

| EXHIBIT | DESCRIPTION |
|---|---|
| **Exhibit A** | STANDARDIZED FUND ACCOUNTING REPORT |
| **Exhibit B** | EAST WEST BANK RECEIVERSHIP ACCOUNT |
| **Exhibit C** | SUMMARY CASH FLOW STATEMENT AND SUMMARY BALANCE SHEET |
| **Exhibit D** | [PROPOSED] ORDER |