Jarrod L. Rickard, Bar No. 10203
jlr@skrlawyers.com
Katie L. Cannata, Bar No. 14848
klc@skrlawyers.com
SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile: (702) 920-8669

*Attorneys for Receiver Geoff Winkler*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW WADE BEASLEY, *et al.*,<br><br>Defendants,<br><br>THE JUDD IRREVOCABLE TRUST, *et al.*,<br><br>Relief Defendants. | Case No. 2:22-cv-00612-CDS-EJY<br><br>**RECEIVER GEOFF WINKLER'S MOTION FOR ORDER AUTHORIZING RECEIVER TO EMPLOY SPECIAL LITIGATION COUNSEL** |

**TO ALL INTERESTED PARTIES, THEIR COUNSEL OF RECORD, AND THIS HONORABLE COURT:**

**PLEASE TAKE NOTICE THAT**, in accordance with Paragraph 7.F of this Court's June 3, 2022 Order Appointing Receiver, as amended (the "Appointment Order") [ECF No. 88], Geoff Winkler (the "Receiver"), the Court-appointed receiver in the above-entitled matter, moves this Court for an order authorizing the Receiver to retain and employ Levine Kellogg Lehman Schneider + Grossman LLP as special litigation counsel to investigate and, if appropriate, pursue claims on behalf of the Receiver against Wells Fargo Bank, N.A., and to enter into associated joint prosecution and common interest agreements with plaintiffs in the matter styled In re J&J Investment Litigation,

4871-7652-3080.4

1  Case No. 2:22-cv-00529-GMN-NJK, currently pending in the United States District Court for the
2  District of Nevada.
3       The Motion is based on the attached Memorandum of Points and Authorities, the pleadings
4  and papers on file in this action, the declaration of Jason K. Kellogg, and any oral argument the
5  Court may hear in this matter.

7  Dated: February 3, 2023.                    SEMENZA KIRCHER RICKARD

*/s/ Jarrod L. Rickard*
Jarrod L. Rickard, Bar No. 10203
Katie L. Cannata, Bar No. 14848
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

*Attorneys for Receive Geoff Winkler*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The plaintiff Securities and Exchange Commission (the "SEC") brought the above-captioned action (the "SEC Action") against the named defendants based upon an alleged years-long Ponzi scheme. Pursuant to his authority under the Appointment Order, the Receiver has conducted a preliminary investigation into the business relationship and activities of Matthew Wade Beasley ("Beasley"); J & J Consulting Services, Inc, an Alaska corporation; J & J Consulting Services, Inc, a Nevada corporation; J and J Purchasing, LLC; The Judd Irrevocable Trust; and BJ Holdings, LLC (the "Receivership Entities"), on the one hand, and Wells Fargo Bank, N.A. ("Wells Fargo"), on the other hand. The Receiver's preliminary investigation indicates that the bulk of the over $380 million in investor funds described in the SEC Action were deposited in account(s) maintained at, and administered by, Wells Fargo and subsequently comingled, transferred or withdrawn in furtherance of the alleged Ponzi scheme described in the SEC's Complaint. The Receiver has determined, in his reasonable business judgment, that Wells Fargo's actions in connection with conduct alleged by the SEC allegations against the defendants in the SEC Action warrants further investigation, and, potentially, the commencement of an action to recover damages arising out of Wells Fargo's acts and/or omissions as they relate to the Ponzi scheme alleged here. (See Declaration of Receiver, Geoff Winkler, In Support of Motion for Order Authorizing Receiver to Employ Special Litigation Counsel [hereinafter "Winkler Decl."], ¶ 2).

After a well-publicized standoff between defendant Matthew Beasley and the Federal Bureau of Investigation, class action lawsuits were initiated against Wells Fargo by a number of purported class plaintiffs (the "Class" or "Class Plaintiffs"). Those lawsuits were consolidated into one proceeding currently pending before Judge Navarro as In re J&J Investment Litigation, Case No. 2:22-cv-00529-GMN-NJK, United States District Court for the District of Nevada (the "Class Action"). (See Class Action ECF No. 37.) Class Plaintiffs filed a consolidated amended complaint alleging, among other things, that Wells Fargo: (1) had actual knowledge that defendants Matthew Beasley, Jeffrey J. Judd, and other individually named defendants (collectively the "Individual Defendants") in the SEC Action were running a fraudulent investment scheme; and (2) substantially

assisted the scheme by, among other things, continuing to serve the interests of the Individual Defendants by accepting investor deposits and executing hundreds of millions of dollars in transfers. (See Class Action ECF No. 37.)  The operative Class Action complaint further alleges that Wells Fargo lent legitimacy to the alleged Ponzi scheme, thereby providing contributions essential to the scheme's longevity.  (Id.)

Based on the information presently available to him, the Receiver has determined that he and the Receivership Entities have or may have an independent basis to pursue claims against Wells Fargo. (Winkler Decl. ¶¶ 3-4).  As a result, the Receiver now seeks express authorization from this Court to engage the law firm of Levine Kellogg Lehman Schneider + Grossman LLP (the "Firm") as special litigation counsel to:  (i) investigate the basis and viability of these prospective claims; and (ii) if an appropriate basis exists to do so, file a lawsuit against Wells Fargo.

The Receiver believes the employment of the Firm as special litigation counsel to investigate claims against Wells Fargo and represent the Receiver in any separate litigation initiated by the Receiver against Wells Fargo is in the best interest of the Receivership Entities and their estate.  As an initial matter, certain of the Receiver's existing counsel have conflicts which preclude their representation of the Receiver in an action against Wells Fargo. (Winkler Decl. ¶ 5).  Further, the Firm is familiar with the facts of the Class Action and the allegations against Wells Fargo, as it is currently one of four Interim Co-Lead Counsel in the Class Action.  (Id.)  The Firm, and in particular its partners Jeffrey C. Schneider and Jason Kellogg, have significant experience in the prosecution of claims against financial institutions, both on behalf of classes, court-appointed fiduciaries (including federal equity receivers), and individual claimants.  (Id.)  Indeed, the Firm possesses experience in federal equity receiverships, having served as receiver in other SEC, Federal Trade Commission, and state regulatory matters, and as counsel for receivers, and special litigation counsel for receivers, to bring claims extremely similar to those contemplated in this circumstance.

The Firm has agreed to represent the Receiver on a contingency basis at an appropriate rate, ***subject to this Court's approval***, and to pay the costs of the investigation and prosecution of any and all claims against Wells Fargo by the Receiver.  (Winkler Decl. ¶ 5). As such, the Receivership

Entities and their estate will not incur the fees and costs of any action against Wells Fargo unless and until a recovery is obtained.

## II.     RELEVANT FACTUAL BACKGROUND

On June 3, 2022, this Court entered an order appointing Geoff Winkler of American Fiduciary Services LLC ("AFS") to serve as the federal equity receiver for the estates of the Receivership Entities, the assets of the Beasley Law Group IOLTA account, and the assets of the Individual Defendants (collectively, the "Receivership Estate"). (See ECF No. 88.) AFS is not a law firm and does not have the services of an in-house counsel to represent the Receiver in connection with the prosecution of any claims against Wells Fargo. Considering the complexity and urgency of the numerous legal and factual issues facing the Receivership Estate, and as contemplated by Paragraph 7.F of the Appointment Order, the assistance of legal counsel is necessary to adequately carry out the Receiver's duties and responsibilities under the Appointment Order, including with respect to the prosecution of claims against Wells Fargo.

With this Court's approval, the Receiver employed the law firms of Greenberg Traurig, LLP ("GT") and Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins") to serve as general receivership counsel. (See ECF Nos. 89, 219.) Additionally, the Receiver has employed the law firm of Semenza Kircher Rickard as conflicts counsel. (See ECF Nos. 108, 219.) By way of the instant Motion, the Receiver now seeks to employ the Firm to serve as special litigation counsel to investigate and pursue potential claims on behalf of the Receiver against Wells Fargo.

### A.     The Wells Fargo Class Action

The Class Action is a consolidated class action pending in this District before Judge Navarro. The Class Plaintiffs consist of eight (8) investors who allegedly lost money invested in the litigation finance Ponzi scheme alleged in the SEC Action. The claims in the Class Action thus arise from the same alleged scheme at issue here, although they relate to Wells Fargo's alleged actions and/or omissions with respect to funds that flowed through the Beasley Law Group IOLTA account, and other affiliated accounts. The allegations in the Class Action include, among other allegations, the following:

> "As those bank records confirm, Beasley and Judd could not have carried out the scheme without Wells Fargo's assistance. Wells Fargo tracked the

account activity and saw that Beasley was misusing the attorney trust account to operate an investment enterprise. Wells Fargo nevertheless accepted hundreds of millions of dollars into the account, and then executed transactions through which the funds were dissipated and commingled—in the form of cash withdrawals, transfers to vaguely denominated shell companies, and round trip 'lulling payments' to investors, under the guise of returns on investment.  Rather than terminate the account in response to these misuses, Wells Fargo carried out Beasley's instructions, accepting investor funds and then executing transfers to place the funds out of investors' reach, all while lending the J&J enterprise the credibility of a major banking institution."

The Complaint further alleges:

"All of this suspicious activity did not go unnoticed by Wells Fargo.  Wells Fargo uses sophisticated electronic monitoring systems, and has dedicated personnel, all working to identify the very types of suspicious patterns exhibited within the Beasley IOLTA.  Plaintiffs' pre-filing investigation confirmed that Wells Fargo employees working in at least one Nevada branch noticed suspicious transactions and flagged concerns about what they were seeing in the IOLTA.  Yet in each instance that a Wells Fargo employee raised a concern about Beasley's IOLTA, Wells Fargo responded the same way.  It told its employees to continue providing Beasley with the requested services."

(See Class Action ECF No. 37 at ¶¶ 3, 9.)

The Class Plaintiffs seek to hold Wells Fargo accountable for, among other things, aiding and abetting the fraudulent scheme and, as a result, the Class Plaintiffs seek recovery of their losses and all other relief provided for by law or equity.  (See Class Action ECF No. 37.)

**B.      The Receiver's Review Of Documents And Present Business Judgment.**

While the Receiver's investigation and analysis of the business and financial activities of the Receivership Entities and their principals and affiliated entities is ongoing, as of the date of this Motion, the Receiver and his staff have reviewed thousands of pages relating to the transactions engaged in by the Receivership Entities and the Individual Defendants.  (Winkler Decl. ¶ 3.)  The Receiver also recognizes that his work on the forensic accounting will be both of significant value in assessing and prosecuting claims and may well result in cost savings should litigation be pursued. In addition, the Receiver has reviewed a number of the pleadings filed in the Class Action.  While he has reached no definitive conclusions regarding the accuracy of the allegations made by the Class Plaintiffs, on the basis of his review and analysis of available documents to-date, the Receiver believes that an investigation of prospective claims against Wells Fargo – along with the prosecution

of such claims should he determine, in his reasonable business judgment, that such claims are viable and appropriate for prosecution – is warranted. (Id. at ¶ 4.)

## III.     LEGAL ARGUMENT

"The power of a district court to impose a receivership . . . derives from the inherent power of a court of equity to fashion effective relief." SEC v. Wencke, 622 F.2d 1363, 1369 (9th Cir. 1980). The "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." SEC v. Hardy, 803 F.2d 1034, 1038 (9th Cir. 1986). To accomplish the orderly and efficient administration of a receivership estate, the district court holds broad discretion in determining the appropriate steps to be taken, which would indisputably include the receiver's ability to employ counsel.

> "A district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad. The district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership. The basis for this broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions."

SEC v. Capital Consultants, LLC, 397 F.3d 733, 738 (9th Cir. 2005) (internal citations omitted).

Based on this framework, the Ninth Circuit will "generally uphold reasonable procedures instituted by the district court that service this purpose." Hardy, 803 F.2d at 1038; see also CFTC v. Topworth Int'l, Ltd., 205 F.3d 1107, 1115 (9th Cir. 1999).

Accordingly, this Court holds the inherent power to permit the Receiver to employ counsel to assist him in carrying out his duties and responsibilities. Paragraph 7.F of the Appointment Order permits the Receiver to:

> engage and ***employ persons in his discretion***, subject to approval of the Court, to assist him in carrying out his duties and responsibilities hereunder, ***including, but not limited to, accountants, attorneys***, securities traders, registered representative, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers.

(ECF No. 88 [emphasis added]).

In accordance with his reasonable business judgment and his authority under the Appointment Order, the Receiver has determined that the assistance of the Firm to investigate and, if appropriate, to prepare and file a lawsuit against Wells Fargo, is necessary to recover losses and damages arising out of the wrongful conduct of the Receivership Entities and Individual Defendants arising from or in connection with the alleged Ponzi scheme.

### A.  The Receiver's Request To Pursue Claims Against Wells Fargo And Enter Common Interest/Joint Prosecution Agreements.

The existence of potential claims by the Receiver against Wells Fargo on behalf of the Receivership Entities and their estate warrants further investigation, and possibly the prosecution of claims to recover damages to the Receivership Entities arising out of any relevant acts or omissions of Wells Fargo. Based on the Receiver's preliminary investigation, and his reasonable business judgment, the Receiver seeks an order authorizing him to engage the Firm to conduct an investigation and, if appropriate, to initiate a lawsuit to assert any and all potential claims against Wells Fargo.

The Receiver's potential claims against Wells Fargo share certain common questions of fact and law with the claims asserted in the Class Action, as described above. That said, the Receiver has determined that the potential claims he may have against Wells Fargo may differ from those asserted by the Class Plaintiffs in the Class Action. Importantly, while the Class Plaintiffs' claims are direct claims asserted on behalf of investors, the Receiver holds the direct claims of Receivership Entities, and accordingly may be positioned to recover certain damages unavailable under the Class Plaintiffs' legal theories. It is also notable that the Receiver's work product in connection with ongoing forensic accounting will be invaluable in the pursuit of these claims. The forensic accounting work will be of significant help in investigating the claims against Wells Fargo, and likely to result in cost savings in discovery and otherwise, should litigation proceed. Moreover, the Receiver is charged with maximizing the recovery for the benefit of *all* victims of alleged Ponzi scheme and is in the best position to recover losses *and* make an equitable distribution to victims, as this Court has already determined. (See ECF No. 373.)

The Receiver recognizes that his prospective claims against Wells Fargo (the "Receiver's Claims") may include or overlap with factual and legal elements of the claims asserted by the Class Plaintiffs in the Class Action (the "Class Claims"). In some instances, the claims may share common elements or, to some extent, may share or relate to common damages or losses. The parties thus have a common interest in the prosecution of their respective claims, and in coordinating certain of their efforts with respect to discovery, settlement negotiations, and similar matters.

Subject to this Court's granting of the Receiver's Motion to engage the Firm, the Receiver has negotiated (i) a common interest agreement; and (ii) a joint prosecution agreement with the Class Plaintiffs. (Winkler Decl. ¶ 7.) The joint prosecution agreement provides customary and commercially reasonable terms and protections to facilitate coordination of discovery and other matters. (Id.) The common interest agreement memorializes the parties' recognition that the Class Plaintiffs and the Receiver share a common interest in sharing certain information, without waiving any applicable privileges, protections, immunities, or claims of confidentiality they may possess, individually or collectively. The Receiver believes that entering such agreements will substantially benefit the receivership estate by sharing resources and reducing costs. (Id.)

### B. The Receiver's Request To Employ The Firm.

As stated above, the Receiver has determined that the assistance of the Firm is necessary to pursue the interests of the receivership with regard to prospective claims against Wells Fargo. The employment of the Firm is necessary and appropriate in order to (a) address the conflicts that exist with existing professionals; (b) investigate and possibly commence such legal actions against Wells Fargo as the Receiver deems are necessary or appropriate in discharging his duties; and (c) pursue any and all relief which may be necessary to protect the interests of the receivership estate in the Class Action. Although the foregoing is not an exhaustive list, it is demonstrative of the reasons why employment of the Firm is necessary and appropriate.

Based on the foregoing and in light of the following description of the services and rates of the Firm, the Receiver respectfully requests this Court authorize and approve the employment of the Firm, on the terms described below.

### 1. *The Firm's Qualifications*

The Firm was chosen by the Receiver based on its litigation expertise and ability to represent the Receiver in connection with the investigation and prosecution of prospective claims against Wells Fargo, without conflicts. (Winkler Decl. ¶ 8.) The Firm does not have the existing conflicts that preclude GT and Allen Matkins from prosecuting claims against Wells Fargo. (Id.) The Firm has extensive experience in complex commercial litigation including substantial experience both acting as equity receiver in SEC, Federal Trade Commission, and state regulatory enforcement actions, and representing receiverships in a variety of scenarios, including in class actions, in enforcement proceedings and in bringing the exact claims contemplated here. (See concurrently filed Declaration of Jason Kellogg [hereinafter "Kellogg Decl."] ¶¶ 4-8.) The Firm is ranked by *Chambers and Partners* for Florida law firms and has received a 4.8 rating from Martindale-Hubbell. (Id.) Moreover, the Firm has extensive experience in all areas of litigation in addition to receivership matters. (Id.) The Receiver anticipates lead counsel on this engagement will be Jeffrey C. Schneider and Jason Kellogg. The biographies of each attorney are attached as **Exhibits A** and **B** to the Kellogg Declaration.

Attorney Jeffrey C. Schneider is a founding partner of the Firm whose practice focuses on business litigation and receiverships. (Id.) Mr. Schneider has more than thirty years of experience trying complex, high-risk cases, including as lead trial counsel, as receiver, or as counsel to the receiver. Mr. Schneider has been appointed to serve as receiver in cases brought by the SEC, the Federal Trade Commission, the Commodity Futures Trading Commission, and various Attorneys General. Attorney Jason Kellogg is a partner with the Firm whose practice focuses on complex commercial litigation in federal and state court. (Id.) Mr. Kellogg has extensive experience in all areas of complex commercial litigation and class actions, including representing federal equity receivers bringing claims akin to those contemplated. (Id.)

### 2. *Compensation of the Firm*

The Firm has agreed to represent the Receiver on a contingent basis. In the event there is a recovery on a claim against Wells Fargo on behalf of the Receiver, the Receiver has agreed, ***subject to Court approval***, to pay the Firm 25% of the gross proceeds actually recovered by the Receiver,

whether through settlement, final judgment or otherwise. (Winkler Decl. ¶ 9.) In the event there is a joint recovery by the Receiver and the Class Plaintiffs, the Firm will be compensated from a "common fund" to be jointly applied for by the counsel for Class Plaintiffs in the Class Action and the Firm. In connection with the services to be rendered by the Firm, the Firm has agreed to pay the costs and expenses it incurs in connection with its representation of the Receiver. (Id.)

### 3.  *Conflict/Connection With Other Parties*

To the best of the Receiver's and the Firm's knowledge, the Firm does not hold an interest or represent any interest adverse to the parties in this matter, or the Receivership Entities and their assets. (Winkler Decl. ¶ 10). It should be noted that the Class Plaintiffs in the Class Action are currently represented by several law firms including, as relevant here, the Firm. The Firm will withdraw as counsel for the Class Action plaintiffs concurrently with the entry of an order from this Court approving the Firm as special litigation counsel for the Receiver and authorizing the Receiver to proceed with the investigation and initiation of a lawsuit. (Id.) The Firm has provided a copy of and discussed this motion with interim co-lead counsel for the Class Plaintiffs, who do not object to the relief requested.

## IV.  **CONCLUSION**

For the foregoing reasons, the Receiver respectfully requests this Court enter an order authorizing the Receiver to:

1. Employ the law firm of Levine Kellogg Lehman Schneider + Grossman LLP to (i) investigate and (ii) prosecute any and all potential claims against Wells Fargo to be made on behalf of the Receiver or the receivership estate;

2. Initiate a separate lawsuit against Wells Fargo on behalf of the Receiver to pursue the Receiver's claims against Wells Fargo, in the event that the Receiver determines, in his reasonable business judgment and sole discretion, that such an action is appropriate; and

///

///

///

///

///

3. Enter into joint prosecution and common interest agreements with the Class Plaintiffs.

Dated: February 3, 2023.

SEMENZA KIRCHER RICKARD

*/s/ Jarrod L. Rickard*
Jarrod L. Rickard, Bar No. 10203
Katie L. Cannata, Bar No. 14848
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

*Attorneys for Receiver Geoff Winkler*

## **CERTIFICATE OF SERVICE**

I am employed by the law firm of Semenza Kircher Rickard in Clark County. I am over the age of 18 and not a party to this action. The business address is 10161 Park Run Drive, Suite 150, Las Vegas, Nevada 89145.

On the 3rd day of February, 2023, I served the document(s), described as:

**RECEIVER GEOFF WINKLER'S MOTION FOR ORDER AUTHORIZING RECEIVER TO EMPLOY SPECIAL LITIGATION COUNSEL**

☒ by serving the ☐ original ☒ a true copy of the above and foregoing via:

☒ a. **CM/ECF System** to the following registered e-mail addresses:

Garrett T Ogata, court@gtogata.com

Gregory E Garman, ggarman@gtg.legal, bknotices@gtg.legal

Kara B. Hendricks, hendricksk@gtlaw.com, escobargaddie@gtlaw.com, flintza@gtlaw.com, lvlitdock@gtlaw.com, neyc@gtlaw.com, rabeb@gtlaw.com, sheffieldm@gtlaw.com

Kevin N. Anderson, kanderson@fabianvancott.com, amontoya@fabianvancott.com, mdonohoo@fabianvancott.com, sburdash@fabianvancott.com

Lance A Maningo, lance@maningolaw.com, kelly@maningolaw.com, yasmin@maningolaw.com

Michael D. Rawlins, mrawlins@smithshapiro.com, jbidwell@smithshapiro.com

Peter S. Christiansen, pete@christiansenlaw.com, ab@christiansenlaw.com, chandi@christiansenlaw.com, hvasquez@christiansenlaw.com, jcrain@christiansenlaw.com, keely@christiansenlaw.com, kworks@christiansenlaw.com, tterry@christiansenlaw.com, wbarrett@christiansenlaw.com

T. Louis Palazzo, louis@palazzolawfirm.com, celina@palazzolawfirm.com, miriam@palazzolawfirm.com, office@palazzolawfirm.com

Jonathan D. Blum, jblum@wileypetersenlaw.com, cdugenia@wileypetersenlaw.com, cpascal@wileypetersenlaw.com

Charles La Bella, charles.labella@usdoj.gov, maria.nunez-simental@usdoj.gov

Samuel A Schwartz, saschwartz@nvfirm.com, ecf@nvfirm.com

Jason Hicks, hicksja@gtlaw.com, escobargaddie@gtlaw.com, geoff@americanfiduciaryservices.com, lvlitdock@gtlaw.com

4871-7652-3080.4

1  Trevor Waite, twaite@fabianvancott.com, amontoya@fabianvancott.com

2  Kyle A. Ewing, ewingk@gtlaw.com, LVLitDock@GTLAW.com, flintza@gtlaw.com

3  Maria A. Gall, gallm@ballardspahr.com, LitDocket_West@ballardspahr.com,
4  crawforda@ballardspahr.com, lvdocket@ballardspahr.com

5  Keely Ann Perdue, keely@christiansenlaw.com, lit@christiansenlaw.com

6  Casey R. Fronk, FronkC@sec.gov, #slro-docket@sec.gov

7  Tracy S. Combs, combst@sec.gov, #slro-docket@sec.gov

8  Joseph G. Went, jgwent@hollandhart.com, Intaketeam@hollandhart.com,
9  blschroeder@hollandhart.com

10  Joni Ostler, ostlerj@sec.gov

11  Daniel D. Hill, ddh@scmlaw.com

☐ b. **BY U.S. MAIL.** I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid. I am readily familiar with Semenza Kircher Rickard's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ c. **BY PERSONAL SERVICE.**

☐ d. **BY DIRECT EMAIL.**

☐ e. **BY FACSIMILE TRANSMISSION.**

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Olivia A. Kelly*
An Employee of Semenza Kircher Rickard

-14-

4871-7652-3080.4