Jarrod L. Rickard, Bar No. 10203
 jlr@skrlawyers.com
Katie L. Cannata, Bar No. 14848
 klc@skrlawyers.com
SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile: (702) 920-8669

*Attorneys for Receiver Geoff Winkler*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW WADE BEASLEY, *et al.*,<br><br>Defendants,<br><br>THE JUDD IRREVOCABLE TRUST, *et al.*,<br><br>Relief Defendants. | Case No. 2:22-cv-00612-CDS-EJY<br><br>**DECLARATION OF RECEIVER, GEOFF WINKLER, IN SUPPORT OF MOTION FOR ORDER AUTHORIZING RECEIVER TO EMPLOY SPECIAL LITIGATION COUNSEL**<br><br>**[Motion and [Proposed] Order submitted concurrently herewith]** |

## DECLARATION OF GEOFF WINKLER

I, Geoff Winkler, declare as follows:

1. I am the Court-appointed receiver for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada corporation; J and J Purchasing LLC; The Judd Irrevocable Trust; and BJ Holdings LLC, and over the Wells Fargo Interest on Lawyers' Trust Account ending in 5598 and held in the name of Beasley Law Group PC, along with the personal assets of Matthew Wade Beasley; Jeffrey J. Judd; Christopher R. Humphries; Shane M. Jager; Jason M. Jongeward; Denny Seybert; and Roland Tanner (all, collectively, the "Receivership Defendants") in the above-entitled action. I make this Declaration in support of Receiver Geoff Winkler's Motion for Order Authorizing Receiver to Employ Special Litigation

4870-9420-0140.2                                          -1-

Counsel ("Motion"), and have personal knowledge of the facts presented in this Declaration. If called as a witness in this matter, could and would competently testify thereto.

2. Through my attorneys, I have conferred with the Plaintiff Securities and Exchange Commission (the "Commission") regarding the need for separate litigation counsel to investigate and, if appropriate, file a lawsuit against Wells Fargo Bank, N.A. ("Wells Fargo").

3. My investigation and analysis of the business and financial affairs of the Receivership Entities is preliminary and ongoing, however, my staff and I have reviewed thousands of pages relating to transactions engaged in by the Receivership Entities and Individual Defendants. I understand and believe in my reasonable business judgment, that Wells Fargo's conduct in connection with the SEC's allegations against Defendants in the SEC Action warrants further investigation, and, potentially, the commencement of an action to recover damages arising out of Wells Fargo's acts and/or omissions as they relate to the Ponzi scheme alleged here.

4. I have reviewed the Class Action lawsuits initiated against Wells Fargo by a number of purported class plaintiffs (the "Class" or "Class Plaintiffs"). Those lawsuits were consolidated into one proceeding currently pending before Judge Navarro as In re J&J Investment Litigation, Case No. 2:22-cv-00529-GMN-NJK, United States District Court for the District of Nevada (the "Class Action"). (See Class Action ECF No. 37.) Based on the information presently available to me, I have determined that the Receiver and the Receivership Entities have or may have an independent basis or grounds to pursue claims against Wells Fargo. As a result, I seek express authorization from this Court to engage the law firm of Levine Kellogg Lehman Schneider + Grossman LLP (the "Firm") to: (i) investigate the basis and viability of these prospective claims; and (ii) if an appropriate basis exists to do so, file a lawsuit against Wells Fargo. I believe there is a sound business and legal basis, and that it is in the best interest of the Receivership Entities and their estate, to seek the employment of the Firm as special litigation counsel to investigate claims against Wells Fargo and, if reasonably appropriate, represent the Receivership Entities and Receiver in any separate litigation initiated by the Receiver against Wells Fargo.

5. As an initial matter, certain of my existing counsel have conflicts which preclude their representation of me or the Receivership Entities in an action against Wells Fargo. Further,

the Firm is familiar with the facts of the Class Action and the allegations against Wells Fargo, as it is currently one of four interim co-lead counsel in the Class Action. The Firm, and in particular its partners Jeffrey C. Schneider and Jason Kellogg, have significant experience in the prosecution of claims against financial institutions, both on behalf of classes, court-appointed fiduciaries including federal equity receivers, and individual claimants.

6. The Firm has agreed to represent the Receiver and Receivership Entities on a contingency basis at an appropriate rate, ***subject to this Court's approval***, and to pay the costs of the investigation and prosecution of any and all claims against Wells Fargo by the Receiver. As such, the Receivership Entities and their estate will not incur the fees and costs of any action against Wells Fargo unless and until a recovery is obtained.

7. In addition, I have negotiated (i) a common interest agreement and (ii) a joint prosecution agreement with the Class Plaintiffs. The joint prosecution agreement provides customary and commercially reasonable terms and protections to facilitate coordination of discovery and other matters. The common interest agreement memorializes the parties' recognition that the Class Plaintiffs and the Receiver share a common interest in sharing certain information, without waiving any applicable privileges, protections, immunities, or claims of confidentiality they may possess, individually or collectively. I reasonably believe that entering such agreements will substantially benefit the receivership estate by sharing resources and reducing costs.

8. I selected the Firm after interviewing several law firms and counsel. I believe that the Firm is well qualified based on its litigation expertise and ability to represent the Receiver in connection with the investigation and prosecution of prospective claims against Wells Fargo, without conflicts.

9. The Firm has agreed to represent the Receiver and the Receivership Entities on a contingent basis. In the event there is a recovery on a claim against Wells Fargo on behalf of the Receiver and/or the Receivership Entities, the Receiver has agreed, <u>subject to Court approval</u>, to pay the Firm 25% of the gross proceeds actually recovered by the Receiver whether through settlement, final judgment or otherwise. If the settlement or recovery is accomplished through the

joint efforts of Class Counsel, then the 25% will be shared among the Firm and Class Counsel according to their separate agreement.

10. To the best of the Firm's and my knowledge, the Firm does not hold an interest or represent any interest adverse to the parties in this matter, or the Receivership Entities and their assets. It should be noted that the Class Plaintiffs in the Class Action are currently represented by several law firms including, as relevant here, the Firm. The Firm will withdraw as counsel for the Class Plaintiffs concurrently with the entry of an order by the Court approving the Firm as special litigation counsel for the Receiver and authorizing the Receiver to proceed with the investigation and initiation of a lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 2, 2023, at Los Angeles, California.

_____
Geoff Winkler

**CERTIFICATE OF SERVICE**

I am employed by the law firm of Semenza Kircher Rickard in Clark County. I am over the age of 18 and not a party to this action. The business address is 10161 Park Run Drive, Suite 150, Las Vegas, Nevada 89145.

On the 3rd day of February, 2023, I served the document(s), described as:

**DECLARATION OF RECEIVER, GEOFF WINKLER, IN SUPPORT OF MOTION FOR ORDER AUTHORIZING RECEIVER TO EMPLOY SPECIAL LITIGATION COUNSEL**
**[Motion and [Proposed] Order submitted concurrently herewith]**

☒      by serving the ☐ original ☒ a true copy of the above and foregoing via:

☒   a.   **CM/ECF System** to the following registered e-mail addresses:

Garrett T Ogata, court@gtogata.com

Gregory E Garman, ggarman@gtg.legal, bknotices@gtg.legal

Kara B. Hendricks, hendricksk@gtlaw.com, escobargaddie@gtlaw.com, flintza@gtlaw.com, lvlitdock@gtlaw.com, neyc@gtlaw.com, rabeb@gtlaw.com, sheffieldm@gtlaw.com

Kevin N. Anderson, kanderson@fabianvancott.com, amontoya@fabianvancott.com, mdonohoo@fabianvancott.com, sburdash@fabianvancott.com

Lance A Maningo, lance@maningolaw.com, kelly@maningolaw.com, yasmin@maningolaw.com

Michael D. Rawlins, mrawlins@smithshapiro.com, jbidwell@smithshapiro.com

Peter S. Christiansen, pete@christiansenlaw.com, ab@christiansenlaw.com, chandi@christiansenlaw.com, hvasquez@christiansenlaw.com, jcrain@christiansenlaw.com, keely@christiansenlaw.com, kworks@christiansenlaw.com, tterry@christiansenlaw.com, wbarrett@christiansenlaw.com

T. Louis Palazzo, louis@palazzolawfirm.com, celina@palazzolawfirm.com, miriam@palazzolawfirm.com, office@palazzolawfirm.com

Jonathan D. Blum, jblum@wileypetersenlaw.com, cdugenia@wileypetersenlaw.com, cpascal@wileypetersenlaw.com

Charles La Bella, charles.labella@usdoj.gov, maria.nunez-simental@usdoj.gov

Samuel A Schwartz, saschwartz@nvfirm.com, ecf@nvfirm.com

Jason Hicks, hicksja@gtlaw.com, escobargaddie@gtlaw.com, geoff@americanfiduciaryservices.com, lvlitdock@gtlaw.com

Trevor Waite, twaite@fabianvancott.com, amontoya@fabianvancott.com

Kyle A. Ewing, ewingk@gtlaw.com, LVLitDock@GTLAW.com, flintza@gtlaw.com

Maria A. Gall, gallm@ballardspahr.com, LitDocket_West@ballardspahr.com, crawforda@ballardspahr.com, lvdocket@ballardspahr.com

Keely Ann Perdue, keely@christiansenlaw.com, lit@christiansenlaw.com

Casey R. Fronk, FronkC@sec.gov, #slro-docket@sec.gov

Tracy S. Combs, combst@sec.gov, #slro-docket@sec.gov

Joseph G. Went, jgwent@hollandhart.com, Intaketeam@hollandhart.com, blschroeder@hollandhart.com

Joni Ostler, ostlerj@sec.gov

Daniel D. Hill, ddh@scmlaw.com

☐ b. **BY U.S. MAIL.** I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid. I am readily familiar with Semenza Kircher Rickard's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ c. **BY PERSONAL SERVICE.**

☐ d. **BY DIRECT EMAIL.**

☐ e. **BY FACSIMILE TRANSMISSION.**

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Olivia A. Kelly*
An Employee of Semenza Kircher Rickard