CASEY R. FRONK (Illinois Bar No. 6296535)
Email: fronkc@sec.gov
MICHAEL E. WELSH (Massachusetts Bar No. 693537)
Email: welshmi@sec.gov
SECURITIES AND EXCHANGE COMMISSION
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (801) 524-5796
Fax: (801) 524-3558

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff<br><br>     v.<br><br>MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICES, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; ROLAND TANNER; LARRY JEFFERY; JASON A. JENNE; SETH JOHNSON; CHRISTOPHER M. MADSEN; RICHARD R. MADSEN; MARK A. MURPHY; CAMERON ROHNER; AND WARREN ROSEGREEN;<br><br>            Defendants<br><br>THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC;<br><br>            Relief Defendants | Case No.: 2:22-cv-00612-CDS-EJY<br><br>Judge: Cristina D. Silva<br>Magistrate Judge: Elayna J. Youchah<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S AND DEFENDANT MARK MURPHY'S STIPULATION REGARDING PLAINTIFF'S MOTIONS FOR ASSET FREEZE AND RECEIVERSHIP** |

Plaintiff United States Securities and Exchange Commission ("SEC", "Commission", or "Plaintiff"), the Court's appointed Receiver, Geoff Winkler of American Fiduciary Services LLC (the "Receiver"), defendant Mark Murphy ("Mr. Murphy" or "Defendant"), hereby stipulate as follows:

**WHEREAS**, on June 29, 2022, Plaintiff United States Securities and Exchange Commission ("SEC", "Commission", or "Plaintiff") filed its Amended Complaint in this matter, alleging violations of the registration and/or antifraud provisions of the federal securities laws by Defendants, and the receipt of ill-gotten proceeds of such violations by Relief Defendants. (Dkt. No. 118.)

**WHEREAS**, on June 29, 2022, the Commission filed a Motion to Amend Preliminary Injunction Order to extend the existing preliminary injunctive relief and asset freeze to those defendants added in the Commission's Amended Complaint. (Dkt. No. 119.)

**WHEREAS**, on June 29, 2022, the Commission filed a Motion to Amend Receivership Order to extend the existing receivership order to include those defendants added in the Commission's Amended Complaint. (Dkt. No. 120.)

**WHEREAS**, on January 16, 2023, the Court held oral argument on Plaintiff's Motions as to Defendant Mark Murphy ("herein, Defendant"), and thereafter ordered the parties to meet and confer within 21 days as to a proposed stipulation regarding certain accounts held by Murphy.

**WHEREAS**, Defendant and the Commission have reached the following agreement as to the Commission's Motions, and jointly provide this proposed agreement for approval by the Court.

1. The Court's July 29, 2022 Order Amending Preliminary Injunction and Asset Freeze Order, which, *inter alia*, extended the asset freeze imposed by the Court on April 13, 2022 to those defendants added in the Commission's Amended Complaint (Dkt. No. 206), is hereby applicable to Defendant, and Defendant is defined as a "New Defendant" pursuant to and subject to that Order.

2. The Court's July 29, 2022 Order Amending Receivership Order, which, *inter alia*, extended the receivership previously imposed by the Court to the assets of those defendants

1

added in the Commission's Amended Complaint (Dkt. No. 207), is hereby applicable to Defendant, and the personal assets of Defendant are hereby included as "Receivership Property" and "Receivership Estate;" with the exception of the property specified in paragraph 7 of this Order.  Defendant is hereby included as an "Individual Receivership Defendant" and "Receivership Defendant" as defined and ordered in the June 3, 2022 Receivership Order (Dkt. No. 88); and Defendant shall have the same obligations and duties as the Individual Receivership Defendants in the June 3, 2022 Receivership Order, except that the deadlines in Section II, paragraphs 9, 10, and 11 of the June 3, 2022 Order shall begin to run for Defendant upon the date of entry of this stipulated Order.

3. The assets subject to this freeze order and injunction shall be frozen but will not be transferred or otherwise sold without further Court order or agreement.

4. The Silver State Schools Federal Credit Union account ending in 5818 (the "Silver State Business Account") held in the name of Mark Murphy Ltd. shall be unfrozen to allow Defendant to hold going-forward, earned income unconnected to the conduct alleged in the Complaint.

5. The Silver State Schools Federal Credit Union account ending in 4900 (the "Silver State Personal Account") held in the name of Mark Murphy shall be unfrozen to allow Defendant to hold going-forward, earned income unconnected to the conduct alleged in the Complaint.

6. Defendant must continue to provide to counsel to the Commission and to the Receiver, without further request or subpoena, monthly account statements of all active bank and financial accounts owned and controlled by Defendant, for review and inspection, by no later than the 5th of each month.  These account statements shall be provided to counsel to the Commission by email to Casey R. Fronk (fronkc@sec.gov) and Michael E. Welsh (welshmit@sec.gov); and to the Receiver by email to Kara Hendricks (hendricks@gtlaw.com) as counsel for the Receiver and to Geoff Winkler (geoff@americanfiduciaryservices.com).

7. To the extent Defendant earns additional, going-forward income that he demonstrates, to the satisfaction of counsel for the Commission, is unconnected to the conduct

alleged in the Complaint, such income may be used for the payment of necessary and reasonable living expenses and payment of attorney's fees and defense costs.

8. The Steel Dust Properties, LLC operated by the Non Profit Hope Ranch located at 453 County Road 295, Gainesville Texas, 76240 (the "Hope Ranch Property") will remain under the control of Defendant but shall not be transferred without further Court order. Defendant shall provide documentation regarding the Hope Ranch Property's non-profit status and financial disclosures to counsel to the Commission by email to Casey R. Fronk (fronkc@sec.gov) and Michael E. Welsh (welshmit@sec.gov); and to the Receiver by email to Kara Hendricks (hendricks@gtlaw.com) as counsel for the Receiver and to Geoff Winkler (geoff@americanfiduciaryservices.com), on the 5th of each month detailing any expenses associated with the Hope Ranch Property in the preceding month.

Dated: February 14, 2023

**MARC COOK**

/s/   Marc P. Cook
MARC P. COOK, ESQ.
COOK & KELESIS, LTD.
517 S. NINTH STREET
LAS VEGAS, NEVADA 89101
*Attorney for Defendant Mark Murphy*

**U.S. SECURITIES AND EXCHANGE COMMISSION**

/s/   Casey R. Fronk
CASEY R. FRONK
MICHAEL E. WELSH
*Attorneys for Petitioner U.S. Securities and Exchange Commission*

**GREENBERG TRAURIG, LLP**

By:  /s/ Kara B. Hendricks
KARA B. HENDRICKS
JASON K. HICKS
KYLE A. EWING
10845 Grifffith Peak Dr. Ste. 600
Las Vegas, NV 89135

*Attorneys for Receiver Geoff Winkler*

IT IS SO ORDERED:

_____
CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE

DATED:   February 15, 2023

3