UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW WADE BEASLEY, et al.,<br><br>Defendants. | Case No. 2:22-cv-00612-CDS-EJY<br><br>**ORDER** |

Before the Court is Receiver Geoff Winkler's Motion for Order Authorizing Receiver to Employ Special Litigation Counsel. ECF No. 457. No response to the Motion was filed with the Court. Under United States District Court for the District of Nevada Local Rule 7-2(d), the Court may treat the failure of the nonmoving party to respond to a motion as consent by that party to the granting of that motion. Further, upon review of Receiver's Motion, the Court finds he is entitled to the relief requested.

**I.   Discussion**

Under the Order Appointing Receiver, with the Court's approval, the Receiver may "employ persons in his discretion … to assist him in carrying out his duties and responsibilities … including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers." ECF No. 88 ¶ 7(F).

This case concerns complex areas of securities law and entails many Defendants, both individuals and entities. The origins of the case are in an alleged Ponzi scheme in which Defendants allegedly placed a bulk of $380 million in criminally obtained investor funds into a bank account maintained at and administered by Wells Fargo. ECF No. 457 at 3. Receiver has determined in his reasonable business judgment that Wells Fargo's actions in connection with the underlying Ponzi scheme warrant additional investigation and potentially a civil action. *Id.* As a result of this need for further investigation and possible litigation, Receiver requests authorization from the Court to

employ Levine Kellogg Lehman Schneider + Grossman LLP ("LKLSG") to execute these tasks. *Id.* at 4.

Receiver acknowledges the current class action proceeding against Well Fargo in a separate lawsuit[1] and states that if the Court approves the instant Motion, Receiver will enter into common interest and joint prosecution agreements with the class action plaintiffs to facilitate discovery and other matters. *Id.* at 9. Receiver contends LKLSG has substantial experience in litigation involving federal equity receiverships and class actions comprising investor plaintiffs, is nationally renowned for its prowess in handling such matters, and does not have the conflicts that preclude Receiver's existing counsel from participating in potential litigation against Well Fargo. *Id.* at 10. Receiver asserts that if there is recovery on a claim against Well Fargo on behalf of Receiver, Receiver will pay to LKLSG 25% of the gross proceeds actually recovered by Receiver. *Id.* at 10-11. If there is a joint recovery between Receiver and the class action plaintiff in the separate litigation, LKLSG will be compensated, along with counsel representing the class action plaintiffs, from a common fund. *Id.* at 11. In addition, LKLSG will pay its own costs and expenses associated with its representation of Receiver. *Id.* Finally, LKLSG, as one the law firms involved with the existing class action before Judge Navarro, will withdraw as counsel concurrently with the entry of an order from the Court approving the instant Motion. *Id.*

**II.    Order**

IT IS HEREBY ORDERED that Receiver's Motion for Order Authorizing Receiver to Employ Special Litigation Counsel (ECF No. 457) is GRANTED.

Dated this 21st day of February, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] *In re J&J Investment Litigation*, Case No. 2:22-cv-00529-GMN-NJK.