# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Securities and Exchange Commission,

Plaintiff

v.

Matthew Wade Beasley, et al.,

Defendants

Case No. 2:22-cv-00612-CDS-EJY

**Order Affirming Magistrate Judge's Orders**

[ECF Nos. 368, 380, 417, 423]

This securities-fraud case was brought by the Securities and Exchange Commission (SEC) against several defendants for their alleged operation of a Ponzi scheme involving hundreds of investors. Interested party Kamille Dean is an Arizona attorney who claims that she was retained for $250,000 by one of the defendants—Jeffrey Judd—and five of his non-defendant family members to provide legal services related to the issuance of subpoenas by the SEC's Salt Lake City office. When asked to return the retainer funds to Receiver Geoff Winkler, Dean transferred a portion of it, but she refused to turn over the remaining balance. In August 2022, the Receiver filed a motion to compel Dean to transfer the balance to the Receiver—or, in the alternative, a motion seeking an order to show cause why Dean should not be held in contempt. ECF No. 210. The magistrate judge granted that motion, ordering Dean to turn over the remaining receivership property and awarding attorney fees and costs in the Receiver's favor. ECF No. 368. Dean complied the next day and returned the remaining funds to Winkler. ECF No. 391 at n.2. Dean appeals the magistrate judge's order granting the Receiver's motion to compel.[1] ECF No. 380. She also appeals the magistrate judge's later decision to award $33,755.24

---

[1] I note that most, if not all, of Dean's filings—including both appeals at issue in this order—violate a number of this district's local rules. *See, e.g.*, ECF Nos. 380, 423. For example, there must be "no more than 28 lines per page," "lines of text must be double-spaced," and "[m]argins must be at least one inch on all four sides." LR IA 10-1(a). Although the lines on her filings are numbered one through 28, upwards of 32 lines of text actually appear on each page because the text is not double-spaced, and the margins are

in attorney fees and costs to the Receiver, following the Receiver's filing of a memorandum of fees related to the expenses incurred in filing his motion to compel. ECF Nos. 378, 417, 423. Because I find that neither of the magistrate judge's orders are clearly erroneous or contrary to law, I deny both of Dean's appeals and affirm the two orders in their entirety. I order Dean to pay $33,755.24 in attorney fees and costs to the Receiver within 30 days of this order.

I.     **Legal standard**

Magistrate judges may "hear and determine any pretrial matter pending before the court," with some exceptions, and "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The court must "review the magistrate judge's factual findings for clear error and legal conclusions de novo." *adidas America, Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022) (citing *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). "And '[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig*, 940 F.3d at 219 (citation omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Under this district's local rules, a party may object to a magistrate judge's ruling on a pretrial matter by filing written objections, and the opposing party may respond. LR IB 3-1(a); Fed. R. Civ. P. 72(a). But "[r]eplies will be allowed only with leave of the court." *Id.* And "[t]he district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order." LR IB 3-1(b).

---

quite small. *See* ECF Nos. 380, 423. I overlook these deficiencies for now, but I caution Dean that any future filings with this court must comply with the local rules. Failure to comply could result in the documents being stricken. LR IA 10-1(d) ("The court may strike any document that does not conform to an applicable provision of these rules . . .").

1    II.      **Discussion**[2]

2           a.      *The magistrate judge's order granting the Receiver's motion to compel (ECF No. 380)*

3           In her order granting the Receiver's motion to compel, Magistrate Judge Youchah

4    meticulously summarized the extensive briefing that preceded it. ECF No. 368 at 3–12. I will not

5    duplicate those efforts here. At the heart of her order, she ultimately reasoned that Dean failed to

6    demonstrate that the funds in her possession were not tainted by the alleged Ponzi scheme, and

7    she found that the Receiver maintained jurisdiction over the funds in Dean's possession despite

8    her contrary argument. *Id.* at 14, 16–17. Notably, the magistrate judge never held Dean in

9    contempt and clearly indicated that the Receiver had merely sought an order to show cause why

10   Dean should not be held in contempt, not that the court had issued "a contempt order (an

11   important distinction)." ECF No. 368 at 17 (citation omitted).

12          Dean appeals the magistrate judge's order. ECF No. 380. The Receiver responds to Dean's

13   appeal by noting that "Dean has provided this [c]ourt with no authority or legal basis to

14   demonstrate the [m]agistrate's [o]rder was clearly erroneous and thus there are no grounds to

15   grant the relief requested." ECF No 391 at 2–3. Dean's appeal repeatedly refers to the fact that

16   she eventually returned the balance of the receivership property as "the purging of any

17   contempt," seemingly conflating the Receiver's *alternative* argument seeking a contempt order

18   with an *actual* contempt order, which was never issued. *See, e.g.*, ECF No. 380 at 8–9, 18, 22. To be

19   clear, Dean has not been held in contempt by this court as of this order's filing. No one disputes

20   that Dean returned the balance of the receivership property. But she did not do so until the

21   Receiver brought his motion to compel, resulting in the magistrate judge's order requiring Dean

22   to pay the sum, which she, indeed, did. So on the one hand, she recognized the validity of the

---

23   [2] Dean filed two reply briefs. ECF Nos. 412, 413. But under this district's local rules, responses to appeals
24   of magistrate judge orders are permitted, but "[r]eplies will be allowed only with leave of the court." LR
     IB 3-1(a). I recognize that the court's docketing system automatically populated reply deadlines when the
25   Receiver and the SEC filed their responses (*see* docket entries for ECF Nos. 391, 392, stating "[r]eplies due
     by 12/22/2022"), and that may have misled Dean into believing that replies were permitted. But because
26   nothing in the record indicates that Dean obtained the court's leave before filing her replies, I order that
     both replies be stricken from the record. I also note that I do not consider them in ruling on Dean's two
     appeals and review only the appeals themselves and the Receiver's respective responses.

magistrate judge's order by returning the receivership property, but on the other hand, she takes issue with that same order with which she already complied.

Rather than focusing on the magistrate judge's decision to grant the Receiver's motion to compel, much of Dean's appeal reiterates the same arguments that she already raised in her various responses to that motion. *Compare* ECF No. 380 *with* ECF Nos. 258, 259. Dean notes that the magistrate judge granted the Receiver's motion "[w]ithout holding a hearing or permitting Ms. Dean to establish her defense" (*see, e.g.*, ECF No. 380 at 13, 22), but the magistrate judge was not required to hold a hearing.[3] Under this district's local rules, "[a]ll motions may be considered and decided with or without a hearing." LR 78-1. It was thus properly within the magistrate judge's discretion to decide to grant the motion without a hearing, and Dean has not demonstrated that this decision amounted to clear error. Dean had the opportunity to respond to the Receiver's motion, which she did. So she has not demonstrated—and cannot demonstrate—that a hearing was required or that she was "deprived . . . of due process." ECF No. 380 at 22.

Dean's appeal fails to even articulate the standard under which I must review a magistrate judge's decision. She re-raises her same earlier arguments, contending that she earned $201,060 in retainer fees from Judd and his family "in good faith," and inexplicably referring to herself as "a [b]ona [f]ide [p]urchaser and [s]eller for value." *Id.* at 20–21. And she reiterates that she "had no way to know the funds were tainted." *Id.* Throughout this litigation, Dean has failed to identify the legal work that she did to earn the funds from Judd and his family, and she again fails to do so here. As the magistrate judge notes, Dean has the burden to demonstrate that the

---

[3] Dean notes that "it is reversible error to find civil contempt without a trial." ECF No. 380 at 22. But, again, Dean was never found in contempt. She was merely ordered to return the receivership property, which she did. Oddly enough, Dean also concedes that "the [m]agistrate here did not hold [her] in [c]ontempt," but notes that she "imposed sanctions of attorneys' fees." *Id.* I address the magistrate judge's award of attorney fees more thoroughly in the next section, but point out here that such an award was not a sanction related to a contempt filing—it was merely the court's attempt to make the Receiver whole for the fees he incurred in filing his motion to compel, which was necessary only because of Dean's refusal to return the receivership property. ECF No. 368 at 19.

funds in her possession were not tainted by the alleged Ponzi scheme—a burden that she has not met. Instead, she notes in a conclusory fashion that she "incurred $201,050 in fees pursuant to her . . . [c]lient [a]greement" without presenting any supporting evidence or explanation of what work she actually performed. *Id.* at 20.

Lastly, Dean makes the same jurisdictional argument that she has relied upon throughout this dispute, asserting that the Receiver failed to comply with 28 U.S.C. § 754 by failing to timely file the receivership order in Arizona, where Dean is barred as an attorney and where the funds in question were located. *Id.* at 27–31. She argues that "in an illegitimate attempt to save the Receiver from his jurisdictional error, the [m]agistrate attempted to call an [a]mended [o]rder to the [r]eceivership [o]rder a '[r]eappointment.'" *Id.* at 27. Under 28 U.S.C. § 754, a receiver has "ten days after the entry of his order of appointment" to "file copies of the complaint and such order of appointment in the district court for each district in which property is located." 28 U.S.C. §754. "The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district." *Id.* Here, the magistrate judge found that the Receiver's filing of an amended receivership order in Arizona seven days after it was entered met the § 754 requirement, taking into account that the original receivership order was filed about two months earlier. ECF No. 368 at 14–17. The Receiver argues that "[i]n sum, Ms. Dean has provided this [c]ourt with no evidence or authority to support any finding other than that which was reached in the [o]rder." ECF No. 391 at 12. Indeed, she has not. Because Dean has failed to meet her burden of demonstrating that the funds were not receivership property and because she fails to show how the magistrate judge's order is clearly erroneous or contrary to law, I deny her appeal and affirm that order in its entirety.

b.    *The magistrate judge's order directing Dean to pay attorney's fees and costs*

When Judge Youchah granted the Receiver's motion to compel, she directed the Receiver to file "a memorandum of fees and costs associated with bringing the [m]otion to [c]ompel detailing the activities, hours spent (in tenths of hours), and the rate charged by each attorney

and non-attorney who worked on the [m]otion and related filings." ECF No. 368 at 20. The Receiver did so, requesting that the court order Dean to pay $36,032.25 in fees and costs that were incurred related to the motion to compel. ECF No. 378. Judge Youchah found that "the vast majority of [the time entries] are appropriate under the Ninth Circuit's *Van Gerwen* analysis," but she declined to "award fees for time spent discussing and corresponding with Ms. Dean prior to filing the [m]otion to [c]ompel." ECF No. 417 at 3 (citing *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)). Judge Youchah ultimately granted the Receiver's memorandum of fees in the reduced amount of $33,755.24. *Id.*

Dean now appeals Judge Youchah's order, relying on many of the same arguments that she made in her first appeal—taking issue with the magistrate judge's underlying decision to grant the Receiver's motion to compel—and objecting to the Receiver's alleged use of "block billing" and excessive, duplicative work in bringing the motion to compel. ECF No. 423. As with her earlier appeal, Dean fails to identify the standard by which I must review the magistrate judge's order. The Receiver responds that "[o]ne would be hard pressed to describe Ms. Dean's [o]bjection . . . as anything but frivolous." ECF No. 443 at 2. The Receiver classifies Dean's objection as "a fugitive document filled with inapplicable and improper arguments." *Id.* at 3. He opines that Dean's "[o]bjection demonstrates a willful and intentional waste of judicial and receivership resources" and urges that "[i]t is time for the posturing and gamesmanship to end." *Id.* The Receiver seeks additional attorney fees and costs incurred because of Dean's "frivolous" objection. *Id.*

I agree. Again, "Dean has provided this [c]ourt with no valid authority to demonstrate [that] the [f]ee [o]rder was clearly erroneous or contrary to law. Instead, Ms. Dean spends . . . 24 pages in the [o]bjection voicing displeasure regarding the payment of fees incurred by the Receiver and re-hashing old arguments." *Id.* at 5. Mere disagreement with a magistrate judge's decision is insufficient to demonstrate that such decision was clearly erroneous or contrary to law. Because Dean's appeal does not establish how the magistrate judge's order to award fees

was clearly erroneous or contrary to law, I deny it, and I affirm the magistrate judge's order in full. I also grant the Receiver's request for an award of additional attorney fees and costs incurred in responding to Dean's appeal. I direct the Receiver to file—within 10 days—a memorandum of fees and costs associated with responding to Dean's appeal. The filing must detail the activities, hours spent (in tenths of hours), and the rate charged by each attorney and non-attorney who worked on the response.

**III.    Conclusion**

IT IS THEREFORE ORDERED that interested party Kamille Dean's appeals of the magistrate judge's orders **[ECF Nos. 380, 423] are DENIED**.

IT IS FURTHER ORDERED that the magistrate judge's orders **[ECF Nos. 368, 417] are AFFIRMED in their entirety**. Kamille Dean is ordered to make the following payment to the Receiver within 30 days of this order: $33,755.24 for attorney fees and costs (as explained in ECF No. 417) related to the Receiver's filing of his motion to compel.

IT IS FURTHER ORDERED that the Receiver must file—within 10 days of this order—a memorandum of fees and costs associated with responding to Dean's appeal of the magistrate judge's order awarding fees and costs.

IT IS FURTHER ORDERED that the Clerk of Court is directed to STRIKE Dean's two reply briefs **[ECF Nos. 412, 413]** because she filed them without leave of court.

DATED: March 1, 2023

_____
Cristina D. Silva
United States District Judge