UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Securities and Exchange Commission,

    Plaintiff

v.

Matthew Wade Beasley, et al.,

    Defendants

Case No. 2:22-cv-00612-CDS-EJY

**Order Affirming Magistrate Judge's Order**

[ECF Nos. 373, 387]

Proposed intervenors Kristie Young and Omid Shahabe—two investors who were allegedly defrauded in the underlying Ponzi scheme in this case—appeal Magistrate Judge Youchah's order denying their motion to intervene. ECF No. 387.[1] In their motion to intervene, Young and Shahabe sought "a judicial declaration of their right to pursue equitable claims against [d]efendants and [r]elief [d]efendants without being subject to the receivership established by this [c]ourt." ECF No. 281 at 7. They argued that they met the criteria for intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2) and that they should be granted permissive intervention under Rule 24(b). *Id.* at 9–23. Relying on Rule 24(b)(1)(B), Judge Youchah reasoned that the motion was not timely and that "the interests of [i]ntervenors are adequately represented by Receiver whose mission is to maximize recovery on behalf of the investors involved with the alleged Ponzi scheme perpetrated by [d]efendants." ECF No. 373 at 15.

In their appeal of Judge Youchah's order, Young and Shahabe assert that the magistrate judge erred by "mak[ing] an obvious factual mistake regarding timeliness" and that the magistrate judge's order is "contrary to law because it commits clear errors regarding Nevada's

---

[1] They title their filing as a "motion to reconsider the magistrate judge's order," but I construe this as an appeal and consider it under Local Rule IB 3-1. I refer to it as an "appeal," rather than a "motion" throughout this order.

resulting trust doctrine." *Id.* at 1–2. The Receiver, Geoff Winkler, argues in opposition that "the challenges the [m]ovants have raised to Magistrate Judge Youchah's analysis represent nothing more than unsupported statements of disagreements, or arguments predicated upon inapposite or inapplicable case law." ECF No. 407 at 10–11. And the Securities and Exchange Commission (SEC) notes that Young and Shahabe "fail[] to satisfy the standard of review for reconsideration" and "fail to identify any error in Judge Youchah's order, nor do they raise any new arguments or provide new evidence not already considered by Judge Youchah." ECF No. 414 at 2. Because Young and Shahabe have not demonstrated that the magistrate judge's order denying the motion to intervene was clearly erroneous or contrary to law, I deny their appeal and affirm the magistrate judge's order in full.

I. Legal standard

Magistrate judges may "hear and determine any pretrial matter pending before the court," with some exceptions, and "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The court must "review the magistrate judge's factual findings for clear error and legal conclusions de novo." *adidas America, Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022) (citing *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). "And '[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig*, 940 F.3d at 219 (citation omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Under this district's local rules, a party may object to a magistrate judge's ruling on a pretrial matter by filing written objections, and the opposing party may respond. LR IB 3-1(a); Fed. R. Civ. P. 72(a). But "[r]eplies will be allowed only with leave of the

court." *Id.* And "[t]he district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order." LR IB 3-1(b).

## II. Discussion

In August 2022, Young and Shahabe moved to intervene in this action (ECF No. 281), a motion which the Receiver and the SEC opposed. ECF Nos. 300, 303. The magistrate judge then denied the motion to intervene in November 2022. ECF No. 373. Young and Shahabe appeal that denial order (ECF No. 387), and the Receiver and the SEC both oppose it. ECF Nos. 407, 414. As the Receiver and the SEC point out in their opposition briefs, Young and Shahabe fail to explain how the magistrate judge's denial of their motion to intervene is clearly erroneous or contrary to law. They cite to no binding authority in support of their position. Indeed, they concede that "a high burden of proof [is] required to modify a magistrate judge's order." ECF No. 387 at 10. Having reviewed their appeal and the responsive filings, I find that Young and Shahabe have not demonstrated that the magistrate judge's order was clearly erroneous or contrary to law. I thus deny the appeal and affirm the magistrate judge's order in its entirety.

## III. Conclusion

IT IS THEREFORE ORDERED that the proposed intervenors' appeal of the magistrate judge's order **[ECF Nos. 387] is DENIED.**

IT IS FURTHER ORDERED that the magistrate judge's order **[ECF Nos. 373] is AFFIRMED in its entirety**.

DATED: March 3, 2023

_____
Cristina D. Silva
United States District Judge