KARA B. HENDRICKS, Bar No. 07743
hendricksk@gtlaw.com
JASON K. HICKS, Bar No. 13149
hicksja@glaw.com
KYLE A. EWING, Bar No 014051
ewingk@gtlaw.com
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*Attorneys for Geoff Winkler Receiver*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> MATTHEW WADE BEASLEY *et al.* <br><br> Defendants; <br><br> THE JUDD IRREVOCABLE TRUST *et al.* <br><br> Relief Defendants. | Case No. 2:22-CV-00612-CDS-EJY <br><br> **MEMORANDUM OF FEES AND COSTS RELATING TO RESPONSE TO NON-PARTY KAMILLE DEAN'S OBJECTIONS FROM MAGISTRATE JUDGE'S ORDERS [ECF Nos. 380, 423] PURSUANT TO ORDER AFFIRMING MAGISTRATE JUDGE'S ORDERS [ECF No. 473]** |

COMES NOW, Geoff Winkler, the Court-appointed Receiver (the "Receiver"), by and through his counsel of record the law firm of Greenberg Traurig, LLP ("Greenberg Traurig" or "GT"), and hereby submits this Memorandum of Fees and Costs Relating to Response to Non-Party Kamille Dean's Objections From Magistrate Orders [ECF Nos. 380, 423] Pursuant to Order Affirming Magistrate Judge's Order [ECF No. 473] (the "Memorandum of Fees").

/ / /

/ / /

/ / /

/ / /

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, NV 89135
(702) 792-3773   (702) 792-9002 (fax)

This Memorandum of Fees is based on the below Points and Authorities, the declaration attached hereto, the Court's order dated March 1, 2023 (ECF No. 473), the pleadings and papers on file herein, and such other and further information as may be presented to the Court at the time of any hearing.

DATED this 10TH day of March, 2023.

GREENBERG TRAURIG, LLP

By:  /s/ Kara B. Hendricks
     KARA B. HENDRICKS, Bar No. 07743
     JASON K. HICKS, Bar No. 13149
     KYLE A. EWING, Bar No. 014051
     10845 Griffith Peak Drive, Suite 600
     Las Vegas, Nevada  89135

     *Attorneys for Receiver Geoff Winkler*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTUAL BACKGROUND

Shortly after his appointment, the Receiver became aware that Kamille Dean, of the law firm Kamille Dean, P.C. was in possession of $250,000.00 which was received from Defendant Jeffrey Judd.  The Receiver contacted Ms. Dean seeking turnover of the funds in accordance with this Court's directive in the Temporary Restraining Order and Asset Freeze (ECF No. 3), which was later affirmed via the entry of a Preliminary Injunction.[1]  While Ms. Dean initially turned over a fraction of the funds she held, Ms. Dean refused to turn over the remaining $201,060.00.  After Ms. Dean's numerous delays, the Receiver was forced to move this Court to compel Ms. Dean's compliance with the controlling orders of this case.[2]  On November 17, 2022, this Court entered an order granting the Receiver's Motion to Compel and denying each of Ms. Dean's four motions in response (the "Order Granting Motion the Receiver's Motion to Compel").[3]  In so doing, this Court awarded the Receiver his fees and costs incurred in bringing and succeeding on the Motion to Compel.  On December 1, 2022, the Receiver submitted his Memorandum of Fees and Costs

---

[1] ECF No. 56.
[2] ECF No. 210.
[3] ECF No. 368.

*ACTIVE 685928453v3*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, NV 89135
(702) 792-3773    (702) 792-9002 (fax)

Relating to the Motion to Compel.[4]  The same day, Ms. Dean submitted her first objection to the Magistrate's November 17, 2022 Order Granting the Receiver's Motion to Compel (the "Objection to the Order Granting Motion to Compel").[5]  On December 15, 2022, the Receiver submitted his Response to Ms. Dean's Objection to the Order Granting Motion to Compel.[6]

On December 29, 2022, this Court entered an order granting the Receiver's Memorandum of Fees and Costs in which the Court awarded the Receiver fees in the amount of $33,755.21 and ordered Ms. Dean to make payment to the Receiver within 30 days unless an objection is filed (the "Fee Order").[7]  On January 12, 2023, Ms. Dean filed her Objection, Request for De Novo Review, and Appeal From Magistrate's 12-29-22 Order (the "Objection to the Fee Order").[8]  The Receiver filed his response to Ms. Dean's Objection to the Fee Order on January 26, 2023, in which the Receiver argued Ms. Dean's Objection failed to meet the requisite legal standard and demonstrated a willful and intentional waste of judicial and receivership resources.[9]  On March 1, 2023, this Court entered an Order Affirming Magistrate Judge's Orders in which the Court denied Ms. Dean's objection to the magistrate's December 29, 2022, order and also denied Ms. Dean's objection to the magistrate's order granting the Receiver's Motion to Compel (the "March 1 Order").[10]  In affirming the Magistrate Judge's Orders, the Court agreed that Ms. Dean's objection demonstrated (another) "willful and intentional waste of judicial and receivership resources."[11]  As a result, the Court granted the Receiver's request for additional attorney's fees incurred in responding to Ms. Dean's objections and ordered the Receiver to submit a memorandum of fees and costs associated therewith.[12]  As such, the instant Memorandum of Fees demonstrates the fees and costs incurred by the Receiver with respect to this matter and establishes the propriety of the Receiver's request.

---

[4]  ECF No. 378.
[5]  ECF No. 380.
[6]  ECF No. 391.
[7]  ECF No. 417.
[8]  ECF No. 423.
[9]  ECF No. 443.
[10]  ECF No. 473.
[11]  *Id.*
[12]  *Id.* at p. 7.

*ACTIVE 685928453v3*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, NV 89135
(702) 792-3773   (702) 792-9002 (fax)

## II.   FEES REQUESTED

As demonstrated below and through the attached documentation, the Receiver allocated 81 hours and incurred $28,872.13 in fees responding to Ms. Dean's Objections and therefore requests an order directing payment of the same.[13]

### A.   The Receiver Requests Fees in the Amount of $32,803.61

An award of reasonable attorney's fees is based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983).  *Nev. Prop. 1 v. Kiwibank Ltd.*, 2020 U.S. Dist. LEXIS 172862, *6-7 (D. Nev. Sept. 21, 2020) (citing *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (applying *Hensley*)).  The Court "must first determine a reasonable fee by multiplying 'the number of hours reasonably expended on the litigation' by 'a reasonable hourly rate.'"  *Nev. Prop. 1*, 2020 U.S. Dist. LEXIS 172862, 6-7 (quoting *Hensley*, 461 U.S. at 433).  Next, the Court "must decide whether to adjust the lodestar calculation based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed into the lodestar calculation."  *Nev. Prop. 1*, 20202 U.S. Dist. LEXIS 172862, 6-7 (citing *Fischer*, 214 F.3d at 1110 (internal citations omitted).  The *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70.

"Once calculated, the lodestar is presumptively reasonable." *Nev. Prop. 1*, 2020 U.S. Dist. LEXIS 172862, *6-7 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728, 107 S. Ct. 3078 (1987)).  "Only in 'rare and exceptional cases' should a court

---

[13]  The fees sought herein relate to the work performed by the law firms of Greenberg Traurig and Allen Matkins in this matter and do not include fees associated with the time that the Receiver spent in additional attempt so confer with Ms. Dean prior to the filing of the underlying Motion to Compel.

adjust the lodestar figure." *Id.* (quoting *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal citations omitted) and citing *Fischer*, 214 F.3d at 1119 n. 4 (stating that the lodestar figure should be adjusted only in rare and exceptional cases)).

In total, the Receiver has incurred $28,872.13 in reasonable and necessary fees and costs in responding to Ms. Dean's objections.[14]  The Receiver also incurred an additional $3,931.48 in fees preparing the instant Memorandum of Fees.[15]  *See Clark v. City of L.A.*, 803 F.2d 987, 992 (9th Cir 1986) (holding that fees incurred for work on fee petitions are compensable); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) (finding "it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee.").  Thus, a total award of $32,803.61 in attorneys' fees is reasonable upon consideration of the following factors.

### a.   *The Time and Labor Required*[16]

The Receiver spent 81 hours responding to Ms. Dean's objections.[17]  The time spent included, among other things, reviewing Ms. Dean's filings and the preparation, research, and drafting of the Receiver's response to the same.[18]

Greenberg Traurig allocated its efforts in this matter as efficiently as reasonably possible with Associate Christian Spaulding accounting for approximately 64% of the 81 total hours worked.[19]  Greenberg Traurig took care not to overstaff this matter.[20]  Mr. Spaulding did the majority of the research and drafting associated with the Response to Ms. Dean's objections.[21] Kara Hendricks provided guidance and direction regarding the responses and reviewed and revised

/ / /

---

[14]  **Exhibit 1**, Declaration of Kara Hendricks (the "Hendricks Decl.") at ¶ 15.

[15]  **Exh. 1**, Hendricks Decl. at ¶ 16.

[16]  Allen Matkins assisted in this matter in a limited role, expending only 0.9 hours for a total of $472.50. Given the relatively small amount of time billed by Allen Matkins, the Receiver is not seeking reimbursement for the same.  As such, the hours included in this Memorandum of Fees represent only those fees incurred by Greenberg Traurig.

[17]  **Exh. 1**, Hendricks Decl. at ¶ 17.

[18]  *Id.* at ¶ 18.

[19]  *Id.* at ¶ 19.

[20]  *Id.* at ¶ 20.

[21]  *Id.* at ¶ 21.

*ACTIVE 685928453v3*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, NV 89135
(702) 792-3773   (702) 792-9002 (fax)

initial drafts of the same.[22]   The remainder of the hours spent are attributed to Associate Kyle Ewing, accounting for 16.1 hours.[23]  Mr. Ewing researched, analyzed and drafted briefs in response to Ms. Dean's filings and also assisted Mrs. Hendricks and Mr. Spaulding in their efforts in this matter.[24]  As can be seen from the billing entries on this matter, Greenberg Traurig took care to ensure an efficient use of resources and that efforts were not duplicated.[25]  Given the foregoing and in light of the circumstances giving rise to this matter, the 81 hours spent by Greenberg Traurig were reasonable and appropriate.[26]

### b. *The Novelty and Difficulty of the Questions Involved*

In general, proceedings in an equitable receivership are inherently complex.  *See SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986) (finding the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership because most receiverships involve multiple parties and complex transactions); *see also Sec. & Exch. Com. v. W. L. Moody & Co., Bankers (Unincorporated)*, 374 F. Supp. 465, 486 (S.D. Tex. 1974) ("An equitable receivership is by its very nature, a legally complex process ….").  The matters herein are no different.

This Memorandum of Fees arises from the numerous, repetitive, and voluminous filings made by Ms. Dean following the Court's order granting the Receiver's Motion to Compel.  To put this issue in proper context, it must be noted that the parties are before this Court *solely* because Ms. Dean failed to comply with a court order, specifically the Court's Asset Freeze and Turnover Order as requested by the Receiver in June 2022.[27]  At that time, and as confirmed by this Court, it was clear the funds held by Ms. Dean were receivership property.  Despite this, the Receiver's efforts to obtain Ms. Dean's compliance have now spanned more than nine (9) months.  Thus, it is no surprise that the Receiver and the Receivership Estate have expended significant resources toward this matter in an attempt to recoup funds that should have been turned over from the outset.

---

[22] **Exh. 1**, Hendricks Decl. at ¶ 22.

[23] *Id.* at ¶ 23.

[24] *Id.* at ¶ 24.

[25] *Id.* at ¶ 25.

[26] *Id.* at ¶ 26.

[27] *See* ECF No. 210 wherein the background giving rise to the Motion to Compel is described in detail.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, NV 89135
(702) 792-3773   (702) 792-9002 (fax)

*ACTIVE 685928453v3*

The Court recognized this in the Order stating the Fee Order "was merely the court's attempt to make the Receiver whole for the fees he incurred in filing his motion to compel, which was necessary only because of Dean's refusal to return the receivership property."[28]  In other words, the fees requested through this Memorandum of Fees, and those awarded by the Court on December 29, 2022, represent the Court's determination of the amount necessary to bring the Receiver to the position he would have been had Ms. Dean complied from the outset.

Over the course of the past nine (9) months, the Receiver has been tasked with analyzing numerous theories, case law, statutes, and codes including, but not limited to, contempt, allocation of receivership property for the payment of attorneys' fees, modifications to asset freeze orders, rules of professional conduct and personal jurisdiction, ultimately prevailing and receiving an award of attorney fees incurred for succeeding in his position.  However, Ms. Dean imposed an additional burden upon the Receiver and the Receivership Estate through her baseless objections (ECF Nos. 380, 423) and her improper "Opposition" to the Receiver's prior Memorandum of Fees and Costs.  What is more, Ms. Dean's voluminous filings were replete with arguments already ruled upon in prior motions and in at least one instance, contained the very same arguments already presented to the court.[29]  As such, the Receiver was forced to devote a significant amount of time to adequately address each filing, even though the filings lacked substantive merit from the outset and lacked any procedural basis following the objected-to orders of Magistrate Judge Youchah.

The Receiver's efforts in this respect can be divided into two categories:  (1) those related to Ms. Dean's objection to the Order Granting the Receiver's Motion to Compel; and (2) those related to Ms. Dean's Objection to the Fee Order.[30]  As discussed below, the Receiver incurred significant expense in each.

/ / /

/ / /

/ / /

---

[28]  ECF No. 473 at n. 3.
[29]  ECF No. 473 at p. 4.
[30]  **Exh. 1**, Hendricks Decl. at ¶ 27.

ACTIVE 685928453v3

Greenberg Traurig, LLP
10845 Griffin Peak Drive, Suite 600, Las Vegas, NV 89135
(702) 792-3773   (702) 792-9002 (fax)

i.      **Ms. Dean's Objection to the Order Granting the Receiver's Motion to Compel**

On November 17, 2022, this Court entered its Order Granting the Receiver's Motion to Compel.[31]   In granting the Motion to Compel, the Court ordered Ms. Dean to turnover the remaining funds that were at issue and also awarded the Receiver his fees and costs incurred in bringing the Motion to Compel.[32]   On December 1, 2022, Ms. Dean submitted her Objection to the Order Granting the Receiver's Motion to Compel in which Ms. Dean raised a bevy of issues, each of which were previously argued.[33]   Moreover, the Court found that Ms. Dean had failed to meet her burden.[34]

In total, the Receiver devoted 35.1 hours to responding to Ms. Dean's Objection to the Order Granting the Receiver's Motion to Compel for a total of $12,014.64.[35]

ii.     **Ms. Dean's Objection to the Fee Order**

As noted above, the Court granted the Receiver's request for attorney fees related to the Motion to Compel and ultimately awarded the Receiver $33,755.24.[36]   Prior to its order, however, Ms. Dean submitted yet another rogue filing styled as an "Opposition" to the Receiver's "Motion for Attorneys' Fees and Costs."[37]   Given that the Court did not order briefing on this issue and in light of the fact that Ms. Dean's purported Opposition made baseless and serious accusations against the Receiver and involved matters outside of the Receiver's Memorandum of Fees, the Receiver was compelled to move to strike portions of her filing as improper and also request leave to file a reply brief (the "Motion to Strike").[38]   Before the Court ruled upon the Motion to Strike, the Court entered its Fee Order.[39]   Given that the fee request had been determined, the Court denied

---

[31] ECF No. 368.
[32] *Id.*
[33] ECF No. 380.
[34] *Id.*
[35] **Exh. 1**, Hendricks Decl. at ¶ 28.
[36] ECF No. 417.
[37] ECF Nos. 394, 395.
[38] ECF No. 409.
[39] ECF No. 417.

*ACTIVE 685928453v3*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, NV 89135
(702) 792-3773   (702) 792-9002 (fax)

the Receiver's Motion to Strike as moot following the Fee Order.[40]  In total, the Receiver spent 14.3 hours responding to Ms. Dean's improper Opposition to the Receiver's Memorandum of Fees, including drafting the Motion to Strike, for a total of $5,081.29.[41]

But Ms. Dean did not stop there.  Ms. Dean submitted yet another objection, this time seeking appeal of the Fee Order.  Ultimately, the Court found that Ms. Dean's Objection to the Fee Order was frivolous and demonstrated a willful and intentional waste of judicial and receivership resources.[42]  With respect to Ms. Dean's Objection to the Fee Order alone, the Receiver spent 31.6 hours, totaling $11,752.58.[43]

As can be seen from the tortured history of this dispute, Ms. Dean has repeatedly filed voluminous documents which, although often repeating and re-hashing old arguments, required substantial research, analysis and briefing on behalf of the Receiver.[44]  Indeed, the arguments made by Ms. Dean, although ultimately without merit, involved complex legal theories required the review of an exorbitant amount of case law.[45]  What is worse, all of the work imposed upon the Receiver through Ms. Dean's filings was for naught.  Ms. Dean did not succeed on a single aspect of her objections and the parties are in the same spot as they were on December 29, 2022, when the Court ordered Ms. Dean to pay the Receiver $33,755.24.[46]

Given the wide range of issues presented in the numerous filings submitted following the Receiver's Motion to Compel, this Court may reasonably find the matters addressed in the Receiver's Response to Ms. Dean's Objections were complex, novel, and difficult.

/ / /

/ / /

---

[40]  ECF No. 420 at p. 1.

[41]  **Exh. 1**, Hendricks Decl. at ¶ 29.

[42]  ECF No. 473 at p. 6.

[43]  **Exh. 1**, Hendricks Decl, at ¶ 30.

[44]  See ECF No. 417 at p. 3 (noting that, even before her objections, Ms. Dean had filed 103 pages of briefing excluding exhibits).

[45]  For example, Ms. Dean's Objection to the Order Granting the Receiver's Motion to Compel contained citations to at least 77 cases.  *See* ECF No. 380 at pp. 4-6.  Ms. Dean's additional filings were likewise littered with case law.

[46]  ECF No. 417.

*ACTIVE 685928453v3*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, NV 89135
(702) 792-3773    (702) 792-9002 (fax)

### c.       *The Skill Requisite to Perform the Legal Service Properly*

In line with the preceding section, significant skill and expertise was required to perform the legal services discussed herein.  As above, this matter involved a wide range of complex legal theories, each of which were researched, briefed, and addressed in full detail by counsel for the Receiver.

### d.       *The Preclusion of Other Employment Due to Acceptance of the Case*

Greenberg Traurig is a global firm of significant capacity, such that although individual lawyers may have been working at capacity on this matter, the firm was not, as a whole, precluded from performing other work.  However, given the breadth of the matters at issue in this case, the substantial amount of time devoted to addressing Ms. Dean's meritless filings could have been allocated to other efforts to preserve and marshal the Receivership Estate.  Indeed, as of the date of this filing, the Receiver and his counsel continue to work diligently to locate and take control of all receivership assets in accordance with the Appointment Order.  As such, the 81 hours allocated to responding to Ms. Dean's baseless objection precluded the Receiver from utilizing that time to further the interests of the Receivership Estate.

### e.       *The Customary Fee and Whether the Fee is Fixed or Contingent*

Greenberg Traurig has been approved by this Court as counsel for the Receiver.[47]  As set forth in the Motion For Order Authorizing Receiver to Employ Counsel (ECF No. 89), Greenberg Traurig  agreed to a substantial reduction of its  customary rates in this case.  With respect to the fees sought through the instant Memorandum, Greenberg Traurig charged the rates previously approved by this Court.[48]  Indeed, only three Greenberg Traurig employees worked on this matter, each of whom charged rates previously approved by this Court.  Shareholder Kara Hendricks devoted 13.2 hours to this dispute for a total of $6,442.06, averaging $488.03 per hour.[49]  Associate

---

[47] ECF Nos. 89, 219.

[48] ECF Nos. 219, 315 – Order Approving Amended First Application of Receiver and Receiver's Professionals for Allowance and Payment of Fees and Costs for the Period From June 3, 2022 through June 30, 2022 (the "Order Approving Receiver's First Application for Fees").  Through the Order Approving Receiver's First Application for Fees, this Court previously approved hourly rates for Greenberg Traurig mirroring those requested herein.

[49] Through the Receiver's Motion to Employ Counsel (ECF No. 89), this Court approved Mrs. Hendricks hourly rate of $480.25.  ECF No. 219.

*ACTIVE 685928453v3*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, NV 89135
(702) 792-3773   (702) 792-9002 (fax)

Christian Spaulding worked 51.7 hours, for a total of $16,483.57, averaging $318.83 per hour.[50] Associate Kyle Ewing spent 16.1 hours on this matter for a total of $5,474.00, averaging $340 per hour.[51] As can be seen from the foregoing, Greenberg Traurig worked this matter at a significant discount from its ordinary rates.

### f.    *The Time Limitations Imposed by the Client or the Circumstances*

The Receiver's efforts in response to Ms. Dean's objections were performed under narrow time limitations. As noted herein, this matter was first brought before this Court on August 1, 2022 (ECF No. 210). Preceding the Receiver's Motion to Compel, significant resources were spent attempting to obtain Ms. Dean's compliance without court intervention. However, Ms. Dean did not oblige and the parties engaged on a contorted course of litigation, replete with procedurally improper filings, repeat arguments, and multiple objections to magistrate orders which proved to have no valid basis. With this in mind, the Receiver endeavored to allocate sufficient resources to Ms. Dean's filings while simultaneously continuing his efforts to recover funds for the Receivership Estate. All of the Receiver's efforts in this case are necessarily conducted with a "time is of the essence" mentality as each additional day that funds and/or assets are held by third parties presents the possibility of dissipation of Receivership Property, potentially diminishing the availability of recovery for the victims of the Ponzi-scheme. In other words, for each day that Ms. Dean held the funds that she had received by Judd and each Ms. Dean prolonged her payment of the attorneys' fees incurred by the Receiver, the Receiver was deprived of the ability to marshal and preserve those funds for the benefit of the victims. For this reason, collection efforts, such as those directed toward Ms. Dean, are conducted under tight time limitations.

### g.    *The Experience, Reputation, and Ability of the Attorneys*

GT was chosen by the Receiver as counsel based on GT's expertise and ability to adequately represent the Receiver and assist in the duties and obligations under the Appointment Order and the firm's local contacts and expertise.[52] GT is AV rated by Martindale Hubbell and

---

[50] Through the Receiver's Motion to Employ Counsel (ECF No. 89), this Court approved Mr. Spaulding's hourly rate of $318.75. ECF No. 219.

[51] Through the Receiver's Motion to Employ Counsel (ECF No. 89), this Court approved Mr. Ewing's hourly rate of $340.00. ECF No. 219.

[52] **Exh, 1,** Hendricks Decl. at ¶ 6.

*ACTIVE 685928453v3*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, NV 89135
(702) 792-3773    (702) 792-9002 (fax)

has an excellent reputation in the legal community.[53]  Moreover, GT has extensive experience in all areas of litigation as well as in receivership matters.[54]

Kara Hendricks is a shareholder in GT's Las Vegas office and has over 20 years of experience litigating matters as well as working with companies to resolve disputes outside of the litigation context.[55]  Ms. Hendricks is experienced representing businesses in all manners of contract disputes, litigating products liability matters, handling catastrophic injury cases, defending civil rights claims, litigating employment non-compete agreements, handling derivative suits, resolving property and construction defect disputes, assessing insurance coverage issues, and has represented receivers appointed to handle matters involving insolvent insurance companies.[56]

Kyle Ewing and Christian Spaulding are associates in the Las Vegas office and regularly practice in both the state and federal district courts of Nevada.[57]  Kyle Ewing has been practicing since 2015 and has experience handling large scale and complex litigation in state and federal court.[58]  Likewise, Christian Spaulding has been practicing since 2016 and has experience handling large scale and complex litigation in state and federal court.[59]  As a shareholder, Mrs. Hendricks oversaw GT's role in this matter, with Mr. Ewing and Mr. Spaulding handling the bulk of the research, drafting, and analysis required.[60]

### h.    *The Undesirability of the Case*

This matter could be considered "undesirable" only insofar as Ms. Dean's delays and litigation tactics have created unnecessary work and expenses borne by the Receiver – and ultimately the beneficiaries of the Receivership Estate.  The Motion for which this Court awarded the Receiver his attorneys' fees is a clear demonstration of vexatious litigation tactics.

/ / /

---

[53]  **Exh, 1,** Hendricks Decl. at ¶ 7.
[54]  *Id.* at ¶ 8.
[55]  *Id.* at ¶ 9.
[56]  *Id.* at ¶ 10.
[57]  *Id.* at ¶ 11.
[58]  **Exh, 1,** Hendricks Decl. at ¶ 12.
[59]  *Id.* at ¶ 13.
[60]  *Id.* at ¶ 14.

ACTIVE 685928453v3

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, NV 89135
(702) 792-3773     (702) 792-9002 (fax)

i.      ***The Nature and Length of the Professional Relationship with the Client***

Shortly after being appointed by this Court, the Receiver retained Greenberg Traurig to assist him in carrying out his duties under the Appointment Order.   ECF No. 89.   In the nine (9) months since being retained, Greenberg Traurig has worked closely with the Receiver and performed a litany of services to assist the Receiver in carrying out his duties.   Greenberg Traurig also represents the Receiver in other receivership actions pending in this District.

j.      ***Awards in Similar Cases***

As this Court is aware, the proceedings giving rise to the instant Memorandum were necessitated by Ms. Dean's failure to comply with the terms of this Court's order.   After failed attempts to induce compliance, the Receiver was forced to seek judicial intervention.   Courts of this jurisdiction have awarded fee requests in situations analogous to this, wherein a party was forced to compel another's compliance with court orders or applicable rules.   By way of example, in *Grimsley v. Charles River Labs*, the Court granted defendants' request for attorneys' fees in opposing plaintiff's motion to compel.   *Grimsley v. Charles River Labs.*, No. 3:08-cv-00482-LRH-VPC, 2010 U.S. Dist. LEXIS 123769, at *17 (D. Nev. Nov. 2, 2010).   In *Grimsley*, the plaintiff failed to engage in a meaningful meet and confer despite a direct order from the court to do so. Subsequently, Plaintiff filed a motion to compel discovery responses, which was denied by the court.   Because the plaintiff had failed to comply with the court's order to engage in meaningful meet and confer efforts, the court awarded the defendant its attorney fees and costs.   Similarly, in *Invesco High Yield Field v. Jecklin*, the Court found that 60.9 hours at a blended rate of $492 per hour to be reasonably incurred in relation to a motion to compel.

With respect to the services rendered by Greenberg Traurig, the Receiver seeks compensation for 81 hours of work at a blended rate of approximately $350.61 per hour (exclusive of the fees incurred in drafting the instant Memorandum).   Attached to Ms. Hendricks' declaration attached hereto are the itemized billing entries showing the time worked in tenths of hours.[61]

/ / /

---

[61] For the sake of brevity, only pages of the applicable invoices containing the relevant entries have been attached.   All pages which do not contain entries related to the Receiver's efforts to recover the funds at issue from Ms. Dean have been omitted.

*ACTIVE 685928453v3*

Given that this Court has issued awards exceeding this amount, in instances less egregious than this, the Receiver's requested fees are reasonable and appropriate.

## III.   CONCLUSION

For the foregoing reasons, the Receiver and Greenberg Traurig respectfully requests that the Court order the payment of attorneys' fees in the amount of $32,803.61 which includes the fees incurred in preparing the instant Memorandum.

DATED this 10th day of March 2023.

GREENBERG TRAURIG, LLP

By:   */s/ Kara B. Hendricks*
KARA B. HENDRICKS, Bar No. 07743
JASON K. HICKS, Bar No. 13149
KYLE A. EWING, Bar No. 014051
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135

*Attorneys for Receiver Geoff Winkler*

*ACTIVE 685928453v3*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 10th day of  March 2023, a true and correct copy of the foregoing **MEMORANDUM OF FEES AND COSTS RELATING TO RESPONSE TO NON-PARTY KAMILLE DEAN'S OBJECTIONS FROM MAGISTRATE ORDERS (ECF Nos. 380, 423) PURSUANT TO ORDER AFFIRMING MAGISTRATE JUDGE'S ORDERS (ECF No. 473)** was filed electronically via the Court's CM/ECF system.  Notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM./ECF system.

/s/  Evelyn Escobar-Gaddi
An employee of GREENBERG TRAURIG, LLP

*ACTIVE 685928453v3*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, NV 89135
(702) 792-3773    (702) 792-9002 (fax)

| LIST OF EXHIBITS | |
|---|---|
| **EXHIBIT** | **DESCRIPTION** |
| Exhibit 1 | Declaration of Kara B. Hendricks, Esq. |
| Exhibit A | GT Invoice Entries |

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, NV 89135
(702) 792-3773    (702) 792-9002 (fax)

ACTIVE 685928453v3