UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Securities and Exchange Commission,

           Plaintiff

  v.

Matthew Wade Beasley, et al.,

           Defendants

Case No. 2:22-cv-00612-CDS-EJY

**Order Overruling Objections to Magistrate Judge's Order**

[ECF No. 480]

      This securities-fraud case was brought by the Securities and Exchange Commission (SEC) against several defendants for their alleged operation of a Ponzi scheme involving hundreds of investors. Interested party Wells Fargo filed objections to Magistrate Judge Elena Youchah's order (ECF No. 471) authorizing the Receiver in this action to employ the firm of Levine Kellogg Lehman Schneider + Grossman LLP (Levine Kellogg) as special litigation counsel for the Receiver. The Receiver asks this court to overrule those objections. For the reasons set forth herein, the objections are overruled, and the magistrate judge's order is affirmed in full.

I.    **Legal standard**

      Magistrate judges may "hear and determine any pretrial matter pending before the court," with some exceptions, and "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The court must "review the magistrate judge's factual findings for clear error and legal conclusions de novo." *adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022) (citing *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*,

*Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). "And '[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig*, 940 F.3d at 219 (citation omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Under this district's local rules, a party may object to a magistrate judge's ruling on a pretrial matter by filing written objections, and the opposing party may respond. LR IB 3-1(a); Fed. R. Civ. P. 72(a). But "[r]eplies will be allowed only with leave of the court." *Id.* And "[t]he district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order." LR IB 3-1(b).

## II. Discussion

Wells Fargo never filed an opposition to the Receiver's motion for authorization to employ special litigation counsel. ECF No. 457. As noted in the magistrate judge's order granting the Receiver's motion, this district's local rules provide that failing to file points and authorities in response to a motion constitutes consent to the granting of the motion. ECF No. 471 at 1 (citing Local Rule 7–2(d)). Yet, Wells Fargo now objects to the order. ECF No. 480. The objections fail to address why Wells Fargo did not initially respond to the Receiver's motion. While the court could overrule the objections on that basis alone, it nonetheless resolves the objections on the merits, finding that Wells Fargo fails to meet the high burden of showing that the magistrate judge's order was clearly erroneous or contrary to the law.

First, Wells Fargo contends that there is a "potential conflict" between the investors in the J&J entity lawsuit pending before U.S. District Court Judge Gloria M. Navarro[1] (ECF No. 480 at 3). Second, Wells Fargo claims that allowing Levine Kellogg to appear as Special Counsel in this case could lend itself to a violation of the protective order in place in Judge Navarro's case. *Id.* at 4. But Wells Fargo's objections are speculative at best. They argue that there is "an inherent conflict of interest as members of a class "would certainly have claims against [the

---

[1] *See* 2:22-cv-00529-GMN-NJK.

fraudulent entities] which would be potentially inconsistent with [the Receiver]'s duty as Receiver to manage and preserve the assets of the company." *Id.* at 6 (citing *Fleming v. Bank of Bos. Corp.*, 127 F.R.D. 30 (D. Mass. 1989), aff'd sub nom. *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20 (1st Cir. 1990)). Wells Fargo seems to misapprehend the Receiver's role. The "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors[.]" *See SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). This would include the members of the class-action suit pending before Judge Navarro, which therefore, to some degree, align the interests of the class members and the Receiver. *See Ashmore v. Carr*, 2012 WL 1032548, at *1 (D.S.C. Mar. 27, 2012) ("In carrying out his duties, the Receiver has claimed a right to profits of the illegal Ponzi scheme obtained by "net winners[.]"); *see also Zacarias v. Stanford Int'l Bank, Ltd.*, 945 F.3d 883, 891 (5th Cir. 2019) (Receiver has a duty to "identif[y] and pursue[ ] persons and entities as participants in the Ponzi scheme to recover funds for distribution to investor-claimants."); *Texas & P. Ry. Co. v. Pottorff*, 291 U.S. 245, 260–61 (1934) ("It is the duty of the receiver of an insolvent corporation to take steps to set aside transactions which fraudulently or illegally reduce the assets available for the general creditors, even though the corporation itself was not in a position to do so."). Further, Levine Kelly advised Judge Youchah that it would withdraw as interim co-lead counsel in Judge Navarro's case upon approval of the Receiver's motion. ECF No. 471 (citing ECF No. 457 at 11). Levine Kelly filed that motion. *See* 2:22-cv-00529-GMN-NJK at ECF No. 70. While still pending, it also alleviates much of Wells Fargo's concern about any "potential" conflict.

Wells Fargo's second argument, that Levine Kellogg could potentially violate the protective order in place in Judge Navarro's case, is misplaced. Any concerns about the protective order, from scope to violations, should be addressed in that case, not this one. This argument does not provide a basis upon which I could find that the magistrate judge committed clear error or entered an order that is contrary to the law.

III.  Conclusion

Wells Fargo fails to demonstrate that Judge Youchah's order is clearly erroneous or contrary to the law.

IT IS THEREFORE ORDERED that interested party Wells Fargo's objections to magistrate judge's order **[ECF Nos. 480] are OVERRULED**. Magistrate Judge Youchah's Order (ECF No. 471) is ADOPTED IN FULL.

DATED: April 26, 2023

_____
Cristina D. Silva
United States District Judge