JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
Daniel D. Hollingsworth
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
*Attorneys for the United States*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff <br><br> vs. <br><br> MATTHEW WADE BEASLEY, et al. <br><br> Defendants <br><br> THE JUDD IRREVOCABLE TRUST, et al. <br><br> Relief Defendants | 2:22-cv-00612-CDS-EJY <br><br> **Order Granting Motion to Dismiss the United States of America regarding Court Order, ECF No. 403, the United States Marshals Service, and the Federal Bureau of Investigation and Motion to Withdraw as Attorney** <br><br> [ECF No. 520] |

The United States of America moves this Court to dismiss the United States of America, the United States Marshals Service, and the Federal Bureau of Investigation from this case because they have fulfilled this Court's Order as agreed to by them, ECF No. 403, to turnover to the SEC Receiver Beasley's, Humphries's, and Judd's property that the FBI seized with criminal search warrants and transferred custody to the USMS.

The United States of America also moves this Court to allow Daniel D. Hollingsworth to withdraw as the attorney of record in this case under LR IA 11-6(b) since the assets are in the custody of the SEC Receiver. This Motion will not delay discovery, the trial, or any hearing, and good cause is shown under LR IA 11-6(e).

The USMS turned over Beasley's *forfeited* properties, Humphries's forfeitable properties, and Judd's forfeitable properties, all of which were in the custody of the United

States of America. *See* Declaration of Jeffrey Padayao, Asset Forfeiture Coordinator, United States Marshals Service, attached hereto and incorporated by reference as if fully set forth herein.

This Motion is not submitted solely for the purpose of delay or for any other improper purpose.

Dated: May 15, 2023.

JASON M. FRIERSON
United States Attorney

*/s/ Daniel D. Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE

DATED:  June 7, 2023

**DECLARATION**

I, Jeffrey Padayao, under 28 U.S.C. § 1746(2), state the following:

I am an Asset Forfeiture Coordinator for the District of Nevada, United States Marshals Service. This declaration is made in compliance with the Court's Order Granting Receiver's Motion for Turnover of Receivership Property, ECF No. 403, and in support of Motion to Dismiss the United States of America, the United States Marshals Service, and the Federal Bureau of Investigation, and to Withdraw as Attorney, in *Securities and Exchange Commission v. Matthew Wade Beasley et al.,* 2:22-CV-612-CDS-EJY.

The following assets, which were in the custody of the United States of America, have been turned over to the SEC Receiver in this case:

1. Forfeited properties as to Matthew Wade Beasley:
    a. 22-FBI-002305 $213,718.00 in US Currency;
    b. 22-FBI-002306 Cartier watch; and
    c. Hublot watch.
2. Forfeitable properties as to Christopher R. Humphries:
    a. 22-FBI-002363 $20,081.00 in US Currency; and
    b. 22-FBI-002361 $353,900.00 in US Currency.
3. Forfeitable properties as to Jeffrey J. Judd:
    a. 22-FBI-002332 $397,171.00 in US Currency;
    b. 22-FBI-002344 - 1,500 coins, silver in color (in containers);
    c. 126 coins, gold in color of various shapes and sizes;
    d. 220 silver coins;
    e. 2 silver plates (in cain wooden box);
    f. 140 coins, silver in color in various sizes;
    g. 3 tubes of 20, silver coins;
    h. 15 individual coins, silver in color;
    i. 5 silver plates (in wooden "Acid" box);
    j. 244 silver coins;

|   |   |   |
|---|---|---|
| k. | 22-FBI-002343 - 1 gold coin (in black in color "John Varvatos" box); |
| l. | Patek Philippe Geneve watch; |
| m. | Hublot watch; |
| n. | Silver colored ring with clear stones; |
| o. | Frank Muller Vanguard watch; |
| p. | 1 pair - earrings, silver in color (in box); |
| q. | Necklace, silver in color (in box); |
| r. | Silver colored bracelet with clear stones (in Berger and Sons box); |
| s. | Silver colored necklace with clear stones (in Berger and Son box); |
| t. | Berger and Son ring; |
| u. | Silver colored heart necklace (in Berger and Son box); |
| v. | Silver colored ring with clear stones (in Berger and Son box); |
| w. | Berger and Son ring; |
| x. | 1 pair - Tiffany and Co earrings (in box); |
| y. | 1 pair - Tiffany and Co bracelet (in box); |
| z. | Silver colored ring (in red box); |
| aa. | Rolex watch - silver; |
| bb. | Hublot watch - dark leather band; |
| cc. | Gorilla watch - white & black; |
| dd. | Richard Mille - black band; and |
| ee. | Cartier watch - silver. |

The United States overpaid $291.75 and $5,141.86 from Humphries's seized asset amounts because the government paid interest on the seized amounts when no interest should have been paid.

/ / /

/ / /

/ / /

/ / /

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 15, 2023.

Jeffrey Padayao
District Asset Forfeiture Coordinator
United States Marshals Service