KARA B. HENDRICKS, ESQ.
Nevada Bar No. 07743
KYLE A. EWING, ESQ.
Nevada Bar No 014051
CHRISTIAN T. SPAULDING, ESQ.
Nevada Bar No. 014277
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone:  (702) 792-3773
Facsimile:   (702) 792-9002
Email:       hendricksk@gtlaw.com
             ewingk@gtlaw.com
             spauldingc@gtlaw.com

*Attorneys for Receiver, Geoff Winkler*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. 2:22-cv-00612-CDS-EJY |
| Plaintiff, | |
| vs. | |
| MATTHEW WADE BEASLEY, *et al.*, | |
| Defendants, | |
| THE JUDD IRREVOCABLE TRUST, *et al.*, | |
| Relief Defendants. | |

## **RECEIVER'S MOTION TO DISTRIBUTE FUNDS TO CERTAIN MEMBERS OF JL2 INVESTMENT GROUP LLC; AND MOTION FOR INSTRUCTION**

/ / /

/ / /

/ / /

/ / /

/ / /

Geoff Winkler, the Court-appointed Receiver (the "Receiver"), submits the following Motion to Distribute Funds to Certain members of JL2 Investment Group LLC and Motion for Instruction (the "Motion"). This Motion is based on the below memorandum of points and authorities, the pleadings and papers on file, and any further argument or evidence the Court may entertain.

DATED this 19th day of September, 2023.

**GREENBERG TRAURIG**, LLP

/s/ Kara B. Hendricks
KARA B. HENDRICKS
Nevada Bar No. 07743
KYLE A. EWING
Nevada Bar No. 014051
CHRISTIAN T. SPAULDING
Nevada Bar No. 014277

*Attorneys for Receiver Geoff Winkler*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

By and through this Motion, the Receiver seeks Court authority to distribute ancillary funds collected by the Receiver to members of non-party, JL2 Investment Group, LLC ("JL2 Investment Group") that are distinct from receivership assets. As detailed below, such funds were recovered by the Receiver in conjunction with funds the Receiver obtained from non-party Eco Battery LLC ("Eco Battery").

The individuals for whom the Receiver seeks authorization to pay, invested in Eco Battery *via* their membership in non-party JL2 Investment Group[1] (the "JL2 Investors"). Because two Defendants in this matter also invested substantial amounts in Eco Battery, the Receiver received authorization from the JL2 Investors to consolidate and lead collection efforts against Eco Battery. Through these efforts, the Receiver received payments from Eco Battery totaling $4,931,653.49.

---

[1] Although Defendant Jason Jongeward and his wife Laura were members of JL2 Investment Group through JL2 Investments LLC, they are excluded from the proposed distribution and funds they invested in Eco Battery have been deemed to be Receivership Property.

Of this amount, $1,876,372.20 was related to a loan Defendant Shane Jager ("Jager") made to Eco Battery. The other $3,055,281.29 was repayment of a loan made by JL2 Investment Group.[2] As detailed further below, JL2 Investors funded the principal Eco Battery loan made by JL2 Investment Group to Eco Battery. The Receiver now seeks authorization to pay the JL2 Investors, who are not defendants in this matter, amounts he recovered on their behalf relating to the $1,550,000.00 they funded towards the loan to Eco Battery. For the sake of clarity, the money the Receiver seeks to distribute is unrelated to the Ponzi-scheme alleged in the Amended Complaint and is a result of a separate investment, i.e. the loan to Eco Battery.

The Receiver also requests instructions from the Court relating to a $1,000,000 loan made by a third-party to Defendant Jason Jongeward ("Jongeward") that was utilized by Jongeward to help fund the JL2 Investment Group loan to Eco Battery. Specifically, the Receiver seeks a determination if such funds should be paid back to the third-party or if the $1,000,000 is an asset of the receivership estate.

## II.    RELEVANT BACKGROUND

As this Court is intimately aware, and as alleged in the Amended Complaint, this case arises from the orchestration of a purported Ponzi-scheme spearheaded by Matthew Beasley by which investors believed they were purchasing personal injury settlement contracts. Other Defendants named in the action, including Jongeward and Jager are alleged to have offered investment opportunities relating to fake personal injury settlement contracts.

While Jager and Jongeward's actions in furtherance of the alleged scheme are not the focus of the instant Motion, Jager and Jongeward utilized funds they received through the alleged Ponzi-scheme to invest in, and loan money to, Eco Battery. Specifically, Jager invested $4.5 million in Eco Battery, in addition to providing Eco Battery a loan of $1.7 million. Jongeward formed JL2 Investment Group which loaned $2.95 million to Eco Battery. Of the $2.95 million loaned to Eco Battery by JL2 Investment Group, $200,000 was returned to Defendant Jongeward prior to the receivership. As such, the Receiver's collection efforts related to the outstanding $2.75 million

---

[2] This consists of $2,750,000 in principal and $305,281.29 in interest.

3

ACTIVE 689563865v5

owed to JL2 Investment Group of which the principal amount of $1,550,000 has been categorized as non-Receivership Property[3] and is the subject of this Motion.

### a.  Eco-Battery History

Eco-Battery was formed as a member-managed multi-member Utah limited liability company on or about March 19, 2019.[4] On or around January 4, 2022, Jager agreed to invest in Eco-Battery, purchasing 27,500 shares (representative of a 27.5% interest) for $4.5 million. Subsequently, on January 21, 2022, the Jager, through the Jager Family Trust agreed to provide a $1.7 million loan to Eco Battery.[5]

### b.  JL2 Investment Group, LLC

In February, 2022, JL2 Investment Group was formed for the stated purpose of pursuing investments.[6] Notably, JL2 Investment Group is a separate entity from Relief Defendant JL2 Investments, LLC ("JL2 Defendant") an entity managed by Defendant Jongeward.[7] However, JL2 Defendant, was identified as the managing member of JL2 Investment Group.

In February, 2022, JL2 Investment Group agreed to loan Eco-Battery $2.95 million, evidence by a loan agreement and promissory note dated February 15, 2022 (the "JL2 Loan").[8] The JL2 Loan was comprised of funds received from the following:

/ / /

/ / /

---

[3] An issue has also arisen relating to a $1,000,000 loan that was made to Jongeward and immediately sent to Eco Battery by a third party that is not a member of JL2 Investment Group.  As detailed below, the Receiver seeks instructions from this Court on if such funds should be returned to the party that loaned the funds or if the $1,000,000 is receivership property.

[4] After the initiation of the case, the operations of Eco-Battery appear to have been shifted to Eco-Capital, Inc., a Texas corporation formed in June 2022 through a debt exchange agreement.

[5] Payment was made to Eco Battery through two (2) transfers on January 25, 2022 in the amount of $1.4 million and on February 14, 2022 in the amount of $300,000.  The Receiver has concerns regarding the debt exchange agreement that was entered in December 2022 between Eco-Battery and Eco-Capital and is working with the parties in an attempt to address the same.

[6] *See* **Exhibit 1**, Partnership Agreement of JL2 Investment Group, LLC.   JL2 Investment Group was formed with an initial composition of twenty-four (24) partners, including JL2 Defendant.

[7] ECF No. 118 at ¶ 37.  JL2 Investments, LLC is an entity controlled by Defendant Jason Jongeward.

[8] *See* **Exhibit 2**, February 15, 2022 Loan Agreement (the "JL2 Loan Agreement"); **Exhibit 3**, February 15, 2022 Promissory Note (the "JL2 Promissory Note").

4

ACTIVE 689563865v5

| NAME | AMOUNT INVESTED |
|---|---|
| JL2 Investments LLC | $1,400,000.00 |
| TJI, LLC | $100,000.00 |
| BAM Investments | $50,000.00 |
| ME14LLC | $1,000,000.00 |
| R. Ramirez | $200,000.00 |
| Twelve 27, Inc. | $100,000.00 |
| Corp Invest LLC | $100,000.00 |
| TOTAL | **$2,950,000.00** |

Of the $2,950,000 invested in Eco Battery through the JL2 Loan, $1,550,000 was invested by the JL2 Investors and is therefore subject to return.[9]

As of the date of this Motion, the Receiver has recovered from Eco Battery the outstanding principal amount of $2,750,000, plus interest. However, because not all of the money recovered is receivership property, the Receiver seeks authorization to make loan distributions to the JL2 Investors. The Receiver has been able to verify, to his satisfaction, the funds derived from the JL2 Investors are not Receivership Property. As such, the Receiver seeks authorization to pay $1,722,067.64 to the JL2 Investors as follows:[10]

| NAME | AMOUNT INVESTED | PERCENT OF TOTAL | SHARE OF PROCEEDS COLLECTED (including interest collected) |
|---|---|---|---|
| TJI, LLC | $100,000.00 | 0.0364 | $111,101.14 |
| BAM Investments | $50,000.00 | 0.0182 | $55,550.57 |
| ME14LLC | $1,000,000.00 | 0.3636 | $1,111,011.38 |
| R. Ramirez | $200,000.00 | 0.0727 | $222,202.28 |
| Twelve 27, Inc. | $100,000.00 | 0.0364 | $111,101.14 |
| Corp Invest LLC | $100,000.00 | 0.0364 | $111,101.14 |
| TOTAL | **$1,550,000.00** | | **$1,722,067.64** |

---

[9] Prior to the Receivership, Eco Battery returned $200,000 to Jongeward relating to funds invested through JL2 Investments LLC. Thus, the Receiver undertook efforts to obtain the remaining principal loan amount of $2.75 million from Eco Battery, plus interest.

[10] The additional amount collected by the Receiver on behalf of the JL2 Investment Group came from Jl2 Investments LLC and/or Jongeward and his wife and are thus deemed Receivership Property. This includes $1,200,000.00 in principal, which is .4364 percent of the total making the share of proceeds $1,333,313.65.

ACTIVE 689563865v5

## III. LEGAL AUTHORITY

Federal district courts are vested with wide discretion to enter appropriate orders empowering receivers to pursue specific claims processes and plans for the distribution of assets held by the Receivership. "The power of a district court to impose a receivership or grant other forms of ancillary relief…derives from the inherent power of a court of equity to fashion effective relief." *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980). The "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986).

A "district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005); *see also SEC v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999) ("This court affords 'broad deference' to the [district] court's supervisory role, and 'we generally uphold reasonable procedures instituted by the district court that serve th[e] purpose' of orderly and efficient administration of the receivership for the benefit of creditors." (quoting *Hardy*, 803 F.2d at 1037-38)). As part of its oversight, the Court may "make rules which are practicable as well as equitable." *Hardy*, 803 F.2d at 1039 (quoting *First Empire Bank-New York v. FDIC*, 572 F.2d 1361, 1368 (9th Cir 1978)).

    a.    **Proposed Distribution to the JL2 Investors.**

As noted above, the Receiver has recovered and continues to hold the entirety of the funds loaned by JL2 Investment Group[11] to Eco Battery through the JL2 Loan, including the funds loaned by the JL2 Investors. However, the Receiver believes that it prudent to return the funds collected from Eco Battery representing the contributions made to the JL2 Loan by the JL2 Investors as these individuals are not alleged to have had any involvement in promoting the Ponzi-scheme at issue in this case and had a contractual agreement with JL2 Investment Group relating to the promissory note that has now been paid by Eco Battery.

///

---

[11] The Receiver also holds Eco Battery's payment under the Jager Promissory Note.

ACTIVE 689563865v5

As such, the Receiver proposes the distribution of $1,722,067.64 as follows:

| NAME | AMOUNT INVESTED | RECEIVER'S DISTRIBUTION AMOUNT |
|---|---|---|
| TJI, LLC | $100,000.00 | $111,101.14 |
| BAM Investments | $50,000.00 | $55,550.57 |
| ME14LLC | $1,000,000.00 | $1,111,011.38 |
| R. Ramirez | $200,000.00 | $222,202.28 |
| Twelve 27, Inc. | $100,000.00 | $111,101.14 |
| Corp Invest LLC | $100,000.00 | $111,101.14 |
| **TOTAL** | **$1,550,000.00** | **$1,722,067.64** |

The foregoing proposed distributions represent the entire principal amount invested by each of the identified individuals, plus interest as agreed through their investment.

**b.     Request for Instruction Regarding Funds Loaned to Jongeward.**

In addition to the foregoing, the Receiver seeks instruction from this Court regarding the Court's preferred disposition of $1,000,000 that was invested in Eco Battery through a loan made to Jongeward by third-party J. Gillingham ("Gillingham").[12]

As demonstrated in Table I above, Laura and Jason Jongeward invested $1,400,000 in Eco Battery as part of the JL2 Loan (the "Jongeward Investment"). The Jongeward's received $200,000 back from Eco Battery prior to the receivership, thus leaving the principal amount owed $1,200,000. Through the Receiver's investigation, the Receiver has determined that the $1,000,000 of the Jongeward Investment was loaned to Jongeward by Gillingham and was therefore, separate from funds Jongeward received as part of the alleged Ponzi-scheme.[13]

During the time in question, Laura and Jason Jongeward held multiple accounts at Washington Trust Bank ("Washington Trust") in both their personal names and in the name of Jongeward Construction & Development LLC. A review of account statements demonstrates

/ / /

---

[12] *See,* **Exhibit. 4**, Promissory Note Dated February 14, 2022 between Jason Jongeward and J. Gillingham (the "Gillingham Note").

[13] During the pendency of this action, the Jongewards have provided the Receiver with statements for all accounts they held at Washington Trust including the January 2022 statement for the account ending in 6506 (the "6506 Account"). **Exhibit 5**, January 2022 Washington Trust Bank Statement, Account 6506.

that on February 14, 2022, $1,000,000 was transferred into the 6506 Account from Gillingham.[14] That same day, the full $1,000,000 was immediately wired to Eco Battery as a portion of the JL2 Loan.[15] In other words, although the $1,000,000 was in the possession of Jongeward, via his personal bank account ending in 6506, the 6506 Account merely acted as a pass-through for the funds *en route* to Eco Battery.

The $1,000,000 loaned by Gillingham to Jonegward is different than the investments made by the JL2 Investors as Gillingham was not a member of JL2 Investment Group and personally loaned $1,000,000 to Jongeward via a separate promissory note.[16] Jongeward then utilized the funds and sent the $1,000,000 to Eco Battery as party of the above referenced loan. If Gillingham was a member of JL2 Investment Group or if the funds had been sent directly to Eco Battery by Gillingham, the Receiver would have included Gillingham in his request above for authority to distribute. However, because the $1,000,000 was first sent to the Jongeward's personal account, which at times is believed to have held tainted funds, the Receiver is seeking instructions from this Court regarding his ability to make a distribution to Gillingham in the amount of $1,111,011.38. The requested distribution would represent Gillingham's principal payment, plus interest.[17]

## IV.  CONCLUSION

For the foregoing reasons, the Receiver respectfully requests this Court enter an order:

(1)   Authorizing the Receiver to distribute funds to the JL2 Investors as follows:

   (a)   $111,101.14 to be distributed to TJI, LLC;

   (b)   $55,550.57 to be distributed to BAM Investments;

   (c)   $1,111,011.38 to be distributed to ME14LLC;

   (d)   $222,202.28 to be distributed to R. Ramirez;

   (e)   $111,101.14 to be distributed to Twelve 27, Inc.; and

---

[14] *See,* Exh. 5.

[15] *Id.*

[16] *See,* Exh. 4.

[17] Jongeward has requested the funds be paid directly to Gillingham and has provided the back-up requested by the Receiver that shows both a promissory note and shows the funds were sent directly to Eco Battery the same day they were received by Jongeward.

8

ACTIVE 689563865v5

1    (f)    $111,101.14 to be distributed to Corp Invest LLC.

2    (2)    Instructions on if the Receiver should distribute to Gillingham a proportional share of the funds recovered from Eco Battery or if such funds are deemed Receivership Property.

DATED this 19th day of September, 2023.

**GREENBERG TRAURIG, LLP**

*/s/ Kara B. Hendricks*
KARA B. HENDRICKS
Nevada Bar No. 07743
KYLE A. EWING
Nevada Bar No. 014051
CHRISTIAN T. SPAULDING
Nevada Bar No. 14277

*Attorneys for Receiver Geoff Winkler*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the **19th day of September 2023**, a true and correct copy of the foregoing **RECEIVER'S MOTION TO DISTRIBUTE FUNDS TO CERTAIN MEMBERS OF JL2 INVESTMENT GROUP LLC; AND MOTION FOR INSTRUCTION** was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties registered to this case by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

*/s/ Evelyn Escobar-Gaddi*
An employee of GREENBERG TRAURIG, LLP

ACTIVE 689563865v5

| **LIST OF EXHIBITS** ||
|---|---|
| **EXHIBIT** | **DESCRIPTION** |
| 1 | Partnership Agreement of JL2 Investment Group, LLC |
| 2 | February 15, 2022 Loan Agreement |
| 3 | February 15, 2022 Promissory Note |
| 4 | February 14, 2022 Promissory Note (Jack Gillingham) |
| 5 | Bank Statements |

ACTIVE 689563865v5