KARA B. HENDRICKS, Bar No. 07743
hendricksk@gtlaw.com
KYLE A. EWING, Bar No. 014051
ewingk@gtlaw.com
CHRISTIAN SPAULDING, Bar No. 14277
cspaulding@gtlaw.com
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

JARROD L. RICKARD, Bar No. 10203
jlr@skrlawyers.com
KATIE L. CANNATA, Bar No. 14848
klc@skrlawyers.com
**SEMENZA KIRCHER RICKARD**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile: (702) 920-8669

DAVID R. ZARO*
dzaro@allenmatkins.com
JOSHUA A. del CASTILLO*
jdelcastillo@allenmatkins.com
MATTHEW D. PHAM*
mpham@allenmatkins.com
*admitted *pro hac vice*
**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Telephone: (213) 622-5555
Facsimile: (213) 620-8816

*Attorneys for Geoff Winkler, Receiver for J&J Consulting Services, Inc., J&J Consulting Services, Inc., J and J Purchasing LLC, The Judd Irrevocable Trust, and BJ Holdings LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW WADE BEASLEY; et al.,<br><br>Defendants,<br><br>THE JUDD IRREVOCABLE TRUST, et al.,<br><br>Relief Defendants. | CASE NO. 2:22-cv-00612-CDS-EJY<br><br>**SEVENTH QUARTERLY REPORT OF RECEIVER GEOFF WINKLER** |

Geoff Winkler of American Fiduciary Services, LLC (the "Receiver"), the Court-appointed receiver for Defendants J&J Consulting Services, Inc., an Alaska corporation; defendant J&J Consulting Services, Inc., a Nevada corporation; and J and J Purchasing LLC (collectively, the "J&J

1

Entities"), as well as the Wells Fargo Interest on Lawyers' Trust Account ending in 5598 in the name of defendant Beasley Law Group PC, and Relief Defendants the Judd Irrevocable Trust; PAJ Consulting Inc.; BJ Holdings LLC; Stirling Consulting LLC; CJ Investments, LLC; JL2 Investments, LLC; Rocking Horse Properties, LLC; Triple Threat Basketball, LLC; ACAC LLC; Monty Crew LLC, and the assets of Defendants and Relief Defendants Matthew Wade Beasley, Jeffrey J. Judd, Christopher R. Humphries, Shane M. Jager, Jason M. Jongeward, Denny Seybert, Roland Tanner, Larry Jeffery, Jason A. Jenne, Seth Johnson, Christopher M. Madsen, Richard R. Madsen, Mark A. Murphy, Cameron Rohner, Warren Rosegreen, and Anthony Michael Alberto, Jr. (collectively, the "Receivership Defendants" or "Receivership Entities")[1], submits this Seventh Quarterly Report ("Report") for the period from October 1, 2023 through December 31, 2023 ("Reporting Period") in accordance with the Orders of this Court and Local Rule 66-4(b).

## I. INTRODUCTION

As reflected in the Court's record and discussed further in this Report, this Court authorized, empowered, and directed the Receiver to, among other things:  (1) assume exclusive authority and control over the Receivership Entities; (2) conduct such investigation and discovery as necessary to identify and locate outstanding assets of the Receivership Entities; and (3) preserve and prevent the dissipation of such assets.

As detailed herein, since the entry of this Court's Order Appointing Receiver (ECF. No. 88) and Order Amending Receivership Order (ECF No. 207) (collectively, the "Appointment Order"), the Receiver has made substantial progress, particularly in connection with assuming control over the Receivership Entities and identifying and marshaling their assets for the benefit of the receivership estate and its creditors, including investors in the alleged Ponzi investment scheme which precipitated the Receiver's appointment.  However, because the Receiver's work is ongoing, the conclusions presented in this Report are presently deemed to be preliminary and are subject to modification or amendment as more information becomes available to the Receiver.  As of the date of this Report, the Receiver's investigation and accounting are still in process and he has not arrived at any definitive

---

[1] On July 29, 2022, this Court entered an order expanding the original receivership order to apply to additional defendants (*see* ECF No. 207).

ACTIVE 693196512v1

conclusions, including as to certain allegations made by the Plaintiff Securities and Exchange Commission (the "Commission" or "SEC") in the above-entitled matter.

## II. SUMMARY OF THE RECEIVER'S OPERATIONS (LR 66-4(b)(1))

### A. THE RECEIVER'S INVESTIGATION AND MARSHALLING OF ASSETS

During the Reporting Period, the Receiver and his professionals continued to work with certain Defendants, their respective counsel, and third parties believed to be in possession of Receivership Entity assets or records, to arrange for the turnover of assets, as well as to recover critical documentation relating to the business and financial activities of the Receivership Entities (including bank statements and other financial documents), communications with investors, and other information pertinent to the Receiver's duties. As part of these efforts, the Receiver has been required to prepare and file numerous petitions for relief with the Court in connection with the turnover of assets. Since the employment of special counsel and consultant for the purposes of prosecuting litigation against Wells Fargo Bank ("Wells Fargo") (ECF Nos. 470 and 471)[2], the Receiver has worked diligently with his special litigation counsel to assemble critical evidence in support of the Receiver's claims, and otherwise assist in the prosecution of his action.

The Receiver and his counsel have likewise continued to work to obtain full compliance with the Appointment Order, including, but not limited to, the turnover of funds transferred by the Receivership Defendants to attorneys in the pre-receivership period. As reflected in prior Quarterly Reports, on November 17, 2022, the Court granted the Receiver's Motion to Compel the turnover of certain receivership property that was in the possession of third-party attorney Kamille Dean (ECF No. 368). Additionally, the Court awarded the Receiver fees against Ms. Dean and affixed the total restitution owed to the receivership estate at $66,558.85, subject to a Court-approved payment schedule (ECF Nos. 378, 481, 489 and 492). During the Reporting Period, Attorney Dean made additional payments to the Receiver totaling $5,467.65 and has paid the full amount owed.

During the Reporting Period this Court also entered orders finding Aaron Grigsby in contempt and ordered him to turnover $405,302.40 to the Receiver and further indicated it was inclined to grant

---

[2] *See also* ECF Nos. 455, 457, 458, 459, 460, 480, 482.

ACTIVE 693196512v1

fees and costs associated with the Receiver's efforts that ultimately led to the contempt findings. (ECF Nos. 671, 621, 625).

Additional efforts to obtain compliance with the Appointment Order in the Reporting Period resulted in additional funds and security being provided to the Receiver from Defendant Chris Madsen and the withdrawal of the Receiver's related Motion to Compel. (ECF No. 631)

The Receiver continues to obtain and review documents provided by the Receivership Defendants in accordance with stipulations on file with the Court. Defendant Chris Humphries continues to timely submit required documentation. Other Receivership Defendants are not currently in compliance with existing stipulations. The Receiver will continue to press these parties to make timely productions of all required information but reserves the right to petition the Court for further instructions should additional unwarranted production delays continue.

As detailed in Section III, below, the Receiver has also successfully secured real and personal property. During the Reporting Period, the Court granted permission for the transfer and sale of certain real property (ECF Nos. 583 and 586).

The Receiver's ongoing investigation has resulted in the discovery of additional assets, which the Receiver believes can be successfully monetized for the benefit of the receivership estate. The Receiver and his counsel continue to work on valuations and negotiations for each of these assets, as well as investigating other assets of potential value to the estate.

**B.    INVESTOR AND CREDITOR COMMUNICATION**

The Receiver has maintained and regularly updated the receivership website (http://www.jjconsulting-receivership.com) for investors and creditors to access information regarding this case. Additionally, the Receiver and his professionals have continued to review investor lists provided by the Receivership Defendants and have collected additional registration forms directly from investors. The Receiver submitted an investor list with approximately 1,145 investors to the Court, in camera, on October 31, 2023. An updated investor list will be submitted to the court, in camera, contemporaneously with the submission of this Report. The total number of investors

/ / /

/ / /

identified by the Receiver is 1,145[3]. Any investors that have not yet registered to receive updates on the receivership may do so by visiting www.jjconsulting-receivership.com/register. The Receiver's team will continue to send monthly updates regarding the receivership to all registrants.

C. THE RECEIVER'S FORENSIC ACCOUNTING ACTIVITIES

During the Reporting Period the Receiver has continued to work on his forensic accounting and analysis of the business and financial activities of the Receivership Defendants, which includes reviewing and analyzing digitized bank transactions, bank statements, check images, and wire details, among other financial documentation. The Receiver has digitized statements for over 100 accounts and has audited over 71,000 individual transactions. In addition, the Receiver has fully reviewed over 52,000 unique transactions for authenticity. He has also continued to review tax returns to identify other potential assets of the receivership estate. Considering the complexity of these efforts, the Receiver estimates that the forensic accounting will not be completed until the third quarter of 2024 (although certain aspects of his accounting may be completed earlier). While his accounting efforts remain in process, during the Reporting Period, the Receiver was able to secure access to additional bank statements and tax returns from multiple parties, bringing the total number of accounts for which have statements or other information to 636 covering tens of thousands of additional transactions. The Receiver and his team are evaluating these additional accounts to look for evidence of investor activity.

As noted in prior Quarterly Reports, in addition to facilitating his identification and recovery of available assets, the Receiver also anticipates that his forensic accounting will provide a foundation for an eventual claims process in this matter and enable him to identify with improved accuracy which investors lost money because of their investments in the Receivership Entities, and which did not. The Receiver will address a prospective claims process in a future report.

D. ADDITIONAL RECEIVERSHIP ADMINISTRATION ACTIVITIES

1. **Outreach to Financial Institutions Regarding Turnover of Accounts**

During the Reporting Period, the Receiver and his counsel continued discussions with several banks administering accounts held in the name of, or for the benefit of the entity or individual

---

[3] This number is inclusive of self-reported information from investors and does not currently contain forensic accounting estimates of new investors.

defendants, regarding the turnover of those funds falling within the ambit of the turnover provisions of the Appointment Order and Preliminary Injunction. Among other things, the Receiver prepared and reviewed financial summaries for accounts held at Wells Fargo, U.S. Bank, Ally Bank, and other financial institutions. The results of these summaries were then discussed with bank representatives, to ensure that all identified funds subject to turnover to the Receiver had been turned over. As of the date of this Report, many of these discussions remain ongoing.

A total of $500,000 was turned over to the Receiver this reporting period from a bank account owned by defendant Chris Madsen.

### 2. *Personal Property Sales*

During the Reporting Period, the Car Consultant, Inc. was able to finalize the sale of the following six watches and two vehicles:[4]

| *Year* | *Make* | *Model* | *Total Received* | *Defendant* |
|---|---|---|---|---|
| | Rolex | | $7,377.78 | Judd |
| | Rolex | Presidential | $11,988.89 | Murphy |
| | Cartier | | $13,833.33 | Judd |
| | Cartier | | $2,766.67 | Beasley |
| | Franck Muller | Vanguard | $1,844.44 | Judd |
| | Hublot | | $3,688.89 | Judd |
| 1979 | Pontiac | Trans Am 10th Anniversary | $20,800.00 | Murphy |
| 1979 | Pontiac | Trans Am 10th Anniversary Silver Ed | $20,800.00 | Murphy |
| | | *Total* | $83,100.00 | |

### 3. *Real Property Sales*

This Court has granted the Real Property Sale Motion (ECF No. 224), and the Receiver was given authorization from the court to employ professionals to assist in the sale of real properties (ECF No. 302). Properties in Nevada are being listed by Joe DiRaffaele, and properties in California and Utah are being listed by Todd Wohl. The real property that was sold in the Reporting Period is listed below.

/ / /

---

[4] Efforts have also been made by the Receiver and his professionals to obtain clear titles to facilitate the sale of additional vehicles.

| Address | Property Type | Total Received/Expected | Defendant | Status |
|---|---|---|---|---|
| 6175 Cortney Ridge Ct, Las Vegas, NV 89149 | Single Family Residential | $347,537.71 | Jenne | Sold |
| | Total | $347,537.71 | | |

### III.   INVENTORY OF ASSETS AND ESTIMATE OF *VALUE (LR 66-4(b)(2))*[5]

#### A.   CASH

From October 1, 2023, to December 31, 2023, the Receiver was able to recover approximately $1,141,517 in cash. The Standardized Fund Accounting Report for the period is attached to this report as **Exhibit A**.

#### B.   REAL PROPERTY

The total value of real properties in the Receiver's possession at the end of the Reporting Period was $18,563,393. The Receiver has been in conversations with multiple defendants and will be coordinating the turnover of additional real property in accordance with the provisions of the Appointment Order, in subsequent reporting periods.

#### C.   PERSONAL PROPERTY

The total value of all personal property collected through the end of the Reporting Period was $513,640. The Receiver has been in conversations with multiple defendants and will be coordinating the turnover of additional personal property in the subsequent reporting periods.

In addition to the personal property identified above, $1,162,996 in cryptocurrency and $2,790,625 in private equity investments are currently held in the receivership estate.

### IV.   SCHEDULE OF RECEIVER'S RECEIPTS & DISBURSEMENTS (LR 66- 4(B)(3))

See **Exhibit B**, **Exhibit C**, and **Exhibit D** for complete lists of transactions.

In addition to the foregoing, please see the Standardized Financial Accounting Report attached as **Exhibit A,** and the Summary Cash Flow Statement and Summary Balance Sheet attached as **Exhibit E**.

---

[5] This is not an all-inclusive list of the real properties to which the Receiver has secured possession during this period. The Receiver has secured possession of additional properties that are not public at this time because they are inhabited or cannot be publicly disclosed for privacy reasons.

ACTIVE 693196512v1

## V. CURRENT AND FUTURE LITIGATION

### A. *Ninth Circuit Appeal Relating to Motion to Intervene*

As the Court may recall, on July 14, 2023, after the entry of an order from this Court denying their motion to intervene in the above-entitled action to prosecute investor-based claims, Receivership Entity investors Omid Shahabe and Kristie Young (here, the "Intervenors") filed their Appellants' Opening Brief in the Ninth Circuit appeal bearing case number 23-15512 (the "Appeal"). In the Appeal, the Intervenors argued, as they did before this Court, that they were entitled to intervention in order to recover their investments in the Receivership Entities, and potentially to prosecute claims which they analogized to class claims, based on the assertion that their (and all other Entity investors') investment agreements gave rise to a "resultant trust" in which investment funds were held for the unique benefit of each investor. As the Receiver noted in previous reports, arguments presented by the Intervenors in the Appeal directly implicated the viability of the present receivership.

The Commission, as a Respondent, filed its Answering Brief in the Appeal on September 29, 2023. The Receiver – who was initially identified by the Intervenors as a party to the above-entitled action and therefore a Respondent in the Appeal – filed his Answering Brief on October 9, 2023. Briefing in the Appeal has therefore concluded. The Ninth Circuit recently contacted the briefing parties to advise that oral argument on the Appeal would be scheduled for February 16, 2024. As a non-party to the above-entitled action, and at the Commission's request, the Receiver has ceded any time for argument apportioned to him to the Commission, as the real party in interest. As such, only the Commission will present oral argument on the Appeal as a Respondent. While the Receiver will not present oral argument on the Appeal, his counsel will monitor oral argument and attend to all post-argument requests directed to the Receiver by the Ninth Circuit, if any.

### B. *Wells Fargo Litigation*

On May 24, 2023, the Receiver brought suit against Wells Fargo Bank. The Receiver claims that Wells Fargo aided and abetted Beasley's fraud and his breach of fiduciary duties under the Beasley Law Firm IOLTA. The Receiver alleges that Wells Fargo had knowledge of the fraud but nonetheless continued to substantially assist Beasley. Wells Fargo filed an answer to the Complaint denying the claims. The parties began the discovery phase but agreed to a stay of the case until early March 2024

8

to conduct mediation and attempt to settle the case. A mediation session was held October 24, 2023, and another session is set for February 29, 2024. No trial date has been set.

### C. Future Third Party Litigation and Clawback Actions

Pursuant to this Court's minute order entered on December 13, 2023 (ECF No. 616), granting the Receiver Motion for Leave to Pursue and Initiate Litigation (ECF No. 614), the Receiver began efforts to initiate litigation during this Reporting and will provide further updates in the next quarter.

The Receiver continues to evaluate additional avenues to recover funds for the Receivership Estate and continues to investigate potential targets where third-party litigation and/or claw-back proceedings would be appropriate. As additional information is reviewed and developed and third parties are identified, the Receiver will update the Court regarding his findings and intended next steps.

### D. Monitoring of Proceedings Brought Against Named Defendants

At various times throughout this proceeding, the Receiver has been notified of actions brought against several of the Individual Defendants seeking recovery based on claims similar to those asserted by the Commission herein. In such circumstance, the Receiver has reached out the attorneys involved and requested those matters be stayed based on the preliminary injunction order appointment order entered herein. At this juncture, the parties involved have worked cooperatively with the Receiver to effectuate stays in other proceedings.

## VI. RECOMMENDATION OF THE RECEIVER (LR 66-4(b)(5))

At this juncture, the Receiver has initially concluded that J&J Consulting was not operating a viable business and was quickly dissipating investor funds. So that the Receiver can continue to identify assets and claims and pursue them for the benefit of the receivership estate, the Receiver recommends that the receivership continue.

## VII. CONCLUSION AND REQUESTED RELIEF

Assuming the Court authorizes the Receiver to undertake the actions recommended herein, as well as to continue those actions provided for in the Appointment Order, any amendments thereto and any subsequent orders, the Receiver proposes to submit further interim reports to this Court, addressing his progress, findings, final conclusions, and additional recommendations, approximately

/ / /

ACTIVE 693196512v1

every 90 days. Accordingly, and based on the foregoing, the Receiver respectfully requests that the Court enter an order:

    1. Accepting this Report;

    2. Authorizing the Receiver to continue to administer the Receivership Entities and their estate in accordance with the terms of the Appointment Order;

    3. Authorizing the Receiver to undertake the recommendations presented herein, including a continued engagement of those professionals he deems necessary for the proper administration of the Receivership Entities and their estate; and

    4. Providing such other and further relief as the Court deems necessary and appropriate.

DATED THIS 31st DAY OF JANUARY, 2024

I, Geoff Winkler, verify under penalty of perjury that the statements made in the foregoing report are true and correct to the best of my knowledge.

_____
Geoff Winkler, Receiver

DATED this 31st day of January, 2024.

          **GREENBERG TRAURIG**, LLP

By: _____
KARA B. HENDRICKS, Bar No. 07743
JASON K. HICKS, Bar No. 13149
KYLE A. EWING, Bar No. 014051

JARROD L. RICKARD, Bar No. 10203
KATIE L. CANNATA, Bar No. 14848
**SEMENZA KIRCHER RICKARD**

DAVID R. ZARO*
JOSHUA A. del CASTILLO*
MATTHEW D. PHAM*
*admitted pro hac vice*
**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**

*Attorneys for Receiver Geoff Winkler*

ACTIVE 693196512v1

**CERTIFICATE OF SERVICE**

I hereby certify that on **January 31, 2024**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service.

          */s/  Evelyn Escobar-Gaddi*
          An employee of GREENBERG TRAURIG, LLP

| INDEX OF EXHIBITS | |
|---|---|
| **EXHIBIT** | **DESCRIPTION** |
| A | STANDARDIZED FUND ACCOUNTING REPORT |
| B | EAST WEST BANK RECEIVERSHIP ACCOUNT (A/E 0050) |
| C | EAST WEST BANK RECEIVERSHIP ACCOUNT (A/E 0064) |
| D | EAST WEST BANK RECEIVERSHIP ACCOUNT (A/E 0043) |
| E | SUMMARY CASH FLOW STATEMENT AND SUMMARY BALANCE SHEET |

ACTIVE 693196512v1