KARA B. HENDRICKS, Bar No. 07743
hendricksk@gtlaw.com
KYLE A. EWING, Bar No 014051
ewingk@gtlaw.com
CHRISTIAN T. SPAULDING, Bar No. 014277
spauldingc@gtlaw.com
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

JARROD L. RICKARD, Bar No. 10203
jlr@skrlawyers.com
KATIE L. CANNATA, Bar No. 14848
klc@skrlawyers.com
**SEMENZA KIRCHER RICKARD**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile: (702) 920-8669

DAVID R. ZARO*
dzaro@allenmatkins.com
JOSHUA A. del CASTILLO*
jdelcastillo@allenmatkins.com
MATTHEW D. PHAM*
mpham@allenmatkins.com
*admitted *pro hac vice*
**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**
865 South Figueroa Street
Suite 2800
Los Angeles, California 90017-2543
Telephone: (213) 622-5555
Facsimile: (213) 620-8816

*Attorneys for Receiver, Geoff Winkler*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW WADE BEASLEY, *et al.,*<br><br>Defendants,<br><br>THE JUDD IRREVOCABLE TRUST, *et al.,*<br><br>Relief Defendants. | CASE NO. 2:22-cv-00612-CDS-EJY<br><br>**OMNIBUS MOTION TO APPROVE SEVENTH QUARTERLY APPLICATIONS FOR FEES AND REIMBURSEMENT OF EXPENSES FOR RECEIVER AND RECEIVER'S PROFESSIONALS FOR THE PERIOD FROM OCTOBER 1, 2023 THROUGH DECEMBER 31, 2023** |

Geoff Winkler, the Court-appointed Receiver (the "Receiver"), submits this Omnibus Motion to Approve Seventh Quarterly Applications for Fees and Reimbursement of Expenses for Receiver and Receiver's Professionals for the Period from October 1, 2023 through December 31, 2023 ("Motion").

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

This Motion is based on the below memorandum of points and authorities, the Seventh Quarterly Application for Payment of Fees and Reimbursement of Expenses for Receiver and Receiver's Professionals Greenberg Traurig, LLP, Aitherias, LLC, and Baker Tilly US, LLP, for the Period October 1, 2023 Through December 31, 2023 (ECF No. 644) ("Seventh Quarterly Fee App, ECF No. 644"), Seventh Quarterly Application for Payment of Fees and Reimbursement of Expenses of Receiver's Counsel: (1) Allen Matkins Leck Gamble Mallory & Natsis, LLP; and (2) Semenza Kircher Rickard (ECF No. 641) ("Seventh Quarterly Fee App, ECF No. 641") (together, the "Seventh Quarterly Fee Applications"), filed concurrently herewith, the pleadings and papers on file herein, and such other and further information as may be presented to the Court at the time of any hearing.

DATED this 15th day of February, 2024.

**GREENBERG TRAURIG, LLP**

/s/ Kara B. Hendricks

KARA B. HENDRICKS
Nevada Bar No. 07743
KYLE A. EWING
Nevada Bar No. 014051
CHRISTIAN T. SPAULDING
Nevada Bar No. 14277

JARROD L. RICKARD, Bar No. 10203
KATIE L. CANNATA, Bar No. 14848
**SEMENZA KIRCHER RICKARD**

DAVID R. ZARO*
JOSHUA A. del CASTILLO*
MATTHEW D. PHAM*
**admitted pro hac vice*
**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**

*Attorneys for Receiver Geoff Winkler*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

By and through the subject Motion, the Receiver respectfully requests the allowance and payment of his fees and costs and the fees and costs of the professionals he employed to assist him

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

in fulfilling his duties under the Receiver Order, incurred for the period from October 1, 2023 through December 31, 2023 (the "Application Period"). The Receiver and his counsel timely provided a draft and copies of billing entries to counsel for the Securities & Exchange Commission ("SEC") and SEC staff has reviewed and provided comments on the fee statements and does not oppose the interim approval and payment of the fees and costs sought herein.

Because the Receiver is not a licensed attorney, does not have in-house counsel, and due to the scope of service needed during the Application Period he employed professionals to assist him in fulfilling his duties as the Receiver. Specifically, pursuant to Section 7(F) of the Receiver Order, the Receiver proposed retaining Greenberg Traurig LLP ("Greenberg Traurig"), Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"), as counsel (ECF No. 90) and the law firm of Semenza Kircher Rickard ("Semenza Kircher") as conflicts counsel (ECF No. 108). Additionally, the Receiver proposed the retention of Baker Tilly US, LLP ("Baker Tilly") as tax consultants, and Aitheras, LLC ("Aitheras") as litigation support consultant (ECF No. 455). As further detailed below, during the Application Period, the Receiver and his professionals endeavored to avoid duplication of efforts, and to undertake required tasks in as efficient a manner as possible, utilizing personnel best suited to the task. Additionally, the complexity of the Receivers tasks, the value of the services provided, the quality of the work performed, the benefits obtained on behalf of the receivership estate, and the burden of the fee request on the receivership estate warrant approval of the same.

The Receiver and his professionals seek approval of the following fees and costs for this Application Period, on an interim basis:

(1) Receiver fees of $865,848.50 and costs of $3,319.01;

(2) Greenberg Traurig fees of $103,524.99 and costs of $13.80;

(3) Baker Tilly fees of $8,793.00 and costs of $296.82;

(4) Aitheras fees of $17,752.00;

(5) Allen Matkins fees of $93,283.50 and costs of $7,930.98; and

(6) Semenza Kircher fees of $2,704.50.

/ / /

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

By way of this Motion, the Receiver requests the Court's interim approval of 100% of the fees and expenses incurred during the Application Period and further requests the interim payment of (1) 80% of the fees and 100% of the expenses incurred by the Receiver and the Receiver's Counsel; and (2) 100% of the fees incurred by Baker Tilly and by Aitheras, each to be paid from the funds of the receivership estate (the "Receivership Estate").

## II. RELEVANT BACKGROUND

The SEC initiated this action against J&J Consulting Services, Inc., an Alaska corporation, J&J Consulting Services, Inc., a Nevada corporation, J and J Purchasing LLC, The Judd Irrevocable Trust and BJ Holdings LLC (collectively, the "J&J Receivership Defendants") and others on April 12, 2022 (ECF No. 1) and concurrently with the Complaint filed an *ex parte* motion for temporary restraining order seeking, among other things, the freezing of defendants' assets, an accounting, an order prohibiting the destruction of documents seeking the appointment of a receiver over the J&J Receivership Defendants (ECF No. 2). The Court granted the *ex parte* temporary restraining order, in part, by allowing the asset freeze to proceed but set the motion for a hearing in order to provide defendants an opportunity to be heard on the temporary receivership request (ECF No. 3). On April 21, 2022, a hearing was held and the Court found grounds to enter a preliminary injunction, asset freeze, and other equitable relief. (ECF No. 56). Thereafter, on May 3, 2022 the SEC filed a motion to appoint receiver and requested related relief. (ECF No. 67). On June 3, 2022 an Order was entered appointing Geoff Winkler as Receiver ("Receiver Order" or "Appointment Order"). (ECF No. 88).[1]

Upon his appointment, the Receiver immediately began a diligent review of the business and financial affairs of the Receivership Defendants and undertook efforts to marshal assets for the Receivership Estate in furtherance of his Court-ordered duties and responsibilities. The Receiver has made substantial progress, particularly in connection with his efforts to assert control over the Receivership Entities and identify and marshal their assets for the benefit of the receivership estate, investors, and other creditors. These efforts are further detailed in the Seventh Quarterly Status

[1] On July 29, 2022, this Court entered an order expanding the original receivership order to apply to additional defendants (*see* ECF No. 207).

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

Report (ECF No. 637) ("Seventh Status Report") which details the efforts of the Receiver and his counsel, including: continued efforts to work with certain Defendants, their respective counsel, and third parties believed to be in possession of Receivership Entity assets or records, to arrange for the turnover of assets, as well as to recover critical documentation relating to the business and financial activities of the Receivership Entities (including bank statements and other financial documents). Additionally, the Receiver and his counsel have continued communications with investors and creditors including regular updates to the receivership website. The Receiver continues to allocate substantial effort toward his forensic accounting and analysis of the business and financial activities of the Receivership Defendants, including the analysis and review of bank transactions, bank statements, check images, and wire details. The Receiver has also finalized the sale of multiple receivership assets including, but not limited to, jewelry, vehicles, and real property totaling more than $400,000 during this Application Period alone.

As is common in a complex receivership involving hundreds of millions of dollars in assets – here, the Receiver and his professionals were required to expend significant time and effort to pursue the recovery of receivership assets, and undertake efforts to obtain and analyze financial documents and other information that will likely prove critical to the administration of the Estate, the Receiver's evaluation of prospective creditor claims, and any claw-back or disgorgement litigation that the Receiver ultimately determines, in his reasonable business judgment, is required to recover assets for the benefit of the Estate and its creditors. Specific details regarding efforts of the Receiver and his team from American Fiduciary Services ("AFS") and Greenberg Traurig are further detailed in the Seventh Quarterly Fee App, ECF No. 644. Additional details regarding the activities and services provided by Allen Matkins Leck Gamble Mallory & Natsis, LLP and Semenza Kircher Rickard are set forth in their Seventh Quarterly Fee App, ECF No. 641.

## III. LEGAL AUTHORITY

"The power of a district court to impose a receivership ... derives from the inherent power of a court of equity to fashion effective relief."[2] "The primary purpose of equity receiverships is

[2] *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980).

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

to promote orderly and efficient administration of the Receivership Estate by the district court for the benefit of creditors."[3] "[T]he practice in administering an estate by a receiver ... must accord with the historical practice in federal courts or with a local rule."[4]

As the Ninth Circuit explained:

> A district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad. The district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership. The basis for this broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions.[5]

Decisions regarding the timing and amount of an award of fees and expenses to the Receiver and his or her professionals are committed to the sound discretion of the Court.[6] In determining the reasonableness of fees and expenses requested in this context, the Court should consider the time records presented, the quality of the work performed, the complexity of the problems faced, and the benefit of the services rendered to the Estate, along with the SEC's position on the request, which is entitled to "great weight."[7]

## IV. THE FEES AND EXPENSES INCURRED ARE REASONABLE AND SHOULD BE ALLOWED

The Receiver and his counsel respectfully submit that the fees and expenses incurred during the Application Period were fair, reasonable, necessary, and significantly benefited the Estate. Importantly, efforts were taken to avoid duplication of efforts and to undertake required tasks in as efficient manner as possible, utilizing personnel best suited to the task consistent with the

---

[3] *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986.)

[4] Fed. R. Civ. P. 66.

[5] *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005) (citations omitted); see also *CFTC v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999) ("This court affords 'broad deference' to the court's supervisory role, and 'we generally uphold reasonable procedures instituted by the district court that serve th[e] purpose of orderly and efficient administration of the receivership for the benefit of creditors.").

[6] See *SEC v. Elliot*, 953 F.2d 1560, 1577 (11th Cir. 1992) (rev'd in part on other grounds, 998 F.2d 922 (11th Cir. 1993)).

[7] *SEC v. Fifth* Ave. Coach Lines, Inc., 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973).

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

complexity of the tasks required with the goal of providing high quality work that benefits the receivership estate.

**A. Efforts to Avoid Duplication.**

During the Application Period, the Receiver and his professionals endeavored to avoid duplication of efforts, and to undertake required tasks in as efficient a manner as possible, utilizing personnel best suited to the task. Among other things, the Receiver and select representatives among his professionals held weekly videoconference meetings to identify outstanding tasks, assign to each outstanding task a measure of urgency or importance, and determine which of the Receiver's professionals would be responsible for completing the task, and when. As reflected in the invoices submitted in support of the Seventh Quarterly Fee Applications, many of the tasks undertaken by the Receiver and his professionals required immediate attention.

As was the case in previous reporting periods, and by way of example, Allen Matkins devoted efforts appeal(s) filed by two investors seeking to intervene in the receivership action and worked with financial institutions to obtain records while Greenberg Traurig took the lead on working with Defendants, their counsel, and third parties to facilitate the turnover of assets and filing related motions. This division of work has significantly benefitted the estate, as reflected in the Court's prior favorable orders on the Receiver's motions and stipulations filed for the sale and/or turnover of property, motions relating to the turnover of attorney fees, and in the progress made by the Receiver to-date in connection with the identification and marshaling of valuable receivership assets.

Although, on occasion, the Receiver and his professionals were required to engage in efforts that overlapped to a degree they consistently endeavored to limit such overlap, and to ensure that each task was undertaken by the appropriate, and smallest, group of professionals necessary and sufficient to maximize the likelihood of a successful outcome. These efforts have continued beyond the Reporting Period.

**B. Complexity of Receivers Tasks and Quality of Work Performed.**

The complexity of the work performed by the Receiver and his team includes ongoing communication with named Defendants, securing financial records, facilitating the turnover of

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

millions of dollars in cash, personal, and real property and continuing the process of liquidating the same, evaluating and assessing certain Defendant's business assets, attending to critical deadlines and obligations arising in connection with bankruptcy matters, and communicating with investors and creditors of the Receivership Estate. The Receiver's highly successful efforts have resulted in the recovery or anticipated recovery of assets, including cash, cryptocurrency, personal property, real properties and other with an estimated gross value of more than $90 million. The Receiver also anticipates third party litigation recovery in excess of $100 million.

The Receiver and his professionals were required to expend significant time and effort to preserve the *status quo*, pursue the recovery of receivership assets, and undertake efforts to obtain financial documents and other information that will likely prove critical to the administration of the Estate, the Receiver's evaluation of prospective creditor claims, and any clawback or disgorgement litigation that the Receiver ultimately determines, in his reasonable business judgment, is required to recover assets for the benefit of the Estate and its creditors.

**C. Fair Value of Receiver's Time and Reasonableness of Expenses on Receivership Estate.**

As set forth in the applications made to this court to facilitate the Receiver employing counsel (ECF Nos. 90 and 108), and as referenced in the fee applications filed contemporaneously herewith (ECF Nos. 560 and 563) the attorneys working on this matter are doing so at ***heavily*** discounted rates far below the market or "rack" rates charged in non-receivership matters, notwithstanding the complexity of the present receivership case or the amounts in controversy. Additionally, efforts have been taken to avoid duplicate efforts of counsel. Further, AFS is also providing significant discounts and performs a substantial amount of work in-house, saving both time and money, including tasks involving corporate accounting, forensic accounting, case administration, claims administration, asset valuation, investor communications and internet technology. The significantly reduced rates being charged in this matter, along with efforts to avoid duplication and streamline task demonstrate the reasonableness of the fees requested. Additionally, as demonstrated in the Receiver's Motion to Employ Litigation Support Consultant (ECF No. 455), the fees charged by Aitheras represent a significant savings over other companies offering similar services.

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

When it comes to evaluating the burden of the expenses and the ability of the receivership estate to reasonably bear the same, it is important to look at the case as a whole. In its Complaint (as amended), the SEC has alleged causes of action arising from an alleged investment scheme, whereby hundreds of millions of dollars in investments were successfully solicited based on claims that funds invested would be backed by settlements to be paid out in litigation across the country. (ECF No. 118). In addition, the SEC has alleged that investor funds were diverted by certain defendants to purchase luxury homes, a private aircraft, and multiple luxury automobiles, among other things. (*Id.*) The Receiver's ability to recover cash and assets valued at more than $190 million dollars is not insignificant and is an important consideration when evaluating the fees requested and their potential impact on the estate.

As compared to the value of the assets recovered, the Receiver's and his professionals' fees in their entirety (to say nothing of the fact that they have requested payment of fees at an interim rate of only 80% of actual fees incurred) are nominal. Moreover, the Receiver and his team continue to recover assets and are in the process of selling the same with proceeds going directly to the Receiver for the benefit of the estate to achieve the most equitable outcome possible for all stakeholders. Accordingly, approval of the fees requested is appropriate.

**D. Communication with SEC Counsel.**

The fees requested by the Receiver and his professionals were reviewed and will continue to be reviewed by the SEC staff prior to their submittal to this Court and where appropriate, additional revisions made. As set forth in the Appointment Order (ECF No. 88), the Receiver and his team provide SEC Counsel a complete copy of the proposed fee application and relevant billing information.[8] The SEC staff then reviews the invoices and can provide comments to the Receiver prior to the filing of the fee application. The Receiver and his professionals are sensitive to the feedback received from the staff and received minimal comments for the invoices submitted for this Application Period all of which have been incorporated into the invoices submitted at this time.

---

[8] In an effort to provide the SEC ample time to review and comment regarding the same, invoices are now being provided to counsel for the SEC on a monthly basis.

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

**Importantly, for purposes of the current application, SEC counsel has informed the Receiver that the SEC does not oppose the requested allowance and payment of fees and costs, on an interim basis.**

In addition to discounting rates for this matter and following their own firm best practices for ethical and commercially reasonable billing, the Receiver and his counsel work to ensure that all billing standards meet or exceed both (i) the SEC's Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission (the "Billing Instructions") and (ii) the U.S. Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses.[9] The Billing Instructions and Trustee's Guidelines have been developed iteratively by the SEC and U.S. Trustee specifically to ensure that receivers, trustees, and any professionals or others employed by them charge only reasonable and necessary fees and expenses to a receivership or bankruptcy estate.

The Billing Instructions followed by the submitting parties include requirements that each professional and paraprofessional keep contemporaneous billing records and record time in increments of tenths of an hour and that time records provide reasonable detail and narrative.[10] Each entry must also identify an SEC approved category for the work performed.[11] Certain work performed by the Receiver and counsel that might otherwise be billable in a different context is not included in the invoices submitted to this Court and written off presumptively by the respective parties. This includes time spent preparing fee applications and documentation in support of the same as well as many administrative tasks. Additionally, the Receiver and counsel routinely write off time associated with internal communication and training.

Further, consistent with SEC guidelines, only certain types of costs are included in the invoices submitted. Allowed expenses per SEC guidelines include filing fees, process service fees, expert witness fees, court reporter fees, lines and title expense, postage, parking, and travel.[12] SEC guidelines also allow for reimbursement for photo copying and telephone charges. However, such

---

9 The Billing Instructions are available online at www.sec.gov/oiea/Article/billinginstructions.pdf.
10 *See*, www.sec.gov/oiea/Article/billinginstructions.pdf.
11 *Id.*
12 *Id.*

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

photocopying and telephone expenses are already voluntarily excluded from the invoices and applications submitted in this case.

When it comes to travel, the Receiver and his team are also limited in what they can seek reimbursement for and are cost conscious. Notably, per SEC guidelines, long distance travel outside a twenty (20) mile radius of the applicant's office is reimbursable at fifty percent (50%) of the applicant's regular billing rate, and reimbursement is subject to specific travel restrictions and limitations.[13] The Receiver and his team follow the guidelines, which specify: 1) they seek the and use the lowest airfare; 2) luxury accommodations and deluxe meals are not reimbursable; 3) personal and incidental charges are not included; and 4) expenses over $75 require a receipt. In regard to hotel selection, the Receiver books accommodations based on availability and costs, and the Receiver and his team strive to find reasonable accommodations, taking into account fluctuating prices due to conferences and events in Las Vegas.

Cognizant of the fees and expenses and the impact they can have on the Receivership Estate, Mr. Winkler reviews both the invoices from his team of professionals and American Fiduciary Services ("AFS") on a monthly basis. In so doing, he looks to identify inefficiencies and cuts any time entries and requests for reimbursement he believes are excessive or inconsistent with the Billing Instructions and/or U.S. Trustee's Guidelines. After Mr. Winkler's review, the invoices are sent directly to counsel for the SEC for their review an input under both the Billing Instructions standards and counsel's experience and discretion. Although the Appointment Order (ECF No. 88) specifies that the SEC be provide with drafts of quarterly fee applications 30 days prior to the same being filed, in this case, the Receiver and his team work to provide the SEC the invoices on a monthly basis.

In regard to the fees and costs requested in the Seventh Quarterly Fee Applications, the process outlined above was utilized with (1) the professionals responsible reviewing their own invoices on a monthly basis, (2) the Receiver then reviewing the invoices on a monthly basis, and (3) the Receiver then providing the same to counsel for the SEC for its review. Staff for the SEC

---

[13] *Id.*

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

then reviewed the invoices and can (and did) provide comments to the Receiver prior to the filing of the fee application. The Receiver and his professionals are sensitive to the feedback received from SEC staff. For the Seventh Quarterly Fee Applications, minimal concerns relating to the invoices submitted were raised by the SEC. However, the comments made were addressed and/or incorporated. At the SEC's request, certain time was written off and not included in the subject submittal.

It is also important to note that, consistent with the billing guidelines of the SEC, the Receiver and the applicable law firms are seeking payment of 80% of their fees with the remaining, unpaid twenty percent (20%) as a "holdback" of approved fees, subject to final review and payment only at the conclusion of this Receivership. This provides additional security, should the Court have any additional concerns not addressed in the amended filings. Indeed, the 20% hold back provides a buffer and an additional opportunity for final consideration when the case is complete.

## V. CONCLUSION

Based on the foregoing, the Receiver and his counsel request that the Court approve the fees and expenses as noted herein, and also authorize the payment of those fees and expenses on a percentage, interim basis. Specifically, the Receiver and his counsel request entry of an order[14] Granting this Omnibus Motion in its entirety and approving the following fees and costs incurred for this Application Period as follows:

(1) Receiver fees of $865,848.50 and costs of $3,319.01;

(2) Greenberg Traurig fees of $103,524.99 and costs of $13.80;

(3) Baker Tilly fees of $8,793.00 and costs of $296.82;

(4) Aitheras fees of $17,752.00;

(5) Allen Matkins fees of $93,283.50 and costs of $7,930.98; and

(6) Semenza Kircher fees of $2,704.50.

The Receiver respectfully requests the Court's interim approval of 100% of the fees and expenses incurred during the Application Period and further requests the interim payment of

[14] The form of the proposed order is attached as **Exhibit 1**.

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

(1) 80% of the fees and 100% of the expenses incurred by the Receiver and the Receiver's Counsel; and (2) 100% of the fees incurred by Baker Tilly and Aitheras. The Receiver further requests any other and further relief as the Court deems just and appropriate.

DATED this 15th day of February, 2024.

**GREENBERG TRAURIG, LLP**

/s/ Kara B. Hendricks

KARA B. HENDRICKS
Nevada Bar No. 07743
KYLE A. EWING
Nevada Bar No. 014051
CHRISTIAN T. SPAULDING
Nevada Bar No. 14277

JARROD L. RICKARD, Bar No. 10203
KATIE L. CANNATA, Bar No. 14848
**SEMENZA KIRCHER RICKARD**

DAVID R. ZARO*
JOSHUA A. del CASTILLO*
MATTHEW D. PHAM*
**admitted pro hac vice*
**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**

*Attorneys for Receiver Geoff Winkler*

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the **15th day of February, 2024**, a true and correct copy of the foregoing **OMNIBUS MOTION TO APPROVE SEVENTH QUARTERLY APPLICATIONS FOR FEES AND REIMBURSEMENT OF EXPENSES FOR RECEIVER AND RECEIVER'S PROFESSIONALS FOR THE PERIOD FROM OCTOBER 1, 2023 THROUGH DECEMBER 31, 2023** was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties registered to this case by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

*/s/ Andrea Flintz*
An employee of GREENBERG TRAURIG, LLP

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

| LIST OF EXHIBITS | |
|---|---|
| EXHIBIT | DESCRIPTION |
| Exhibit 1 | [Proposed] Order |