UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Securities and Exchange Commission,<br><br>        Plaintiff<br><br>    v.<br><br>Matthew Beasley, et al.,<br><br>        Defendants<br><br>  and<br><br>The Judd Irrevocable Trust, et al.,<br><br>        Relief Defendants | Case No. 2:22-cv-00612-CDS-EJY<br><br>**Order Denying Aaron Grigsby's Motion to Waive Supersedeas Bond and Stay Pending Appeal and Granting the Receiver's Motion to Seal Certain Exhibits**<br><br><br>[ECF Nos. 647, 650] |

Non-party Aaron Grigsby, Esq., moves this court to stay the contempt order (the "Order") issued against him on December 28, 2023 (ECF No. 621), and for an order waiving the requirement he pay a supersedeas bond while he appeals that Order. ECF No. 647. The Receiver opposes Grigsby's dual request, arguing that this court should deny Grigsby's motion as unsupported in law and facts, and is just another attempt in Grigsby's continuing effort to not comply with this court's Receivership Order. *See generally* ECF No. 649 (referencing Receivership Order, ECF No. 88). The Receiver also asks that I permit the redaction of certain exhibits to his opposition in accordance with the local rules. ECF No. 650.[1] Grigsby's motions are now fully briefed. For the reasons set forth herein, I deny Grigsby's motion to stay and to waive the supersedeas bond. ECF No. 647.

I.   **Relevant background information**

I incorporate by reference the background of this action and the events that led up to the contempt Order against Grigsby. *See* ECF No. 621. As set forth in the Order, I found Grigsby in

---

[1] The Receiver's motion to redact certain exhibits (ECF No. 650) is granted as it sets forth compelling reasons under *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) for doing so, and it complies with Local Rule IC 6-1(a)(5), which requires the redaction of home addresses.

civil contempt for violating this court's Receivership Order, as well as the orders of Magistrate Judge Youchah. *Id.* at 25. As a result of his contemptuous actions, I ordered that Grisby turn over: (1) $100,000 in attorneys' fees charged to Matthew Beasley's American Express card; (2) $10,500 in attorneys' fees charged to Matthew Beasley's Visa card; (3) the proceeds from the sale of a Ferrari and an Aston Martin; and (4) the full amount of proceeds received from the sale of a Mercedes G-Wagon. *Id.* at 26. I found that the total amount due and owing to the Receiver from Grigsby was $405,302.40. *Id.* The Order further required that Grigsby pay a per diem fine of $50.00 for the first day of noncompliance, effective December 14, 2023, with that amount doubling for every third day of noncompliance to the Receiver through the Clerk of the Court for the District of Nevada. *Id.*

On January 29, 2024, Grigsby filed a notice of appeal of the contempt Order. ECF No. 636. On February 16, 2024, Grigsby filed this motion to stay the contempt Order and to waive the supersedeas bond. ECF No. 647.

**II.     Legal framework**

Federal Rule of Civil Procedure 62(b) provides that after a judgment has been entered, "a party may obtain a stay [of the proceedings to enforce the judgment] by providing a bond or other security." Fed. R. Civ. P. 62(b). Rule 62(b) provides a limited right to an automatic stay when a bond or other security is posted because "[a] supersedeas bond ensures that the appellee will be able to collect the judgment plus interest should the court of appeals affirm the judgment." *Opticurrent, LLC v. Power Integrations, Inc.*, 2019 WL 2389150, at *25 (N.D. Cal. June 5, 2019) (citing *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987)) (denying motion to stay execution of judgment pending appeal without posting bond), *aff'd*, 815 F. App'x 547 (Fed. Cir. 2020). The Ninth Circuit held in *ACLU of Nevada v. Masto* that a party is entitled to a stay as a matter of right upon posting of a supersedeas bond. 670 F.3d 1046, 1066 (9th Cir. 2012). "While parties have a right to a stay obtained through a supersedeas bond, an unsecured stay is reserved for 'unusual circumstances.'" *Bolt v. Merrimack Pharm., Inc.*, 2005 WL 2298423, at *2 (E.D.

Cal. Sept. 20, 2005) (citations omitted); *see also Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796 (9th Cir. 1989) ("[C]ourts have deviated from the terms of Rule 62 when the equities so required."), *vacated on reh'g on other grounds by* 929 F.2d 1358 (9th Cir. 1990) (*en banc*).

The amount of the supersedeas bond, the decision to allow for alternative types of security, or to waive the requirement all together, is in the court's discretion. *See Rachel*, 831 F.2d at 1505 n.1; *see also Townsend*, 881 F.2d at 797–98. The burden of demonstrating a need to depart from the usual requirement of paying a full supersedeas bond rests with the appellant. *See Cotton ex. rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1028 (N.D. Cal 2012) (*quoting Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). That burden is an objective one, and the Ninth Circuit often applies a five-factor test to determine if appellant has met that burden. *See Kranson v. Fed. Express Corp.*, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013) (discussing the five *Dillon* factors adopted from the Seventh Circuit in *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988), and granting a waiver of the bond based on FedEx's clear ability to pay the judgment). The *Dillon* factors include:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*See Cotton*, 860 F. Supp. 2d at 1028 (quoting *Dillon*, 866 F.2d at 904–05).

### III. Discussion

Grigsby moves this court for a stay of the contempt Order and to waive the supersedeas bond requirement all together, arguing he would be irreparably harmed by any bond requirement due to an alleged negative net worth, and further that the Receiver has "yet to demonstrate that he is entitled to the disputed property." ECF No. 647 at 2.[2] In support of his

---

[2] Grigsby also argues that his due process rights were violated. ECF No. 647 at 5–6. This motion is not the forum to advance a due process violation, nor it is one of the factors the Ninth Circuit directs the court to consider when evaluating this sort of motion. Accordingly, the court declines to address argument.

motion, Grigsby supplies a notarized "Affidavit of Net Worth," wherein he lists his assets and liabilities. *See* ECF No. 647-1.

The Receiver opposes Grigsby's motion, arguing that he does not present the "unusual circumstances" need to waive the bond requirement, and further that much of his motion lacks points and authorities in support thereof. *See generally* ECF No. 649. The Receiver also argues that Grigsby's affidavit is not only lacking in supporting documentation and detail, but is self-serving, and suspect based on some of the information contained therein. *Id.*

Grigsby fails to meet his burden of demonstrating a need to depart from the usual requirement of paying a full supersedeas bond. The only "evidence" Grigsby offers in support of his motion is his "Affidavit," which, as pointed out by the Receiver, is wholly self-serving and lacks reliability. The affidavit is a one-page summary of what Grigsby represents to be assets and liabilities. ECF No. 647-1. The affidavit does not specifically identify where he holds checking/savings accounts, if there are accounts for himself and/or his law practice, joint or separate from his wife, any information regarding the balances in those accounts over the past several months to support his claim of a negative net worth, the type of cars he owns, the age of the cars, the value of those cars, a detailed list of his monthly expenses, or any other information that would allow this court to consider the affidavit reliable or supported. *See Zweizig v. Northwest Direct Teleservices, Inc.*, 2019 U.S. Dist. LEXIS 236879, *5 (D. Or. Mar. 14, 2019) (denying motion for stay in part where defendant asserts irreparable injury "without support"); *Ivanov v. Fitness Elite Training Ctr., Inc.*, 2023 U.S. Dist. LEXIS 227079, *7 (D. Idaho Dec. 19, 2023) ("[B]road and unsupported statements are far from sufficient to convince this Court that posting a full bond is impracticable.").

More troubling than lack of information, there appears to be a material misrepresentation regarding the value of Grigsby's home. In his "Affidavit," Grigsby claims that the value of his home is $300,000, but a simple Internet search conducted by the Receiver shows

that the estimated value of his home is approximately $496,900.³ *See* Opp'n, Ex. 1-B, ECF No. 649-1 at 10 (screenshot of Zillow's estimated market value). This calls into question the accuracy of the entirety of his "Affidavit," and the fact that he failed to rebut this estimation with any evidence in his reply casts further doubt on the affidavit's reliability. *See* ECF No. 653 at 5.

Even accepting Grigsby's "Affidavit of Net Worth" as accurate, it demonstrates his inability to pay the amount due and owing to the Receiver *and* to comply with the contempt order. Liberally construing his arguments, Grigsby's representation that he cannot afford the supersedeas, at best only partially addresses the fifth *Dillon* factor. He argues that he is in such a precarious financial situation that requiring him to post a bond would cause him irreparable harm. ECF No. 647 at 5. But the fifth *Dillion* factor requires Grigsby to address the risk to his creditors, not to Grigsby himself. Moreover, courts in this and sister circuits often find that an inability to pay weighs in favor of requiring a bond in order to protect the interests of the appellees. *See, e.g., Opticurrent, LLC*, 2019 WL 2389150, at *26 (requiring a bond where the party's ability to pay the judgment was "not beyond question" given the risks from its other pending litigation); *Clark v. Hidden Valley Lake Ass'n*, 2018 WL 2412136, at *3 (N.D. Cal. May 29, 2018) (finding that the defendant's "financial frailty" indicated that a bond was in fact **necessary**) (emphasis added); *AngioScore, Inc. v. TriReme Medical, Inc.*, 2015 WL 13387576, at *2 (N.D. Cal. Oct. 23, 2015) (noting that lack of assets may make the collection process arduous and the availability of future funds was questionable); *S.E.C. v. O'Hagan*, 901 F. Supp. 1476, 1480 (D. Minn. 1995) (explaining that when granting a stay without a supersedeas bond "courts generally require the appellant to post partial bond or alternative security" and refusing to grant a stay because "the Defendant, asserting indigency, proposes no supersedeas bond or alternative

---

³ The value of the home, as well as what, if any amount is mortgaged on the home, is certainly relevant to the court's consideration. Grigsby contends that he has a negative net worth of $242,200.00. ECF No. 647-1. If his home is valued at $200,000 more than he represents, that alone changes his alleged negative net worth to $42,000.00. And, if Grigsby has paid more than $42,000 towards any mortgage, his net worth is no longer in the red. But none of this information, nor other details regarding his financial resources, was provided to this court.

security"); *Leff v. First Horizon Home Loan*, 2007 WL 2572362, at *7 (D.N.J. Sept. 4, 2007) (requiring supersedeas bond because evidence did not support finding that appellant was on stable financial ground); *Lewis v. United Joint Venture*, 2009 WL 1654600, at *1 (W.D. Mich. June 10, 2009) (Defendant's "alleged illiquidity strengthens, not weakens, the need for an appropriate bond."). This is especially true where, as it is in this case, the amount due is large. *See Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, 2019 WL 2715616, at *3 (E.D. Cal. June 28, 2019) (collecting cases).

Further, Grigsby's representation that he lacks financial resources leaves the court with little confidence that Grigsby has the availability of funds to pay the amount owed to the Receiver, much less the contempt Order. Stated otherwise, Grigsby fails to meet the fourth *Dillon* factor.

Finally, even if Grigsby had offered evidence to show the other three *Dillon* factors weigh in his favor—which he does not—he fails to offer an adequate alternative means for securing the judgment. It is not the court's role to suggest an alternative on his behalf. *See Bolt*, 2005 WL 2298423, at *4.

Accordingly, the court denies Grigsby's motion for a stay and waiver of the supersedeas bond because he fails to meet his burden showing an inability to obtain a bond or provide other adequate security, or that he is otherwise entitled to a waiver. However, the motion is denied without prejudice. Grigsby may file another motion seeking relief; however, any said motion must be accompanied by points and authorities and supported by evidence[4] beyond self-serving statements and/or unsupported affidavits.

---

[4] Such evidence includes, but is not limited to, all banking statements that date well before the court entered its contempt Order (records from at least six months prior), mortgage statements, credit card statements, supported information regarding living expenses, information regarding any vehicles (owned, leased, financed) and their value.

IV.     Conclusion

IT IS HEREBY ORDERED that Grigsby's motion to stay and to waive the supersedeas bond [ECF No. 647] is denied without prejudice.

IT IS FURTHER ORDERED that the Receiver's motion to redact certain exhibits [ECF No. 650] is granted.

Dated: March 19, 2024

_____
Cristina D. Silva
United States District Judge