# EXHIBIT 1

# EXHIBIT 1

Eco Capital Settlement Agreement and Release

## SETTLEMENT AGREEMENT AND RELEASE – ECO CAPITAL/ECO IP

This Settlement Agreement and Release – ECO Capital/ECO IP (the "**Agreement**") is made and entered into by Geoff Winkler, as the court-appointed Receiver for the estates of the J&J Receivership Defendants and the assets of Shane M. Jager (the "**Receiver**"), ECO Capital, Inc., a Texas corporation ("**ECO Capital**"), and ECO Capital IP, Inc., a Texas corporation ("**ECO IP**"). The Receiver, ECO Capital and ECO IP may be individually referred to as a "**Party**" or collectively as the "**Parties**."

## RECITALS

1. **Definitions.**

    1.1. The "**Lawsuit**" shall mean Cause No. 2:24-cv-00174 in the United States District Court for the District of Nevada styled as *Winkler v. ECO Battery LLC et al.* filed on January 25, 2024.

    1.2. "**Defendants**" shall mean: ECO Battery LLC, a Utah limited liability company ("**ECO Battery**"); ECO Capital, ECO IP; One Iron Investments, LLC, a Utah limited liability company ("**One Iron**"); Casey W. Shirts ("**Shirts**"); Skylar Schone ("**S. Schone**") and Noah R. Schone ("**N. Schone**") and all their direct and indirect parent companies, all their direct and indirect subsidiaries, divisions, all their related and affiliated entities, and all of their predecessors, successors, and assigns, and the employees, agents, equity holders, owners, consultants, accountants, investment bankers, underwriters, insurers, brokers, dealers, lenders, administrators, representatives, attorneys, trustees, directors, members, managers, officers, shareholders, and directors of each of them.

    1.3. "**Released Parties**" shall mean ECO Capital and ECO IP and all their direct and indirect parent companies, all their direct and indirect subsidiaries, divisions, all their related and affiliated entities, and all of their predecessors, successors, and assigns, and the employees, agents, equity holders, owners, consultants, accountants, investment bankers, underwriters, insurers, brokers, dealers, lenders, administrators, representatives, attorneys, trustees, directors, members, managers, officers, shareholders, and directors of each of them.

2. **Background.**

    2.1. The Lawsuit followed an enforcement action filed by the Securities and Exchange Commission entitled, *Securities and Exchange Commission v. Matthew Wade Beasley et al.*, Case No. 2:22-cv-00612-CDS-EJY (the "**J&J Action**") in which Shane M. Jager ("**Jager**") is a named defendant.

    2.2. The Receiver was appointed as the permanent receiver for the estates of the J&J Receivership and of the Individual Receivership Defendants, including Jager.

    2.3. On or about January 4, 2022, Jager, by and through his family trusts, purchased 27,500 Shares (as defined in the Operating Agreement of ECO Battery, dated as of

1

January 4, 2022 (the "**Operating Agreement**")) of ECO Battery (the "**Jager Shares**") from ECO Battery. Following such investment, Jager and/or his family made loans to ECO Battery in the aggregate amount of $1,700,000 (the "**Jager Loans**").

2.4. Following the appointment of the Receiver, Jager assigned the Jager Shares and the Jager Loans to the Receiver. Following such assignments, the Receiver and Defendants had discussions concerning the repayment of the Jager Loans and redemption or purchase of the Jager Shares for the Issuance Price. Following such discussions, Defendants repaid the Jager Loans in full, including accrued but unpaid interest on the Jager Loans. The Parties, however, were unable to agree on the purchase/redemption price for the Jager Shares, and thereafter, the Receiver filed the Lawsuit.

2.5. In the Lawsuit, the Receiver points to events surrounding Jager's investment into ECO Battery and transactions between and among the Defendants to assert the following claims: Fraudulent Concealment, Fraudulent Inducement, Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duties, Aiding and Abetting Breach of Fiduciary Duty, Unjust Enrichment, Fraudulent Conveyance, Intentional Interference with Contractual Relations, and Civil Conspiracy (together, the "**Claims**").

2.6. ECO Capital and ECO IP deny and dispute the Claims alleged by the Receiver in the Lawsuit.

2.7. The Parties desire to enter into this Agreement in order to provide for certain payments in full, final, and complete discharge and satisfaction of all of the Claim, complaints, losses, expenses, and damages, known or unknown, which have been asserted by the Parties against each other, or could have been asserted by the Parties against each other, related to Jager's investment into ECO Battery. The Parties intend that the monetary and non-monetary covenants and agreements contemplated hereby will be in full and final satisfaction of any and all damages related to the Claims which have been asserted by the Parties against each other, or could have been asserted by the Parties against each other, related to Jager's investment into ECO Battery and the Claims which have been asserted by the Parties against each other, or could have been asserted by the Parties against each other, related to Jager's investment into ECO Battery (collectively, the "**Released Claims**").

2.8. The Parties acknowledge the contested and adversarial nature of the Lawsuit and underlying disputes and stipulate that in executing this Agreement they are not relying on any representation by any other Party or its agents, representatives, or attorneys, with regard to (1) facts underlying the lawsuit, (2) the subject matter or effect of this agreement, or (3) any other facts or issues which may be deemed material to the decision to enter into this Agreement, other than as specifically set forth in this Agreement.

## AGREEMENTS

3. **Provisional Settlement.** The Parties agree that upon full execution of this Agreement, the Receiver shall promptly seek approval for the Parties' settlement under the terms and provisions of this Agreement from the Court presiding over the J&J Action (the "**Court**"). This Agreement shall be contingent on obtaining Court approval, and notwithstanding anything in this Agreement to the contrary, if Court approval is not received, this Agreement shall be deemed to be null and void and of no further force or effect.

4. **Settlement Payment and Consideration.**

    4.1. In consideration for the Receiver entering into this Agreement, ECO Capital will pay to the Receiver $4,500,000 (the "**Settlement Payment**") within five (5) business days after receipt by ECO Capital of written approval from the Court of this Agreement, which Settlement Payment will be made by wire transfer to the Receiver, pursuant to the wire instructions attached hereto as Exhibit 1.

    4.2. The Parties understand and agree that the covenants and agreements stated herein, including the payment of the Settlement Payment, will be in full and final satisfaction of any and all disputes arising out of, or related to, the Released Claims

5. **Dismissal of the Lawsuit.** Within five (5) business days of receiving the Settlement Payment, the Receiver agrees to file an Agreed Notice dismissing, with prejudice, the Receiver's Claims against all Defendants, the form of which is attached hereto as Exhibit 2 (the "**Agreed Notice**").

## RELEASES

6. **Releases.**

    6.1. In consideration for the Settlement Payment and other promises contained in this Agreement, the Receiver hereby presently, fully, finally and forever releases, acquits, and discharges Released Parties from any and all causes of action, injuries, agreements, awards, damages, judgments, garnishments, claims, suits, debts, losses, expenses, compensations, liabilities, contracts, obligations, agreements, covenants, executions and demands of any kind whatsoever, whether known or unknown, fixed or contingent, which the Receiver, ever had, ever filed, now has, or may have in the future, whether or not asserted in the Lawsuit, in connection with, arising out of, concerning, relating in any way to the Released Claims.

    6.2. In consideration of release provided by the Receiver and other promises contained in this Agreement, Defendants hereby presently, fully, finally and forever release, acquit, and discharge the Receiver, Jager and the Jager Family Trust from any and all causes of action, injuries, agreements, awards, damages, judgments, garnishments, claims, suits, debts, losses, expenses, compensations, liabilities, contracts, obligations, agreements, covenants, executions and demands of any kind whatsoever, whether known or unknown, fixed or contingent, which the Defendants, ever had, ever filed, now has, or may have in the future, whether or not

        asserted in the Lawsuit, in connection with, arising out of, concerning, relating in any way to the allegation in the Lawsuit as they pertain or relate to ECO Capital and/or ECO IP.

**6.3.**    The releases in Paragraphs 6.1 and 6.2 are intended to include, without limitation, a release of any and all claims, demands, and causes of action of any nature whatsoever by the Receiver or claims potentially held by ECO Capital or ECO IP, whether arising by statute, regulation, in contract, or in tort, legal or equitable, or based upon negligence, negligence per se, gross negligence, gross negligence per se, strict liability, conversion, breach of warranty (whether express or implied), fraud, fraudulent concealment, fraudulent inducement, misrepresentation, negligent misrepresentation, constructive fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duties, aiding and abetting, unjust enrichment, fraudulent conveyance, intentional interference with contractual relations, civil conspiracy, violation of statute, *res ipsa loquitur,* punitive or exemplary damages, allegations of bad faith, wanton or willful conduct, piercing the corporate veil, single business enterprise, joint enterprise, alter ego, fraudulent transfer, constructive trust, action for accounting, attorney's fees, declaratory judgment, *respondeat superior* or any other theory of recovery, known or unknown arising out of or relating to the Claims asserted in the Lawsuit or the Receiver's interests in ECO Battery as between the Receiver, on the one hand, and ECO Capital and ECO IP, on the other hand.

## MISCELLANEOUS

**7.**    **Consultation With Attorney.** Each Party acknowledges it has consulted with an attorney before signing this Agreement.

**8.**    **Entire Agreement.** This Agreement and the agreements related hereto contain the entire agreement between the Parties with regard to all matters from the beginning of time through the date this Agreement is executed, including, but not limited to, the matters set forth herein and shall be binding upon and inure to the benefit of the Parties, their executors, administrators, personal representatives, heirs, parents, subsidiaries, successors, affiliated companies, related companies, any companies and assigns of the Parties. None of the Parties have expressed any facts, representations, express or implied warranties to induce the execution of this Agreement, or the agreements related hereto, except as expressly contained in this Agreement. Each of the Parties represents and warrants they are not relying on any statement or representation of any opposing party, they are relying on their own judgment and that of their attorney, and they have read the entire Agreement and fully understand and comprehend the terms and conditions stated herein.

**9.**    **Governing Law.** This Agreement is entered into in the State of Nevada , and it shall be construed and interpreted in accordance with the laws of the State of Nevada. For any claim or cause of action arising out of or in any way relating to this Agreement, venue shall be exclusively in the Federal Court, District of Nevada. This Agreement shall not be construed against any of the Parties as having been drafted by any one party. All Parties had equal access to and input in the terms and conditions contained herein.

10. **Non-Disparagement.** The Receiver agrees he will not intentionally disparage the Released Parties and will not make or solicit any comments, statements, or the like that may be considered to be derogatory or detrimental to the good name or business reputation of the Released Parties. The foregoing covenant shall not be applicable to (i) communications made pursuant to process of law, such as in response to a subpoena, interrogatories or depositions, or (ii) communications made in connection with a Party's enforcement of this Agreement.

11. **Consequences of Breach.** The Parties agree if they violate the promises made under this Agreement or file a lawsuit or claim based on legal claims that have been released, they will pay for all resultant attorney's fees and costs incurred by the other party.

12. **Contractual Agreement.** It is understood and agreed by all Parties to this Agreement that the terms of this Agreement are contractual, and are not mere recitals.

13. **Amendment.** This Agreement shall not be modified or amended except by an instrument in writing signed by all of the Parties hereto.

14. **Limitation of Waivers.** Waiver of any one breach of the provisions of this Agreement shall not be deemed a waiver of any other breach of the same or any other provision of this Agreement.

15. **Invalid Provisions.** If, after the date of the execution of this Agreement, any provision of the Agreement is held to be illegal, invalid or unenforceable under present or future laws during the term of this Agreement, such provision shall be severable. In lieu thereof, there shall be added a provision so similar in terms to such illegal, invalid or unenforceable provision as may be possible, legal, and enforceable.

16. **No Admission of Liability.** It is expressly understood and agreed by and between the Parties hereto that the execution of this Agreement, and any and all acts taken pursuant to or in connection herewith are intended to be, and are, being made solely for the purpose of compromising and settling all claims of any kind which one Party might have against the other and that any action taken pursuant to this Agreement is not to be construed or considered as an admission of liability or fault on the part of any Party.

17. **Taxes.** The Parties understand and agree that none of the Parties, nor any of their attorneys, advisors, or agents, have made any representations or warranties regarding the tax consequences associated with the receipt or payment of any of the consideration exchanged pursuant to this Agreement.

18. **Attorneys' Fees, Expenses, and Court Costs.** The Parties agree to pay their own attorneys' fees, court costs, and expenses incurred in relation to the Lawsuit and this Agreement.

19. **Warranty of Capacity to Execute Agreement.** The Parties each represent and warrant that no other person or entity has any interest in the claims, demands, obligations or causes of action released or purported to be released in this Agreement, except as otherwise set forth herein; and that they have the sole right and exclusive authority to execute this

Agreement; that no consent, approval, authorization or order of any court, governmental authority, person or entity is required for the execution, delivery or performance of this Agreement, and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action released or purported to be released in this Agreement.

20. **Counterparts.** This Agreement may be executed in counterparts; a counterpart shall be considered executed and delivered by a person upon delivery by such person of a counterpart of this Agreement (i) reflecting such Person's original signature, (ii) via electronic mail reflecting a copy of such person's signature (including a portable document format (pdf) version), or (ii) by any electronic signature of such person complying with the U.S. federal ESIGN Act of 2000; and all executed counterparts, when taken together, shall constitute sufficient proof of the Parties' entry into this Agreement. The Parties agree to execute any further or future documents which may be necessary to allow the full performance of this Agreement

21. **Effective Date.** This Agreement shall be binding and enforceable on the latest of the date of execution by any Party, but subject to Section 3 above.

[SIGNATURES ON NEXT PAGE]

IN WITNESS HEREOF, the undersigned Parties have executed this Settlement Agreement and Release as evidenced by the signatures below.

**AGREED:**

Executed as of  4/4 , 2024

_____
**Geoff Winkler,** as the court-appointed Receiver for the estates of the J&J Receivership Defendants and the assets of Shane M. Jager

Executed as of  3/28 , 2024

**ECO Capital, Inc.**

_____
Name: MICHAEL MCAFEE
Title: TRTAUL

Executed as of  3/26 , 2024

**ECO Capital IP, Inc.**

_____
Name: MICHAEL MCAFEE
Title: TRALLON

Signature Page

Error! Unknown document property name.
ACTIVE 696420004v1

# EXHIBIT 1

## Wire Transfer Instructions for the Receiver

[To be inserted]

Exhibit 1

Error! Unknown document property name.
ACTIVE 696420004v1

## EXHIBIT 2

### Form of Agreed Notice

[See attached document]

Exhibit 2
**Error! Unknown document property name.**
ACTIVE 696420004v1

KARA B. HENDRICKS, Bar No. 07743
hendricksk@gtlaw.com
KYLE A. EWING, Bar No 014051
ewingk@gtlaw.com
CHRISTIAN SPAULDING, Bar No. 14277
spauldingc@gtlaw.com
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002

*Attorneys for Plaintiff Geoff Winkler, Receiver for the estates of the J&J Receivership Defendants and for the Assets of Shane M. Jager*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| GEOFF WINKLER, as the court-appointed Receiver for the estates of the J&J Receivership Defendants and for the assets of SHANE M. JAGER,<br><br>Plaintiff,<br><br>vs.<br><br>ECO BATTERY LLC, a Utah Limited Liability Company; ECO CAPITAL, INC., a Texas Corporation; ECO CAPITAL IP, INC., a Texas Corporation; ONE IRON INVESTMENTS, LLC, a Utah Limited Liability Company; CASEY W. SHIRTS, an individual; and NOAH R. SCHONE, an individual.<br><br>Defendants. | CASE NO. 24-cv-00174-CDS-MDC<br><br>**PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE** |

Plaintiff GEOFF WINKLER, as the court-appointed Receiver for the estates of the J&J Receivership Defendants and for the assets of SHANE M. JAGER, pursuant to the Federal Rules

/ /

/

/ /

/ /

1

ACTIVE 696420060v1

of Civil Procedure Rule 41(a)(1)(A)(i), hereby gives notice that the claims against Defendants herein are dismissed with prejudice.

DATED this ___ day of _____, 2024.

**GREENBERG TRAURIG, LLP**

By: /s/
_____
KARA B. HENDRICKS, ESQ.
Nevada Bar No. 07743
KYLE A. EWING, ESQ.
Nevada Bar No. 014051
CHRISTIAN SPAULDING, ESQ.
Nevada Bar No. 14277

*Attorneys for Plaintiff Geoff Winkler, Receiver for the estates of the J&J Receivership Defendants and for the Assets of Shane M. Jager Receiver for Shane M. Jager*

2

ACTIVE 696420060v1