MARC D. KATZ (Cal. Bar No. 189534)
Email: katzma@sec.gov
DOUGLAS M. MILLER (Cal. Bar No. 240398)
Email: millerdou@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Monique Winkler, Acting Regional Director
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (801) 524-5796
Fax: (801) 524-3558

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.: 2:22-cv-00612-CDS-EJY |
| Plaintiff, | |
| v. | Judge: Cristina D. Silva<br>Magistrate Judge: Elayna J. Youchah |
| MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICES, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; ROLAND TANNER; LARRY JEFFERY; JASON A. JENNE; SETH JOHNSON; CHRISTOPHER M. MADSEN; RICHARD R. MADSEN; MARK A. MURPHY; CAMERON ROHNER; and WARREN ROSEGREEN; | **MOTION TO EXTEND DISCOVERY SCHEDULE (Second Request)** |
| Defendants; and | |
| THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC; | |
| Relief Defendants. | |

**I.  INTRODUCTION**

Plaintiff Securities and Exchange Commission (the "SEC"), pursuant to Local Rules 6-1 and 26-3, hereby moves to extend the discovery schedule and associated deadlines by several months to allow the SEC sufficient time to complete expert and fact discovery.  This is the second motion to extend the schedule in this action.  The SEC previously sought and obtained an extension of expert and fact discovery by seven months to allow the Receiver time to complete his forensic accounting, which the Receiver originally projected would be completed by January 2024 and the parties had hoped to rely on for purposes of settlement and resolving this action without expending significant time and resources on discovery.  (Dkt. No. 539.)  However, in light of the Receiver now projecting that he will not complete his forensic accounting until March 31, 2025, the SEC has decided to complete expert and fact discovery in advance of the forensic accounting and requires an extension of the current deadlines to do so.[1]

**II.  BACKGROUND**

On January 20, 2023, the Court entered the scheduling order in this action, setting forth the deadlines for the case, including discovery cut-off, exchange of initial expert reports and the exchange of rebuttal expert reports.  (Dkt. No. 429.)   The Court, in signing the scheduling order, acknowledged that this is a highly complex case and that the standard discovery deadlines set forth in Local Rule 26-1(b) would not promote the efficient and effective resolution of this case.  (*Id.*)

On June 26, 2023, the SEC filed its first motion to extend the discovery schedule.  (Dkt. No. 539.)  The SEC explained that additional time was needed to allow the Receiver to complete his forensic accounting, which given the complexities and scope of the entities and financial

---

[1] On the date of this filing, the SEC emailed all the parties for whom it had email addresses at approximately 9:30 a.m. PST and notified them of this filing.  The SEC requested that the recipients of the email please let the SEC know their position with respect the extensions requested by 3:00 p.m. PST the same day.  As of the time of this filing, the SEC had heard back from counsel for Seth Johnson, Cameron Rohner, and Richard Madsen, the only defendant to object to the SEC's first request for an extension.  None of them opposed the motion.  (Declaration of Douglas M. Miller ("Miller Decl."), ¶ 8.)

1

records at issue, was estimated at that time would not be completed until at least January 2024. (*Id.* at p. 2.) The SEC further explained that allowing additional time for the forensic accounting to be completed would facilitate settlement discussions with several of the defendants and streamline out-of-court resolutions without the expense of additional fact and expert discovery. (*Id.* at p. 3.) The SEC also explained that allowing the forensic accounting to be completed would potentially avoid the SEC expert from having to duplicate the work of the Receiver in preparing an expert report. (*Id.* at pp. 2-3.) The SEC proposed extending the discovery and related deadlines by seven months. (*Id.*) To accomplish this, the SEC proposed the following schedule:

| Event | Deadline |
|---|---|
| Discovery Cut-Off | Sept. 9, 2024 |
| Exchange of Initial Expert Reports | May 9, 2024 |
| Exchange of Rebuttal Expert Reports | June 10, 2024 |
| Last Day to Amend Pleadings or Add Parties | June 11, 2024 |
| Dispositive Motion Cut-Off | Oct. 9, 2024 |
| Joint Pretrial Order (Rule 26(a)(3) disclosures shall be included in the Pretrial Order) | Nov. 8, 2024 |

On July 25, 2023, the Court granted the SEC's motion to extend the discovery and other case related deadlines by seven months over defendant Madsen's opposition. (Dkt. No. 552.) The Court, in exercising its discretion under *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996) and other precedent, found there was good cause for the requested extension. (*Id.* at p. 2.)

After the Court granted the SEC's request for an extension, other than issuing some Rule 45 document subpoenas and sending initial interrogatories, document requests, and requests for admission to Defendants, the SEC did not engage in any further discovery because the purpose of the extension was to allow the forensic accounting to be completed, which would facilitate settlement discussions with several of the defendants and streamline out-of-court resolutions without the expense of additional fact and expert discovery. (Dkt. No. 539, p. 3.) The SEC said

it would continue to accept discovery requests but attempt to avoid unnecessary discovery expenses during the period of extension so that the parties could pursue an expeditious resolution of the case once the forensic accounting was completed. (*Id.*) For these reasons, the SEC has not completed written discovery, expert discovery, taken depositions or issued additional subpoenas.

In February 2024, the SEC retained Duane Campbell, a Senior Director at FTI Consulting, to serve as its forensic accountant and expert in this matter. (Miller Decl., ¶ 3.) However, despite earlier projections, the Receiver's forensic accounting was not completed by January 2024. The SEC conferred with the Receiver about the status of his forensic accounting and the Receiver reported that, of the 605 accounts identified to date, approximately 54% have been reviewed and analyzed, approximately 37% are in process and approximately 10% require additional documentation before they can proceed. (Declaration of Geoffrey Winkler ("Winkler Decl."), ¶¶ 8-14.) As a result, the Receiver currently projects, due to the complexities of this case, that his forensic accounting will be completed by March 31, 2025. (*Id.* at ¶ 14.)

In light of the Receiver's current projections, the SEC has decided to complete expert and fact discovery in advance of the forensic accounting and requires an extension of the current deadlines to do so. Specifically, the SEC would like to extend the discovery deadlines and related deadlines as follows:

| Event | Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut-Off | Sept. 9, 2024 | Dec. 6, 2024 |
| Exchange of Initial Expert Reports | May 9, 2024 | Nov. 8, 2024 |
| Exchange of Rebuttal Expert Reports | June 10, 2024 | Nov. 22, 2024 |
| Last Day to Amend Pleadings or Add Parties | June 11, 2024 | Nov. 25, 2024 |
| Dispositive Motion Cut-Off | Oct. 9, 2024 | Jan. 17, 2025 |
| Joint Pretrial Order (Rule 26(a)(3) disclosures shall be included in the Pretrial Order) | Nov. 8, 2024 | Feb. 21, 2025 |

To facilitate completing expert and fact discovery within this timeframe, the SEC has asked the Receiver to start transferring the financial records he already has in his possession to the SEC so that its expert can begin preparing the expert report that was delayed in anticipation of the forensic accounting being completed by January 2024. The Receiver notified the SEC he would begin the process of sharing the financial records with the SEC on April 24, 2024. (Miller Decl., ¶ 4.) Two of the financial institutions have advised the Receiver that they will not permit the Receiver to share documents with the SEC unless the SEC formally issues a subpoena to the Receiver for those documents or issues a subpoena to those financial institutions. (Winkler Decl., ¶ 12.) Therefore, the SEC is in the process of preparing a subpoena to the Receiver for these documents. (Miller Decl., ¶ 5.)

### III.   ARGUMENT

District of Nevada Local Rule IA 6-1 provides that a motion to extend time must state the reasons for the extension requested and must inform the Court of all previous extensions of the subject deadline the Court granted. Local Rule 26-3 further provides that a motion to extend a deadline set by a scheduling order, in addition to satisfying the requirements of Local Rule IA 6-1, must be supported by a showing of good cause for the extension and must be received by the Court no later than 21 days before the expiration of the subject deadline or demonstrate that the failure to do so was the result of excusable neglect. Lastly, Local Rule 26-3 requires that the motion to extend a discovery deadline include: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

In this case, the SEC's motion for an extension of the discovery deadlines satisfies all of the requirements of Local Rule IA 6-1 and Local Rule 26-3. The SEC has established good cause for the requested extension. It has provided the Court with a declaration from the Receiver explaining the unexpected delays he has encountered in completing his forensic analysis and that

4

despite his earlier projection of the forensic analysis being completed by January 2024, his current projection is that it will not be completed until March 31, 2025. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (good cause exists "if [the schedule] cannot reasonably be met despite the diligence of the party seeking the extension") (citing *Johnson v. Mammoth* Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Although one of the deadlines covered by the SEC's proposed extension – the deadline for expert discovery, which is currently scheduled to close on May 9, 2024 – is less than 21 days away, the Court should find that the SEC's failure to file its motion sooner was the result excusable neglect. *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017). This analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Branch Banking*, 871 F.3d at 765. Here, counsel for the SEC worked diligently with the Receiver in putting together a request for a continuance of the discovery deadlines in light of the Receiver's current projections for completing the forensic analysis. (Miller Decl. ¶ 6.) SEC counsel had the Receiver prepare a detailed declaration explaining the reasons why the forensic accounting could not be completed within his original projections and explain his new projections for when it would be complete. (*Id*.) The Receiver prepared a fact-intensive declaration with the assistances of his counsel and put together a chart detailing all of the subpoenas the Receiver had issued and explaining why the forensic accounting has taken longer than expected. (Winkler Decl. ¶¶ 5-14.) Accordingly, because the delay was not the result of dilatory behavior on the part of the SEC or the Receiver and because it has not prejudiced the defendants, the Court should find that the SEC's failure to file its motion before the 21-day deadline with respect to expert discovery is the result of excusable neglect. *See Fernandez-Gonzalez v. Valdes-Garcia*, Case No. 2:20-cv-01775-RFB-NJK, 2023 WL 8622360, *3 (D. Nev. Dec. 13, 2023) (applying excusable neglect factors and being "most mindful of the potential for prejudice" in making a finding of excusable neglect). Moreover, extending expert discovery by approximately six months will not have a substantial

impact on the proceedings and the SEC is making its request in good faith and not for purposes of delay or tactical advantage. (Miller Decl. ¶ 7.)

### IV. CONCLUSION

Accordingly, the SEC respectfully requests that its motion for a six-month extension of the discovery and related deadlines be granted.

Dated: April 26, 2024.

Respectfully submitted,

 /s/ Douglas M. Miller
DOUGLAS M. MILLER
MARC D. KATZ
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
*Attorneys for Plaintiff*
*Securities and Exchange Commission*

### ORDER

**Pending before the Court is the Motion to Extend Discovery. ECF No. 871. No response to the Motion was timely filed.**

**Accordingly, IT IS HEREBY ORDERED that under LR 7-2(d) the Motion to Extend Discovery (ECF No. 871) is GRANTED.**

_____
**U.S. MAGISTRATE JUDGE**

**Dated: May 13, 2024**

6