UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Securities and Exchange Commission,<br><br>Plaintiff<br><br>v.<br><br>Matthew Wade Beasley, et al.,<br><br>Defendants<br><br>The Judd Irrevocable Trust, et al.,<br><br>Relief Defendants | Case No. 2:22-cv-00612-CDS-EJY<br><br>Order Accepting Eighth Status Report, Granting the Motions to Approve the Eighth Quarterly Applications for Payment of Fees and Reimbursement of Expenses of Receiver, Receiver's Counsel, and Receiver's Professionals for the Period of January 1, 2024, through March 31, 2024<br><br>[ECF Nos. 672, 679, 682, 683] |

The court-appointed Receiver, Geoff Winkler, submitted his Eighth Status Report on May 1, 2024. ECF No. 672. The court held a hearing on the report and related applications and motions (ECF Nos. 679; 682; 683) on June 12, 2024. *See* Min. of Proceedings, ECF No. 686. The court finds that notice was proper for all pending motions, and there were no objections or oppositions to any of the motions or applications, either before or during the hearing. *Id.*

During the June 12, 2024 hearing, the court again discussed its concern regarding the large amount of funds sought in the application for fees and reimbursement for the Receiver, Receiver's Counsel, and Receiver's Litigation Support Consultant with the Receiver.[1] The Receiver provided additional information regarding the amount of funds being sought, and further proffered additional information clarifying that the fees and costs were on par with last quarter's request, as the court understood after the last hearing that future applications for fees and expenses would be less than the seventh quarterly request. The Receiver advised that during this quarter, his team continued to work on completing the forensic accounting of the alleged Ponzi scheme for another related action[2] which resulted in higher fees and costs. The

---

[1] This Order only summarizes the discussion.
[2] The related action is *In Re J&J Investment Litigation*, 2:22-cv-00529-GMN-NJK. As represented by the Receiver, the forensic accounting for that case will also be used in this action.

Receiver represented, however, that he anticipates future applications for fees and costs to decrease once the forensic accounting is completed.[3]

Having considered the application, together with the additional information proffered during the June 12, 2024 hearing, and there being no objection, I find good cause to accept and approve the status report and the Receiver's application for fees and costs in their entirety. Accordingly:

IT IS HEREBY ORDERED that the omnibus Eighth Quarterly Status Report and the actions of Receiver Geoff Winkler **[ECF No. 672] is accepted and approved in its entirety**.

IT IS FURTHER ORDERED that the motions to approve eighth quarterly applications for fees and reimbursement for expenses for the Receiver, Receiver's Counsel, and Receiver's Litigation Support Consultant for January 1, 2024, through March 31, 2024 **[ECF Nos. 679; 682; 683][4] are approved and granted in their entirety**.

IT IS FURTHER ORDERED that the Receiver is authorized to continue administering the receivership entities and their estate in accordance with the terms of the Order Appointing Receiver, to undertake the recommendations presented in the Eighth Status Report, including continued engagement of professionals he deems necessary for the proper administration of the receivership entities and their estate, and to provide any other relief the court deems necessary and appropriate to fulfill his duties.

IT IS FURTHER ORDERED that the following fees and costs are approved:

(1) Receiver fees of $908,568.50 and costs of $9,807.31;

(2) Greenberg Traurig fees of $89,891.57 and costs of $1,122.35;

(3) Baker Tilly fees of $2,569.00 and costs of $7.40;

(4) Aitheras fees of $20,241.50;

---

[3] This clarified the Receiver's position as the court understood at the last status hearing in March that the accounting was almost complete, so the court anticipated an application with lower fees and costs for this period. The Receiver clarified that accounting is ongoing but expects lower fees and costs in the future.

[4] The court reviewed and considered the relevant declarations associated with the applications. *See* Decl., ECF Nos. 680; 681.

(5) Allen Matkins fees of $80,429.00 and costs of $4,655.59; and

(6) Semenza Kircher fees of $1,649.50 and costs of $98.00.

The Receiver is hereby authorized to pay 80% of the allowed fees and 100% of the allowed costs incurred by the Receiver, Greenberg Traurig, Allen Matkins, and Semenza Kircher from funds on hand in the receivership estate. The Receiver is further authorized to pay 100% of the allowed fees incurred by Baker Tilly and Aitheras from funds on hand in the receivership estate.

IT IS FURTHER ORDERED that the receivership should continue under the terms set forth in the Order Appointing Receiver (ECF No. 88).

Dated: June 21, 2024

_____
Cristina D. Silva
United States District Judge

3