MARC D. KATZ (California Bar No. 189534)
Email: katzma@sec.gov
DOUGLAS M. MILLER (California Bar No. 240398)
Email: millerdou@sec.gov
JASON BUSSEY (California Bar No. 227185)
Email: busseyja@sec.gov
PAT HUDDLESTON II (Georgia Bar No. 373984)
Huddlestonp@sec.gov
Securities and Exchange Commission
44 Montgomery Street, Suite 700
San Francisco, CA 94104-4802
Ph: (415) 254-5504 Fax: (415) 705-2501

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICES, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; ROLAND TANNER; LARRY JEFFERY; JASON A. JENNE; SETH JOHNSON; CHRISTOPHER M. MADSEN; RICHARD R. MADSEN; MARK A. MURPHY; CAMERON ROHNER; and WARREN ROSEGREEN;<br><br>Defendants,<br><br>THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC;<br><br>Relief Defendants. | Case No.: 2:22-cv-00612-CDS-EJY<br><br>**JOINT MOTION FOR ENTRY OF JUDGMENT AS TO DEFENDANT JASON M. JONGEWARD** |

Plaintiff Securities and Exchange Commission (the "SEC" or "Commission") and Defendant Jason M. Jongeward ("Jongeward") having reached a settlement as to liability, respectfully submit this joint motion for entry of a judgment, by consent, reserving the amount of monetary remedies for later determination. As set forth below, the parties submit that their settlement is fair, adequate, and reasonable, and thus request that the Court enter the proposed judgment submitted herewith.

I.      **Background**

On April 12, 2022, the SEC filed its Complaint against Defendants Matthew Wade Beasley, Esq., his law firm Beasley Law Group PC, Jeffrey Judd ("Judd"), Christopher Humphries, and three entities that Judd controlled, alleging that these Defendants operated a long-running fraudulent offering in the form of a Ponzi scheme. The SEC alleged that the Defendants thereby violated provisions of the federal securities laws, namely Sections 15(a)(1) and 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(a)(1) and 15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77 e(a) and e(c) and 15 U.S.C. § 77q(a)]. See Complaint [Dkt. No. 1]. The SEC also charged Defendants Jongeward, Shane M. Jager, Denny Seybert, and Roland Tanner with violations of Sections 5(a) and 5(c) of the Securities Act and Section 15(a)(1) of the Exchange Act, as promoters of the fraud.[1] The SEC also named eleven relief defendants who received ill-gotten gains from the fraud.

---

[1] On June 29, 2022, the SEC filed its Amended Complaint adding Defendants Larry Jeffery, Jason Jenne, Seth Johnson, Christopher Madsen, Richard Madsen, Mark Murphy, Cameron Rohner, and Warren Rosegreen, as additional promoters of the fraud.

On June 3, 2022, the Court appointed a Receiver [Dkt. No. 88] to marshal and preserve assets of the Defendants. Since then, the Receiver has, among other things, been performing a forensic accounting aimed at determining the amounts by which the Defendants and Relief Defendants were enriched by the fraud. That work continues.

Pending completion of the forensic accounting, the parties cannot address the amount of monetary relief in their settlement discussions. Nevertheless, the SEC and Jongeward have been able to reach a settlement regarding liability, reserving for later determination the amounts of disgorgement, prejudgment interest, and a civil penalty. Pursuant to the proposed settlement agreement, Jongeward consents to entry of a judgment by which the Court enjoins him from:

- violating Sections 5(a) and 5(c) of the Securities Act;
- violating Section 15(a)(1) of the Exchange Act; and
- soliciting any person or entity to purchase or sell any security.

The proposed judgment also provides that Jongeward will pay disgorgement, prejudgment interest, and a civil penalty in amounts to be determined by the Court, upon motion by the SEC. Jongeward's signed consent is attached hereto as Exhibit 1. The proposed judgment is attached hereto as Exhibit 2.

## II. The Proposed Settlement is Fair, Adequate and Reasonable

The Commission and Jongeward jointly submit that the Court should approve their settlement and enter the proposed judgment, because it is fair, adequate, and reasonable. Courts in the Ninth Circuit routinely enter bifurcated consent judgments in SEC cases. *See SEC v. Marshall*, Case No. 2:17-CV-2189-JAD-GWF, 2018 WL 5816629 (D. Nev. Nov. 5, 2018); *SEC v. Sripetch*, Case No. 20-CV-01864-H-BGS, 2024 WL 1546917 (S.D. Cal. Apr. 8, 2024); *SEC v. Griffithe*, Case No. SA-CV-20-00124-DOC (JDE), 2021 WL 6551385 (C.D. Cal. Nov. 18,

2021); *SEC v. Morano*, Case No. 3:18-CV-00386-HZ, 2019 WL 10856560 (D. Or. May 3, 2019). Fairness requires arm's length settlement negotiations, and "'[o]nce the court is satisfied that the decree was the product of good faith, arm's length negotiations, a negotiated decree is presumptively valid . . ..'" *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2017 WL 2214655, at *4 (N.D. Cal. May 17, 2017) (citation omitted).

Here, the parties represent that the settlement is fair and the product of good faith, arm's length negotiations. Courts addressing Commission settlements involving injunctive relief, disgorgement, and/or a penalty have found those terms to be fair and reasonable. *See, e.g.*, *SEC v. CR Intrinsic Investors, LLC*, 26 F. Supp. 3d 260, 264 (S.D.N.Y. 2014) (holding that consent judgments providing for injunctions, disgorgement, and civil penalties were "fair and reasonable"); *SEC v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984) (directing district court to enter consent judgment that provided injunctive relief and disgorgement).

Here, the terms of the settlement are likewise fair and reasonable. Jongeward consents to a judgment of liability and injunctive relief. Once the Receiver has completed his work, negotiations may continue as to monetary relief. If negotiations are unproductive, each party will have an opportunity to make its case to the Court through motion practice. Overall, the terms of the settlement reflect a careful assessment by both parties of the risks likely to be presented in the litigation of this matter and the benefits of avoiding those risks. The settlement also narrows the issues to be tried in this case involving nineteen defendants and eleven relief defendants. For the foregoing reasons, the parties jointly submit that the proposed settlement is fair and reasonable and will serve the public interest.

### III. Conclusion

The parties respectfully request that the Court grant the parties' motion: (1) approving the settlement on the terms and conditions set forth above; and (2) entering the judgment as to Jongeward attached as Exhibit 2.

Respectfully submitted,

| **Securities and Exchange Commission** | **Jason M. Jongeward** |
|---|---|
| */s/ Pat Huddleston II* | */s/ Jason M. Jongeward* |
| Jason Bussey | Jason M. Jongeward |
| Pat Huddleston II | *Pro Se* |
| Attorneys for Plaintiff Securities and Exchange Commission | |

IT IS SO ORDERED

_____       _____
         DATED                                    UNITED STATES DISTRICT JUDGE