JASON M. BUSSEY (Cal. Bar. No. 227185)
Email: busseyja@sec.gov
MARC D. KATZ (Cal. Bar No. 189534)
Email: katzma@sec.gov
44 Montgomery Street, Suite 700
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

PAT HUDDLESTON II (Georgia Bar No. 373984)
Email: huddlestonp@sec.gov
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326-1382
Telephone: (404) 842-7600
Facsimile: (404) 842-7679

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.: 2:22-cv-00612-CDS-EJY |
| Plaintiff, | |
| v. | Judge:  Cristina D. Silva |
| | Magistrate Judge:  Elayna J. Youchah |
| MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICES, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; ROLAND TANNER; LARRY JEFFERY; JASON A. JENNE; SETH JOHNSON; CHRISTOPHER M. MADSEN; RICHARD R. MADSEN; MARK A. MURPHY; CAMERON ROHNER; and WARREN ROSEGREEN; | **MOTION TO EXTEND DISCOVERY SCHEDULE (Third Request)** |
| Defendants; and | |
| THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC; | |
| Relief Defendants. | |

## I.   INTRODUCTION

Plaintiff Securities and Exchange Commission (the "SEC") moves under Federal Rule of Civil Procedure 16(b)(4) and Local Rules 6-1 and 26-3 to continue pretrial deadlines by approximately seven months so the parties may efficiently complete discovery and pursue settlement. This is the SEC's third such motion for good cause. On July 25, 2023, the Court extended pretrial deadlines by seven months (Dkt. No. 539), and on May 13, 2024 the Court extended those deadlines by another six months (Dkt. No. 678). Although the SEC has, since May 13, 2024, diligently pursued both discovery and settlement, a third extension is appropriate because: (i) key documents remain unavailable due to the Federal Bureau of Investigation's ("FBI") ongoing filter review; (ii) some Defendants continue to decline, on Fifth Amendment grounds, to produce documents or respond to discovery requests due to the ongoing criminal investigation; (iii) the Receiver's motion to compel, which involves requests that significantly overlap with those propounded by the SEC, remains outstanding; and (iv) forensic accounting analyses, which will facilitate settlement, have not been completed.

On October 18, 2024, at 12:29 p.m., as the SEC was finalizing this motion, it received an email from Tony Lopez, Chief, White Collar Crime Section at the United States Attorney's Office for the District of Nevada. Mr. Lopez's email stated that his office is "prosecuting Matthew Beasley in *United States v. Beasley*, Case No. 2:23-cr-66-JAD-DJA" and "intend[s] to file a motion to intervene and to stay the proceedings" in this case "pending the outcome of the criminal case." The email asked the SEC and the other parties to this case (to whom the email was also sent) if they expected to oppose such a motion. The Court may grant relief in response to that anticipated motion that partially or entirely moots this motion. To the extent the Court does not grant such relief, the position of the United States in seeking a stay underscores the degree to which criminal proceedings remain ongoing and have affected progress in this case. It therefore further supports the SEC's request for an extension.

//

//

## II. BACKGROUND

On January 20, 2023, the Court entered the original scheduling order in this case, which set forth dates for fact and expert discovery. (Dkt. No. 430.) The Court, in signing that order, acknowledged that this is a "highly complex case involving over 40 individuals and entity parties, hundreds of interested investors, and complex procedural issues…." (*Id.* at 2.) Consequently, the "standard discovery deadlines set forth in Local Rule 26-1(b) will not promote the efficient and effective resolution of this case." (*Id.*)

On June 26, 2023, the SEC first moved to extend the pretrial deadlines. (Dkt. No. 539.) The SEC explained that the first extension was appropriate so the Receiver could finish his forensic accounting analysis, which was then projected to conclude in January 2024. (*Id.* at 2-3.) The SEC expected the Receiver's analysis to facilitate settlement by establishing the net amount that each defendant gained (or lost) in the investment scheme that gave rise to this case—an amount that would then be used to calculate disgorgement and civil penalties. With the Receiver's work still underway, the SEC explained that it wished to avoid the expense of conducting its own, duplicate forensic accounting analysis. (*Id.*) The SEC also sought to avoid imposing on defendants the potentially unnecessary costs of retaining their own forensic accounting experts and of participating in further fact discovery. (*Id.*) The Court granted the SEC's motion on July 25, 2023, thereby extending pretrial deadlines by approximately seven months. (Dkt. No. 552.)

The SEC sought a second extension on April 26, 2024. (Dkt. No. 671.) In support of that second request, the SEC explained that the Receiver had not completed his forensic accounting in January 2024 as previously predicted, and that in February 2024 the SEC had therefore retained its own forensic accountant and expert, Duane Campbell at FTI Consulting ("FTI"). (*Id.* at 3.) The SEC further explained that it expected to transfer financial data and records the Receiver had obtained to FTI, which, due to the positions taken by some financial institutions, would require the SEC to formally subpoena the Receiver. (*Id.* at 4.) The SEC further stated that it intended to complete discovery without waiting for the Receiver or FTI to finish their forensic

2

1  accounting analyses but that it required additional time to do so. (*Id.* at 3.) The Court granted the
2  SEC's motion, which no party opposed, on May 13, 2024, extending pretrial deadlines by
3  roughly six months. (Dkt. No. 678.)
4       Since May 13, 2024, the SEC has diligently pursued discovery. On August 22, 2024, the
5  SEC subpoenaed the Receiver for financial data and records; it later provided those same
6  materials to FTI, which has begun its work. (Declaration of Jason M. Bussey ("Bussey Decl."),
7  at ¶3.) The SEC has also met and conferred with defendants about their responses to discovery
8  requests the SEC served on July 7, 2023, their availability for depositions, and in some cases
9  their failure to answer the Amended Complaint. (*Id.* at ¶5.) Those efforts have begun to bear
10 fruit. For example, defendant Mark Murphy, who had not previously answered the Amended
11 Complaint, filed an answer on October 14, 2024. (*Id.* at ¶6; Dkt. No. 715.) Several defendants
12 have also indicated that they are amenable to sitting for depositions and would consider
13 providing amended discovery responses. (Bussey Decl., at ¶7.)
14      The SEC has, however, encountered practical difficulties completing discovery. One
15 challenge stems from the large number of parties in this case (19 defendants and 11 relief
16 defendants). (*See* Dkt. No. 118) (Amended Complaint). Several defendants are not represented
17 by counsel (or lacked representation when the SEC propounded discovery), and one is
18 incarcerated, which has complicated the SEC's efforts to obtain compliance. (*Id.* at ¶¶10-11.)
19 The SEC responded to these and other challenges, in part, by bringing on additional counsel for
20 the SEC to assist with the litigation, including discovery and settlement. (Dkt. No. 712.)
21 Although the addition of these attorneys shows the SEC's diligence in prosecuting this case and
22 moving it forward, they have required time to familiarize themselves with the more than seven
23 hundred docket entries in this case.
24      Further, despite the willingness of many defendants to sit for depositions, the SEC does
25 not have access to many of the documents it would likely use to elicit key testimony. The FBI
26 has not completed its review of the devices, including the cell phones and laptops, that it seized
27 during its criminal investigation, which has prevented the SEC from having access to the text

3

messages and other communications on those devices. (Bussey Decl., at ¶13.) The SEC has been in contact with the U.S. Attorney's Office to confirm that the FBI's review remains ongoing, but setbacks and delays in the FBI review have resulted in the SEC needing additional time. (*Id.* at ¶13.) In requesting the second pretrial extension last April, the SEC did not anticipate that the FBI's review would still be underway at this stage.

Moreover, because the criminal authorities have not completed their work on these devices, some of the key participants in the investment scheme, including defendants Jeffrey Judd and Christopher Humphries, have invoked the Fifth Amendment in response to discovery requests, including requests for production. (*Id.* at ¶¶8-9.) During an October 8, 2024 meet and confer, Judd's counsel confirmed that his client would continue to invoke the Fifth Amendment until criminal authorities complete their investigation. (*Id.* at ¶8.) And because many of the SEC's requests parallel those implicated by the Receiver's Motion to Compel filed against defendant Judd (Dkt. No. 698), the SEC has waited for the Court to resolve that motion before seeking to enforce its own requests. Even if the Court were to order Judd to promptly produce responsive materials, he has indicated compliance would take additional time. (*See* Dkt. No. 703 at 17-18 (stating that database contains "approximately 300,000 documents" that would need to be reviewed with limited resources).) With expert reports due on November 8, 2024 and fact discovery set to close one month later, the current schedule affords insufficient time for Judd to produce documents and for the SEC to review them and then schedule and take depositions.

Finally, the Receiver recently reported to the Court that he has not completed his forensic accounting and "estimates that the forensic accounting report will be completed by no later than March 31, 2025." (Dkt. No. 690 at 11:5-8). Although the SEC has retained an accounting expert at FTI to conduct his own forensic analysis, the expert started his work much later than the Receiver and has not completed his analysis either. (Bussey Decl., at ¶3.) This is important because it means the SEC has been unable to calculate disgorgement amounts for all defendants. The SEC has attempted to prevent that fact from delaying its settlement efforts by pursuing bifurcated settlements that address liability only and leave disgorgement and penalties for later

4

determination by the Court. This approach has shown some success, as the SEC and pro-se Defendant Jason Jongeward jointly filed the first such bifurcated settlement with the Court—in the form of a consent, proposed judgment, and supporting joint motion—on October 16, 2024. (Dkt. No. 717.) The SEC anticipates filing a consent and proposed judgment for another defendant shortly, and it has provided drafts of similar settlement-related documents to several other defendants who have expressed an interest in settlement. (Bussey Decl., at ¶11.) The SEC is optimistic that, with more time, it will enter into additional bifurcated settlements, which will further streamline the case and reduce the number of parties from whom liability-related discovery must be taken. (*Id.*) When the Receiver, FTI, or both complete their respective analyses, the SEC will seek negotiated resolutions that also address disgorgement and civil penalties. (*Id.* at ¶12.)

To accommodate these efforts, the SEC seeks to extend most pretrial deadlines by approximately seven months, as set forth below.

| **Event** | **Deadline** | **Proposed Deadline** |
|---|---|---|
| Discovery Cut-Off | Dec. 6, 2024 | July 7, 2025 |
| Exchange of Initial Expert Reports | Nov. 8, 2024 | June 9, 2025 |
| Exchange of Rebuttal Expert Reports | Nov. 22, 2024 | June 23, 2025 |
| Last Day to Amend Pleadings or Add Parties | Nov. 25, 2024 | June 26, 2025 |
| Dispositive Motion Cut-Off | Jan. 17, 2025 | August 18, 2025 |
| Joint Pretrial Order (Rule 26(a)(3) disclosures shall be included in the Pretrial Order) | Feb. 21, 2025 | September 22, 2025 |

### III.   ARGUMENT

Under Rule 16, a scheduling order may be modified "for good cause." Fed. R. Civ. P. 16(b)(4); *see also* Local Rule IA 26-3 (providing that motions to extend time must be made at least 21 days before deadline and supported by good cause); Local Rule IA 6-1 (requiring movant to state reasons for request and identify all previous extensions). This standard focuses on "the diligence of the party seeking the amendment"—specifically, whether, "despite the

1  diligence of th[at] party," the existing deadlines "cannot reasonably be met." *Johnson v.*
2  *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16
3  advisory committee notes (1983 amendment)). In addition, a court may consider whether the
4  movant encountered circumstances that "could not have been reasonably foreseen" when the
5  schedule was previously set and whether it acted diligently "in seeking amendment of the Rule
6  16 order[] once it became apparent that [it] could not comply with the order." *Jackson v.*
7  *Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The district court has "broad discretion" in
8  determining whether grounds for a continuance have been satisfied. *Zivkovic v. S. Cal. Edison*
9  *Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *see also Raybould v. Rushmore Loan Mgmt. Servs.,*
10 *LLC*, 854 F. App'x 227 (9th Cir. 2021) ("The district court did not abuse its discretion in…
11 granting extensions of time.") (citing *Johnson*, 975 F.2d at 607).

The SEC's request is supported by good cause. The SEC has worked diligently to advance and streamline this case since the Court entered the prior scheduling order in May 2024. The SEC has obtained financial data and records from the Receiver by subpoena, which has enabled FTI to begin its forensic analysis. The SEC has also achieved one bifurcated settlement (and is pursuing others), which, once entered by the Court, will reduce the number of defendants from whom liability-related discovery will be needed. In addition, the SEC has met and conferred with other defendants regarding depositions and outstanding discovery requests. Although the SEC has not yet deposed those individuals, that is largely because it lacks key documents due to Fifth Amendment invocations and an ongoing filter review being conducted as part of the related criminal investigation. *See Russell v. Werner Enterprises Inc.*, 2016 WL 3912910, at *6 (D. Ariz. July 20, 2016) (finding plaintiff was diligent, and had therefore established good cause, in part because he "tried to depose [defendant] on several occasions but was unable to do so due to [defendant's] indication that he would invoke the Fifth Amendment if deposed prior to his criminal sentencing"); *De La Torre v. Ryan*, 2018 WL 1664179, at *4 (D. Ariz. Apr. 6, 2018) (finding good cause in part because "[t]he F.B.I. executed a search warrant and removed all of Plaintiff's property").

Further, the delays the parties have encountered were both beyond the SEC's control and not "reasonably foresee[able]." *Jackson*, 186 F.R.D. at 607. The Receiver has detailed at length the extraordinary efforts his team has undertaken to perform a complete forensic accounting in this case and the unexpected delays he has encountered as a result. (Dkt. No. 690). And while the parties have long been aware that the FBI was reviewing seized electronic devices, it was not reasonably foreseeable that the process would be hindered by setbacks and delays. Those delays, in turn, have resulted in multiple defendants invoking their Fifth Amendment rights, including in response to the SEC's document requests. In the case of Judd—a defendant against whom the SEC has asserted scienter-based claims—much of the information the SEC seeks is also implicated by a motion to compel that the Receiver filed on August 23, 2024, which as of October 18, 2024 has been fully briefed but remains pending.

The SEC has also acted diligently in seeking relief "once it became apparent" that the existing scheduling order required modification. *Jackson*, 186 F.R.D. at 607. None of the deadlines in the existing order have passed. The nearest deadline, for the exchange of initial expert reports, occurs on November 8, 2024, three weeks from now. The SEC has therefore complied with Local Rule IA 26-3's requirement that relief be sought "no later than 21 days before the expiration of the subject deadline," and it thus need not establish "excusable neglect" for failing to act sooner. *See Ryan*, 2018 WL 1664179, at *4 (emphasizing that "Plaintiff *timely* sought to amend the Scheduling Order") (emphasis added); *Jones v. Masiello*, 2020 WL 6161305, at *1 (W.D. Wash. Oct. 21, 2020) (granting continuance in part because "Plaintiff filed the Motion for Continuance prior to the close of discovery").

Finally, although the SEC need not establish that "amending the scheduling order would [not] prejudice" any other party, a court may also consider that factor. *Bella+ Canvas LLC v. Artcanvas Inc.*, 2020 WL 1972580, at *1 (C.D. Cal. Mar. 11, 2020). Here, on October 17, 2024, at 5:04 p.m., the SEC notified the Receiver and all defendants for whom it has an email address that it intended to file this motion and the relief that it would seek. No one responded that they intend to oppose. (Bussey Decl., at ¶14.) On the contrary, counsel for Richard Madsen—the only

7

party to oppose the SEC's first request for an extension—indicated he would not oppose this one. (*Id. See also* Dkt. No. 552 at 1:13 (noting that "no other defendant [besides Richard Madsen] responded to the SEC's [first] Motion" seeking an extension) The absence of any objection strongly suggests the requested amendment "would [not] prejudice" any other party. *Bella+Canvas*, 2020 WL 1972580, at *1; s*ee also YYGM S.A. v. Hanger 221 Santa Monica, Inc.*, 2015 WL 12819168, at *3 (C.D. Cal. Feb. 3, 2015) (finding good cause in part because "there is no indication that Defendants will suffer any degree of prejudice").

## IV.   CONCLUSION

For the reasons set forth above, the SEC respectfully requests that its motion for a roughly seven-month extension of discovery and related deadlines be granted.

Dated:  October 18, 2024.

Respectfully submitted,

 */s/ Pat Huddleston II*
DOUGLAS M. MILLER
MARC D. KATZ
PAT HUDDLESTON II
JASON M. BUSSEY

950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326-1382
Telephone: (404) 842-7600
Facsimile: (404) 842-7679
*Attorneys for Plaintiff*
*Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, I caused **MOTION TO EXTEND DISCOVERY SCHEDULE (Third Request)** to be served to all parties entitled to service through the Court's ECF system and to the following individuals by the means indicated below:

*By U.S. Mail, first class, postage prepaid, to:*

Matthew Wade Beasley and
Beasley Law Group PC and
PAJ Consulting, Inc. (as Registered Agent)
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

Jason M. Jongeward and
JL2 Investments, LLC
███████████████
Brawley, CA 92227

Warren Rosegreen and
Triple Threat Basketball, LLC
███████████████
Henderson, NV 89052

Jason A. Jenne
███████████████
Las Vegas, NV 89149-1237

Larry Jeffery
███████████████
Sacramento, CA 95864

*By email to the following:*

Anthony Michael Alberto, Jr. and Monty Crew, LLC
███████████████

Dyke Huish
Huish Law Firm
huishlaw@mac.com
    *Counsel for Roland Tanner*

                    */s/ Pat Huddleston II*
                    Pat Huddleston II