MARC D. KATZ (California Bar No. 189534)
Email: katzma@sec.gov
DOUGLAS M. MILLER (California Bar No. 240398)
Email: millerdou@sec.gov
JASON BUSSEY (California Bar No. 227185)
Email: busseyja@sec.gov
PAT HUDDLESTON II (Georgia Bar No. 373984)
Huddlestonp@sec.gov
Securities and Exchange Commission
44 Montgomery Street, Suite 700
San Francisco, CA 94104-4802
Ph: (415) 254-5504 Fax: (415) 705-2501

DAVID C. CLUKEY (Arizona Bar No. 034685)
Jackson White, PC
40 North Center, Suite 200
Mesa, AZ 85201
480-464-1111
dclukey@jacksonwhitelaw.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff.<br><br>v.<br><br>MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICES, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; ROLAND TANNER; LARRY JEFFERY; JASON A. JENNE; SETH JOHNSON; CHRISTOPHER M. MADSEN; RICHARD R. MADSEN; MARK A. MURPHY; CAMERON ROHNER; and WARREN ROSEGREEN;<br><br>Defendants | Case No.: 2:22-cv-00612-CDS-EJY<br><br>**Order Granting JOINT MOTION FOR ENTRY OF JUDGMENT AS TO DEFENDANT SETH JOHNSON**<br><br>[ECF No. 725] |

```
THE JUDD IRREVOCABLE TRUST; PAJ
CONSULTING INC; BJ HOLDINGS LLC;
STIRLING CONSULTING, L.L.C.; CJ
INVESTMENTS, LLC; JL2
INVESTMENTS, LLC; ROCKING HORSE
PROPERTIES, LLC; TRIPLE THREAT
BASKETBALL, LLC; ACAC LLC;
ANTHONY MICHAEL ALBERTO, JR.; and
MONTY CREW LLC;

            Relief Defendants.
```

Plaintiff Securities and Exchange Commission (the "SEC" or "Commission") and Defendant Seth Johnson ("Johnson") having reached a settlement as to liability, respectfully submit this joint motion for entry of a judgment, by consent, reserving the amount of monetary remedies for later determination. As set forth below, the parties submit that their settlement is fair, adequate, and reasonable, and thus request that the Court enter the proposed judgment submitted herewith.

I.   **Background**

On April 12, 2022, the SEC filed its Complaint against Defendants Matthew Wade Beasley, Esq., his law firm Beasley Law Group PC, Jeffrey Judd ("Judd"), Christopher Humphries, and three entities that Judd controlled, alleging that these Defendants operated a long-running fraudulent offering in the form of a Ponzi scheme. The SEC alleged that the Defendants thereby violated provisions of the federal securities laws, namely Sections 15(a)(1) and 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(a)(1) and 15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77 e(a) and e(c) and 15 U.S.C. § 77q(a)]. See Complaint [Dkt. No. 1]. The SEC also charged Defendants Jason M. Jongeward, Shane M. Jager, Denny Seybert, and Roland Tanner with violations of Sections 5(a) and 5(c) of the Securities Act and Section 15(a)(1) of the Exchange Act, as promoters of the

fraud. On June 29, 2022, the SEC filed its Amended Complaint [Dkt. No. 118] adding Defendant Johnson and eight others as additional promoters of the fraud. The SEC also named eleven relief defendants who received ill-gotten gains from the fraud.

On June 3, 2022, the Court appointed a Receiver [Dkt. No. 88] to marshal and preserve assets of the Defendants. Since then, the Receiver has, among other things, been performing a forensic accounting aimed at determining the amounts by which the Defendants and Relief Defendants were enriched by the fraud. That work continues.

Pending completion of the forensic accounting, the parties cannot address the amount of monetary relief in their settlement discussions. Nevertheless, the SEC and Johnson have been able to reach a settlement regarding liability, reserving for later determination the amounts of disgorgement, prejudgment interest, and a civil penalty. Pursuant to the proposed settlement agreement, Johnson consents to entry of a judgment by which the Court enjoins him from:

- violating Sections 5(a) and 5(c) of the Securities Act;
- violating Section 15(a)(1) of the Exchange Act; and
- soliciting any person or entity to purchase or sell any security.

The proposed judgment also provides that Johnson will pay disgorgement, prejudgment interest, and a civil penalty in amounts to be determined by the Court, upon motion by the SEC. Johnson's signed consent is attached hereto as Exhibit 1. The proposed judgment is attached hereto as Exhibit 2.

II.  **The Proposed Settlement is Fair, Adequate and Reasonable**

The Commission and Johnson jointly submit that the Court should approve their settlement and enter the proposed judgment, because it is fair, adequate, and reasonable. Courts in the Ninth Circuit routinely enter bifurcated consent judgments in SEC cases. *See SEC v.*

*Marshall*, Case No. 2:17-CV-2189-JAD-GWF, 2018 WL 5816629 (D. Nev. Nov. 5, 2018); *SEC v. Sripetch*, Case No. 20-CV-01864-H-BGS, 2024 WL 1546917 (S.D. Cal. Apr. 8, 2024); *SEC v. Griffithe*, Case No. SA-CV-20-00124-DOC (JDE), 2021 WL 6551385 (C.D. Cal. Nov. 18, 2021); *SEC v. Morano*, Case No. 3:18-CV-00386-HZ, 2019 WL 10856560 (D. Or. May 3, 2019). Fairness requires arm's length settlement negotiations, and "'[o]nce the court is satisfied that the decree was the product of good faith, arm's length negotiations, a negotiated decree is presumptively valid . . ..'" *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2017 WL 2214655, at *4 (N.D. Cal. May 17, 2017) (citation omitted).

Here, the parties represent that the settlement is fair and the product of good faith, arm's length negotiations. Courts addressing Commission settlements involving injunctive relief, disgorgement, and/or a penalty have found those terms to be fair and reasonable. *See, e.g., SEC v. CR Intrinsic Investors, LLC*, 26 F. Supp. 3d 260, 264 (S.D.N.Y. 2014) (holding that consent judgments providing for injunctions, disgorgement, and civil penalties were "fair and reasonable"); *SEC v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984) (directing district court to enter consent judgment that provided injunctive relief and disgorgement).

Here, the terms of the settlement are likewise fair and reasonable. Johnson consents to a judgment of liability and injunctive relief. Once the Receiver has completed his work, negotiations may continue as to monetary relief. If negotiations are unproductive, each party will have an opportunity to make its case to the Court through motion practice. Overall, the terms of the settlement reflect a careful assessment by both parties of the risks likely to be presented in the litigation of this matter and the benefits of avoiding those risks. The settlement also narrows the issues to be tried in this case involving nineteen defendants and eleven relief defendants. For

the foregoing reasons, the parties jointly submit that the proposed settlement is fair and reasonable and will serve the public interest.

### III. Conclusion

The parties respectfully request that the Court grant the parties' motion: (1) approving the settlement on the terms and conditions set forth above; and (2) entering the judgment as to Johnson attached as Exhibit 2.

Respectfully submitted, this ___ day of October, 2024.

| | |
|---|---|
| **Securities and Exchange Commission** | **Seth Johnson** |
| /s/ Pat Huddleston II<br>Jason Bussey<br>Pat Huddleston II<br>Attorneys for Plaintiff Securities and Exchange Commission | /s/<br>David C. Clukey<br>Attorney for Seth Johnson |

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

December 12, 2024

# EXHIBIT 1

# Consent

1  MARC D. KATZ (California Bar No. 189534)
   Email: katzma@sec.gov
2  DOUGLAS M. MILLER (California. Bar No. 240398)
   Email: millerdou@sec.gov
3  JASON BUSSEY (California Bar No. 227185)
   Email: busseyja@sec.gov
4  PAT HUDDLESTON II (Georgia Bar No. 373984)
   Huddlestonp@sec.gov
5  Securities and Exchange Commission
   44 Montgomery Street, Suite 700
6  San Francisco, CA 94104-4802
   Ph: (415) 254-5504  Fax: (415) 705-2501
7

8

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICES, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; ROLAND TANNER; LARRY JEFFERY; JASON A. JENNE; SETH JOHNSON; CHRISTOPHER M. MADSEN; RICHARD R. MADSEN; MARK A. MURPHY; CAMERON ROHNER; and WARREN ROSEGREEN;<br><br>Defendants,<br><br>THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC; TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC;<br><br>Relief Defendants. | Case No.: 2:22-cv-00612-CDS-EJY<br><br>**CONSENT OF DEFENDANT SETH JOHNSON** |

1. Defendant Seth Johnson ("Defendant") acknowledges having been served with the Amended Complaint ("Complaint") in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as provided herein in paragraph 13 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

   a. permanently restrains and enjoins Defendant from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e];

   b. permanently restrains and enjoins Defendant from violating Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)(1)];

   c. permanently restrains and enjoins Defendant from, directly or indirectly, soliciting any person or entity to purchase or sell any security;

   d. orders that the Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] in an amount to be determined by the Court upon motion by the Commission.

3. Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor

Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.  Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.  Defendant agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Defendant further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from December 10, 2020, unless evidence shows that Defendant first received ill-gotten gains after that date, in which case prejudgment interest will be calculated from that later date. Prejudgment interest shall be calculated using the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

6. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

8. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9. Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

10. Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

12. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

13. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the Complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Seth Johnson of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

16. Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

17.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: 10-30-24

_____
Seth Johnson

On Oct. 30th, 2024, Seth Johnson, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: July 3rd 2026

Approved as to form:

_____
David C. Clukey
Jackson White, PC
40 North Center, Suite 200
Ste 200
Mesa, AZ 85201
480-464-1111
dclukey@jacksonwhitelaw.com

Attorney for Defendant