# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Securities and Exchange Commission, | Case No. 2:22-cv-00612-CDS-EJY |
| Plaintiff | **Order Granting Receiver's Motion for Fees and Costs** |
| v. | |
| Matthew Beasley, et al., | [ECF Nos. 622, 623] |
| Defendants | |
| and | |
| The Judd Irrevocable Trust, et al., | |
| Relief Defendants | |

The Court-appointed receiver, Geoff Winkler, by and through counsel, moves this court for attorney's fees and costs regarding the work related to the contempt motion against non-party Aaron Grigsby, Esq. Mot., ECF No. 622.[1] Grigsby filed an opposition to the motion. Opp'n, ECF No. 630. The motions are now fully briefed. Reply, ECF No. 635. For the reasons set forth herein, I grant the Receiver's motion for fees and costs in its entirety.

## I.    Relevant background information

I incorporate by reference the background of this action and the events that led up to the contempt order against Grigsby. *See* ECF No. 621. Grigsby was found in civil contempt for violating this court's Receivership Order, as well as the orders of Magistrate Judge Youchah. *Id.* at 25. As a result of his contemptuous actions, I ordered that Grigsby turn over: (1) $100,000 in attorneys' fees charged to Matthew Beasley's American Express card; (2) $10,500 in attorneys' fees charged to Matthew Beasley's Visa card; (3) the proceeds from the sale of a Ferrari and an Aston Martin; and (4) the full amount of proceeds received from the sale of a Mercedes G-

---

[1] The motion for fees and the turnover was docketed twice. ECF Nos. 622; 623. For clarity of the record, the court only cites to ECF No. 622 herein.

Wagon. *Id.* at 26. I found that the total amount due and owing to the Receiver from Grigsby was $405,302.40. *Id.* The Order further required that Grigsby pay a per diem fine of $50.00 for the first day of noncompliance, effective December 14, 2023, with that amount doubling for every third day of noncompliance to the Receiver through the Clerk of the Court for the District of Nevada. *Id.*

On January 5, 2024, the Receiver, by and through counsel, filed a motion seeking $146,586.45 in fees and costs related to their work related to their efforts to get Grigsby to comply with the Court's turnover order (ECF No. 88), and ultimately their motion for contempt against Grigsby. ECF No. 622.

## II.    Legal framework

"An award of attorney's fees for civil contempt is within the discretion of the district court." *Harcourt Brace Jovanovich Legal & Pro. Pub'ns, Inc. v. Multistate Legal Stud., Inc.*, 26 F.3d 948, 953 (9th Cir. 1994). "Sanctions for civil contempt may be imposed to . . . compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). The courts have "emphasize[d] that attorneys' fees are an appropriate component of a civil contempt award." *In re Dyer*, 322 F.3d 1178, 1195 (9th Cir. 2003). "[T]he cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party and those costs would reduce any benefits gained by the prevailing party from the court's violated order." *Inst. of Cetacean Rsch. v. Sea Shepherd Conserv. Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014) (citations omitted). However, "[c]ompensatory awards are limited to "actual losses sustained as a result of the contumacy.'" *Gen. Signal Corp.*, 787 F.2d at 1380 (quoting *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983)).

The Supreme Court has held that reasonable attorney's fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). Courts typically use a two-step process when determining fee

1  awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate

2  the lodestar amount "by taking the number of hours reasonably expended on the litigation and

3  multiplying it by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th

4  Cir. 2008) (citation omitted). "The 'lodestar' is calculated by multiplying the number of hours

5  the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.*

6  (citation and quotation marks omitted). Additional factors that should be taken into

7  consideration include any special skills utilized, the experience of counsel, and the results

8  obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1997). "[T]he burden is on the

9  fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—

10  that the requested rates are in line with those prevailing in the community for similar services by

11  lawyers of reasonably comparable skill, experience and reputation." *Dang v. Cross*, 422 F.3d 800,

12  814 (9th Cir. 2005) (quoting *Blum*, 465 U.S. at 896 n.11)). Second, the Court "may adjust the

13  lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier

14  based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee*

15  *Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

16  **III.    Discussion**

17       The Receiver argues his motion for fees "represents the culmination of seventeen (17)

18  months of efforts devoted toward obtaining attorney Aaron Grigsby's compliance with the

19  foundational orders of this case." ECF No. 622 at 2. He further argues that the "dispute has

20  spanned more than 200 pages, exclusive of exhibits, and has been the subject of four (4)

21  hearings," thus their motion for fees and costs is warranted. *Id.* at 5. Grigsby opposes[2] the

22  motion, arguing: (1) there is no legal basis for the award of fees and costs sought by the Receiver;

23  (2) that the motion fails to comply with Local Rule 56-14; and in the alternative (3) no costs and

24

25

26  _____
   [2] Counsel is reminded that the Local Rules of the Court require that electronically filed documents be
   searchable. LR IA 10-4(b). Failure to comply may result in denial or striking of any non-compliant filing.

fees should be awarded for any work conducted before the Receiver filed its first motion to compel. *See generally* ECF No. 630.

The Receiver's arduous relationship with Grigsby is detailed in his contempt order. *See* ECF No. 621 at 4–18. As detailed therein, after the Receiver's efforts to gain Grigsby's compliance with this Court's turnover order (ECF No. 88) failed, he sought court intervention, first from Magistrate Judge Youchah, and later from this Court. *See* ECF Nos. 333, 334, 498, 499, 584, 585. As I previously found, Grigsby was given three chances to comply with Judge Youchah's orders, yet he merely provided delayed and disorganized piecemeal information, document dumps, and self-serving spreadsheets. ECF No. 621 at 24–25. As a result of Grigsby's actions—or rather inaction—the Receiver had to file numerous motions and related pleadings to enforce compliance with this Court's turnover order. *See* Mot., ECF No. 622 at 10 (listing court filings). Based on this summary, Grigsby's argument that there is no legal basis for awarding such fees and costs fails.

Grigsby also argues that the Receiver should not receive any incurred fees and costs before the first motion to compel was filed in October of 2022 (ECF No. 333). ECF No. 630 at 8. That motion detailed the Receiver's efforts to gain possession of receivership property, some of which incorporates the Receiver's initial communications with Grigsby regarding the Mercedes Benz G-Wagon. *See* ECF No. 333 at 7–12. The court has already found that the G-Wagon was receivership property and that despite communications that he understood it was receivership property, Grigsby had already sold the vehicle, sent a misleading email seeking permission to "sell" the already sold G-Wagon, and then failed to account for the funds related to the sale. *See* ECF No. 621 at 4–10 (summarizing the disreputable history behind the sale of the G-Wagon). Grigsby's efforts to obfuscate what happened with the G-Wagon contributed to the motion to compel being filed in the first place. Accordingly, this argument fails.

Finally, Grigsby's argument that the motion does not comply with Local Rule 56-14 also fails. First, there is no LR 56-14. The court assumes this to be a scrivener's error and that counsel was referring to LR 54-14 as referenced in the body of his opposition. I disagree with Grigsby's argument. The motion does comply with Local Rule 54-14 because the motion discusses: (1) the relevant time and labor required; (2) the novelty and difficulty of the questions involved; (3) the requisite skill needed to perform the legal services provided; (4) the attorney's preclusion from working on other cases due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client; (8) the experience, reputation, and ability of the attorneys involved; (9) the undesirability of the case; (10) the nature and length of the professional relationship with the Client; and (11) awards in similar cases. *Compare* ECF No. 622 at 7–23 *with* LR 54-14(a)(3). The motion is also accompanied by a declaration[3] from counsel in support of the motion and itemized billing records as required by LR 54-14(a)(1), (2), and (b). *See* ECF Nos. 622-1 and 622-2. Moreover, the motion meets the lodestar standard, and I find no basis to deviate or adjust the lodestar.

Accordingly, the Receiver's motion for fees and costs is granted in its entirety. Receiver's counsel is therefore entitled to $129,348.29[4] in reasonable and necessary fees in pursuing Grigsby's compliance with the orders of this court. I also find that the Receiver is entitled to $17,238.16 for the fees and expenses incurred by AFS in pursuing Grigsby's compliance with the orders of this court.

---

[3] The declaration complies with 28 U.S.C. § 1746. The declaration is submitted under the penalties of perjury, meaning counsel declared that the information contained in the declaration, and related exhibits, are true and correct. ECF No. 623-1 at 6; Stated otherwise, the declaration is authenticated.

[4] This is a blended rate of approximately $348.36 per hour. In 2018, "[r]ate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for partners and $250 for an experienced associate to be the prevailing market rate in this forum." *See FTC v. AMG Servs., Inc.*, 2018 U.S. Dist. Lexis 32590 (D. Nev. Feb. 7, 2018) (citing *Liguori v. Hansen*, 2017 U.S. Dist. LEXIS 21384 (D. Nev. Feb. 15, 2017) (quoting *Perrigo v. Premium Asset Servs., LLC*, 2015 U.S. Dist. LEXIS 99035 (D. Nev. July 28, 2015))). I therefore find this blended rate to be acceptable.

**IV.    Conclusion**

IT IS HEREBY ORDERED that the Receiver's motion for fees and costs **[ECF No. 622]** **is GRANTED.** Receiver's counsel is therefore entitled to $129,348.29 fees and costs and the Receiver is entitled to $17,238.16 for the fees and expenses based on their work pursuing Grigsby's compliance with the orders of this court.

Dated: December 18, 2024

_____

Cristina D. Silva
United States District Judge