Lance A. Maningo
MANINGO LAW
Nevada Bar No. 6405
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
702.626.4646
lance@maningolaw.com
Attorney for Defendants SEYBERT and
ROCKING HORSE PROPERTIES, LLC

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

SECURITIES AND EXCHANGE
COMMISSION,

               Plaintiff

v.

MATTHEW WADE BEASLEY, et. al.,

               Defendants

THE JUDD IRREVOCABLE TRUST, et al.,

               Relief Defendants

Case No. 2:22-cv-00612 -CDS-EJY

**STIPULATION AND ORDER
UNFREEZING CERTAIN ASSETS AND
BANK ACCOUNTS OF DENNY
SEYBERT AND ROCKING HORSE
PROPERTIES, LLC**

[ECF No. 818]

This stipulation and order unfreezing all assets and all bank accounts of Denny Seybert ("Seybert") and Rocking Horse Properties, LLC ("Rocking Horse") is made by and between Geoff Winkler, the Court-appointed receiver (the "Receiver"), the Securities and Exchange Commission (the "Commission"), Seybert, and Rocking Horse, by and through all respective legal counsel.

**WHEREAS**, on April 12, 2022, Plaintiff United States Securities and Exchange Commission ("SEC", "Commission", or "Plaintiff") filed a Complaint in this matter, alleging violations of the registration and/or antifraud provisions of the federal securities laws by

1  Defendants, and the receipt of ill-gotten proceeds of such violations by Relief Defendants.

2  (ECF No. 1.)

3      **WHEREAS**, on April 13, 2022, the Commission filed an Ex Parte Application for

4  Entry of a Temporary Restraining Order and other equitable relief as to Defendants and an

5  asset freeze as to Defendants and Relief Defendants (ECF No. 2), which was granted by the

6  Court on April 13, 2022. (ECF No. 3.)

7      **WHEREAS**, on April 21, 2022, the Court issued its Order Entering Preliminary

8  Injunction, Asset Freeze, and other Equitable Relief as to Defendants and Relief Defendants,

9  which, *inter alia*, continued the asset freeze imposed by the Court on April 13, 2022.  (ECF

10  No. 56.)  The Court's Order provided that "any allowance for necessary and reasonable living

11  expenses will be granted only upon good cause shown by application to the Court with notice

12  and an opportunity for the Commission to be heard."

13      **WHEREAS**, on or about May 4, 2022, the Commission and Seybert/Rocking Horse

14  reached agreement as to an allowance for living expenses up to and including September 30,

15  2022, and jointly submitted a stipulation, which was approved by this Court. (ECF No. 71.)

16      **WHEREAS**, on or about June 3, 2022, the Receiver was appointed by order of this

17  Court (ECF No. 88) which was amended on July 28, 2022 (ECF No. 207) (collectively the

18  "Appointment Order").

19      **WHEREAS**, the Receiver has received the total sum of $560,323.35 ("Deposit") from

20  Seybert and Rocking Horse as a good faith deposit toward any financial liability resulting from

21  this matter.

22      **WHEREAS**, the Receiver filed a lis pendens on Seybert's property located at 1098

23  Lake Pointe Drive, Bigfork, MT 59911 believed to have equity estimated at or above eight

24  hundred thousand ($800,000) dollars and Seybert agreed to maintain and not sell the property

25  pending a resolution of this matter.

26      **WHEREAS**, the Receiver has undertaken a detailed forensic accounting analysis of

27  179 accounts belonging to the 16 named defendants and/or the 75 entities through which they

28

MANINGO LAW
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
www.maningolaw.com

2

collectively conducted the affairs of the alleged Ponzi scheme at the heart of this litigation. *See,* ECF No. 792. The 179 accounts were identified after the review and analysis of a total of 716 bank accounts that had investor flows, transfers between defendants, and/or internal transfers related to the alleged Ponzi scheme.

**WHEREAS**, based on the Receiver's forensic accounting, Seybert raised $8.8 million from 54 investors ("Seybert Investors") of which $5.2 million went directly through his business and personal accounts. The forensic accounting indicates Seybert received $1.4 million from related defendants, paid $3.8 million to investors, and personally benefitted by $355,000 as a result of the alleged Ponzi scheme.

**WHEREAS**, the Receiver believes that the Seybert Investors will have $5.6 million in allowed claims and that there is $192,875 potentially recoverable from Seybert Investors that the Receiver has classified as net winners.

**WHEREAS**, Seybert has agreed to continue to cooperate and work with the Receiver to assist the Receiver in recovering the $192,875 from the Seybert Investors that the Receiver classified as net winners, with such funds to be utilized by the Receiver for the benefit of the creditors of the Receivership Estate.

**WHEREAS**, the Commission believes, based on available information, that the total remaining estimated disgorgement, prejudgment interest, and civil penalties (over and above the Deposit) that the Commission will seek in this action from Seybert and Rocking Horse is less than $15,000.

**WHEREAS,** the Commission and Seybert have reached a bifurcated settlement pursuant to which Seybert consents to judgment on liability, without admitting or denying the allegations, with the issues of disgorgement, prejudgment interest, and civil penalties reserved for later determination (Dkt. No. 817).

**WHEREAS**, the parties hereto agree that nothing herein limits the Receiver's duties and obligations under the Appointment Order nor does this stipulation restrict or preclude the Receiver from taking additional action relating to or against Seybert should additional information become available.

ACTIVE 711771504v1

**WHEREFORE,** based on the forgoing the Commission, the Receiver, and Seybert/ Rocking Horse have reached agreement: 1) that $15,000 will remain in the trust account (IOLTA) of Maningo Law and remain there until this matter is resolved, 2) that all assets and bank accounts of Seybert and/or Rocking Horse will be unfrozen, and 3) that the Receiver will release the lis pendens on Seybert's property located at 1098 Lake Pointe Drive, Bigfork, MT 59911.

Dated this 9th day of July 2025                    Dated this 9th day of July 2025

**MANINGO LAW**                                     **GREENBERG TRAURIG, LLP**

By:/s/ Lance A. Maningo                             By: /s/ Kara B. Hendricks
    LANCE A. MANINGO, Bar No. 6405              KARA B. HENDRICKS, Bar No. 07743
    *Attorney for Defendant Seybert and*          KYLE A. EWING, Bar No. 014051
    *Rocking Horse*                               *Attorney for Receiver Geoff Winkler*

Dated this 9th day of July 2025

**SECURITIES & EXCHANGE**
**COMMISSION**

By:/s/ Pat Huddleston
    PAT HUDDLESTON, ESQ.

4

ACTIVE 711771504v1


**BASED ON THE FORGOING, IT IS HEREBY ORDERED** that:

    a.    $15,000 will remain in the trust account (IOLTA) of Maningo Law (to remain until this matter is resolved);

    b.    all assets and bank accounts of Denny Seybert and Rocking Horse Properties, LLC be unfrozen; and

    c.    that lis pendens on Seybert's property located at 1098 Lake Pointe Drive, Bigfork, MT 59911 be released.

Dated: July 9, 2025

Hon. Cristina D. Silva
United States District Court

ACTIVE 711771504v1