UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Security and Exchange Commission,<br><br>Plaintiff<br><br>v.<br><br>Warren Rosegreen, et al.,<br><br>Defendants. | Case No. 2:22-cv-00612-CDS-EJY<br><br>**Order Denying Rosegreen's Emergency Motions for Temporary Restraining Order and Preliminary Injunction, Motion to Dismiss, and Request for Judicial Notice, Striking Rosegreen's Rogue Filings, and Denying Plaintiff's Motion**<br><br>[ECF Nos. 904, 905, 913, 914, 915, 918, 920, 921] |

Defendant Warren Rosegreen, appearing pro se,[1] filed two emergency motions seeking a temporary restraining order and preliminary injunction. Mots., ECF Nos. 904, 905.[2] He has also filed a motion to dismiss and a request for judicial notice. Mot. to dis., ECF No. 813; Req. for jud. notice, ECF No. 914. Rosegreen also filed two rogue "notices" and an objection. ECF Nos. 905, 920, 921. For the reasons explained herein, defendant Rosegreen's:

- motion to dismiss is denied as untimely;

- request for judicial notice is denied as moot;

- rogue filings are stricken; and

- objection is overruled.

Also, pending is the Securities and Exchange Commission's (SEC's) motion for an order confirming it is not required to respond to Rosegreen's filings at ECF Nos. 904, 905, 913, and 914. *See* ECF No. 918. Because I am denying the underlying motions filed by Rosegreen, the SEC's motion is denied as moot.

---

[1] Rosegreen was previously represented by attorney Lance Maningo. However, Maningo's motion to withdraw as counsel of record was granted on June 4, 2026. *See* Mot. to withdraw, ECF No. 910; Min. order granting mot., ECF No. 911.

[2] The motions are exactly the same. They are appropriately docketed twice because Rosegreen seeks two forms of relief. Local Rule IC 2-2(b) requires that "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." LR IC 2-2(b).

I.      **Background**

This case has been pending for over four years. *See* Compl., ECF No. 1; Am. compl., ECF No. 118. As relevant here, Rosegreen was served with the amended complaint on July 13, 2022. *See* Ex. summons, ECF No. 178. No answer or other responsive pleading, including a motion to dismiss, was filed. Three years later, on April 24, 2025, I granted the United States of America's motion to intervene (ECF No. 769) and stayed the proceedings in this action. *See* Order, ECF No. 800. That order stayed discovery and motions deadlines, as well as the deadline to submit a proposed joint pretrial order. *See id.* However, that order did not affect the receivership or the powers given to the court appointed receiver. *Id.*

II.     **Discussion**

**A. Rosegreen's preliminary injunction and temporary restraining order (ECF Nos. 904, 905) are denied.**

As a threshold matter, neither the motion for preliminary injunction nor temporary restraining order are emergencies. Generally, an emergency motion is properly presented only when the movant has shown: (1) the movant will be irreparably prejudiced if the court resolves the motion under the normal briefing schedule; and (2) the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza v. Bloomin's Brands*, 141 F. Supp. 3d 1137, 1142 (D. Nev. 2015) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). If there is no irreparable prejudice, then no sufficient justification for bypassing the default briefing schedule exists and the motion may be properly decided on a non-expedited basis. *Id.* at 1142–43.

Further, the Local Rules require that all emergency motions "be accompanied by a declaration setting forth: (1) the nature of the emergency; (2) the office addresses and telephone numbers of movant and all affected parties; and (3) a statement of movant certifying that" the parties have met and conferred but could not "resolve the matter without court action." *See* LR 7-4(a) (cleaned up). Further, "[i]f the nature of the emergency precludes a meet and confer, the

2

statement must include a detailed description of the emergency, so the court can evaluate whether a meet and confer truly was precluded." *See id.*

Rosegreen does not meet his burden showing irreparable prejudice would result if the motions were not resolved in the normal course, and fatal to his motion, he failed to comply with Local Rule 7-4 before filing his purported emergency motions. Indeed, Rosegreen failed to provide any explanation as to why the motions were filed using the emergency designation—an important explanation given the age of this case. While Rosegreen addresses the *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), factors in his motions, I do not address them on the merits because Rosegreen failed to comply with Local Rule 7-4, so his motions for a temporary restraining order and preliminary injunction are denied.[3] LR 7-4(c) ("Failure to comply with the requirements for submitting an emergency motion may result in denial of the motion.").

Rosegreen is cautioned that the filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza*, 141 F. Supp. 3d at 1141. Emergency motions burden both the parties and the court, requiring each to "abandon other pressing matters to focus on the pending 'emergency'." *Id.* When a party files a motion on an emergency basis, it is within the sole discretion of the court to determine whether any such matter is, in fact, an emergency. LR 7-4(c).

---

[3] Rosegreen is not held to the same standard as an admitted attorney because he is representing himself pro se. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Rather, a pro se litigant's filings are to be judged by their function, with liberal construction of "inartful pleading[s]." *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Nonetheless, a pro se litigant **must** comply with Rules of Procedure, Evidence, and the Local Rules. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). A copy of the Local Rules is available online at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf. Rosegreen is cautioned that failure to comply with the rules and order of this court may result in sanctions.

**B. Rosegreen's motion to dismiss (ECF No. 913) is denied without prejudice.**

On June 2, 2026, Rosegreen filed a motion to dismiss the amended complaint almost four years after he was served. *See* ECF No. 913. Generally, Federal Rule of Civil Procedure 12 allows parties 21 days to serve an answer after being served with the summons and complaint. Fed. R. Civ. P. 12(a). The same rule also requires that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." *Id.* at 12(b). Rule 12 also permits a party to assert defenses by filing a Rule 12(b)(6) motion,[4] but such a motion "must be made before pleading if a responsive pleading is allowed." *Id.* Here, Rosegreen did not file an answer nor a Rule 12(b)(6) motion (a motion to dismiss) after being served with the amended complaint. Consequently, Rosegreen missed his opportunity to move to dismiss the amended complaint, so his motion is denied as untimely.[5]

**C. Rosegreen's "notices" (ECF Nos. 915, 921) are stricken as rogue.**

The court has authority to strike an improper filing under its inherent power to control its docket. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). That is because "[e]very paper filed with the . . . [court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources," and "part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989).

Here, Rosegreen filed two improper "Notices of Non-Consent to Magistrate Judge Jurisdiction." *See* ECF Nos. 915, 921. Notices are a type of filing that should rarely be used and only for administrative functions—such as notifying the court of an address change or informing the court that an attorney is appearing to represent a client. *See, e.g.*, Local Rule IA 3-1 (notifying court of a change of contact information); LR IA 1-4 (submitting a notice of an in-camera

---

[4] The court notes that in the conclusion of the motion, Rosegreen moves to dismiss pursuant to FRCP 9(b) and NRS 112.230. Neither of those apply; the proper rule is Rule 12(b)(6). This is another reason to deny his motion.

[5] Because the motion to dismiss is denied, Rosegreen's request for judicial notice (ECF No. 914) is denied as moot.

submission); LR IC 1-1(d) (notices of manual filings). Rosegreen's "notices" that he does not consent to magistrate judge jurisdiction are rogue because it is inapplicable here. This action is assigned to both a district judge and a magistrate judge, and the assigned magistrate judge derives her authority from 28 U.S.C. § 636 and the Local Rules of this district. So, his notices [ECF Nos. 915, 921] are stricken. *See Dillon v. Corr. Corp. of Am.*, 2021 U.S. Dist. LEXIS 272388, at *3 (D. Nev. July 19, 2021) ("The Court's docket is not a repository for miscellaneous documents that a litigant believes may support his claims.").

### D. Rosegreen's objection (ECF No. 920) is overruled.[6]

On June 4, 2026, Rosegreen filed an objection to U.S. Magistrate Judge Elayna Youchah's order that Lance Maningo temporarily remain as counsel of record for Triple Threat Basketball LLC, amongst other requirements. *See* Min. order, ECF No. 911. While Rosegreen fails to cite the proper standard for filing objections,[7] I liberally construe his filing as arguing that Judge Youchah's order is contrary to the law or clearly erroneous. But Rosegreen errs. A corporation or other artificial entity must be represented by licensed counsel. *See, e.g.*, *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201–202 (1993) (noting that 28 U.S.C. § 1654 does not allow corporations, partnerships, or associations to appear in federal court other than through a licensed attorney); *see also Alli v. United States*, 93 Fed. Cl. 172, 176 n.7 (2010) (citing 10 James Wm. Moore, *Moore's Federal Practice* § 55.11[2][a][v] (3d ed. 1997) (explaining that Title 28 U.S.C. § 1654 is consistently interpreted as requiring corporations to have licensed attorneys when they appear in federal court)). Therefore, while pro se litigants can represent themselves, they cannot represent corporations, companies or other artificial entities, so Judge Youchah's order was neither clearly erroneous nor contrary to the law. Accordingly, Rosegreen's objection docketed at is overruled. Rosegreen and Triple Threat Basketball LLC are advised that they must comply with Judge Youchah's order set forth in ECF No. 911.

---

[6] Having reviewed the objection, I have determined no response from any party is necessary.

[7] Rosegreen is cautioned that Local Rule 7-2(d) states "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."

**E. The SEC's motion for an order (ECF No. 918) is denied as moot.**

This order addresses the SEC's request set forth in ECF No. 918, so its motion is denied as moot.

II.    Conclusion

IT IS THEREFORE ORDERED that Rosegreen's emergency motions for a temporary restraining order and preliminary injunction [ECF Nos. 904, 905] are deemed non-emergencies and DENIED.

IT IS FURTHER ORDERED that Rosegreen's motion to dismiss [ECF No. 913] is denied as untimely.

IT IS FURTHER ORDERED that Rosegreen's request for judicial notice [ECF No. 914] is denied as moot.

IT IS FURTHER ORDERED that Rosegreen's notices regarding magistrate judge jurisdiction [ECF Nos. 915, 921] are stricken.

IT IS FURTHER ORDERED that the SEC's motion for an order [ECF No. 918] is denied as moot.

IT IS FURTHER ORDERED that Rosegreen's objection [ECF No. 920] is overruled.

Dated: June 9, 2026

_____
Cristina D. Silva
United States District Judge

6