UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Security and Exchange Commission, | Case No. 2:22-cv-00612-CDS-EJY |
| Plaintiff | **Order Denying Rosegreen's Motion in Limine and Motion for Reconsideration** |
| v. | |
| Warren Rosegreen, et al., | [ECF Nos. 947, 953] |
| Defendants | |

Pro se defendant Warren Rosegreen filed a motion in limine and a motion for reconsideration. Mots., ECF Nos. 947, 953. Having reviewed the motions, I have determined they can be resolved without a response. For the reasons set forth herein, both motions are denied.

I.    **Background**

I incorporate the background section set forth in the June 9, 2026 order resolving numerous motions and filings. *See* Order, ECF No. 928 at 2.

II.    **Discussion**

A.    **Rosegreen's motion in limine (ECF No. 947) is denied.**

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002) (citations omitted). Still, a motion in limine should not be used to resolve factual disputes or weigh evidence. *C&E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). Rather, unless the proffered evidence is clearly inadmissible for any purpose, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. *See Hays v. Clark County*, 2008 WL 2372295, at *7 (D. Nev. June 6, 2008). This case is not set for trial because the stay I entered in April 2025 remains in place. Accordingly, this motion is premature and therefore denied.

**B.  Rosegreen's motion for reconsideration (ECF No. 953) is denied.**

Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation modified). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A motion to reconsider must provide a court with valid grounds for reconsideration, which includes showing some valid reason why the court should reconsider its prior decision and setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *See Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citing *All Haw. Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)).

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Rule 60(b)(6) "allows alteration for 'any other reason justifying relief from the judgment.'" *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989) (quoting Fed. R. Civ. P. 60(b)(6)). A Rule 60(b)(1) motion "must show that the district court committed a specific error." *Id.* Further, to prevail on a Rule 60(b)(6) motion, a "plaintiff must demonstrate 'extraordinary circumstances' to justify relief from judgment." *Id.* (quoting *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982)).

Rosegreen's motion for reconsideration fails for two reasons. First, while the motion cites Rule 60[1] and various cases, it fails to provide any meaningful explanation or analysis as to how that rule or cases apply here. Stated otherwise, the motion fails to cite any applicable points and authorities supporting or demonstrating why he is entitled to reconsideration. For example, he asserts there are "extraordinary circumstances" here, but does not explain how the case he cites supports his request. For instance, *Gonzalez v. Crosby* is a case involving a petition for writ of habeas corpus, and *Klapprott v. United States* involves a motion for default judgment. Consequently, Rosegreen consents to denial of his motion. *See* Local Rule 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion.").

Second, the motion fails to provide any valid grounds for reconsideration or relief under Rule 60(b), such as demonstrating that the court committed clear error, presenting newly discovered evidence, or citing an intervening change in the controlling law that would warrant reconsideration. Accordingly, Rosegreen's motion is denied.

## III.    Conclusion

IT IS THEREFORE ORDERED that Rosegreen's motion in limine **[ECF No. 947]** and motion for reconsideration **[ECF No. 953]** are **DENIED.**

Dated: July 7, 2026

_____
Cristina D. Silva
United States District Judge

---

[1] Rosegreen also cites Rule 15(a)(2) to support his request for alternative relief, but provides no explanation why he seeks to leave to amend.