UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MATTHEW WADE BEASLEY, et al.,

Defendants.

Case No. 2:22-cv-00612-CDS-EJY

**ORDER**

Pending before the Court are two Motions filed by Relief Defendant Rosegreen. ECF Nos. 967, 970. The Motion to Compel Identification of Every Entity Claiming a Property Interest, Standing, Custodial Authority, or Beneficial Ownership (ECF No. 967) seeks a court order requiring the Securities Exchange Commission to produce numerous categories of documents. However, it is clear from Rosegreen's narrative that he never sought these documents in accordance with the Federal Rules of Civil Procedure before filing the pending Motion. Rosegreen's Motion for Leave to File Supplemental Exhibits and Notices of Subsequent Events seeks permission to file various memorandum and "notices" on the docket. ECF No. 970. One of the memoranda makes arguments about our nation's legal system, including that "[t]here is no such thing as a license to practice law." ECF No. 970-6 at 5. The Court finds the Motions are baseless and unwarranted.

As a *pro se* litigant, Rosegreen "must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of Nevada." *Saxena v. Martinez-Rodriguez*, Case No. 2:22-cv-02126-CDS-BNW, 2024 WL 578988, at *1 (D. Nev. Feb. 13, 2024). That means, for example, Plaintiff must support his motions with memorandum of points and authorities. LR 7-2. The pending Motions reference broad legal principles, but Rosegreen fails to connect those principles to the relief he is seeking. And to the extent Rosegreen is seeking discovery, he is required to follow the Federal Rules of Civil Procedure to do so. *E.g. Manago v. McMahon*, Case No. 5:21-cv-01370-MCS-KES, 2022 WL 17363067, at *3 (C.D. Cal. Aug. 15, 2022) (collecting cases)

("Plaintiff cannot successfully move for an order compelling [discovery] … when he did not first seek this information through an authorized method of discovery.").

The Court notes that Rosegreen has filed 22 motions and notices on the docket, including those stricken by the Court, in just the past eight weeks. ECF Nos. 904, 905, 906, 913, 914, 915, 920, 921, 938, 939, 944, 945, 946, 947, 948, 949, 950, 953, 967, 968, 969, 970. The Court has twice explained to Rosegreen that he must follow the Rules of Civil Procedure as a *pro se* litigant and that he must include a memorandum of points and authorities in support of his motions citing the applicable law and explaining how it supports his request. ECF Nos. 928 at n.3, n.7; 943 at 1; 954 at 3. Recently, the Court also warned "litigation tactics that unnecessarily multiply costs and misuse the Courts resources (including the electronic filing system) may result in sanctions up to and including a finding that he is a vexatious litigant." ECF No 951.

Under 28 U.S.C. § 1927 "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct." The Ninth Circuit holds § 1927 sanctions may be imposed upon *pro se* plaintiffs. *Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1990); *accord Harrell v. Hornbrook Community Svcs. Dist.*, 778 Fed.Appx. 472 (9th Cir. 2019). Section 1927 sanctions must be supported by a finding of bad faith. *Wages*, 915 F.2d at 1235. Rosegreen is warned for the second time to stop filing frivolous motions that disregard the Court's prior instructions. Rosegreen is further warned that continued submission of numerous filings containing the errors previously addressed by the Court could support a finding of bad faith and a recommendation that he be declared vexatious. *See id*.

Accordingly, IT IS HEREBY ORDERED that Rosegreen's Motion to Compel Identification of Every Entity Claiming a Property Interest, Standing, Custodial Authority, or Beneficial

Ownership (ECF No. 967) and Motion for Leave to File Supplemental Exhibits and Notices of Subsequent Events (ECF No. 970) are DENIED.

Dated this 23rd day of July, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE