UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Securities and Exchange Commission,

Plaintiff

v.

Matthew Wade Beasley, et al.,

Defendants

Case No. 2:22-cv-00612-CDS-EJY

**Order Granting the Receiver's Motion for Order in Aid of Receivership Allowing and Disallowing Claims**

[ECF No. 890]

On June 10, 2026, I held a status conference and advised the parties that, among other motions, the court would issue an order adopting the Receiver's motion for aid of receivership allowing and disallowing claims (ECF No. 890). Mins., ECF No. 931. This motion was only opposed by defendant Jeffrey Judd. *See* ECF No. 903. In sum, Judd argues that the court should deny this motion, even though he is not a claimant,[1] because he has been denied an opportunity to conduct discovery and to challenge the accuracy of the receivership estate, which constitutes a due process violation. *See id.* No reply to Judd's motion was filed.[2]

The Receiver moved for a court order approving the Receiver's recommended treatment of claims against the Receivership Entities. ECF No. 890 at 2. Therein, the Receiver recommended treatment of the claims of each of the Pre-Receivership Professionals as follows:

| Claimant | Total Asserted Claim | Allowed Administrative Priority | Allowed General | Disallowed |
|---|---|---|---|---|
| Fox Rothschilld LLP (Claim No. JJ1001058) | $119,626.32 | $119,626.32 | $0.00 | $0.00 |

[1] *See* ECF No. 903 at 2 ("Judd is not a claimant."). Judd also admitted he was not a claimant during the June 10, 2026 hearing.

[2] A reply was filed to a separate response (*see* ECF No. 907), however the parties later entered into a stipulation to withdraw that response. *See* Stip., ECF No. 912. The receiver recommends in his reply allowing $199,945.34 of Garman Turner's claim and disallowing $43,437.00. ECF No. 907 at 8. The parties have agreed regarding the revised proposed allowance and disallowance for GTG's claim as set for in the Receiver's reply. *See* ECF No. 925 at 3.

| | | | | |
|---|---|---|---|---|
| Ballard Spahr LLP (Claim No. JJ1001055) | $29,661.60 | $29,661.60 | $0.00 | $0.00 |
| Parcelon, LLC (Claim No. JJ1001061) | $44,329.22 | $44,329.22 | $0.00 | $0.00 |
| Kroll Restructuring Administration LLC (Claim No. JJ1001056) | $53,418.60 | $0.00 | $53,418.60 | $0.00 |
| Province, LLC (Claim No. JJ1001060) | $74,581.25 | $0.00 | $73,412.74 | $1,168.51 |
| Province Fiduciary Services, LLC (Peter Kravitz) (Claim No. JJ1001062) | $96,666.67 | $0.00 | $80,000.00 | $16,666.67 |
| Garman Turner Gordon LLP (Claim No. JJ1001057) | $243,382.34 | $0.00 | $169,179.34 | $74,203.00 |
| Schwartz Law, PLLC (Claim Nos. JJ1001059a & JJ1001059b) | $241,765.11 | $110,100.00 | $99,099.11 | $32,566.00 |

After considering the motion and supporting documents (ECF Nos. 890, 890-1), and the oral argument during the June 10, 2026 hearing, I find good cause to grant the Receiver's motion.[3] So I approve the Receiver's recommended treatment of claims against the Receivership Entities and grant the requested relief in the Receiver's motion.

## Conclusion

IT IS HEREBY ORDERED that the Receiver's motion **[ECF No. 890] is GRANTED.**

Dated: July 30, 2026

Cristina D. Silva
United States District Judge

[3] Judd's opposition is not persuasive because he is not a claimant, and this motion relates to the treatment of claims.